UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DL *et al.*, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

AFFIDAVIT OF BRUCE J. TERRIS

I, Bruce J. Terris, hereby depose and state:

1. I am one of the attorneys for plaintiffs in the above-captioned case.

2. I graduated from Harvard Law School in 1957.

3. A copy of my resume is attached and is incorporated by reference.

4. From 1959 to 1965, I was an Assistant to the United States Solicitor General. In that position and subsequently, I have given 20 oral arguments before the Supreme Court.

5. I have been engaged in complex civil litigation in the federal courts throughout my 48-year career.

6. I am the founding partner of Terris, Pravlik & Millian, LLP. Terris, Pravlik & Millian, LLP, is a law firm that handles cases in areas of the law where people traditionally have not been represented. Our firm, which has ten attorneys, engages almost exclusively in federal litigation and class actions in areas that have come to be identified with public interest law, particularly in the areas of environmental, employment, and civil rights law.

PLAINTIFF'S EXHIBIT 4

7. I have represented plaintiff classes in the United States District Court for the District of Columbia, including the plaintiff classes in *Oscar Salazar, et al. v. District of Columbia, et al.*, Civil Action No. 93-452 (GK), *Palmer, et al. v. Rice*, Civil Action No. 76-1439 (HHK/JMF), and *Cooper, et al. v. Rice*, Civil Action No. 77-2006 (HHKJMF).

8. For over 30 years, Terris, Pravlik & Millian, LLP, has committed the financial and other resources necessary to prosecute complex cases vigorously. We are prepared to use all of our resources to prosecute this case successfully, just as we have done in the *Salazar*, *Palmer* and *Cooper* class actions.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2005.

_____
BRUCE J. TERRIS

2

## Bruce J. Terris

Office:

1121 12th Street, N.W.
Washington, D.C. 20005
(202) 682-2100

Born:          Detroit, Michigan

Birthdate:     August 3, 1933

Education:     A.B. Summa Cum Laude      Harvard (1954) Phi Beta Kappa

               LL.B. Magna Cum Laude      Harvard (1957) Article Editor
                                          Harvard Law Review

               Post Graduate Study        Georgetown University
                                          Political Science

Honors:        Honorary Fellowship        University of Pennsylvania
                 and Commencement             Law School 1977
                     Speaker

               Conservation Law Award  .. National Wildlife Federation 1981

Professional Experience:

      1957-1958          Attorney, Internal Security Division
                         Appellate Section, U.S. Department of Justice

      1958-1959          Personal Assistant to Solicitor General, J. Lee Rankin, Department
                         of Justice

      1959-1965          Assistant to the Solicitor General,
                         Department of Justice

                         Argued 16 Supreme Court cases on behalf of the
                         government, including Wesberry v. Sanders (the
                         Congressional redistricting case); Schneider v. Rusk and
                         Kennedy v. Mendoza-Martinez (the constitutionality of two
                         federal statutes relating to the expatriation of citizens)
                         (subsequently argued an additional 3 Supreme Court cases)

Wrote or extensively reviewed approximately 70 Supreme Court briefs, including Abel v. United States (a Soviet espionage case); Baker v. Carr and the 1964 reapportionment cases; and a large number of civil rights and criminal cases

Prepared Attorney General Kennedy for his only appearance in the Supreme Court

| | |
|---|---|
| 1965 | Co-Chairman, National Conference on Law and Poverty sponsored by the Attorney General and the Director of the Office of Economic Opportunity -- this conference had a major part in starting OEO legal services for the poor. |
| 1965-1967 | Assistant Director, National Crime Commission -- supervised all work on police/community relations and early work on narcotics and dangerous drugs |
| 1965 | Consultant, Community Relations Service, Department of Justice, on police/community relations |
| 1965 | Consultant, University Research Corporation -- wrote proposals relating to crime and training the poor to be lawyer's aides |
| 1967-1968 | Assistant to the Vice President for the District of Columbia -- worked on youth programs and the District's problems generally -- developed a detailed program to coordinate all activities of SBA, EDA, and other government agencies relating to minority business |
| 1967-1968 | Visiting Professor of Law, Catholic University (teaching two sections of constitutional law |
| 1968 | Campaign staff of Senator Robert Kennedy, doing research on urban problems |
| 1968-1969 | Executive Director, Anacostia Assistance Corporation, a non-profit organization of businessmen and others, to provide financial and technical assistance relating to economic development, housing and education to community groups in a poverty area of Washington, D.C. -- established a center for packaging black businesses, started a local development company, worked on beginning a community electronics plant (which never came to fruition), and wrote an elaborate proposal for a special impact grant |

