UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL *et al.*, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>) |

AFFIDAVIT OF KATHLEEN L. MILLIAN

I, Kathleen L. Millian, hereby depose and state:

1. I am one of the attorneys for plaintiffs in the above-captioned case.

2. I graduated from Stanford Law School in 1985.

3. A copy of my resume is attached and is incorporated by reference.

4. From 1985 to 1986, I was a judicial clerk to the Honorable James K. Singleton of the Alaska Court of Appeals.

5. Since 1987, I have practiced complex litigation in the federal courts in the fields of environmental and civil rights law with Terris, Pravlik & Millian, LLP. I became a partner in the firm in 1992.

6. I represent the plaintiff class in *Salazar, et al. v. District of Columbia, et al.*, Civil Action No. 93-452 (GK). This complex class action was brought under the Title XIX of the Social Security Act on behalf of a class of Medicaid beneficiaries in 1993. The case was tried in 1996, and plaintiffs prevailed. While an appeal by the District of Columbia was pending, the parties reached a

PLAINTIFF'S EXHIBIT 5

settlement. I continue to represent the plaintiff class in monitoring the District of Columbia's progress towards complying with the settlement.

7. As part of my work representing individual class members in the *Salazar* class action, I have become familiar with Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400, *et seq.*, particularly as it interacts with Medicaid law, since children with special health care needs may obtain services both under IDEA and through the Medicaid program.

8. I assisted in the investigation of the claims that led to the filing of the complaint in the above-captioned action beginning in October 2003. My contemporaneous time records show that from October 2003, through June 2005, I met with co-counsel Professor Jeffrey Gutman of the George Washington University Law School, his law students, and/or Margaret Kohn, nine times to discuss the investigation, the claims in the case, and legal strategy. I reviewed memoranda and other documents prepared or collected by Professor Gutman's students about their factual investigation of the case. I participated in a meeting held on May 26, 2004, with Dr. Ray Bryant, Erika Pierson and others from the District of Columbia Public School system administration to discuss our complaints about the Child Find program which had earlier been set forth in a detailed letter to Dr. Bryant dated March 24, 2004.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2005.

_Kathleen L. Millian_
KATHLEEN L. MILLIAN

**KATHLEEN L. MILLIAN**
1121 12th Street, N.W.
Washington, D.C. 20005
(202) 682-2100

| | | |
|---|---|---|
| Education: | Stanford Law School | J.D., June 1985 |
| | Cornell University | B.S., Public Policy, May 1982 |

Experience:

| | |
|---|---|
| 1992-Date | Partner |
| 1987-1991 | Attorney |

Terris, Pravlik & Millian, LLP (formerly Terris, Pravlik & Wagner)
Washington, DC
Represent the plaintiff class in a Medicaid class action against the District of Columbia government. Represent environmental groups in Clean Water Act and RCRA citizen enforcement suits. Also represent and counsel the Ministry of the Environment of the Province of Ontario regarding international environmental issues.

1985-1986   Judicial Clerk, Judge James K. Singleton, Alaska Court of Appeals
Anchorage, AK
Researched and wrote bench memoranda on criminal and evidentiary issues. Critiqued opinions substantively and technically. Also served as Acting Magistrate for Third Judicial District of Alaska, handling small claims and traffic court calendar.

Representative Cases:

*Michigan, et al. v. EPA*, 213 F.3d 663 (2000), in which the court of appeals upheld EPA's Clean Air Act rule requiring midwestern states to control emissions of nitrogen oxides which harm air quality in downwind states.

*Friends of the Earth, et al., v. Gaston Copper Recycling Corp.*, 204 F.3d 149 (2000)(*en banc*), in which the court of appeals found that the plaintiff environmental groups had standing to proceed with their suit under the Clean Water Act.

*Salazar, et al. v. District of Columbia*, 954 F. Supp. 278 (D.D.C. 1996), in which the district court found the government liable to the plaintiff class of Medicaid applicants and recipients under Section 1983 for failing to comply with the federal Medicaid statute.

*Public Interest Research Group of New Jersey, et al. v. Powell Duffryn Terminals Inc.*, 720 F. Supp. 1158 (D.N.J. 1989), in which the court granted a permanent injunction and imposed civil penalties of $3.2 million under the Clean Water Act on a polluter, affirmed in part and reversed in part on appeal, 913 F.2d 64 (3d Cir. 1990), penalty increased to $4.085 million, certiorari denied, 111 S. Ct. 1018 (1991).

*Public Interest Research Group of New Jersey, et al. v. Ferro Merchandising Equipment Corp.*, 680 F. Supp. 692 (D.N.J. 1987), in which the court imposed contempt penalties for a polluter's failure to comply with an injunction to comply with the Clean Water Act.

| | |
|---|---|
| Bar Memberships: | State of New York, District of Columbia, United States Supreme Court. |
| References: | Available upon request. |