UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL *et al.*, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*<br><br>      Defendants. | Civil Action No. 05-1437 (RCL) |

AFFIDAVIT OF MARGARET A. KOHN

I, Margaret A. Kohn, hereby depose and state:

1. I am one of the attorneys for plaintiffs in the above-captioned case.

2. I graduated from Columbia University School of Law in 1972.

3. A copy of my resume is attached and is incorporated by reference.

4. I have been engaged in civil litigation in the federal courts during my employment at the Center for Law and Social Policy and the National Women's Law Center, from 1975 through 1985 and from 1988 through the present, during which time I have practiced special education law in private practice.

5. I represented the plaintiff class in the United States District Court for the District of Columbia, *LaKendra Nelson et al. v. District of Columbia*, Civil Action No.1:00CV02930 (GK), and in the United States District Court for the Eastern District of Pennsylvania and the 3d Circuit Court of Appeals in *Haffer v. Temple University*, 524 F. Supp. 531 (E.D. Pa. 1981), aff'd, 688 F.2d 14 (3d Cir. 1982), through May, 1985.

PLAINTIFF'S EXHIBIT 8

6. I have specialized in special education law since 1988. Through the eyes of my clients, I see the Child Find system in DC, such that it is, on a regular basis. I conduct many due process hearings each year and advise and counsel many parents who are trying to obtain appropriate evaluations or educational services for their young children. I have attended hundreds of MDT meetings. This counsel, as part of the co-counsel group, was diligent in identifying and investigating potential claims for the plaintiffs and plaintiff class herein.

7. I participated in meetings with one or more co-counsel on October 2, 2003, February 5, 2004, April 19, 2004, May 25, 2004, April 14, 2005, June 1, 2005, and June 14, 2005, to discuss the factual and legal basis for the instant lawsuit. Over this period substantial legal and factual research was conducted and the results analyzed and discussed. Legal theories for the case were added and deleted, and the scope of the lawsuit was narrowed from what was originally under consideration. We examined the pleadings in lawsuits brought in other jurisdictions to challenge inadequate and unlawful responses to the Child Find requirements of the IDEA.

8. I reviewed and edited both of the FOIA requests that were made by the Community Legal Clinics to obtain information pertinent to Child Find in DC from DCPS and reviewed much of the material delivered in response to these requests. I am already familiar with the practices and policies of DCPS due to my daily interfacing with this bureaucracy which is the central focus of my law practice.

9. During the fall of 2003 and early 2004, GW clinic law students researched how Child Find was conducted in Fairfax, Arlington and Montgomery Counties and surveyed over 30 day care providers in DC to determine what they knew about Child Find in DC and whether they had been provided information from DCPS about the Child Find process and evaluations.

10.  On May 26, 2004, I participated in a meeting with Dr. Ray Bryant, then head of special education at DCPS, co-counsel, and three attorneys from the Office of General Counsel, DCPS. Although the meeting time was given to us by the DCPS Office of General Counsel, Dr. Bryant was late, stayed only a short time because he explained he was in more important meetings with his senior staff, and informed us that while there were problems with special education in DC, there were no problems or deficiencies in the DCPS Child Find efforts/program. The meeting was not productive. Our efforts to engage in a dialogue and determine if there was material we might have missed, were rebuffed.

11. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2005.

MARGARET A. KOHN

**MARGARET A. KOHN**

HOME:
6007 Forest Rd.
Cheverly, MD 20785
301-322-3134

OFFICE:

1320 19th Street NW #200
Washington, D.C. 20036
(202) 667-2330
fax (202)-667-2302
Makohn@aol.com

**EMPLOYMENT**

<u>Solo Law Practice</u>
April, 2001 to present
    Specializing in special education and disability discrimination

**Kohn & Einstein**, partner
October, 1993 to April, 2001

    Specializing in special education and disability discrimination

<u>Solo Law Practice</u>
November, 1990 to October, 1993

    _____Specializing in disability and special education law

<u>Associate</u>
Bogin & Eig
July 1988 - November 1990

    Represented children needing special education by assisting parents in evaluations, representation in meetings with school officials, administrative due process hearings, federal court litigation and related work. Represented parents seeking placements for adult children with mental retardation in D.C. Superior Court.

