## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1437 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS

Defendants District of Columbia ("District) and Clifford B. Janey ("Janey") answer the Complaint ("complaint") in this action, as follows (numbers correspond to the numbered paragraphs in the complaint):

### Procedural Posture

1.     Admit that plaintiffs purport to bring claims against the District and Janey as set forth in this paragraph.  Admit that plaintiffs purport to bring these claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, the Due Process clause of the Fifth Amendment and District law.  Deny any liability thereunder and that plaintiffs are entitled to any of the relief set forth therein.

2.     Deny.

3.     The first three sentences of this paragraph state legal conclusions, as to which defendants are not required to respond.  Deny the fourth, fifth and sixth sentences of this paragraph.

4.      Admit that plaintiffs assert jurisdiction and venue under the sections set forth in this paragraph.

5.      Admit.

6.      Admit the first sentence to the extent that on August 24, 2005, an Individualized Education Program ("IEP") team determined that DL is eligible for special education services as a student with developmental delays, pursuant to the IDEA. Lack knowledge or information sufficient to form a belief as to the truth of the averments in the remaining paragraphs.

7.      Deny.

8.      Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

9.      Deny that Bright Beginnings had the authority to convene such a meeting.  As to the remaining allegations in the paragraph, lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph

10.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

11.     Admit, except that Defendants deny the last sentence, which alleges that DCPS did not act on Ms. Ford's request for special education and related services.

12.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

13.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

14.    Admit; however, the hearing has been scheduled for Friday, September 16, 2005.
The hearing was originally set for July 20, 2005, but the student's counsel
requested two continuances that the hearing officer granted.

15.    Deny.

16.    Admit.

17.    Admit.

18.    Admit, to the extent that JB was referred to DCPS on March 31, 2004, and that on
April 27, 2004, DCPS convened a meeting to discuss his private evaluations and
possible eligibility.

19.    Deny.

20.    Lack knowledge or information sufficient to form a belief as to the truth of the
averments in this paragraph.

21.    Lack knowledge or information sufficient to form a belief as to the truth of the
averments in this paragraph.

22.    Admit.

23.    Admit the first sentence, and deny the second sentence.

24.    Lack knowledge or information sufficient to form a belief as to the truth of the
averments in this paragraph.

25.    Admit that the Center for Autism Spectrum Disorders of the Children's National
Medical Center performed a psychiatric evaluation on JB, in which the evaluators
recommended intervention, including educational intervention.  Lack knowledge
or information sufficient to form a belief as to the truth of the remaining
averments in this paragraph.

26.     Admit.

27.     Admit.

28.     Deny.

29.     Deny.

30.     Admit.

31.     Admit that OUL's parents primarily speak Spanish, and lack knowledge or information sufficient to form a belief as to the truth of the averments as to the remaining allegations in this paragraph.

32.     Admit the second, third, fourth, and sixth sentences.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in the first and fifth sentences of this paragraph.

33.     Admit.

34.     Admit.

35.     Admit, except that defendants deny the last sentence.

36.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

37.     Admit the first sentence.  As to the second sentence, defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.  Defendants deny the remaining allegations in Paragraph 37.

38.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

39.     Deny.

40.     Deny that DC is almost three years old. Admit the remainder of the paragraph.

41. As to the first sentence, lack knowledge or information sufficient to form a belief as to the truth of the averments. As to the second sentence, admit that DC is old enough to be evaluated by DCPS for special education and related services. As to the remainder of the second sentence, lack knowledge or information sufficient to form a belief as to the truth of the averments.

42. Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

43. Deny the first and second sentences of this paragraph. As to the third sentence, lack knowledge or information sufficient to form a belief as to the truth of the averments.

44. Deny.

45. As to the first two sentences of this paragraph, lack knowledge or information sufficient to form a belief as to the truth of these averments. Deny the third sentence.

46. Admit.

47. Admit.

48. Admit.

49. Deny the first sentence. Admit the second sentence.

50. Admit the first sentence. As to the second sentence, admit that prior to that time he received services at home through the Early Intervention Program, and deny that such services were "limited." As to the third sentence, lack knowledge or information sufficient to form a belief as to the truth of these averments.

