UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DL, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1437 (RCL) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO EXTEND DEFENDANTS' TIME TO RESPOND TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants, by undersigned counsel, respectfully move this Court for an extension of time to and including October 31, 2005, in which to respond to plaintiffs' motion for class certification in this action.

The reasons for this motion are as follows:

1. The complaint in this action is long, elaborate and complex. It is 29 pages long, with six Plaintiffs and five claims. It involves two separate agencies of the District government since responsibilities for pre-schoolers (birth to 5) under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq. are divided between two agencies: (1) the Department of Human Services ("DHS") acting through its Office of Early Childhood Development ("OECD") for so-called "Part C" pre-schoolers (birth to 3); and (2) the D.C. Public Schools ("DCPS") for so-called "Part B" pre-schoolers (3 to 5). In the instant case, the children whose parents sue on their behalf fall into both Part C and Part B categories, and responding to the claims on their behalf will

require consideration of activities of both agencies. For example, one of the children, plaintiff DC, had not yet turned 3 years old when the suit was brought on her behalf.

2. The class action certification motion is likewise long, elaborate and complex . It consists of 80 pages, including numerous exhibits and a lengthy memorandum of law. The motion discloses that this suit has been in preparation for almost two years, at least since October 2003. See Plaintiffs' Exhibit 5, Affidavit of Katherine L. Millian, at 2. Plaintiffs have employed numerous law students of one of plaintiffs' counsel, who is a law professor at George Washington University Law School, to assist them in factual investigation and legal research. (Id.) See also Plaintiffs' Exhibit 7, Affidavit of Prof. Jeffrey S. Gutman, at 2-3; Plaintiffs' Exhibit 8, Affidavit of Margaret A. Kohn, at 2-3. One of plaintiffs' counsel who joined the case only in March of 2005 has put in hundreds of hours of preparation. See Plaintiffs' Exhibit 6, Affidavit of Shina Majeed, at 1-2. So, it can confidently be stated that thousands of hours have gone into preparation of the litigation papers which defendants must now meet.

3. This Court's opinion in Bynum v. District of Columbia, 214 F.R.D. 27 (D.D.C.2003) demonstrates the number and complexity of the questions that must be answered in the affirmative under Rule 23 before a class may be certified. The present case and motion bristle with such questions. To mention only a few of the issues which may arise:

a. The Court in <u>Bynum</u> identified the "[e]xistence of a class", or "ascertainability" as it is sometimes called, as a threshold question. Here the proposed class order encompasses a future group of children, perhaps not even born yet, whom defendants "have not or <u>will not</u> identify, locate, evaluate or offer special education and related services to when the child is between the ages of three and five years old . . . ." (Emphasis supplied) Such a future-oriented class definition raises serious questions of ascertainability.

b. Commonality and typicality are core requirements of Rule 23 certification. The claims here sweep so broadly across IDEA requirements—including identification of children who may have been denied required special education and related services, location of such children, evaluation of them, and provision of services to them—that the requirements of commonality and typicality are called into question. Examination of the individual claims in the complaint will quickly show that while boilerplate conclusory allegations of failure to identify, locate, evaluate and offer special education services are made across the board, the facts alleged as to the individual claimants are wildly varying and so different as to raise serious questions both as to the requirements of commonality and typicality.

c. Adequacy of representation is another core requirement. Here the widely varying role that the parents who are suing on behalf of their children have played in the efforts to secure education for the children may call into

question the adequacy of at least some of them as class representatives. Moreover, only two of the six claimants allege that they have exhausted administrative remedies, raising the question whether they have claims at all against the defendants. As to the other two, inquiry may have to be made into whether they have in fact and in law exhausted their administrative remedies or are likewise disqualified as class representatives.

4. These issues are illustrative only. The point is that defendants require additional time for factual investigation and legal research into the claims to meet the class action motion squarely. Some discovery may be necessary in order to explore the issues that are raised by the motion. Informal conversations between the parties may yield some of the necessary information; defendants have been forthcoming in response to Freedom of Information Act requests made by the plaintiffs' counsel, and we hope they would be forthcoming in response to requests for information we may have. The extension of time will enable defense counsel to undertake the necessary factual investigation and legal research into the issues raised in the motion.

5. An extension of time will also accommodate the press of other business, which is very heavy in the Office of the Attorney General for the District of Columbia and in the caseload of the undersigned counsel. As indicated, plaintiffs' counsel have been preparing this case for almost two years, whereas undersigned counsel are coming to it cold and are starting from scratch. The

4

extension we seek will also accommodate the convenience of undersigned counsel with respect to the upcoming Jewish holidays.

Accordingly, we respectfully request an extension of time to respond to the class certification motion to and including October 31, 2005.

A proposed order is submitted with this motion.

Plaintiffs' counsel do not consent to the grant of this motion.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General of the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    EDWARD P. TAPTICH
    Chief, Equity Section 2

    **/s/ Daniel A. Rezneck**
    DANIEL A. REZNECK [#31625]
    Senior Assistant Attorney General
    441 Fourth Street, N.W., Sixth Floor South
    Washington, D.C. 20001

    **/s/ Eden I. Miller**
    EDEN I. MILLER [#483802]
    Assistant Attorney General
    441 Fourth Street, N.W., Sixth Floor South
    Washington, D.C. 20001
    (202) 724-6614

**September 13, 2005**    **Attorneys for defendants**

### POINTS AND AUTHORITIES

1. Rule 6(b) of the Federal Rules of Civil Procedure; and

2. The inherent power of the Court.