UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DL,[1] *et al.*, on behalf of themselves )
and others similarly situated, )
 )
      Plaintiffs, )
 )
      v. )   Civil Action No. 05-1437 (RCL)
 )
THE DISTRICT OF COLUMBIA, *et al.* )
 )
      Defendants. )
_____)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME
TO RESPOND TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs filed their Motion for Class Certification on September 1, 2005. Defendants' response was due on September 15, 2005. On September 13, 2005, defendants filed their Motion to Extend Defendant's Time to Respond to Plaintiffs' Motion for Class Certification (hereafter "Def. Mot.") seeking an extension of time of 46 days, until October 31, 2005, to respond to plaintiffs' motion.

On September 12, 2005, the Court placed this case on a litigation track and ordered that the parties meet and confer by September 27, 2005, and produce a Rule 16.3 report within 10 days thereafter. Plaintiffs are prepared to serve their first wave of discovery as soon as they are permitted under Rule 26(a). Defendants seek to delay the discovery process and slow the pace of this litigation by drawing out the briefing on the class certification motion.

Plaintiffs informed defendants that they would consent to a two-week extension. However, plaintiffs oppose defendants' request for a 46-day extension to respond to their Motion for Class

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

Certification for the reasons stated below.

First, Rule 23(c) of the Federal Rules of Civil Procedure directs that the court decide whether to certify a class "at an early practicable time." Pursuant to this mandate, plaintiffs promptly filed their Motion for Class Certification on September 1, 2005.

Second, a 46-day extension will delay the course of this litigation and prejudice plaintiffs. Defendants have already sought an additional 30 days to answer plaintiffs' complaint. Plaintiffs consented to this extension. Now defendants seek an extension of 46 days to respond to plaintiffs' Motion for Class Certification. Each month that passes in this litigation is another month that the named plaintiffs and the putative class of three to five year-olds with disabilities are harmed as a result of defendants' failure to comply with federal and District of Columbia law.

Third, defendants do not need 46 days to respond to plaintiffs' Motion for Class Certification. Defendants' arguments in support of its request rest on a misapprehension of its burden on a motion for class certification. Defendants claim that they need the extension to carry out a lengthy factual investigation and to conduct "some discovery." Def. Mot. 4. However, the inquiry on a motion for class certification does not involve the merits. *See Bynum v. District of Columbia*, 214 F.R.D. 27, 30 (D.D.C. 2003) ("the issue of whether to certify a class (or subclass) proceeds without an examination of the merits of the case, as in a summary judgment motion"). Nor is it relevant that plaintiffs' counsel have expended hundreds of hours preparing this case because those hours have been expended investigating and preparing the merits of this case, not the motion for class certification. *See* Def. Mot. 2.

Defendants have had sufficient time to respond to plaintiffs' motion and have had ample notice of the claims and allegations against them. Plaintiffs filed their putative class action on July

21, 2005. Plaintiffs' complaint sets forth the class definition and the allegations of the named plaintiffs and of the putative class. Complaint, paras. 5-65, 68-69, 82-83, and p.26 ("Relief"). Plaintiffs' Motion for Class Certification contains no surprise arguments or allegations. The motion mirrors the complaint and restates the class definition and the allegations contained in it.

Contrary to defendants' characterizations (Def. Mot.1-2), plaintiffs' Motion for Class Certification is neither extraordinary nor complex. Plaintiffs' Memorandum of Law in Support of its Motion for Class Certification is only 21 pages. In contrast to many class-action cases before this Court, this case involves only one class definition and does not involve several subclasses. Plaintiffs seek certification only under Rule 23(b)(2), and not under the more burdensome Rule 23(b)(3).

Defendants are seeking an usually long period of time to respond to arguments on numerosity, typicality, commonality and adequacy of representation that are familiar to defendants and that should have been easily anticipated. Plaintiffs' arguments in support of its Motion for Class Certification trace the well-known prerequisites of Rule 23(a) and the criteria of Rule 23(b).

Fourth, defendants emphasize the work load of defendants' lead counsel, Daniel Rezneck. Def. Mot.4. However, defendants have at least one other attorney working on this case. Moreover, while defendants indicate that Mr. Rezneck has a conflict with the Jewish holidays (Def. Mot. 5), there would have been no conflict if the brief had been filed on time, or even if defendants obtained a two-week extension, since the Jewish holidays do not begin until the evening of October 3. It is the requested 46-day extension of time that would cause a conflict with the Jewish holidays.

Accordingly, for the foregoing reasons, defendants' request for a 46-day extension of time until October 31, 2005, to respond to plaintiffs' Motion for Class Certification should be denied. However, plaintiffs consent to a two-week extension until September 29, 2005. A proposed order

is attached.

                                                      Respectfully submitted,

                                                     /s/
                                         _____
BRUCE J. TERRIS (D.C. Bar No. 47126)
KATHLEEN L. MILLIAN (D.C. Bar No.412350)
SHINA MAJEED (D.C. Bar No. 491725)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005
(202) 682-2100

                                                   /s/
_____
JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052
(202) 994-7463

                                                   /s/
_____
MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330

September 20, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL [1] *et al.*, on behalf of themselves and others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.* ) ) | |
| Defendants. ) ) | |

**PROPOSED ORDER**

Upon consideration of the Motion to Extend Defendants' Time to Respond to Plaintiffs' Motion for Class Certification, Plaintiffs' Opposition to Defendants' Motion for an Extension of Time, and the entire record herein, it is hereby

**ORDERED**, that Defendants' Motion is **denied**; it is further

**ORDERED**, that defendants have until September 29, 2005, to file their opposition to Plaintiffs' Motion for Class Certification.

_____                              _____
Date                                     Judge Royce C. Lamberth

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.