UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 05-1437 (RCL) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants are surprised and disappointed that plaintiffs are agreeable only to an extension of time until September 29, 2005, which is now slightly more than a week away, for defendants to respond to their motion for class certification. We fear that such an ungenerous approach to the conduct of this complex litigation does not augur well for a civil and professional relationship between opposing counsel in this case, which may go on for a long time.

This suit was almost two years in preparation by a multiplicity of plaintiffs' counsel whose names appear on their papers (together with an assemblage of law students of one of plaintiffs' counsel). Plaintiffs' counsel now seek to press their litigating advantage to the fullest by denying defendants adequate time to prepare and present their position on what is invariably a central focus in litigation of this character—a motion for class certification.

First, as to the facts. Plaintiffs assert that they filed their motion on

September 1, 2005.  Actually, they filed an incomplete motion with two partially illegible exhibits.  When we pointed this out to plaintiffs' counsel and requested legible copies, they filed new copies of these exhibits on September 9, 2005.  It is not clear that defendants' time to respond to the motion under this Court's rules even began to run until their filing was complete.

<u>Second</u>, plaintiffs now assert that defendants "seek to delay the discovery process and slow the pace of this litigation…" (Plaintiffs' Opp. at 1).  Nothing could be further from the truth.  If we had sought such delay, defendants could have filed motions to dismiss vulnerable portions of the complaint, of which there are a number, and to stay discovery.  As we shall show when we file Rule 12(b)(6) motions in due course, significant parts of the complaint are subject to dismissal.  For example, at least four of the six plaintiffs do not appear to have exhausted their administrative remedies under the Individuals with Disabilities Education Act, so their claims may well have to be dismissed.  Also, their claim under Section 504 of the Rehabilitation Act is of dubious validity, under substantial legal authorities.

Defendants did not make any such effort to delay the case.  Instead of moving to dismiss, we answered the complaint on schedule.  Since that time, we have met informally with plaintiffs' counsel and exchanged information and legal theories.  We have scheduled a Rule 16.3 conference under this Court's rules for September 27, 2005, and expect to produce a Rule 16.3 report within 10 days thereafter.

<u>Third</u>, there is no prejudice to plaintiffs' counsel or the class they purport to represent from the extension of time we seek, especially since plaintiffs' counsel waited almost two years to file this case.  They say their putative class will be harmed by any

delay from the extension (Plaintiffs' Opp. at 2)—a consideration which does not seem to have troubled them during the lengthy period before they filed suit. Plaintiffs have not sought emergency relief; the harm plaintiffs assert is in the realm of rhetoric, not reality.

<u>Fourth</u>, plaintiffs say that "the inquiry on a motion for class certification" does not involve the merits. Plaintiffs' Opp. at 2. They confuse examination and decision of the merits of their underlying claims with the inquiry—both factual and legal—necessary to satisfy the requirements of Rule 23. This inquiry is into such prerequisites to certification as numerosity, commonality, typicality, and adequacy of class representation. None of these requires a decision by the Court on the merits of the underlying claims, but they do require investigation by defense counsel into both the facts and the law, which are bound up in these prerequisites to certification. That is what we seek to accomplish during the extension defendants have requested.

<u>Fifth</u>, plaintiffs assert that arguments on "numerosity, typicality, commonality and adequacy of representation" are "familiar to defendants and that should have been easily anticipated." Plaintiffs' Opp. at 3. But every case is different on its facts and the application of the law to those facts. These prerequisites to certification are not to be resolved in a vacuum or in the abstract by resort to generalities. It is mysterious to us how we could be expected to have anticipated plaintiffs' position when we only received their papers a few weeks ago. Plaintiffs seem to envisage (and to contemplate with satisfaction) the Court acting virtually as an automaton to rubberstamp their contentions and grant their motion without hearing fully from the defendants. That certainly was not this Court's approach in <u>Bynum,</u> where it emphasized the need for an independent and informed determination by the Court whether the Rule 23 prerequisites had been met.

See <u>Bynum v. District of Columbia,</u> 214 F.R.D. 27, at 30-31, 41-42.  Our opportunity to make a full submission on the certification motion will, we hope, assist the Court in passing on the motion, not impede it.

<u>Finally</u>, we note that in <u>Bynum</u>, plaintiffs' motion for class certification was filed July 26, 2002, and the Court granted the defendants' motion for an extension of time to respond until September 13, 2002, a period of 49 days. That scarcely differs from the amount of time we seek by our motion, and it points up plaintiffs' apparent desire to turn the Court's procedures into an occasion for gaining a tactical advantage.  There is no justification for haste or a rush to judgment in this matter.  The Court's decision on class certification in <u>Bynum</u> was rendered March 31, 2003, eight months after the filing of the certification motion.  No delay in the decision of the present motion will be caused by the extension we seek.[1]

Accordingly, defendants respectfully submit that their time to respond to the class action motion be extended to and including October 31, 2005.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General of the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division

---

[1] Plaintiffs' statement that the requested extension would cause a conflict with the Jewish holidays (Plaintiffs' Opp. at 3) is inexplicable.  The Jewish holidays end October 13, 2005, so the extension we seek accommodates defendants' litigation counsel, both of whom observe the holidays.

4

        **/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section

**/s/ Daniel A. Rezneck**
DANIEL A. REZNECK [#31625]
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614

**September 21, 2005**          **Attorneys for defendants**