UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL [1]/ *et al.*, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>) |

RULE 26(f) REPORT OF COUNSEL

On September 12, 2005, this Court ordered parties to meet and confer by September 27, 2005, in accordance with Local Rule ("LcvR") 16.3 and Rule 26(f) of the Federal Rules of Civil Procedure. On September 27, 2005, the parties held a meeting in person to discuss items set forth in Local Rule 16.3 and Federal Rule 26(f). The participants were Margaret A. Kohn and Shina Majeed, counsel for plaintiffs, and Daniel A. Rezneck and Eden I. Miller, counsel for defendants. Counsel hereby report as follows:

**1. Dispositive Motions**. No dispositive motions have been filed to date. Plaintiffs do not believe that this case can be disposed of by dispositive motion. Defendants believe that part of this case may be disposed of by dispositive motion. In the event that defendants file a dispositive motion, plaintiffs request that discovery not be stayed pending a decision on such motion.

**2. Amended Pleadings.** The parties see no need to amend the pleadings or join parties at this time. The parties agree that amendment of the pleadings should be available to the extent

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

permissible under the Federal Rules of Civil Procedure. The parties agree that it is premature to narrow the factual or legal issues at this time.

**3. Magistrate Judge.** The parties do not consent to the assignment of this case to a magistrate judge.

**4. Settlement.** The parties believe that there is a realistic possibility of settlement and note that they have already held one meeting on September 14, 2005, for this purpose.

**5. Alternative Dispute Resolution ("ADR").** The parties agree that ADR in the form of mediation may be useful at a later stage in the litigation. The parties do not believe that they would benefit from a neutral case evaluation.

**6. Summary Judgment.** The parties request that motions for summary judgment be due 30 days after the close of all discovery; that oppositions thereto be due 30 days thereafter; and that replies be due 20 days after the filing of an opposition.

**7. Initial Disclosures.** The parties agree that initial disclosures be exchanged electronically within 14 days after entry of the scheduling order.

**8. Discovery Plan.** The parties propose the following discovery plan

a. The parties request that the close of fact discovery be set for 180 days from the entry of this Scheduling Order.

b. In accordance with Rule 26(f)(3), the parties agree that the presumptive limits on discovery should apply, with the exception of the changes listed in paragraph (c) below.

c. The parties agree to a maximum of 10 depositions each for plaintiffs and defendants. The parties agree that requests for admissions be limited to 25 each for plaintiffs and

2

        defendants. Plaintiffs request 35 interrogatories because this is a complex case and because it may reduce the duration of depositions. Defendants request that plaintiffs and defendants be limited to 25 interrogatories each. The parties agree that as long as fact discovery requests are propounded before the close of fact discovery, they will be deemed to be timely.

    d.    The parties agree that a protective order is necessary in this case and are working together to draft such order. The parties agree that a consent motion for a protective order, or, in the event that the parties are unable to reach agreement, separate motions for a protective order, shall be filed with the Court by October 31, 2005.

**9. Expert Discovery.** Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the parties request that plaintiffs' expert reports be due 30 days after the close of fact discovery; that defendants' expert reports be due 60 days after the close of fact discovery; and that expert discovery close 30 days after defendants' expert reports.

**10. Class Certification Motion.** Plaintiffs filed their Motion for Class Certification on September 1, 2005. This Court granted defendants' request to file their opposition on October 31, 2005. Plaintiffs request that their reply be due on November 30, 2005. The defendants consent.

**11. Bifurcation.** The parties do not request bifurcation at this time.

**12. Pretrial Conference.** The parties request that the pretrial conference be set either 60 days after the close of all discovery or, if any dispositive motions are filed, 60 days after the rulings on all dispositive motions have been made.

**13. Trial Date.** The parties request that a trial date be set at the pretrial conference and that it be set for no earlier than 60 days after the pretrial conference.

**14. Other Matters.** The parties do not request that other matters be included in the scheduling order.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ <br> BRUCE J. TERRIS (D.C. Bar No. 47126) <br> SHINA MAJEED (D.C. Bar No. 491725) <br> Terris, Pravlik & Millian, LLP <br> 1121 12th Street, N.W. <br> Washington, DC 20005-4632 <br> (202) 682-2100 (tel) <br> (202) 289-6795 (fax) | _____/s/_____ <br> DANIEL A. REZNECK [#31625] <br> Senior Assistant Attorney General <br> 441 Fourth Street, N.W., Sixth Floor South <br> Washington, DC 20001 |
| _____/s/_____ <br> JEFFREY S. GUTMAN <br> (D.C. Bar No. 416954) <br> The George Washington <br> University Law School <br> 2000 G Street, N.W. <br> Washington, DC 20052 <br> (202) 994-7463 | _____/s/_____ <br> EDEN I. MILLER [#483802] <br> Assistant Attorney General <br> 441 Fourth Street, N.W., Sixth Floor South <br> Washington, DC 20001 <br> *Attorneys for Defendant* |

_____/s/_____
MARGARET A. KOHN
(D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330
*Attorneys for Plaintiff*

October 6, 2005