UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, [1]/ *et al.*, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, *et al.* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-1437 (RCL) |

**JOINT MOTION FOR PROTECTIVE ORDER**

The Court's October 11, 2005, Scheduling Order requires parties to file any motions for a protective order by October 31, 2005. Accordingly, parties submit this motion and the attached proposed protective order.

This is a putative class action filed on behalf of disabled children who are between the ages of three and five years-old in Washington, D.C., and who seek access to special education and related services guaranteed to them by federal and District of Columbia laws. The case will necessarily involve the exchange of confidential information about minor children and their parents or guardians. Both parties agree that a protective order is necessary under Rule 26(c) of the Federal Rules of Civil Procedure to protect this information. A proposed protective order accompanies this motion.

Defendants are in agreement with all provisions of the proposed protective order except paragraph 10. Paragraph 10 requires the preparation and filing of both unredacted and redacted versions of all documents containing confidential information. The unredacted version would be

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

filed with the Clerk under seal. The redacted version would be filed on the public record through the electronic filing system. Defendants believe that having to prepare and file both unredacted and redacted versions of the same document is unduly burdensome and time-consuming and serves no necessary purpose. They would prefer preparing an unredacted version for filing in the Clerk's office under seal, with a copy of the unredacted version furnished to the Court in chambers and to opposing counsel. Accordingly, defendants would amend the first paragraph of proposed paragraph 10 to read as follows:

> Whenever documents are filed with the Court in this case which contain confidential information for which consent for disclosure has not been obtained, the party shall file a copy of such filing with the Clerk. It shall be provided to the Court in chambers and the opposing counsel and shall contain no redactions. It shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be written the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal", and a statement substantially in the following form: This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.

Defendants would omit the second paragraph of proposed paragraph 10, which deals with the filing of redacted versions of such documents.

Plaintiffs oppose defendants' proposal to file under seal all documents containing confidential information, including motions and legal memoranda, without also filing a redacted version on the public record. Defendants' proposal would result in a large proportion of documents being filed in their entirety under seal. This is contrary to the presumption of open discovery in the Federal Rules of Civil Procedure and to the manner in which other special education cases have been treated in this jurisdiction. *See, e.g., Nelson v. District of Columbia*, Civil Action No. 00-2930 (GK) (Protective Order filed December 21, 2001).

Moreover, filing a redacted version is not unduly burdensome. Under paragraph 10, the parties have 5 business days after filing the sealed version to complete the redactions and to file the redacted version on the public record. Moreover, making the redactions would not be unduly burdensome, as initials may be substituted for names. *See* para. 10, Proposed Order. While some exhibits may involve non-segregable confidential information, the proposed order provides that those documents can be filed under seal without filing a redacted version. *Id*.

Respectfully Submitted,

/s/
BRUCE J. TERRIS (D.C. Bar No. 47126)
SHINA MAJEED (D.C. Bar No. 491725)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005
(202) 682-2100

/s/
JEFFREY S. GUTMAN
(D.C. Bar No. 416954)
The George Washington University
Law School
2000 G Street, N.W.
Washington, DC 20052
(202) 994-7463

/s/
MARGARET A. KOHN
(D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330

*Attorneys for Plaintiffs*

/s/
DANIEL A. REZNECK
(D.C. Bar No. 31625)
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, DC 20001
(202) 724-5691

/s/
EDEN I. MILLER
(D.C. Bar No. 483802)
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, DC 20001

*Attorneys for Defendants*