UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DL, [1] *et al.*, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**PROTECTIVE ORDER**

Upon the Joint Motion For a Protective Order, and after consideration of the entire record herein, this Court finds that a Protective Order is necessary and appropriate to protect the privacy rights of the members of the putative class, and to allow for public filings with the Court with adequate protection for such information during the duration of this litigation. Accordingly, pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, and good cause having been shown, it is hereby ORDERED that

1. For purposes of this Order, "confidential" information includes social security numbers, dates of birth, medical and mental health information, financial account numbers, immigration status, evaluations regarding educational, medical and mental health needs, juvenile records, abuse and neglect records, adoption records, other non-public records, any information found in databases maintained by the District of Columbia Public Schools ("DCPS"), the Department of Human Services ("DHS"), and any other agency of the District of Columbia government that is pertinent to the putative class members, including but not limited to the database ENCORE (and its predecessor

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

SETS) and STARS (and any of its predecessors), and any other related information and documents the disclosure of which would constitute an unwarranted invasion of privacy.

2. All confidential information about children who are putative class members and about their parents and guardians shall be protected by the parties' counsel as set forth below.

3. Where counsel believes information is protected by this Order, counsel shall label such information as "covered by Protective Order" or as "Confidential" at the time of production, copying or filing.

4. Parties shall designate information and documents as confidential and subject to this Order by sending a letter or electronic mail to opposing counsel describing the information so designated. Upon request by opposing counsel, counsel shall promptly explain the basis for designating information or documents as protected under this Order.

5. Any party shall have the right to challenge any designation of confidentiality by notifying the designating party in writing within 30 days of the designation of the information or document being designated as "confidential." If the parties are unable to resolve the disagreement, the party supporting the designation may seek an order from the Court to continue the designated information or documents under the protection of this Order. During the pendency of such a motion, the information or documents shall be treated as "confidential" within the meaning of this Order. Upon a determination by the Court that a designation of information or of a document for confidential treatment under this Protective Order is not justified, the information or document will no longer be subject to this Order.

6. Confidential information, including extracts and summaries thereof, shall be used for no other purpose other than prosecuting or defending this action, unless otherwise ordered by this Court

or agreed to by opposing counsel in writing. However, such prohibition does not apply to:

    A. such protected information about a student, parent or guardian for whom counsel has received a written consent for disclosure, and

    B. such protected information about a student, parent or guardian which has been received by counsel or their agents or experts from another independent source.

    7. Confidential information shall be shared only with such persons and only under such circumstances as follow:

    A. Staff, including law students, in the offices of plaintiffs' counsel who handle protected information shall sign a copy of the agreement attached as Exhibit A hereto, agreeing to respect and protect the privacy of said information, before being given access to said material; and

    B. Experts hired by plaintiffs and their counsel who are given access to protected information in the course of their work on the case shall sign a copy of the agreement attached as Exhibit A hereto, agreeing to respect and protect the privacy of said information before being given access to said material.

    8. Plaintiffs' counsel, their staff, experts, and law students under the supervision of plaintiffs' counsel may disclose information about a student, parent or guardian otherwise protected by this Order when the written consent has been received by plaintiffs' counsel from the parent or guardian. Plaintiffs' counsel shall use a consent form which is translated into and available in written form in English and Spanish, and if necessary, in Vietnamese, Farsi, Korean, Chinese, and Amharic.

    9. Plaintiffs' counsel shall maintain a notebook of all signed copies of Exhibit A and all

consent forms received from parents, guardians or adult students who are class members, throughout the duration of the Decree. The notebook shall be made available for inspection and copying by defendants' counsel upon their written request. Any copying costs shall be born by defendants.

10. Whenever documents are filed with the Court in this case which contain confidential information for which consent for disclosure has not been obtained, the party shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall be provided to the Court and the opposing counsel and shall contain no redactions. Version One shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be written the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.

No later than five (5) business days thereafter, a copy of Version Two shall be filed on the public record from which shall be redacted only the specific information designated as confidential. When filing motions, memoranda of law, or other written papers with the court, the parties should attempt to replace the confidential information with symbols or numbers. The parties agree that it may not always be possible to include all documents and exhibits from Version One as part of Version Two because some documents or exhibits will contain non-segregable, confidential information. When this occurs, counsel shall include a statement with Version Two identifying which exhibits or documents are being filed in Version One only.

11. If any confidential document or information is used or discussed during any deposition, and the deposition transcript contains such information or has, as an attachment, the document or

information from the document, either party may designate the relevant portion of the deposition transcript or document as "confidential."

12. Nothing contained in this Order shall be construed as precluding plaintiff or defendant from introducing documents that are subject to this Order, or the contents thereof, into evidence at trial or during pre-trial proceedings, including during summary judgment or preliminary evidentiary proceedings in open court. If these documents or their contents are to be used at trial, the Court may direct at that time the extent to which confidentiality shall be protected.

13. Within sixty (60) days of the conclusion of all trial and appellate proceedings in this case, including any litigation as to attorneys' fees and expenses, all documents, transcripts, and copies thereof designated as subject to this Order shall be destroyed or, at the request of opposing counsel, returned to counsel.

14. Any specific part or parts of the restrictions imposed by this Protective Order may be modified at any time by agreement of the parties or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

_____                            _____
DATE                                       JUDGE ROYCE C. LAMBERTH
                                           UNITED STATES DISTRICT COURT

**Copies To:**
BRUCE J. TERRIS
KATHLEEN L. MILLIAN
SHINA MAJEED
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC 20005

MARGARET A. KOHN, ESQ.
1320 19th Street N.W. #200
Washington, DC 20036

JEFFREY S. GUTMAN
Jacob Burns Community Legal Clinics
George Washington University Law School
2000 G Street N.W.
Washington, DC 20052

*Counsel for Plaintiffs*

DANIEL A. REZNECK
EDEN I. MILLER
Assistant Corporation Counsel for DC
Office of Corporation Counsel
441 4th Street N.W. 6 South
Washington, DC 20001

*Counsel for Defendants*