UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DL, *et al.*,<br><br>                  Plaintiffs,<br><br>          v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR DISMISSAL OF THE COMPLAINT**

Defendants, by their counsel, respectfully move this Court for dismissal of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Complaint should be dismissed because the named Plaintiffs and proposed class representatives have not exhausted their administrative remedies before filing in federal court.

The reasons for this motion are set forth in the accompanying supporting memorandum. A proposed order is also submitted herewith.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General of the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        **/s/ Edward P. Taptich**
                                        EDWARD P. TAPTICH [#012914]
                                        Chief, Equity Section 2

|  |  |
|---|---|
|  | **/s/ Daniel A. Rezneck** <br> DANIEL A. REZNECK [#31625] <br> Senior Assistant Attorney General <br> 441 Fourth Street, N.W., Sixth Floor South <br> Washington, D.C. 20001 |
|  | **/s/ Eden I. Miller** <br> EDEN I. MILLER [#483802] <br> Assistant Attorney General <br> 441 Fourth Street, N.W., Sixth Floor South |
| November 10, 2005 | Washington, D.C. 20001 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DL, *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>       Defendants. | Civil Action No. 05-1437 (RCL) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR DISMISSAL OF THE COMPLAINT**

**INTRODUCTION**

On July 21, 2005, Plaintiffs filed the present case, alleging that the District of Columbia Public Schools ("DCPS") failed in its duty to provide a free appropriate public education ("FAPE") to children three through five living in the District of Columbia. Pending before this Court are Plaintiffs' Motion for Class Certification and Defendants' opposition to that motion.

**APPLICABLE LEGAL STANDARDS**

**I.  Lack of Subject Matter Jurisdiction, Pursuant to Federal Rule of Civil Procedure 12(b)(1).**

When plaintiffs fail to exhaust their administrative remedies under the IDEA, the Court will dismiss their claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1). *See Cummings v. District of Columbia,* Civil Action No. 04-1427, 2005 U.S. Dist. LEXIS 19976 (D.D.C. 2005) (Collyer, J.); *see also Moss v. Smith*, 794 F. Supp. 11 (D.D.C. 1992) (Harris, J.). The *Moss* Court held that the plaintiff was required to exhaust her administrative remedies under the IDEA prior to filing suit because the

3

administrative remedies available were neither futile nor inadequate. *See id.; see also Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (Sullivan, J.) ("[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction").

### II. **Failure to State a Claim Upon Which Relief Can be Granted, Federal Rule of Civil Procedure 12(b)(6).**

The Court should only grant a motion to dismiss when it appears beyond doubt that under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Although plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint, bare conclusions of law or sweeping and unwarranted averments of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.*

Further, the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.*

### ARGUMENT

### I. **Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies.**

Plaintiffs did not exhaust their administrative remedies before filing the present case in federal court, and thus, their Complaint must be dismissed. Four of the six Plaintiffs have not even alleged exhaustion. Although the remaining two allege exhaustion, the facts in their Complaint do not support that proposition. See Complaint,

4

at ¶¶ 52-54, 63-65.  Because the IDEA does not entitle private parties to bring an action before seeking administrative relief, this Court does not have subject matter jurisdiction.

The doctrine of exhaustion of administrative remedies provides that:

> "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 82 L. Ed. 638, 58 S. Ct. 459 (1938). The exhaustion requirement may arise under a statute specifically, or be implied from an administrative scheme providing avenues of agency relief. *See Linfors v. United States*, 673 F.2d 332 (11th Cir. 1982).

*Nichols v. Board of Trustees*, 725 F. Supp. 568, 571 (D.D.C. 1989) (Robinson, C.J.).[1]

In the present case, Plaintiffs make various allegations that DCPS denied Plaintiffs a FAPE, pursuant to the IDEA.  The IDEA and its corresponding regulations provide for comprehensive administrative procedures to safeguard students' rights under the statute.  *See* IDEA, 20 U.S.C. § 1415; 34 C.F.R. §§ 300.507-512; 5 D.C.M.R. § 3029-3031.  Students or their guardians can bring their IDEA complaints in the first instance before impartial hearing officers on any issues related to the IDEA, including Child Find matters.  *See id.; See also*, e.g., *Cummings v.District of Columbia,* supra, Civil Action No. 04-1427, at 5-6.

---

[1] The *Nichols* Court goes on to explain that:
   In *McKart v. United States*, 395 U.S. 185, 23 L. Ed. 2d 194, 89 S. Ct. 1657 (1969), the Supreme Court articulated the policies behind the requirement of exhaustion: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Id.* at 193-95.
   725 F. Supp. at 571.

A hearing officer's decision ("HOD") is the final administrative decision, and an aggrieved party may then bring a civil action in any court of competent jurisdiction. *See* 20 U.S.C. 1415(i)(2); 34 C.F.R. § 300.512; 5 D.C.M.R. 3031.5. Clearly, Congress intended for individuals to exhaust their administrative remedies under the IDEA before filing suit in federal court. *See Moss v. Smith*, 794 F. Supp. 11, 13 (D.D.C. 1992) (citing *Smith v. Robinson*, 468 U.S. 992 (1984)).

Because all six Plaintiffs have sought relief from this Court without first obtaining a final administrative action from DCPS under the IDEA, this Court should dismiss their claims for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1). See *Moss v. Smith, supra*. The *Moss* Court held that the plaintiff was required to exhaust her administrative remedies under the IDEA prior to filing suit because the administrative remedies available were neither futile nor inadequate. *See id*. Plaintiffs have made no such showing that in the present case the administrative remedies were not available to them.

