UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1437 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR DISMISSAL OF DEFENDANT DISTRICT OF COLUMBIA PUBLIC SCHOOLS SUPERINTENDENT CLIFFORD JANEY**

Defendants, by their counsel, respectfully move this Court for dismissal of the District of Columbia Public Schools ("DCPS") Superintendent Clifford Janey because he is being sued only in his official capacity and is not a proper party to this suit, pursuant to Fed. R. Civ. P. 12(b)(6).

The reasons for this motion are set forth in the accompanying supporting memorandum. A proposed order is also submitted herewith.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

|  |  |
|---|---|
|  | **/s/ Daniel A. Rezneck** <br> DANIEL A. REZNECK [#31625] <br> Senior Assistant Attorney General <br> 441 Fourth Street, N.W., Sixth Floor South <br> Washington, D.C. 20001 |
|  | **/s/ Eden I. Miller** <br> EDEN I. MILLER [#483802] <br> Assistant Attorney General <br> 441 Fourth Street, N.W., Sixth Floor South |
| December 8, 2005 | Washington, D.C. 20001 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| D.L., *et al.*,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>    v.  )<br>  )<br>DISTRICT OF COLUMBIA, *et al.*,  )<br>  )<br>    Defendants.  )<br>  ) | Civil Action No. 05-1437 (RCL) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR DISMISSAL OF DEFENDANT DISTRICT OF COLUMBIA
PUBLIC SCHOOLS SUPERINTENDENT CLIFFORD JANEY**

**INTRODUCTION**

On July 21, 2005, Plaintiffs filed the present case, alleging that the District of Columbia Public Schools ("DCPS") had failed in its duty to provide a free appropriate public education ("FAPE") to children ages three through five living in the District of Columbia.  Pending before this Court are Plaintiffs' Motion for Class Certification, Defendants' opposition to that motion, and Plaintiffs' Reply, as well as a motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim and a motion to dismiss Plaintiffs' claim of a violation of Section 504 of the Rehabilitation Act.

**ARGUMENT**

**Because Plaintiffs have sued Superintendent Janey in his official capacity only, he should be dismissed as a defendant.**

"[A] [§ 1983] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept.*

3

*of State Police,* 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 468 U.S. 464 (1985)*); see also Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (§ 1983 action against government official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent."). This is equally true of § 1983 suits against municipal officials in their official capacity. *See, e.g., Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991)*; Czajkowski v. City of Chicago,* 810 F. Supp. 1428, 1431 (N.D. Ill. 1992) (court *sua sponte* dismissed all official capacity claims against all government official defendants since City of Chicago named as defendant in § 1983 complaint*); Orange v. Suffolk County*, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993) (dismissing § 1983 claims against Suffolk County officials in their official capacities)*; Kohn v. Mucia,* 776 F. Supp. 348, 355-56 (N.D. Ill. 1991).

In the present case, Plaintiffs have sued the recently-appointed DCPS Superintendent Clifford B. Janey in his official capacity only. See Complaint, at ¶ 67. There are no allegations against him in the Complaint. See Complaint, generally. Rather, the Complaint alleges that "Defendants' [District of Columbia's and Superintendent Janey's] actions amount to a policy, pattern, practice or custom that violates federal law and shows deliberate indifference to plaintiffs' federal rights under the IDEA, Rehabilitation Act, and Due Process Clause of the Fifth Amendment." Complaint, at ¶ 93. Clearly, Plaintiffs' claims are against the municipality, not Superintendent Janey. No actions are specified against Superintendent Janey. He was not even employed at DCPS during most of the period covered by the Complaint.

As explained in *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978), the District of Columbia can be held liable for Plaintiffs' constitutional

4

and statutory claims only if Plaintiffs allege facts that indicate their injuries were caused by a policy or custom that a policymaker of the District approved. *See also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983.

436 U.S. at 694.

*Respondeat superior* is not a viable theory for suing an official under § 1983. 436 U.S. at 691. Thus, allegations of wrongdoing by Superintendent Janey's employees would not be enough to demonstrate a § 1983 claim. In other words, Plaintiffs' claims under § 1983 can only be brought against the District of Columbia—not officials such as Superintendent Janey. Because a suit against him is in effect a suit against the District of Columbia[1] (which is another named defendant in this case), Superintendent Janey should be dismissed from this case.

---

[1] The District of Columbia Public Schools is *non sui juris*. It is well-established that a governmental entity may neither sue nor be sued in the absence of a statutory provision to that effect. *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Trifax Corp. v. District of Columbia,* 53 F. Supp.2d 20, 26 (D.D.C. 1999); *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216-217 (D.C. 1978). As the *Braxton* Court held, "A noncorporate department or other body within a municipal corporation is not *sui juris*. Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities." *Braxton,* 396 A.2d at 216 (internal citations omitted); *see also Simmons v. D.C. Armory Bd.,* 656 A.2d 1155, 1156-57 (D.C. 1995); *Group Health Association v. D.C. General Hospital,* 540 A.2d 1101 (D.C. 1988); *Ray v. District of Columbia*, 535 A.2d 868, 870 n.2 (D.C. 1987); *Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974); *Dunmore v. District of Columbia*, 662 A.2d 1356 (D.C. 1995); *Roberson v. District of Columbia Bd. of Higher Education*, 359 A.2d 28 (D.C. 1976). Since there is no legislation endowing the District of Columbia Public Schools with the capacity to sue or be sued, the District of Columbia Public Schools also is not a proper party to this suit. Rather, the District of Columbia is the only proper defendant.

## **CONCLUSION**

This Court should dismiss Superintendent Janey as a defendant in this case.

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General of the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                **/s/ Edward P. Taptich**
                EDWARD P. TAPTICH [#012914]
                Chief, Equity Section 2

                **/s/ Daniel A. Rezneck**
                DANIEL A. REZNECK [#31625]
                Senior Assistant Attorney General
                441 Fourth Street, N.W., Sixth Floor South
                Washington, D.C. 20001

                **/s/ Eden I. Miller**
                EDEN I. MILLER [#483802]
                Assistant Attorney General
                441 Fourth Street, N.W., Sixth Floor South
                Washington, D.C. 20001