

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF SPECIAL EDUCATION AND REHABILITATIVE SERVICES

AUG - 5 2005

Honorable Clifford B. Janey, Ed .D.
Superintendent
District of Columbia Public Schools
825 North Capitol Street, 9th Floor
Washington, DC 20002

Dear Superintendent Janey:

This is to inform you that we have conditionally approved the Districts of Columbia's Eligibility Documents, including assurances and certifications, for Federal Fiscal Year (FFY) 2005 under Part B of the Individuals with Disabilities Education Act (IDEA). Our determination that you are eligible for conditional approval is based on our receipt of the State's application submitted by the District of Columbia Public Schools (DCPS) to the U.S. Department of Education, Office of Special Education Programs (OSEP), on May 11, 2005, and as amended on June 15, 2005 (Use of Funds), and June 14, 2005 and June 17, 2005 (Assurances), in which it assures that it will:

1.  Operate consistent with all requirements of PL 108-446 and applicable regulations; and

2.  Make such changes to existing policies and procedures as are necessary to bring those policies and procedures into compliance with the requirements of Part B of the IDEA, as amended, as soon as possible, and not later than July 1, 2006. Section II of the State's application (which is incorporated by reference and enclosed with this grant letter) identifies the IDEA statutory sections for which the State needs to amend policies and procedures and the timelines by which the State will amend its policies and procedures in order to comply with Part B of the IDEA. Within Section II, the State has included the date by which it expects to complete necessary changes associated with any policies and procedures that are not yet in compliance with the requirements of Part B of the IDEA, as amended.

Please note that as part of your Eligibility Documents for FFY 2005, your State has made an assurance, under 34 CFR §80.11(c), that it will comply with all applicable Federal statutes and regulations in effect with respect to the periods for which it receives grant funding. Any changes made by the State, after OSEP approval, to policies and procedures needed to comply with Part B of the IDEA, must meet the applicable public participation requirements, including those in 20 U.S.C. 1232d(b)(7).

In an August 17, 2004 letter, DCPS assured OSEP that as soon as possible, but no later than July 1, 2005, it would complete the required changes to Chapter 30 of the District of Columbia Municipal Code (Chapter 30) set forth in the July 13, 2004 letter from Stephanie Smith Lee to Dr. Robert Rice, including: 34 CFR §§300.7(b)(1) and 300.122(a)(3). On June 15, 2005, DCPS submitted the revised sections of Chapter 30. The documentation submitted by DCPS demonstrates that DCPS has met the assurances provided in the August 17, 2004 letter.

DCPS has satisfied one of the four FFY 2004 Special Conditions attached to the FFY 2004 grant award. As documented on the DCPS web site, DCPS has reported publicly and to the Secretary on the participation and performance in regular assessments of children with disabilities attending charter schools established as public schools within DCPS and charter

Plaintiffs' Exhibit
3

*Our mission is to ensure equal access to education and to promote educational excellence throughout the Natio*

Page 2 - Honorable Clifford B. Janey

schools established as local educational agencies (LEAs). In addition, DCPS has reported to the public and the Secretary on the participation and performance of children with disabilities attending DCPS schools, including charter schools that are public schools of DCPS, and charter schools that are LEAs, in the alternate assessment, as required by section 612(a)(16)(D) of the IDEA.

We are sending under separate cover a letter addressing DCPS' responsibility to establish and maintain a State advisory panel (SAP) for the purpose of providing policy guidance with respect to special education and related services for children with disabilities in the District as required under section 612(a)(21) of the IDEA. On June 28, 2005, DCPS submitted the membership of the SAP to OSEP and on June 29, 2005, DCPS submitted the Mayor's order establishing the SAP. In review of the SAP membership list submitted to OSEP, the membership on the SAP does not meet the statutory requirement then in effect that the majority of the members of the SAP must be individuals with disabilities or parents of children with disabilities. Effective July 1, 2005, section 612 (a)(21)(B) of IDEA added additional membership requirements. We will be informing you of the steps DCPS needs to take to demonstrate that it has estalished and maintains a SAP in accordance with the requriements in section 612(a)(21) of IDEA.

Your failure to provide timely initial evaluations and reevaluations; (section 614(a), (b), and (c) of the IDEA), to implement due process hearing decisions in a timely manner (section 615(f) and (i) of the IDEA) and to ensure placement in the least restrictive environment (LRE) (section 612(a)(5)(A) of the IDEA) resulted in the Department imposing the FFY 2004 Special Conditions contained in Enclosure C of DCPS' September 17, 2004 grant award letter. Since DCPS has failed to meet three of the four FFY 2004 Special Conditions, the Department is imposing Special Conditions on the State's FFY 2005 grant awards under Part B, pursuant to the Department's authority in 34 CFR §80.12. OSEP is also imposing one new special condition on the State's FFY 2005 grant award regarding DCPS' failure to identify and correct deficiencies as required under section 612(a)(11) of the IDEA. The reasons for doing so and the specific conditions are detailed in enclosure D. DCPS must administer these awards both in keeping with the applicable provisions of Federal law and regulations and the Special Conditions attached to the grant award document. Acceptance by DCPS of these grant awards constitutes an agreement by the State to comply with the Special Conditions.

Enclosed are grant awards for funds currently available under the Department of Education FFY 2005 Appropriations Act for the Part B Section 611 (Grants to States) and Section 619 (Preschool Grants) programs. These funds are for use primarily in school year 2005-2006 and are available for obligation by States from July 1, 2005 through September 30, 2007.

The amount in your award for Section 619 represents the full amount of funds to which you are entitled. However, the amount shown in your award for the Section 611 program is only part of the total funds that will be awarded to you for FFY 2005. Of the $10,589,745,824 appropriated for Section 611 in FFY 2005, $5,176,745,824 is available for awards on July 1, 2005, and $5,413,000,000 will be available on October 1, 2005.

Under the Section 611 formula, subject to certain maximum and minimum funding requirements, State allocations are based on the amount that each State received from FFY 1999 funds, the general population in the age range for which each State ensures a free appropriate public education (FAPE) to all children with disabilities, and the number of children living in poverty in the age range for which each State ensures FAPE to all children with disabilities. Section 619 funds are allocated to States subject to certain maximum and minimum funding requirements, based on the amount that each State received from FFY 1997 funds, the general population of children age 3 to 5, and the number of children living in poverty in the age range 3 to 5.

Page 3 - Honorable Clifford B. Janey

Enclosure B provides a short description of how Section 611 funds were allocated and how those funds can be used. In addition, Table I in Enclosure B shows funding levels for distribution of Section 611 funds and the parameters for within-State allocations. Table II in Enclosure B shows your State-specific information for within-State distribution of 611 funds based on your State's application. If you disagree with the information in Enclosure B Table II, notify your State contact immediately.

Enclosure C provides a short description of how Section 619 funds were allocated and how those funds can be used. In addition, Table III in Enclosure C shows State-by-State funding levels for distribution of Section 619 funds.

Section 604 of the IDEA provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from suit in Federal court for a violation of this Act." Therefore, by accepting this grant a State is expressly agreeing to a waiver of Eleventh Amendment immunity as a condition of IDEA funding.

We appreciate your ongoing commitment to the provision of quality educational services to children with disabilities.

Sincerely,

Troy R. Justesen
Acting Director
Office of Special Education
Programs

Enclosures

cc: MaryLee Phelps
    Acting DCPS Special Education Director