# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMONT A., AARON V.,
JIM M., TYLER C.,
DAVID P., JAMIE S.,
and MAIYSHA Y.,
by their parents and next friends,
MAURICE A., KIMBERLY V.,
VICKIE S., DORIS T., KENA K.,
and FLORA Y.,
on their own behalf and on behalf of
similarly situated persons

    Plaintiffs,

v.

MILWAUKEE PUBLIC SCHOOLS,
WILLIAM ANDREKOPOLOUS,
WISCONSIN DEPARTMENT OF PUBLIC INSTRUCTION,
ELIZABETH BURMASTER, and
MILWAUKEE BOARD OF SCHOOL DIRECTORS,

    Defendants.



U.S. DIST. COURT EAST DIST. WISC.
FILED
MAY 23 2003
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

Case No. 01-C-928

## DECISION AND ORDER REGARDING CLASS CERTIFICATION

This is an action brought under the Individuals With Disabilities Education Act, 20 U.S.C. §§ 1400 et seq.("IDEA"). The thirteen above-named plaintiffs are bringing this action on their own behalf and on behalf of a class of similarly situated persons to compel the defendants to ensure the provision of a free appropriate public education ("FAPE") to children by complying with and enforcing the federal and state laws designed to protect children with disabilities. The plaintiffs have now moved to certify the class.

AO 72A
(Rev.8/82)

Plaintiffs' Exhibit
7

Along with their brief in support of class certification, the plaintiffs filed a motion to file an oversized brief. Given the complex nature of the case, the number of parties potentially involved and the fact that there was no opposition to the oversized brief by the defendants, the court will grant the plaintiffs' motion to file an oversized brief.

In order to obtain class certification, the plaintiffs must satisfy the four threshold requirements of Federal Rules of Civil Procedure 23(a) and establish that the action qualifies under one of the subdivisions of Federal Rules of Civil Procedure 23(b). Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 163 (1974). In this case, the plaintiffs allege that they satisfy all four requirements of Rule 23(a). Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there is a question of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The plaintiffs also allege that they satisfy Rule 23(b)(2), which states:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed. R. Civ. P. 23(b)(2).

The plaintiffs' motion for class certification is challenged by both the Milwaukee defendants and the Wisconsin defendants, hereinafter referred to as the "defendants." The defendants challenge the numerosity requirement, the commonality requirement and the typicality requirement of Rule 23(a). The defendants, however, have not challenged the adequately protect requirement. The defendants also challenge the plaintiffs' contention that they satisfied Rule 23(b)(2). Additionally, the defendants submit that the class certification should be denied because the representative class has

failed to exhaust its administrative remedies. The court will address the exhaustion claim first and, if necessary, the court will address the requirements for class certification.

I. Exhaustion

The defendants argue that the plaintiffs' motion for class certification should be denied because the class representatives have not exhausted their administrative remedies as required by 20 U.S.C. § 1415(l). The defendants argue that the relief that the plaintiffs seek is available to them and all members of the class through the administrative procedures of the IDEA, as instituted by MPS and DPI. The defendants raised exhaustion as an affirmative defense in their answers, as well as a defense to the motion for class certification. (Milwaukee Defendants' Answer at 22, Wisconsin Defendants' Answer at 14.)

The plaintiffs respond by contending that exhaustion is not a proper defense to the class certification motion. Further, the plaintiffs argue that the problems they allege are systemic and could not be solved through the administrative process. Consequently, the plaintiffs believe that pursuing any administrative remedies would be futile and therefore, not required under the IDEA.

Even though the court agrees with the plaintiffs that exhaustion is not a proper defense to their motion for class certification, the defendants have raised an important threshold question. The statute requires the exhaustion of administrative remedies as a prerequisite to federal claim under the IDEA. 20 U.S.C. § 1415(l). However, the failure to exhaust under the IDEA does not deprive the court of subject matter jurisdiction. Charlie F. v. Board of Education of Skokie School Dist., 98 F.3d 989, 991 (7th Cir. 1996)(noting that lack of exhaustion does not deprive a court of jurisdiction because exhaustion is usually waivable). But, because exhaustion is a prerequisite to a federal IDEA claim, the court must determine whether the plaintiffs need to exhaust their administrative remedies before

-3-

it can address the plaintiffs' class certification motion.

A plaintiff must exhaust his or her IDEA remedies before bringing a civil action if the plaintiff is seeking relief that is also available under the IDEA. 20 U.S.C. § 1415(l). The purpose of the exhaustion requirement is to allow the education professionals the first chance to remedy the system's educational shortfalls. Charlie F., 98 F.3d at 992. However, plaintiffs do not need to exhaust their administrative remedies when such exhaustion would be futile or inadequate. Honig v. Doe, 484 U.S. 305, 327 (1988).

The plaintiffs allege that the problems in the MPS are systemic and relief could not be achieved, one student at a time, through the administrative process. "[A] claim is 'systemic' if it implicates the integrity or reliability of the IDEA dispute resolution procedures themselves or requires restructuring the education system itself in order to comply with the dictates of the Act; but that it is not 'systemic' if it involves only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem." Doe v. Arizona Dep't. of Ed., 111 F.3d 678, 681 (9th Cir. 1997). Further, the plaintiffs allege that because the problem is systemic, the exhaustion of IDEA remedies would be futile. Complaint at ¶ 58. Notwithstanding the plaintiffs' allegations, the administrative process does not appear to be completely inadequate.

