STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
(AMENDED) REQUEST FOR MEDIATION/HEARING

Original Request Dec 23
Hrg: Jan 26, 2005 ☆

> This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.
> This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

__ I REQUEST MEDIATION __ I REQUEST MEDIATION AND A HEARING  X  I REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: ▓▓▓▓▓▓▓▓▓▓▓▓  DOB: 9/15/01

Address: 6933 9th Street NW Wash DC 20012

Present School of Attendance: Easter Seals Child Care    Home School: Takoma (Neighborhood school where child is registered)

COMPLAINT IS MADE AGAINST: DCPS
DCPS and/or D.C. Public Charter School-specify charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: Monica and ▓▓▓▓▓▓▓

Address: 6933 9th Street NW Wash DC 20012

Phone: (H) 202 882-9419    (W) 202 619-0172 Mom    (Fax) _____

Relationship to Student: X Parents __ Self __ Legal Guardian __ Parent Surrogate __ Public Agency

PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: Margaret A. Kohn, Esq.    Phone: (W) 202-667-2330    (Fax) 202-667-2302

Address: 1320 19th Street NW, Suite 200, Washington, DC 20036

☆ A consent motion for continuance has been filed by Parents on Jan 24 2005

Form 101

Plaintiffs' Exhibit 10

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

   Hearings: ~~Feb 7, 2005 AM or PM~~   ~~Feb 8 2005 AM or PM~~   ~~Feb 10 or 11, 2005 AM or PM~~
             2 SLFS                      2 SLFS                    2 SLFS

   Mediation: _____

   FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).

   Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 days from the date your request is received and docketed by the Student Hearing Office.

   If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

   **Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you.** Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

   Interpreter
   ___ Foreign Language _____ N/A
   ___ Sign Language _____ N/A
   ___ Other _____ N/A

   Special Communications _____ N/A
   Special Accommodation for Disability __ N/A
   Other _____ N/A

Form 101                                                              30 June 2003

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

   Describe the nature of the problem:

   *See attached*

   Describe issues to be addressed at the mediation and/or hearing, with specificity:

   *see attached*

   Describe relevant facts relating to the problem:

   *see attached*

   State how you would like to see the problem corrected:

   *See attached*

   _____                    _1/24/05_
   Signature of Applicant/Parent (Required)              Date (Required)

              MAIL, FAX, OR DELIVER APPLICATION TO:
              Student Hearing Office of the District of Columbia
                    828 North Capitol Street, NE, 8th Floor
              Washington, DC 20002           FAX: (202) 442-5556

   ---

   **FOR OFFICE USE ONLY:**
   Case Number: _____
   Student ID#: _____

   Form 101                                          Revised 30 June 2003

**Amended Hearing Request for ▓▓▓▓▓▓▓▓▓▓▓▓ DOB: ▓▓▓**

The parents of ▓▓▓▓▓▓▓▓▓▓▓▓ (known as ▓▓▓) requested a hearing on December 23, 2004 prior to securing legal representation. Counsel was retained on January 21, 2005, and files this Amended Hearing Request. The hearing was initially scheduled for January 26, 2005, but counsel for DCPS has agreed to a continuance, requested by the parents, to enable the parents to have effective participation by counsel.

**FACTUAL BACKGROUND:**

▓▓▓, who was born prematurely at 29 weeks, is currently 3 years and 5 months old. He was diagnosed with End Stage Renal Disease which resulted in renal transplantation on March 31, 2004, during which he received one of his mother's kidneys. He has Prune Belly Syndrome (a lack of muscle tone in his abdominal area), spastic diplegia and developmental delay. ▓▓▓ has vesicostomy and is therefore not toilet trained and not ready for such training. Due to the immunosupression necessary for his transplant, he is at higher risk for infection than most other children his age. Since his transplant surgery in Philadelphia, he has been followed by the Nephrology staff at Children's National Medical Center.

▓▓▓ is verbal and communicates with short sentences which are easily understood by the adults around him. He is nutritionally stable, can feed himself with a fork and spoon, uses a sippy cup and must drink a lot of fluid to maintain his adult-sized kidney. For mobility, ▓▓▓ uses a posterior walker and has AFOs on his legs. Due to his small stature, he is not yet able to climb or descend stairs unless he combat crawls. His current health is good.

▓▓▓ has been found eligible for special education by DCPS as a student with Other Health Impairment and Developmental Delay. His communication skills are only mildly delayed. His gross motor skills are most delayed and his fine motor and self help skills delays fall between his communication and gross motor delays in their intensity. His has a short attention span, but has adequate representational play skills.

▓▓▓ is progressing with his mobility. In August, 2004, he was using a gait trainer and a posterior walker in combination with a Kid Kart. By January, 2005, his parents have been told that he should use his walker all the time. He requires a special chair to support his torso for seat work

When Caleb was cleared medically to attend a group or school based program in August, 2004, he started at Easter Seals Child Care program. Prior to that time, he received early intervention services at his home. Although it is possible for ▓▓▓ to receive the related services he needs at Easter Seals, he is not getting the cognitive stimulation he requires and he is not with other peers who are verbal or cognitively commensurate with him or ahead of him. His parents do not believe that the Easter Seals program is appropriate for him. DCPS personnel have also informed the parents that the Easter Seals program is not appropriate for ▓▓▓ because of the peer group. The parents have visited several DCPS Early Childhood Non-categorical programs, but find the peer group to be much more delayed than ▓▓▓ from a communication and cognitive

**Amended Hearing Request for** ▓▓▓▓▓▓▓▓▓▓
**Page Two**

basis. They want ▓▓▓ to be in an inclusive setting.

