**Margaret A. Kohn**
Attorney at Law
1320 19th Street NW, Suite 200
Washington, DC 20036
202-667-2330•202-667-2302 FAX
MAKohn@aol.com

Admitted in DC, MD

May 16, 2005

Dr. Zondra Johnson, Director
Early Childhood Special Education
  Programs
Shaw C.A.R.E. Center
Shaw Junior High School
925 Rhode Island Ave NW
Washington, DC 20001

RE: ▮

Dear Dr. Johnson:

Thank you for attending the IEP meeting for ▮ held on May 13, 2005.

You and I spoke briefly in the hallway, near the end of the meeting, about the parents' concerns about ▮ teacher. Ms. Summers' harsh tone of voice with the children continues to be a real problem. You acknowledged that you were aware of this continuing issue and that you, the teacher, and Mr. Ryan, the Noyes principal, were going to be meeting about her performance before the school year is over. You also advised me that she would not be ▮ teacher for SY 2005-06, The Davys are pleased to hear about that upcoming change. They think it is necessary.

I accompanied Mr. Davy to the classroom to pick up ▮ at the end of the meeting. He was playing happily with blocks under the supervision of Ms. Johnson. I was admiring the room and saw what appeared to be a song or poem about prepositions and body parts which the students sing or recite posted on a large white sheet on the chalkboard; it had large printing so that the teacher could point to each word as the children recited (or sang). One line was written as:

  Be side you hips

I am quite certain that it should have been written as "Beside your hips." I realize the error will have little impact on ▮ because he is not yet a reader. It is possible, however, that some of the four year olds might know how to read some words and know letters. It was disappointing to see errors such as these with such simple words.

Plaintiffs' Exhibit
11

Dr. Zondra Johnson
May 16, 2005
Page Two

      In addition, the Davys are concerned that the relationship between Ms. Summers and Ms. Johnson is, at best, strained. They do not want Ms. Johnson to leave because of these tensions, as they have been very happy with her services, dedication, and essential, caring support for ███ while he is at school. I hope that you will be able to address this situation in the very near future. I am sure that any issues about fostering ███ independence can be addressed in a collaborative and flexible fashion by the whole team. It appears that your direct participation in the process will be key. Obviously, we can expect that ███ needs will vary over time and from day to day, as is true for any child who is medically fragile. Flexibility and open communication must be an integral part of his program for the immediate future.

      As we discussed at the meeting, the DCPS proposal for compensatory education was based upon the 10 hours a week of special education instruction in the IEP, whereas the parents' basis for compensatory education was based upon the full instructional week, which we agreed was 27.5 hours a week, (32.5 minus an hour a day for recess and lunch). We agreed that ███ was entitled to at least 250 (10 hours x 25 weeks) hours of compensatory services and you agreed to discuss with the powers that be downtown whether DCPS would use the higher quantity of 687.5 hours (27.5 hours x 25 weeks) and get back to us. I hope that we can come to some agreement after your consultation.

      I requested a copy of the purchase order for the special classroom chair, since it seems that it was not ordered until a couple of weeks ago, even though ███ started attending Noyes on March 14th. This chair was supposed to have been in place for him when he enrolled, but has not yet been delivered. You explained that Mr. Reynolds had recommended the chair be purchased from a different vendor than the one you expected to use. The chair he is using, which his parents brought over from Easter Seals as a temporary stop gap measure is too small for him. We need to know when the new chair is supposed to arrive.

      With regard to ███ participation in assemblies at Noyes, after reflection the Davys continue to feel, as they stated at the meeting, that ███ should attend occasional assemblies that occur for special events. However, it was explained that such gatherings would not be more frequent than once a month. If they become more frequent, then the Davys would like to be consulted in advance, so they can confer with ███ physicians and consider his health needs at that point in time before deciding on his participation in more frequent assemblies.

      I was surprised, as I gather you were, as well, to hear that ███ class was still not having music instruction from the music teacher alone, but rather with other classes. Therefore, ███ was not going to music class with the music teacher. Instead, the class skipped some music classes and remained with Ms. Summers, and at other times, the class went to music without ███, who stayed behind in the classroom. I had brought the large music classes to Jack Schreibman's attention in an email on March 15, 2005, and he assured me that he had conveyed

Dr. Zondra Johnson
May 16, 2005
Page Three

this information to you the following day. During the May 13th meeting you agreed that ▆▆▆ class should be having music as a class, not in combination with other classes. You told us you would ensure that the situation is promptly corrected.

                                                Sincerely,

                                                Margaret A. Kohn
                                                Attorney for ▆▆▆ parents

cc: Mr. and Mrs. Frederick Davy
    Mr. Wayne Ryan, Principal, Noyes Elementary

**CF-DL 6946**