**Margaret A. Kohn**
Attorney at Law
1320 19th Street NW, Suite 200
Washington, DC 20036
202-667-2330•202-667-2302 FAX
MAKohn@aol.com

Admitted in DC, MD

October 21, 2005

Mr. Jeff Kaplan
Compliance Office
DCPS Division of Special Education
825 North Capitol St NE
Washington, DC 20002

                                            **RE:** ▮▮▮▮
                                        **By facsimile and email**

Dear Mr. Kaplan:

     The settlement agreement for ▮▮▮▮ requires that my clients contact the Compliance Office before taking any other actions if and when we believe that the Settlement is not being implemented properly and if there are problems with the delivery of FAPE for this student.

     I have enclosed the letter that Ms. Davy wrote to Zondra Johnson and copied to Wayne Ryan, Principal of Noyes. She has yet to receive a response from either administrator to address her concerns.

     1. DCPS is required to have a supportive chair for ▮▮▮▮, who has prune belly syndrome. The proper size chair for ▮▮▮▮ has yet to appear, although I was given a copy of documents indicating that it has been requested on or about June 13, 2005, after raising this issue with Ms. Johnson at the May 13th IEP meeting.. This element has been an issue since day one.
He can no longer use the chair that the parents provided as a stop gap measure because it is too small. Mr. Ryan is well aware of the need for such a chair and acknowledged his commitment to providing the special chair for ▮▮▮▮ in all classrooms as noted in his memo to Ms. Johnson on March 18, 2005, a copy of which is enclosed.. The adapted chair has been on the Documented Levels of Since August, 2005, and appears on page 4 of 4 of ▮▮▮▮ current IEP.

     2. The teacher for the class is a PE teacher. She is not, as far as my client knows, certified in Early Childhood or in Special Education. It goes without saying that ▮▮▮▮ requires a teacher certified in special education and in early childhood education. ▮▮▮▮ is to receive 10 hours of specialized instruction weekly from a special education teacher.

     3. No one has given Ms. Davy the name of the dedicated aide for ▮▮▮▮. Although she has been told verbally that there is a person who will work as the dedicated aide for ▮▮▮▮, no

**Plaintiffs' Exhibit 12**

Mr. Jeff Kaplan
October 21, 2005
Page Two

one has been willing to give this person a name. In addition, Ms. Davy had asked that the dedicated aide come to the hospital for training before ▇▇▇ is discharged, thought that DCPS had agreed to this plan, but the aide has not come to the Hospital for training. This student must have a dedicated aide in order to attend school.

    4. The issue of compensatory education has yet to be resolved. A copy of my May 16, 2005 letter to Ms. Johnson is enclosed. I have not received any response on the issue of compensatory education.

    Please contact me so that we can get these matters resolved before any other action becomes necessary. Jack Schreibman was the attorney who handled this matter for DCPS. I should also inform you that the Davys are plaintiffs in the D.L. v District of Columbia, Civ. A. No. 05-1437 (RCL) lawsuit brought as a class action, but not yet certified as a class action by the US District Court for the District of Columbia. Eden Miller and Dan Rezneck at the DC Attorney General's office are counsel of record for DCPS.

                              Sincerely,

                              Margaret A. Kohn
                              Attorney for Monica and Fred Davy

enc. with fax only
cc: Dan Rezneck,, Esq.
    Eden Miller, Esq.

CF-DL 6947