UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
DL,[1] *et al.*, on behalf of themselves  )
and others similarly situated,            )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )   Civil Action No. 05-1437 (RCL)
                                          )
THE DISTRICT OF COLUMBIA, *et al.*        )
                                          )
            Defendants.                   )
_____  )

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR DISMISSAL OF DEFENDANT DISTRICT OF COLUMBIA PUBLIC SCHOOLS SUPERINTENDENT CLIFFORD JANEY**

On December 8, 2005, defendants filed their Motion for Dismissal of Defendant District of Columbia Public Schools ("DCPS") Superintendent Clifford Janey. This is defendants' third motion to dismiss in the past month.

Plaintiffs brought this action to enjoin defendant Janey, as the Superintendent and highest ranking official of DCPS, to comply with the Child Find requirement of the Individuals with Disabilities in Education Act ("IDEA"), the Rehabilitation Act, and District of Columbia law and to provide a free appropriate public education ("FAPE") for preschool children in the District of Columbia. Despite the fact that the Superintendent of DCPS has been a defendant in numerous IDEA cases in this Court and has the primary responsibility for DCPS's operations, defendants argue that Superintendent Janey is not a proper defendant. Specifically, defendants argue that plaintiffs

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

1

cannot sue Superintendent Janey in his official capacity because the District of Columbia is a named defendant. Defendants' Memorandum in Support of Defendants' Motion for Dismissal of Defendant District of Columbia Public Schools Superintendent Clifford Janey (hereafter "Def. Mem.") pp. 3-5. Defendants' motion should be denied because: (1) Superintendent Janey is a proper defendant under Rule 20 (a) of the Federal Rules of Civil Procedure, well-established case law, and 42 U.S.C. 1983; (2) plaintiffs seek injunctive relief and not damages and therefore defendants' cases are inapposite; and (3) defendants' other reasons to dismiss Superintendent Janey are frivolous.

# I

# SUPERINTENDENT JANEY IS A PROPER DEFENDANT

## A.  SUPERINTENDENT JANEY IS A PROPER DEFENDANT UNDER RULE 20(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Superintendent Janey is a proper defendant because he satisfies the requirements of Rule 20(a) of the Federal Rules of Civil Procedure. Defendants fail to mention the applicable rule – much less explain why it does not permit the naming of Superintendent Janey as a defendant.

Rule 20(a) states, in part, that defendants may be joined "if there is asserted against them jointly or severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The Supreme Court has determined that joinder under Rule 20(a) "is strongly encouraged" and should be applied liberally to "entertain[] the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

Relying on the permissive standard of Rule 20(a), the courts have rejected attempts by defendants for their dismissal in civil rights cases, such as the instant one. For example, in *United*

*States v. Mississippi*, 380 U.S. 128, 130 (1965), the U.S. Attorney General brought suit against the State of Mississippi, three members of the Mississippi State Board of Election Commissioners, and six county registrars of voters for voting rights violations. The Supreme Court determined that even though the State of Mississippi was a defendant, individual commissioners and county registrars were properly joined under Rule 20(a) as defendants because they were all "part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive" African Americans the right to vote and because any injunction would require their participation. *Id.* at 141-143.

In *Clarkson v. Coughlin*, 783 F. Supp. 789 (S.D.N.Y. 1992), a class action lawsuit brought on behalf of deaf inmates in New York State prisons under 42 U.S.C. 1983, the Rehabilitation Act, and the U.S. Constitution, several superintendents of individual correctional facilities argued, as Superintendent Janey does here, that they should not be named defendants. There, the superintendents maintained that "no compelling reason for bringing them into this action exists and that all the relief sought can be obtained through" the Commissioner for the State of New York Department of Correctional Services. *Id*. at 796. The court rejected their argument, explaining that the "more relaxed approach" of Rule 20(a) permitted plaintiffs to join them as defendants because, although the Commissioner of the Department of Corrections "may have overall authority over DOCS, the responsibility for certain activities relevant to this action has been delegated" to them. *Id* at 797.

