UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| D.L., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR DISMISSAL OF PLAINTIFFS' CLAIM
OF A VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

Defendants' dispositive motion and accompanying memorandum ("Def. Mem."), filed on November 16, 2005, demonstrated that this Court should dismiss the Second Claim in the Complaint, which alleges a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a).

In their Opposition to Defendants' Motion ("Pl. Opp."), filed December 16, 2005, Plaintiffs argue at great length that the Complaint should not be dismissed because they contend that they need not make out a prima facie claim of discrimination, nor plead "bad faith" or "gross negligence." See Pl. Opp., generally.

Defendants respond to Plaintiffs' arguments below and incorporate by reference the authorities cited in their Motion.

**ARGUMENT**

First, as explained in both Defendants' Motion and Plaintiff's Opposition, Section 504 prohibits discrimination based "solely" on a person's disability. Plaintiffs have never alleged that they experienced discrimination based on their disabilities. See Complaint

and Pl. Opp., generally. While Plaintiffs may not have to demonstrate a prima facie case in their Complaint, they do have to demonstrate that they are "entitled to relief." Fed. R. Civ. Pro. 8(a)(2). By not alleging that Defendants discriminated against them because of their disabilities, Plaintiffs miss the basic point of Section 504 of the Rehabilitation Act. Def. Mem. at 6-8.

In their Opposition, Plaintiffs harshly criticize the Court that decided *D.D. v. New York City Board of Education*, C.A. No. 03-2489, 2004 U.S. Dist. LEXIS 5189 (E.D.N.Y. 2004), 60-61, which dismissed a claim under Section 504. See Pl. Opp. at 4, n. 2. Curiously, in their September 1, 2005, Motion for Class Certification, Plaintiffs relied on the decision of that same court in that same case. See Pl. Mot. at 10, 13, 17. They apparently claim the right to cherry pick as they choose among the decisions they cite.

Notably, the analysis of the *D.D.* Court is in line with several Second Circuit court cases.[1] In the *D.D.* case, the Court dismissed a Section 504 claim because the plaintiffs failed to allege that they were discriminated against by reason of their disabilities. See Def. Mem. at 6-7. More specifically, the Court held that the plaintiffs, who were three to five years of age and residing in New York City, did not allege that they were denied the opportunity to benefit from services provided to non-disabled

---

[1] The *D.D.* case states that:
   Following a lengthy analysis of its own cases applying *Section 504 of the Rehabilitation Act*, the Second Circuit declared that:
      our cases speak simply in terms of helping individuals with disabilities *access public benefits to which both they and those without disabilities are legally entitled,* and to which they would have difficulty obtaining access due to disabilities; the cases do not invite comparisons to the results obtained by individuals without disabilities.
   [*Henrietta D. v. Bloomberg*, 331 F.3d 261, 274 (2d Cir. 2003)] (emphasis added) (citing *Dopico v. Goldschmidt*, 687 F.2d 644, 652 (2d Cir. 1982); *Rothschild v. Grottenthaler*, 907 F.2d 286, 292-93 (2d Cir. 1990)).
 2004 U.S. Dist. LEXIS 5189 (E.D.N.Y. 2004) at 58.

2

children of the same age.  See Def. Mem. at 6.  In New York City, like the District of Columbia, compulsory education begins at age five.  2004 U.S. Dist. LEXIS 5189, at 59, *citing* N.Y. Educ. Law § 4410(1)(i); D.C. Code §38-202.[2]  Because non-disabled children ages three through five years old are not entitled to educational services, Plaintiffs in the present case cannot demonstrate that they have been discriminated against for purposes of a Section 504 claim.

Further, Plaintiffs continue to fail to demonstrate the necessary additional requirement of "bad faith" or "gross misjudgment" by Defendants.  See Def. Mem. at 8-10.  Plaintiffs list several cases to demonstrate instances in which "courts have upheld Section 504 claims based on similar or less egregious facts."  Pl. Opp. at 13-15.  With the exception of *B.D. v. DeBuno*, 130 F. Supp. 2d 401 (S.D.N.Y. 2001), however, all of the cited cases can be distinguished from the present case because they involve allegations of gross misconduct or bad faith that occurred when the students were above the age of five, when all students—whether disabled or non-disabled—are entitled to schooling.  *R.B. ex rel. L.B. v. Board of Education*, 99 F. Supp. 2d 411 (S.D.N.Y. 2000); *Gabel ex rel. L.G. v. Board of Education*, 368 F. Supp. 2d 313 (S.D.N.Y. 2005); *McKellar ex. rel. Kim Johnson v. Pennsylvania Department of Education*, E.D.Pa, Civil Action No. 98-4161, 1999 U.S. Dist. LEXIS 2194, at * 13-14 (Feb. 23, 1999); *Butler v. South Glens Falls Central School District*, 106 F. Supp. 2d 414 (2000); *Stephen L. v. Lemahieu*, D. Haw., Civ. Action No. 00-00338, 2000 U.S. Dist. LEXIS 22305, at * 13, n. 9 (Oct. 18, 2000).

With regard to the *B.D.* case, the plaintiffs were children ages 3 through 5, and the court did not dismiss the Section 504 claim.  But this case is an *earlier* case in the same

---

[2]Guardians of children that turn five before December 31 of the current school year must enroll their children in school.  D.C. Code §38-202.

circuit as the *D.D.* case. It did not, and could not, take into account the Second Circuit *Henrietta D.* decision, which post-dated *B.D.* and provided the *D.D.* Court with its analysis of Section 504. Notably, the *B.D.* decision is in line with Defendants' distinction between the purposes of Section 504 and the Individuals with Disabilities Education Act. See Def. Mem. at 7-8. The *B.D.* Court states that, "[t]he Rehabilitation Act provides relief from discrimination, whereas IDEA provides relief from inappropriate educational placement decisions, regardless of discrimination. Thus the scope of protection afforded under the two statutes is different." *B.D. v. DeBuno*, *supra,* 130 F. Supp. 2d at 438 (internal citations omitted).

Throughout their Opposition, Plaintiffs incorrectly distinguish their case from those cases in which damages are sought. Pl. Opp., generally. As noted in Defendants' October 31, 2005, Opposition to Class Certification, which is here incorporated, Plaintiffs do seek monetary damages, as well as injunctive relief, even though they try to disguise their monetary damage claims with the label of "reimbursement" of out-of-pocket expenditures. See Defendants' Opp. at 17-19, citing *Eubanks v. Billington*, 110 F.3d 87, 94-95 (D.C. Cir. 1997). In their Complaint at Paragraph 6 of their prayer for relief, Plaintiffs seek "[a]n order requiring defendants to reimburse plaintiffs for the funds expended to obtain evaluations, special education and related services as a result of defendants' violations of federal law."

## **CONCLUSION**

This Court should dismiss the Second Claim in Plainttiffs' Complaint, which alleges a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) because Plaintiffs simply have not demonstrated that they are entitled to relief. Plaintiffs have not

4

been discriminated against solely on the basis of their disability, which is the very essence of a Section 504 claim.

          Respectfully submitted,

          ROBERT J. SPAGNOLETTI
          Attorney General of the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          **/s/ Edward P. Taptich**
          EDWARD P. TAPTICH [#012914]
          Chief, Equity Section 2

          **/s/ Daniel A. Rezneck**
          DANIEL A. REZNECK [#31625]
          Senior Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001

          **/s/ Eden I. Miller**
          EDEN I. MILLER [#483802]
          Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001
January 5, 2006          (202) 724-6614