2

| | |
|---|---|
| 1969-1970 | Co-founder and Senior Attorney, Center for Law and Social policy, a non-profit organization which represented consumers, the poor, and other usually unrepresented persons before federal administrative agencies and in the courts concerning consumer, environment, health, and other problems and which had law students who came to the Center for five months and received a semester's credit -- personally represented the California farm workers union in a suit to prevent Mexican nationals from entering the United States to work in the fields, which was lost, 5-4, in the Supreme Court (Bustos v. Mitchell) -- represented physicians at D.C. General Hospital and the District of Columbia chapter of the Medical Committee on Human Rights in legal actions to improve the care at the hospital; represented the American Public Health Association and the National Council of Senior Citizens in a suit which resulted in an order requiring the Federal Drug Administration to speed procedures to get several thousand ineffective drugs off the market; represented Ralph Nader in proceedings before the Federal Trade Commission -- ran educational program |
| 1970 | Attorney, private practice, Washington, D.C. -- became Terris & Sunderland in 1980, Terris, Edgecombe, Hecker & Wayne in 1986, Terris, Pravlik & Wagner in 1990, and Terris, Pravlik & Millian in 1998 -- presently has 10 attorneys -- principally engaged in public interest law, including environmental and employment cases |

Representative cases include:

Sierra Club v. Fri, 412 U.S. 541 (1973), in which the Supreme Court held, by affirming the court of appeals, 4-4, that the Clean Air Act prevented significant deterioration of air quality in clean air areas

Sierra Club v. Butz, 3 ELR 20071 (N.D. Cal. 1972), in which the court granted, under the National Environmental Policy Act, a preliminary injunction against the development of 50 million acres and ordered the Forest Service to prepare environmental impact statements before allowing development of roadless areas in national forests

West Virginia Division of the Izaak Walton League of America v. Butz, 522 F.2d 945 (4th Cir. 1975), in which the court of appeals declared that the Forest Service practice of clearcutting in national forests violated the Organic Act of 1897

3

Sierra Club v. Morton, 427 U.S. 390 (1976), in which the Supreme Court held that the National Environmental Policy Act required preparation of a regional environmental impact statement for subregions of the Northern Great Plains but not the entire area

Regina M. Nunes-Correia v. Alexander Haig, 543 F. Supp. 817 (D.D.C. 1982), in which the district court held that the plaintiff was illegally discharged and the plaintiff recovered $125,000 in back pay and $98,000 in attorneys' fees

Palmer v. Shultz, 815 F.2d 84 (1987), in which the court of Appeals held that the Department of State had discriminated against female Foreign Service Officers in numerous personnel areas - previously in the same case, the Department of State agreed to hire 75 additional female Foreign Service Officers to settle allegations of discrimination in hiring

Public Interest Research Group v. Powell Duffryn Terminals, Inc., 720 F. Supp 1158 (D.N.J. 1989), affirmed in part, 913 F.2d 64 3d Cir. 1990 in which the court imposed a penalty of over $4 million (the largest ever imposed in a citizen suit) and injunctive relief for violations of the Federal Water Pollution Control Act

FOE v. Laidlaw Envtl. Services (TOC), Inc., 528 U.S. 167 (2000), a Clean Water Act citizen suit in which the Supreme Court found that the Fourth Circuit erred in finding the case moot due to availability of only civil penalty relief and not injunctive relief. Supreme Court also held that the citizens had constitutional standing to pursue their claims. Lower court decisions are found at 890 F. Supp. 470 (D.S.C. 1995) and 956 F. Supp. 588 (D.S.C. 1997), and 149 F.3d 303 (4th Cir. 1998).