<u>Teacher</u>
D.C. Public Schools
1987-88 School Year

    Classroom teacher for a 4-5 Grade combination class of gifted children at Shepherd Elementary School, Washington, D.C.

<u>Consultant</u>
July 1985-December 1986

    ABA Child Support Project, National Legal Resource Center for Child Advocacy and Protection:

-2-

      Report on Young Unwed Fathers and Child Support Enforcement

National Women's Law Center, Washington, D.C.
Proposal writing

MANNA, INC./For Love of Children (FLOC), Washington, D.C.
Sales of condominiums and single family homes to low and
moderate income buyers for young, non-profit housing
developer

**National Women's Law Center**
Washington, D.C.

1981   **Co-founder**
1981-83 **Attorney**
1984-85 **Managing Attorney**

      Created independent not-for-profit public interest law office with staff of 15 and annual budget
      of $650,000+. Responsible for precedent setting decisions in education and employment law.
      As a senior attorney, litigated in federal courts, testified before the U.S. Congress and worked
      with organizations and coalitions so that federal policies would better serve women and girls.
      Developed and administered multi-year nationwide training program for lawyers and educators
      on sex discrimination in education. Responsible for raising government and foundation funds
      as well as securing donations from individuals.

**Women's Rights Project**
**Center for Law and Social Policy**
Washington, D.C.

1975-81 **Attorney**

      Litigated cases to improve federal enforcement of laws protecting and advancing women's
      rights in employment, education and health. Monitored federal enforcement of federal sex
      discrimination prohibitions in education and employment. Worked with coalitions to improve
      opportunities for women in nontraditional jobs and increase sex equity in schools and colleges.
      Won and monitored implementation of 1975 court order in precedent setting quality of care
      lawsuit to improve the District's only public hospital.

**Legal Services Bureau of the Correctional**
**Association of New York**
New York, N.Y.

1973-75 **Staff Attorney**

-3-

**Center for Law and Social Policy**
Washington, D.C.

1972-73 **Fellow**

## EDUCATION

| | | |
|---|---|---|
| J.D. 1972 | **Columbia University Law School** | |
| | New York, N. Y. | |
| | Award: Beck Prize for best first-year Real Property exam | |
| | | |
| B.A. 1969 | **Swarthmore College** | |
| | Swarthmore, Pa. | |

        Major: Sociology-Anthropology: Degree awarded with Distinction

1986-87       **University of the District of Columbia**

        48 credits for D.C. teacher certification; Dean's List

## OTHER ORGANIZATIONAL ACTIVITIES

Advocates for Justice and Education, Board member, Spring, 2002-present

Disability Rights Council, Member Board of the Directors, July 1997 to 2002

National Women's Law Center: Member of the Board of Directors
1984-1994: Treasurer, 1991-94

Women's Legal Defense Fund: President, 1979-1980; Board of Directors, 1978-79; Nominating Committee 1977; Screening Committee 1975-77

National Coalition for Women and Girls in Education: Enforcement Task Force Chair, July 1978-July 1985

Women's Equity Action League, Member of the Board of Directors and Legal Committee, 1986-1991

District of Columbia Bar: Member, Judicial Evaluation Committee, 1980-83, Member: Membership Benefits Committee, 1992-94

Disability Rights Education Defense Fund: Advisory Board, 1983-86

D.C. Commission on Licensure to Practice the Healing Arts: Consumer member, 1980-83

-4-

Bancroft Elementary School, Washington, D.C.: Volunteer Tutor 1976, 1977, 1985-86; Student teacher, 6th Grade, 1987

## PUBLICATIONS

Author      School Health Services and Nurse Practitioners: A Survey of State Laws, April 1979

Author      Child Support Enforcement and Young Unwed Fathers, Spring 1987

Co-author   Sex Discrimination in Education: Legal Rights and Remedies, 1983

## ADMITTED TO PRACTICE BY THE FOLLOWING COURTS:

New York Appellate Division First Department: no longer active
District of Columbia Court of Appeals
Court of Appeals of Maryland
United States Supreme Court
U.S. Court of Appeals for the District of Columbia
   Circuit, Third Circuit, Fourth Circuit, Fifth Circuit, Tenth
   Circuit, and Eleventh Circuit
U.S. District Court for the District of Columbia, the Eastern
   District of New York and the Southern District of New York