51.    Admit the first two sentences.   As to the remainder of the paragraph, lack

knowledge or information sufficient to form a belief as to the truth of the

averments, except admit the last two sentences.

52.    Admit that FD requested a due process hearing, but lack knowledge or

information sufficient to form a belief as to the truth of the remaining averments

in this paragraph.

53.    Admit that the parties entered into a settlement agreement and refer to the

agreement for a full and accurate statement of the terms thereof. Admit the last

sentence of the paragraph.

54.    Deny.

55.    Admit.

56-62.  Lack knowledge or information sufficient to form a belief as to the truth of the

averments in these paragraphs.

63.    Admit that a due process hearing was held in June 2005 and refer to the record of

the proceeding for a full and accurate statement of its contents, including the

decision of the administrative hearing officer.

64.    Lack knowledge or information sufficient to form a belief as to the truth of the

averments in this paragraph.

65.    Deny.

66.    Admit that the District is a municipal corporation and receives federal funds under

IDEA.  The remainder of this paragraph states legal conclusions to which

defendants are not required to respond.  Refer to the cited provisions of law for a

full and accurate statement of their contents and requirements.

67.    Admit that defendant Janey is the Superintendent of the DCPS and chief executive of DCPS. The remainder of this paragraph states legal conclusions to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirement.

68.    Admit that plaintiffs purport to bring this action on behalf of themselves and the class of persons they set forth in this paragraph. Deny that this is an appropriate class action.

69.    Deny.

70-81. These paragraphs state legal conclusions to which defendants are not required to respond. Refer to the cited provisions of law for a complete and accurate statement of their contents and requirements.

82-90. Deny.

91.    Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

92.    The first statement of this paragraph states an argumentative conclusion to which defendants are not required to respond. Deny the remainder of this paragraph.

93.    Deny.

94.    This paragraph states a legal conclusion to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

95.    This paragraph states a legal conclusion to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

96.     Deny.

97.     Deny.

98.     This paragraph states a legal conclusion to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

99.     This paragraph states a legal conclusion to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

100.    This paragraph states a legal conclusion to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

101.    Deny.

102.    Deny.

103.    This paragraph states a legal conclusion to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

104.    This paragraph states a legal conclusion to which defendants are not required to respond. Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

105.    Deny.

106.    Deny.

107.    This paragraph states a legal conclusion to which defendants are not required to respond.  Refer to the cited provision of law for a full and accurate statement of its contents and requirements.

108.    Deny.

109.    This paragraph states a legal conclusion to which defendants are not required to respond.  Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

110.    This paragraph states a legal conclusion to which defendants are not required to respond.  Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

111.    This paragraph states a legal conclusion to which defendants are not required to respond.  Refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

112.    Deny.

113.    Deny.

Defendants deny that plaintiffs are entitled to any of the relief sought in this action.

## Defenses

1.    The complaint fails to state a claim on which relief can be granted.

2.    Some or all of the plaintiffs' claims are or may be barred by the statute of limitations or the doctrine of laches or estoppel.

3.    The plaintiffs have failed to exhaust their administrative remedies.

4.    Some or all of the plaintiffs' claims under District law are barred for failure to comply with 12 D.C. Code Section 309.

5.     The requirements of Rule 23 for maintenance of this suit as a class action are not

met.

### Relief Sought

The complaint should be dismissed with prejudice and with costs to the

defendants.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General of the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        EDWARD P. TAPTICH
                                        Chief, Equity Section 2

                                        **/s/ Daniel A. Rezneck**
                                        DANIEL A. REZNECK [#31625]
                                        Senior Assistant Attorney General
                                        441 Fourth Street, N.W., Sixth Floor South
                                        Washington, D.C. 20001

                                        **/s/ Eden I. Miller**
                                        EDEN I. MILLER [#483802]
                                        Assistant Attorney General
                                        441 Fourth Street, N.W., Sixth Floor South
                                        Washington, D.C. 20001
                                        (202) 724-6614

**September 12, 2005**                  **Attorneys for defendants**