Nor have Plaintiffs alleged any special circumstances that would establish original subject matter jurisdiction in this Court. Without such a showing by Plaintiffs, this Court cannot assert subject matter jurisdiction.

> **A.    Four of the six Plaintiffs in this case do not allege that they exhausted their administrative remedies before filing the instant action.**

As to the four Plaintiffs who have not alleged exhaustion of their administrative remedies, their claims are subject to dismissal. *Cummings, supra.* Defendants here move to dismiss their claims. In addition, if this Court should grant this dismissal, these children (and their parents or guardians) cannot be viewed as adequate class representatives. See *Rodriquez v. U.S. Dep't of the Treasury*, Civil Action No. 85-0886,

131 F.R.D. 1, 11 (D.D.C. 1990) (Robinson, C.J.). (The availability of such a defense against their claims also argues against the typicality of these claims, since it is well settled that defenses unique to particular plaintiffs may preclude a finding of typicality. See *Hagen v. City of Winnemucca,* 108 F.R.D. 61, 65 (D. Nev. 1985)).

      **B.**    **The two Plaintiffs who allege that they exhausted their administrative remedies did not actually exhaust their remedies.**

Although both FD and TF claim that they have exhausted their administrative remedies, a closer look at the Complaint reveals that they did not pursue all their administrative remedies before filing the present law suit. See Complaint, at ¶¶ 52-54, 63-65.

**Plaintiff FD**—He claims that he exhausted his administrative remedies when DCPS and he entered into a settlement agreement, following FD's request for an administrative due process hearing. See Complaint, at ¶¶ 52-53. The Complaint specifically notes that "[t]he settlement expressly excluded coverage of the parents' claims for compensatory education and for violations of the Child Find provisions of the IDEA." See Complaint, at ¶ 53. FD then states that DCPS failed to offer FD compensatory education[2] and a special chair to perform seated activities. *Id.,* at ¶ 54.

Although FD claims that he exhausted his administrative remedies, he does not allege in the Complaint that he ever sought a due process hearing to pursue those issues not addressed in the settlement. Nor do the conditions of the settlement, as related by FD in the Complaint, include a specific requirement that DCPS provide FD with the special

---

[2] Compensatory education is a remedy fashioned by the courts, based on the IDEA requirement of an "appropriate" form of relief when FAPE has been denied. See *Reid v. District of Columbia,* 401 F.3d 516, 523 (D.C. Cir. 2005). It is utilized to compensate a student for missed services. *Id.,* at 518.

7

chair (Rather, DCPS' duty to provide FD with a chair stems from his revised IEP. See Complaint, at ¶ 51).

Thus, FD has not exhausted his administrative remedies because he still may seek a due process hearing to address his entitlement to compensatory education and to enforce the portion of his IEP that is not in effect. Furthermore, if FD were to claim that DCPS violated the settlement agreement, he could seek enforcement through a request for a due process hearing. Therefore, this Court should dismiss FD as a plaintiff and class representative in the instant case.

**Plaintiff TF**—He claims that he exhausted his administrative remedies when he received a favorable HOD in June of 2005. See Complaint, at ¶ 63. According to the Complaint, at the time of filing, which was July of 2005, DCPS had not yet implemented the HOD and had missed deadlines prescribed therein. See Complaint, at ¶ 63.

TF could have sought another due process hearing to enforce the HOD. The IDEA, however, simply does not give a private cause of action in court to enforce administrative decisions. As such, he has not exhausted his administrative remedies, and TF should be dismissed as a plaintiff (and as a proposed class representative) in this case.

Section 1415(i)(2)(A) specifically addresses when the courts have jurisdiction to hear IDEA matters. It states that:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

Nowhere does the IDEA give parties a cause of action in the courts to enforce a HOD. The IDEA plainly, and with great detail, lays out procedural safeguards in Section 1415. As such, enforcement of HODs remains within the jurisdiction of the Hearing Officer.

As indicated above, TF has not sought enforcement of the HOD at the administrative hearing level and has prematurely sought relief from this Court.

Even if the Court should determine that FD and TF did exhaust their administrative remedies, their claims still should be dismissed for lack of subject matter jurisdiction because, if a named plaintiff is receiving special education services, his claims for declaratory and injunctive relief are mooted. *Adashunas v. Negley*, 626 F.2d 600, 605 (7th Cir. 1980). Both FD and TF by their own statements in the Complaint are receiving such services; thus, their claims are moot, subject to dismissal, and render them inadequate class representatives.[3]

## CONCLUSION

For these reasons, the Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim in which relief can be granted.

                                                                               Respectfully submitted,

                                                                               ROBERT J. SPAGNOLETTI
                                                                               Attorney General of the District of Columbia

                                                                               GEORGE C. VALENTINE
                                                                               Deputy Attorney General
                                                                               Civil Litigation Division

                                                                               **/s/ Edward P. Taptich**
                                                                               EDWARD P. TAPTICH [#012914]
                                                                               Chief, Equity Section 2

---

[3] Should this Court grant Defendants' present Motion to Dismiss, Plaintiffs' Motion for Class Certification will be moot.

**/s/ Daniel A. Rezneck**
DANIEL A. REZNECK [#31625]
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614