As the court views the situation, there are two overriding areas of alleged failure into which the various problems presented by the plaintiffs can be placed. The first area is where there is a failure in the process to get a student into services. Into this category, the court places the following alleged problems: (1) evaluations and (2) procedural rights in the IEP process. In these cases, the child is not yet in services and the parents or guardians may not be aware of the child's procedural rights or how

-4-

to invoke those rights. This sort of pre-determination failure can reasonably be categorized as a systemic failure.

The other area is where there is a failure to provide certain services. Into this category, the court places the following alleged problems: (1) IEP implementation and distribution; (2) transition services; (3) placement, least restrictive environment and continuum of services; (4) disciplinary suspensions without required interventions; (5) denial of FAPE due to non-attendance; and (6) lack of qualified personnel. Although the plaintiffs also characterize the problems in this area as systemic, it appears that each individual child would have a remedy for the problem through the administrative process. Here, it is instructive to note that the plaintiffs are not challenging the due process hearing system in Wisconsin. Reply brief at 23 n.13. Once a student is in the system, a parent has the opportunity to raise issues that the parent feels are not being addressed. Thus, for example, the fact that a particular student is not getting services, or the services are not sufficient, is not a systemic problem, but an individual problem, which the administrative process is capable of correcting. If a particular problem is not resolved, an administrative remedy should be pursued. This was precisely the case with Lamont A. The court previously denied Lamont A.'s request to amend the complaint to add his individual claim that MPS failed to provide him services pursuant to a settlement agreement. The agreement was a result of Lamont A.'s use of the administrative system. The court denied his request to amend the complaint on the basis that Lamont A. had failed to exhaust his administrative remedies by seeking relief to enforce the agreement before a Wisconsin hearing officer.

The plaintiffs submit that their investigation during discovery has uncovered numerous violations within the six post-determination areas. The plaintiffs contend that the root cause of these problems is a lack of accountability within the system. Whether or not the plaintiffs' assessment is

accurate, the plaintiffs have failed to establish that the structure of the system is such that individual students would be unable to obtain relief on a case by case basis. Obtaining a favorable federal court order is certainly one way to restore accountability to the system in one blow, but the court cannot opt for judicial expediency by ignoring the legal requirements for the exercise of jurisdiction. It is conceivable that requiring pursuit of individual relief by numerous parents would overwhelm the administrative system. Nonetheless, since the plaintiffs have not established that this is futile, such action is required. Parenthetically, it may be that full utilization of the administrative process by those aggrieved will either restore the accountability to the system that plaintiffs contend it lacks, or clearly demonstrate futility; i.e., that the system itself is not capable of correcting the problem.

Consequently, the administrative remedies to these six post-determination problems must be exhausted before the court retains jurisdiction to address these claims. It appears from the pleadings and the briefs that the administrative remedies have not been exhausted by the plaintiffs to the post-determination claims. If, pursuant to 20 U.S.C. § 1415(l), the court does not have jurisdiction to hear claims regarding the post-determination claims, such claims are not eligible for class certification.

II. Class Certification

Because the court has narrowed the scope of the plaintiffs' claims by excluding those that concern the post-determination problems, the class definition must be amended to reflect the change. In addition to amending the class definition, the plaintiffs must designate new class representatives, if necessary. Consequently, the court will permit the plaintiffs to submit an amended class certification motion, in light of the modified class definition. The plaintiffs shall submit their amended class certification motion by no later than June 23, 2003. The defendants shall submit their response regarding the Fed. R. Civ. P. 23(a) and (b) requirements by no later than July 14, 2003. The

-6-

AO 72A
(Rev.8/82)

plaintiffs' reply, if any, must be filed by no later than July 21, 2003.

### III. Affidavit of Patricia Yahle

The defendants have moved to strike the affidavit of Patricia Yahle because it contains information outside the scope of Yahle's personal knowledge and none of the exceptions to the hearsay rule apply.

Because the plaintiffs' claims have been narrowed and the relevance of Yahle's affidavit to the amended class certification motion cannot be determined at this time, the defendants' motion to strike the affidavit will be denied without prejudice. If, after submitting the amended class certification motion, the defendants still believe that the affidavit of Yahle is not relevant and violative of the Federal Rules of Evidence, they can resubmit their motion to strike Yahle's affidavit.

IT IS THEREFORE ORDERED that the plaintiffs' motion to file an oversized brief is granted.

IT IS FURTHER ORDERED that the plaintiffs shall submit an amended class certification motion by no later than June 23, 2003. The defendants shall submit their response by no later than July 14, 2003. The plaintiffs' reply, if any, must be filed by no later than July 21, 2003.

IT IS FURTHER ORDERED that the defendants' motion to strike the affidavit of Patricia Yahle is denied without prejudice.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2003.

AARON E. GOODSTEIN
United States Magistrate Judge