The IEP prepared by DCPS for ▓▓▓ is inappropriate in the following ways:

    A. The current levels of performance does not reflect his health needs, only his motor skills. The need for a program that has a school nurse on duty all day every day is not reflected in the IEP.
    B. Nowhere in the IEP does it indicate that ▓▓▓ is not toilet trained and has a vesicostomy. The cognitive adaptive behavior section of the current levels of performance was not completed.
    C. Transportation was not checked off and the transportation request page does not include all of the necessary equipment and information, i.e, that he needs a car seat, that he needs assistance on all steps, that he should use his walker to navigate from the bus to the school building and from his front door to the bus, and that his walker needs to be transported with him daily.
    D. Two of the physical therapy goals are not appropriate for him, numbers 1 and 3. With Prune Belly Syndrome he will not be able to sit unsupported for 15 minutes. It is an unrealistic goal for one year. He is already walking longer than 10-15 feet at a time with his walker.
    E. There is no mention of a health plan for him, which was recommended by Dr. Taylor-Davis, the DCPS Pediatrician.
    F. There is no provision for an aide to attend to his toileting needs, as recommended by Dr. Taylor-Davis.
    G. There is no provision for monitoring his fluid and nutritional intake
    H. The speech language goals do not address his oral motor muscle tone
    I. His adaptive seating must be available in both special and general education settings
    J. The IEP does not specify that ▓▓▓ requires a barrier free school environment
    K. The reason for rejecting a full time special education program is concern over his access to age appropriate and typically developing peers as well as the need for cognitive role models and challenges.
    L. Most if not all of the 13 hours of specialized instruction can be provided in the general education setting.
    M. The IEP does not specify the class size of 15 recommended by Children's Hospital staff due to his susceptibility to infection.
    N. The IEP does not specify his need to have verbal and typically developing peers.

DCPS staff had suggested the Pre-K program at Stoddert Elementary School, and invited the Stoddert principal to the MDT meeting at the Takoma School on August 6, 2004, but the principal concluded that her school was not appropriate. Mrs. Davy met with Care Center staff on December 3, 2004, and the Center staff suggested that a program could be set up at Noyes Elementary School, where there was space available. The parents were interested, but the

**Amended Hearing Request for** ▓▓▓▓▓▓▓▓
**Page Three**

principal rejected location of the program at his school building.

It appears that DCPS permits elementary school principals to veto special education placements at their schools without consideration of whether the Division of Special Education could add those services, equipment, materials and staff that is necessary to permit the child to attend school in an inclusive setting. This is discriminatory and inconsistent with the principle that children must be educated in the LRE.

To date the parents have not been able to identify a program in the private sector to meet ▓▓▓ needs. They continue to look for such a program. DCPS has not yet shown them a program that meets all of the requirements for ▓▓▓. Therefore, ▓▓▓ has remained at Easter Seals, not because it is an appropriate educational program for ▓▓▓ but rather because it is a location where he is able to receive his related services of PT and OT, and where he is safe. He is funded at Easter Seals through a child care voucher through June, 2005.

### Issues for Hearing:

Did DCPS violate the time line of 120 days to offer a placement at which the IEP can be implemented?

Did DCPS violate the Notice provisions by issuing a Prior Notice which lacks any placement or information about placement?

Did DCPS deny ▓▓▓ a FAPE by writing an IEP which is inappropriate, incomplete and lacks critical information required to provide ▓▓▓ with an appropriate and safe education?

Did DCPS fail to identify a single public or private educational setting that could implement an appropriate IEP for ▓▓▓ when he turned 3 on September 15, 2004?

Has DCPS rejected possible placements at Stoddert and Noyes Elementary Schools because of building principals' opposition, when the additional services, staffing, equipment, etc could in fact be brought to the building for ▓▓▓?

Are the parents prevailing parties for purposes of attorneys fees and costs herein?

### Relief Sought

#### Find that:

1. DCPS denied ▓▓▓ a FAPE from September 15, 2004 to the present;

-3-

**Amended Hearing Request for** ███████
Page Four

    2. DCPS' IEP dated August 6, 2004, is incomplete and inappropriate for ███,
    3. DCPS has identified no placement or program appropriate for ███;
    4. ███ requires an early childhood educational program which has:

        A nurse on duty every school day
        An aide to change ███ diapers
        Student peers who are typically developing and peers who are verbal
        No more than 15 students in the class
        A barrier free school building
        A health plan specific to ███
        Transportation which is safe for ███ and will transport his walker to and from school with him
        Adult assistance at lunch and snack time to monitor/facilitate adequate nutritional intake

    5. For this student, DCPS permitted principals to reject the child without engaging in the process of determining whether the necessary services, staff and equipment could be located in the building to enable ███ placement there to be successful.

    6. The parents are the prevailing party for purposes of attorneys' fees and costs

### ORDER

    7. DCPS shall place and fund ███ at an appropriate educational program should the parents identify such a program before DCPS offers such a program and placement;

    8. DCPS shall identify a private or public program which is appropriate for ███ within 7 calendar days of the date of the hearing and if no such program exists, DCPS shall create such a program within 14 calendar days of the date of the hearing officer determination.

    9. In the interim, DCPS shall provide bus transportation to and from the Easter Seals program two days per week, when the logistics of family life enable ███ to be brought home at the end of the typical school day and mileage reimbursement for the transportation to and from Easter Seals program on the other weekdays;

    10. DCPS shall provide compensatory education services to ███ in the form of one on one cognitive therapy for two hours a day for every day that he has not received an appropriate educational program from September 15, 2004 to the present, with the service provider selected by the parents and paid up to $90 per hour and at a location chosen by the parents.