Similarly, Superintendent Janey is a proper defendant under Rule 20(a) even though the District of Columbia is also a named defendant. Plaintiffs have asserted "question[s] of law and fact common to all defendants." Rule 20(a). Plaintiffs brought this action "against [the District of

3

Columbia and Superintendent Janey] jointly or severally or in the alternative" to obtain injunctive relief compelling defendants' compliance with the Child Find requirement of the IDEA, Rehabilitation Act, and District of Columbia law. *Ibid.* As in the cases above, plaintiffs assert that defendants have a system-wide policy and practice of failing to comply with federal law, and that defendants' failures are widespread and pervasive, affecting the plaintiff class. Complaint, paras. 3, 92. Moreover, plaintiffs' "right to relief" requires Superintendent Janey's involvement and compliance. Rule 20(a). As explained in detail below (pp. 5-6), Superintendent Janey is the highest ranking official at DCPS and is charged with formulating and implementing policies to comply with the IDEA and District of Columbia law, including requirements of Child Find and FAPE. Thus, Superintendent Janey is a proper defendant under Rule 20(a).

**B.      SUPERINTENDENT JANEY IS A PROPER DEFENDANT UNDER WELL-ESTABLISHED CASE LAW**

Superintendent Janey is also a proper defendant because case law and District of Columbia law require his participation and compliance with any injunctive relief ordered by this Court.

It is well settled that in injunctive or declaratory relief actions, such as this case, state or local officials responsible for ensuring compliance with the law are proper parties even where a government entity itself is also a party. For example, in *United States v. Mississippi, supra*, the Supreme Court held that it was error to dismiss the Mississippi Board of Election Commissioners even though the state of Mississippi was a defendant (380 U.S. at 141-142):

> The District Court held with respect to the three members of the Mississippi Board of Election Commissioners that the complaint failed to show that they had a sufficient interest in administering or enforcing the laws under attack to permit making them parties defendant. We do not agree. Under state law the Election Commissioners have power, authority, and responsibility to help administer the voter registration laws by formulating rules for the various tests applied to applicants for registration.

\* \* \*

> \* \* \* Should the Government prove its case and obtain an injunction, it would be natural to assume that such an order should run against the Board of Election Commissioners with reference to these two tests. Therefore the Election Commissioners should not have been stricken as defendants.

Similarly, in *Connors v. Mills*, 34 F. Supp. 2d 795, 802, n. 5 (N.D.N.Y 1998), which was an IDEA suit against the Commissioner of Education and New York State Board of Regents for injunctive relief, the court determined that the Commissioner was a proper defendant because "as a practical matter, if plaintiff succeeds in the case at bar, it will be [his] responsibility to affect the necessary change." *See also Clarkson v. Coughlin*, *supra,* 783 F. Supp. at 797 (individual superintendents of correction facilities are proper defendants in class action because "the responsibility for certain activities relevant to this action has been delegated" to the superintendents); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 511 F. Supp. 1263, 1284 (N.D. Ga. 1981), affirmed on the merits, 716 F.2d 1565 (11th Cir. 1983), vacated on other grounds *sub nom. Board of Public Education for City of Savannah v. Georgia Ass'n of Retarded Citizens*, 468 U.S. 1213 (1984) (refusing to dismiss superintendents in their official capacity in IDEA class action; "the court disagrees with the contention of the local defendants that they should be dismissed as parties to this action because their participation is unnecessary to afford complete relief to plaintiffs").

As in these cases, if plaintiffs prevail on the merits, "as a practical matter," the Superintendent of DCPS will have the primary responsibility to bring DCPS in compliance with this Court's order. Superintendent Janey is the highest official entrusted by law with decision-making authority and responsibility for DCPS, its policies, and its practices. Specifically, the IDEA and District of Columbia law entrust "state education agencies" and "local education agencies" with responsibility to provide a free appropriate public education under the IDEA and to comply with its

other provisions. *See*, *e.g.,* 20 U.S.C. 1413-1415 (setting forth the obligations of state and local educational agencies); D.C. Mun. Regs., tit. 5, sec.3002.1(a) ("LEA [local education agency, *i.e.*, DCPS] shall make a free appropriate public education (FAPE) available to each child with a disability, ages three to twenty two * * * "); D.C. Mun. Regs., tit. 5, sec.3002.1(d) ("LEA shall ensure that procedures are implemented to identify, locate and evaluate all children with disabilities * * * ").