Publications:          Author of article in November 1968 issue of Annals of the American Academy of Political Science, "The Role of the Police," reprinted in Violence in the Streets, edited by Shalom Endelman (Quadrangle Books, Chicago, 1969); Livingston Hall, et al., Modern Criminal Procedure (West Publishing Co., 1969, 3d ed.); and The Ambivalent Force: Perspectives on the Police, edited by Abraham Niederhoffer and S. Blumberg (Ginn and Co., N.Y. 1970)

4

Author of article in February 1968 issue of New Jersey Municipalities, "The Responsibility of City Government; Win the War or Preserve the Peace"

Author of article in Winter 1968 issue of Legal Issue (Catholic University), "Black Versus Blue:  The Crisis in Police Community Relations"

Author of chapter on "The Chain-Independent Retail Store" in Practicing Law Institute; The Local Economic Development Corporation:  Legal and Financial Guidelines (GPO, 1970)

Speech at the National Institute on New Techniques in Regulating Business:  The Ash Council's Recommendations, April 16-17, 1971, in 23 Administrative Law Review 445 (1971)

Author of Legal Services for the Elderly (National Council on the Aging, 1972)

Speech at the American Bar Association National Institute, Law of the Environment, November 1-2, 1973, "Air Quality Control in the 70s: Environmental Critique," in 7 Natural Resources Lawyer 217 (1974)

Author of article in July-August 1974 issue of Juris Doctor, "Hard Times Ahead for Public Interest Law"

Co-Author of article, the Leasing of Federal Land for Coal Production, Natural Resources Defense Council v. Hughes, 15 Houston Law Review 1175 (1978)

Speech on "Environmentalists' Citizen Suits" in "The Private Assumption of Previously Public Responsibilities: The Expanding Role of Private Institutions in Public Environmental Decisionmaking," Fifteenth Annual Conference on the Environment, American Bar Association, Standing Committee on Environmental Law (1986)

Other Activities

1960                        Co-founder of a credit union in the slums, one of the first organized on a geographic basis

5

| | |
|---|---|
| 1961-1965 | Co-founder and President of Better Homes, Inc., a non-profit corporation with the purpose of buying and improving housing in slum areas in Washington (the corporation was the model for approximately half a dozen other similar non-profit organizations in Washington, and was the recipient of the first funds in Washington under the Federal Housing Act of 1961 for the rehabilitation of houses for low-income families) |
| 1961-1966 | Co-organizer of the 1500 Block Club, an organization of the people living in two blocks of the slums of Washington (the organization had a small community center, women's and men's clubs, and a large tutoring program) |
| 1965-1979 | Co-founder of the Housing Development Corporation, later chairman of the board -- wrote the proposal for the creation of this large, well-financed, non-profit real estate development corporation to provide housing for low-income families throughout the Washington area -- the first of its kind in the country, it originally received over $300,000 a year from the Office of Economic Opportunity -- OEO used it as a model elsewhere |
| 1965-1966 | Member, Coalition of Conscience, a coalition of organizations to promote civil rights in the District of Columbia |
| 1968-1972 | Chairman and Member, District of Columbia Democratic Central Committee |
| 1968-1972 | President and Member of the Board, Project Share -- this organization raised over $100,000 in funds for non-profit housing for low and moderate income people |
| 1968-1974 | Member of the Board, District of Columbia Home Rule Committee |
| 1970-1971 | Member of the Board, Anacostia Citizens and Merchants, a broadly representative citizens group with the purpose of improving the Anacostia area |
| 1974-1977 | Member of the Board and Secretary, District of Columbia Development Corporation, a non-profit corporation intended to develop housing for low and moderate income people and support business ownership by minorities |

6

| | |
|---|---|
| 1976-1978 | Co-chairman, Air Quality Task Force, National Coal Policy Project |
| 1976-1981 | Member of the Board, Council for Public Interest Law, a national organization encouraging the expansion of public interest law |
| 1977-1978 | Member, Litigation Committee, Friends of the Earth |
| 1978-1980 | Member, Litigation Committee, Environmental Defense Fund |
| 1979-1980 | Member, Advisory Panel on Synthetic Fuels, Committee on Science and Technology of the House of Representatives |

7