In plaintiffs' case, Superintendent Janey is the head of both the state and local education agencies. *See* D.C. Code 38-102 ("Board of Education shall hire the Superintendent of Schools who shall be the chief executive officer * * * responsible for the operations of the schools"). As Superintendent of DCPS, defendant Janey " * * * shall have the direction of and supervision in all matters pertaining to the instruction in all the schools [in the District of Columbia]" (D.C. Code 38-105) and "shall [in conjunction with the Board of Education of which he is the CEO] determine all questions of general policy relating to the schools and * * * shall implement such policy" (D.C. Code 38-102). He also "shall be responsible for the day-to-day operation of the schools." *Ibid. See also* D.C. Mun. Regs., tit. 5, sec. 501 (setting forth authority and duties of Superintendent Janey).

The Superintendent of DCPS has long been considered a proper defendant in this Court, even in cases where the District of Columbia is also a named defendant. *See, e.g., Winder v. Erste,* D.D.C. Civil Action No. 03-2623 (JDB), 2005 U.S. Dist. LEXIS 5190, at *14-15 (March 31, 2005) (denying motion to dismiss of Superintendent of DCPS in his official capacity); *Schoenbach v. District of Columbia*, 309 F. Supp. 2d 71, 73 (D.D.C. 2004) (entering judgment in favor of defendants Paul Vance, then Superintendent of DCPS, sued in his official capacity, and the District of Columbia); *Spilsbury v. District of Columbia*, 307 F. Supp. 2d 22, 23, 27-28 (D.D.C. 2004) (granting injunctive

relief in the form of reimbursement against defendants Paul Vance, Superintendent of DCPS, Anne Gray, Assistant Superintendent of DCPS, and the District of Columbia, among others); *Blackman v. District of Columbia*, 277 F. Supp. 2d 71, 87-89 (D.D.C. 2003) (granting preliminary injunctive relief against Julius W. Becton, Superintendent of DCPS, Jeff Meyers, head of special education, DCPS and the District of Columbia, among other defendants, for failure to provide timely due process hearings and determinations); *Petties v. District of Columbia*, 238 F. Supp. 2d 88, 92-97 (D.D.C. 2002) (granting preliminary injunction against Franklin L. Smith, then Superintendent of DCPS, and the District of Columbia for failure to pay private providers for special education placements).

Accordingly, because Superintendent Janey is directed by law to oversee DCPS and to ensure compliance with the IDEA and its provisions, he is a proper defendant under well-established case law.

C. **SUPERINTENDENT JANEY IS A PROPER DEFENDANT BECAUSE HE MAY BE SUED IN HIS OFFICIAL CAPACITY UNDER SECTION 1983, EVEN THOUGH THE DISTRICT OF COLUMBIA IS ALSO A DEFENDANT**

It is hornbook law that local government officials, such as Superintendent Janey, are "persons" under 42 U.S.C. 1983 and therefore can be sued in their official capacities. In holding that local government entities can be sued under section 1983, the Supreme Court emphasized in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691, n. 55 (1978) that "our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name."

Contrary to defendants' argument (Def. Mem. 3-4), government officials such as

7

Superintendent Janey are not shielded from suit simply because the District of Columbia is also named. Thus, in *Best v. District of Columbia,* 743 F. Supp. 44, 49 (D.D.C. 1990), the Court determined that police officers sued in their official capacity could not be dismissed in a case where inmates had been videotaped without their consent and had alleged privacy violations. The Court reasoned that even though the District of Columbia was a defendant, "under *Monell*, District of Columbia officials are not immune from suit because the District of Columbia itself is liable as a 'person.'" *Ibid.*

In *Winder v. Erste, supra,* 2005 U.S. Dist. LEXIS 5190, at * 14-15, the then acting Superintendent of the DCPS moved to dismiss an action asserting claims under Section 1983, the Family Medical Leave Act, and the U.S. Constitution on the very same grounds that Superintendent Janey asserts here, namely, "the ground that her participation is unnecessary and redundant because she has been sued only in her official capacity, which is equivalent to suit against the District of Columbia itself." The court determined that "although defendant is correct that this creates a redundancy, there is no requirement that, because of the equivalence, the public official defendant must be dismissed." *Ibid.* The Court went on to explain that, "as plaintiff correctly points out, the Supreme Court recognized in Monell that a local government official is an appropriate defendant in a suit brought under § 1983 -- one of the claims asserted by plaintiff in this case. * * * Accordingly, the Court denies the motion to dismiss defendant Massie from this action." *Ibid*. See also *Petties v. District of Columbia*, 268 F. Supp. 2d 38, 39-41 (D.D.C. 2003) (in a class action under Section 1983 to enforce the IDEA, Court entered consent order against several defendants, including the District of Columbia, DCPS, and the Superintendent of DCPS); *Zearley v. Ackerman*, 116 F. Supp. 2d 109 (D.D.C. 2000) (in Section 1983 case to enforce the IDEA, court denied summary judgment

motions of defendants, the District of Columbia and Arlene Ackerman, then Superintendent of DCPS).

Contrary to defendants' argument (Def. Mem. 4-5), plaintiffs are not seeking to hold Superintendent Janey responsible under a *respondeat superior* theory. As explained in detail above (pp. 5-6), he is the official with final decision-making authority over DCPS. Therefore, assuming defendants are correct that plaintiffs must prove a municipal policy in order to prevail on the merits of their case (Def. Mem. 4-5),[2] Superintendent Janey's presence as a defendant is necessary to plaintiffs' case. *See* Chemerinsky, Federal Jurisdiction, 8.5.2, pp. 448-449 (actions by individuals with final decision-making authority establish municipal policy).

Accordingly, Superintendent Janey is a proper defendant under 42 U.S.C. 1983 even though the District of Columbia is also named as a defendant.

## II

**DEFENDANTS' CASES ARE INAPPOSITE BECAUSE PLAINTIFFS SEEK ONLY INJUNCTIVE AND DECLARATORY RELIEF, NOT DAMAGES**

Superintendent Janey's primary argument in support of dismissal is that a suit against him

---

[2] Some courts have reasoned that the "official policy or custom" requirement established by *Monell* does not apply to injunctive actions, such as this one. For example, in *Chaloux v. Killeen*, 886 F.2d 247, 250 (9th Cir. 1989), the court of appeals held that the district court erred in dismissing county officials sued in their official capacities on the grounds that plaintiffs had failed to show that the unconstitutional acts were pursuant to an official policy. The court of appeals explained that "unlike *Monell*, this case presents solely a claim for prospective relief. * * * We conclude that the [Supreme] Court [in *Monell*] did not intend to apply any 'official policy or custom' requirement to foreclose a suit for prospective relief against a county or its officials for enforcing allegedly unconstitutional state laws." *Ibid.* The court of appeals reached this conclusion after review of the policy justifications supporting the decision in *Monell,* reasoning that "the *Monell* Court set forth an 'official policy or custom' requirement to limit § 1983 *damage* awards against municipalities. That limitation served to alleviate the imposition of financial liability on local governments based solely on a *respondeat superior* theory" (emphasis in original). *Ibid.*

is essentially the same as a suit against the District of Columbia, and that therefore his presence is not necessary since the District of Columbia has been sued. Def. Mem. 4.

Defendants' argument confuses the difference between injunctive and damage actions in suits under 42 U.S.C. 1983. It is of course true, as defendants contend (Def. Mem. 3), that in damage actions a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. * * * As such, it is no different from a suit against the State itself." *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989) (neither states nor their officials are persons under section 1983 except where injunctive relief is sought). *See* Chemerinsky, *supra, Federal Jurisdiction*, sec. 8.6, p. 463.

However, plaintiffs here are not seeking damages from Superintendent Janey or from the District of Columbia. They bring this suit only for declaratory and injunctive relief. Complaint, pp. 26-28. It has long been settled that injunctive relief may be obtained against state officials even though the government entity cannot be sued for damages. *Ex parte Young*, 209 U.S. 123, 159-160 (1908). This is because "official-capacity actions for prospective [injunctive] relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S.159, 167, n. 14 (1985). *See also Wood v. Strickland*, 420 U.S. 308, 314, n. 6 (1975) ("immunity from damages does not ordinarily bar equitable relief as well"); *Hedgepeth v. Washington Metropolitan Transit Authority*, 386 F.3d 1148, 1152 (D.C. Cir. 2004)("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'").

The cases cited by defendants confirm this difference between injunctive and damage actions. For example, in *Will v. Michigan Department of State Police*, *supra,* 491 U.S. at 71, the principal

case on which defendants rely (Def. Mem. 3), the Supreme Court held that states and state officials were not "persons" under 42 U.S.C. 1983 and therefore not liable for damages. However, the Court explicitly distinguished injunctive actions against government officials and stated "of course, a state official in his or her official capacity, when sued for injunctive relief, would be a person under 1983 because official capacity actions for prospective relief are not treated as actions against the State." *Id*. at 71, n. 10.

In *Kentucky v. Graham*, *supra,* the Supreme Court's holding and reasoning was similarly limited to the context of damage actions. *See* 473 U.S. at 165-166. There, the Court held that parties could not obtain attorneys' fees from the Commonwealth of Kentucky because they had only sued government officials in their "personal" and not "official" capacity. The Court determined that parties could not have sued government officials for damages in their "official" capacity because the Eleventh Amendment barred such suits. The Court reasoned that "while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself," which is barred by the Eleventh Amendment. 473 U.S. at 166. However, the Court emphasized that injunctive claims had been treated differently by the Court. *Id*. at 165, n. 8, 14 (discussing prior cases holding that state officials could be liable for injunctive relief even though not liable for damages). *See also Pulliam v. Allen*, 466 U.S. 522, 543-544 (1984) (although damage actions would be barred against a judge in her official capacity, there is "not a bar to prospective injunctive relief" against an official acting in her official capacity).[3]

---

[3] The remaining cases cited by defendants (Def. Mem. 4) in support of their argument that official-capacity suits against government officials must be dismissed where a government entity is also sued are similarly inapposite. As in the cases cited above, these cases involve plaintiffs who seek

Courts of appeals and district courts have similarly distinguished between injunctive and damage actions when analyzing official capacity suits. In *Chaloux v. Killeen, supra*, which was a class action to challenge post-judgment garnishment procedures, the court of appeals held that county officials sued in their official capacity were proper defendants and should not have been dismissed by the district court. 886 F.2d at 250. There, defendants had argued, as does Superintendent Janey here, that plaintiffs "had sued the sheriffs only in their official capacities and that the counties were the real parties in interest." *Ibid*. In rejecting that argument, the court of appeals reasoned (*id.* at 250-251):

> This case presents solely a claim for prospective relief. Appellants sought only a declaration that the Idaho postjudgment garnishment procedures are unconstitutional and an injunction against the counties' enforcement of the challenged state statutes.
>
> \*   \*   \*
>
> The justification for limiting an action for damages is notably absent when the relief sought is an injunction halting the enforcement of an unconstitutional state statutory scheme. * * * The relief sought here, a declaration that the Idaho statutes are unconstitutional and an injunction against their enforcement, do not carry any threat of fiscal liability.

Similarly, in *Tschanneral v. District of Columbia Board of Education*, 594 F. Supp. 407, 408-409 (D.D.C. 1984), an IDEA case, this Court dismissed all claims against the District of Columbia Board of Education but determined that "plaintiffs who seek injunctive relief may name

---

damages from government officials. *See Busby v. City of Orlando*, 931 F.2d 764, 772, 776 (11th Cir. 1991) (dismissing individual supervisors as defendants in Title VII action for damages for unlawful termination because employer, and not employees, would be financially liable); *Orange v. County of Suffolk*, 830 F. Supp. 701, 703-706 (E.D.N.Y. 1993) (dismissing damage claim against county executive because his actions were "legislative" in nature and therefore entitled to "absolute immunity"); *Czajkowski v. City of Chicago*, 810 F. Supp. 1428, 1431 (N.D. Ill. 1992) (dismissing claim against police officer and supervisors in a suit for injuries sustained as a result of domestic violence by police officer who was ex-husband of plaintiff ); *William v. Kohn*, 776 F. Supp. 348, 355-56 (N.D. Ill. 1991) (after dismissing all injunctive claims for lack of standing, court dismissed all official capacity and individual capacity damages claims against officers).

the individual members of the Board as parties and may also name other public officials as parties, provided that the claim for injunctive relief is properly directed at those Board members or officers. * * * Any claim for damages however must name the District of Columbia as a party if District funds are to be reached."

Accordingly, because plaintiffs are seeking injunctive relief and not damages, plaintiffs' official capacity suit against Superintendent Janey should not be dismissed simply because the District of Columbia is also a defendant.

### III

### THERE IS NO OTHER REASON TO DISMISS SUPERINTENDENT JANEY AS A DEFENDANT

Defendants' other arguments in support of dismissal are frivolous. For example, defendants argue that the District of Columbia Public Schools ("DCPS") is *non sui juris* and cannot be sued. Def. Mem. 5.[4] However, it is of no consequence whether DCPS can be sued because plaintiffs have not sued DCPS, only Superintendent Janey. As explained above (p. 6-7), the Superintendent of

---

[4] Defendants cite numerous cases in support of their argument that DCPS is *non sui juris* (Def. Mem., 5, n.1), but none involves DCPS as a party. All involve other branches of the District of Columbia government and stand for the general proposition that unless an agency or entity is established as a "separate corporate body," the entity may not be sued or sue in its own right. *See, e.g., Ray v. District of Columbia*, 535 A.2d 868, 870, n. 2 (D.C. 1987) (Fire Department, Board of Police and Fire Surgeons and the Police and Fire Clinic were *non sui juris*). However, counsel for plaintiffs have found at least two cases stating that DCPS may not be sued. *Tschanneral v. District of Columbia Board of Education*, *supra,* 594 F. Supp. at 408 (dismissing Board of Education as defendant); *Graetz v. District of Columbia Public Schools*, D.D.C. Civil Action No. 86-293, 1987 U.S. Dist. LEXIS 12945, at * 2 (March 3, 1987) ("The District of Columbia Public Schools, the only named defendant in this action, is not a suable entity under the District of Columbia Code"). *But see Blackman Jones v. District of Columbia*, *supra,* 277 F. Supp. 2d at 87 (granting injunctive relief against DCPS, among other defendants); *Kirkpatrick v. District of Columbia Public Schools*, 786 A.2d 586 (D.C. 2001) (parent appealed decision by DCPS requiring her to pay non-resident tuition for her child).

DCPS has been named as a defendant in numerous cases. The superintendent of DCPS has also been a plaintiff, suing in its own right. *See, e.g., Feaster v. Vance*, 832 A.2d 1277 (D.C. 2003) (upholding an injunction against the striking employees in favor of Superintendent Paul Vance).

In addition, defendants argue that Superintendent Janey is not a proper party because he has only recently become the Superintendent and was not in office at the time of the allegedly illegal actions. Def. Mem. 4. However, Rule 25(d)(1) of the Federal Rules of Civil Procedure provides for the automatic substitution of a new official who was not in office at the time of the wrongdoing: "[w]hen a public officer is a party to any action in an official capacity and during its pendency * * * ceases to hold office, * * * the officer's successor is automatically substituted as a party." Moreover, it is irrelevant whether Superintendent Janey was in office during the time in question. Superintendent Janey is the person who would have to implement any relief awarded, and therefore is a proper defendant. *See* pp. 3-6 above.

Moreover, defendants' entire motion rests solely on Section 1983 case law. Def. Mem. 3-6. However, this case involves several claims, only one of which is a Section 1983 claim to enforce the IDEA. Plaintiffs have also sought relief under the Rehabilitation Act, the Due Process Clause, and District of Columbia law. Complaint, paras. 98-113. Defendants have offered no reason as to why this suit may not be maintained against Superintendent Janey for violations of the Rehabilitation Act, Due Process Clause or District of Columbia law.

Finally, we note that defendants' argument that Superintendent Janey should be dismissed simply because the District of Columbia has also been sued produces of an absurd result. Under defendants' logic, a defendant who is otherwise proper would be entitled to dismissal simply because plaintiffs have sued other proper defendants.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Dismissal of Defendant District of Columbia Public Schools Superintendent Clifford Janey should be denied. A proposed order is attached.

Respectfully submitted,

_____/s/_____
BRUCE J. TERRIS (D.C. Bar No. 47126)
KATHLEEN L. MILLIAN (D.C. Bar No.412350)
SHINA MAJEED (D.C. Bar No. 491725)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005
(202) 682-2100


_____/s/_____
JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052


_____/s/_____
MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036

January 4, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*<br><br>Defendants. | Civil Action No. 05-1437 (RCL) |

## ORDER

Upon consideration of defendants' Motion for Dismissal of Defendant District of Columbia Public Schools Superintendent Clifford Janey, plaintiffs' opposition thereto, and the entire record herein, it is hereby

**ORDERED**, that defendants' Motion for Dismissal of Defendant District of Columbia Public Schools Superintendent Clifford Janey is denied.

_____                          _____
DATE                                                                    JUDGE ROYCE C. LAMBERTH