UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L., *et al.*, | ) |
|     Plaintiffs, | ) |
| v. | ) Civil Action No. 05-1437 (RCL) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR DISMISSAL OF DEFENDANT DISTRICT OF COLUMBIA PUBLIC SCHOOLS SUPERINTENDENT CLIFFORD JANEY**

Defendants' dispositive motion and accompanying memorandum ("Def. Mem."), filed on December 8, 2005, demonstrated that this Court should dismiss Superintendent Clifford Janey from this case because he has been sued in his official capacity only, and because the District of Columbia Public Schools ("DCPS"), and therefore its officials sued in their official capacity, are *non sui juris*, making the proper defendant only the District of Columbia.

In their Opposition to Defendants' Motion ("Pl. Opp."), filed January 4, 2006, Plaintiffs argue at great length that Superintendent Janey is a proper defendant, pursuant to Fed. R. Civ. Pro. 20(a); and that Superintendent Janey can be sued in his official capacity under § 1983.

Defendants briefly respond to Plaintiffs' arguments below and incorporate by reference the authorities cited in their Motion.

## **ARGUMENT**

First, as explained in Defendants' Motion, the proper defendant in a § 1983 claim is the municipal government—not officials within that government. Def. Mem. at 3-5. Plaintiffs in the present case continue to fail to allege any facts specific to Superintendent Janey. Pl. Opp., generally; Pl. Complaint, generally. As such, the District of Columbia is the only properly named defendant.

Further, Plaintiffs suggest that Superintendent Janey must be a defendant because they seek injunctive relief. Pl. Opp. at 4. As indicated in Defendants' Motion, the District of Columbia Public Schools ("DCPS"), which includes its officials, is *non sui juris*. As such, DCPS, including the Superintendent, cannot be sued. Def. Mem. at 5, n. 1. In practical terms, the District of Columbia, which can be sued, can obligate DCPS to perform whatever relief—injunctive or otherwise—that this Court might deem appropriate in the present case.[1] As such, Superintendent Janey's presence as a named defendant accomplishes nothing.

Plaintiffs incorrectly argue that the " 'more relaxed approach' of [Fed. R. Civ. Pro.] 20(a)" should apply to the present case, rather than the established requirements for officials as defendants in both *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) and *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978). Pl. Opp. at 2-4; Def. Mem. at 4-5. Without pointing to any authority in this jurisdiction, Plaintiffs ask this Court to ignore established case law indicating that a suit against an official is a suit against the municipality. Pl. Opp. at 2-4; Def. Mem. at 3-4. Simply put, "because an official capacity against an individual [here Superintendent

---

[1] Superintendent Janey will no doubt have a role to play, should this Court determine that injunctive relief is appropriate. This alone, however, does not make him a proper defendant.

Janey] is the functional equivalent of a suit against the employer [here the District of Columbia], plaintiff's claims against the officers are redundant and an ineffective use of judicial resources." *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997) (Robertson, J.); *Robinson v. District of Columbia*, Civil Action No. 03-2082, 2005 U.S. Dist. LEXIS 36129 (D.D.C. 2005) (Kollar-Kotelly, J.) (quoting the *Cooke-Seales* Court at 28). Rule 20(a) is not a substitute for the requirement of suing a *sui juris* defendant, nor does it dispense with the Rule 8 requirement that some acts constituting a claim must be alleged against any defendant. None is alleged with respect to Superintendent Janey.

In their Opposition, Plaintiffs incorrectly distinguish their case from those cases in which damages are sought. Pl. Opp. at 9-13. As noted in Defendants' October 31, 2005, Opposition to Class Certification[2] (incorporated herein by reference), Plaintiffs do in fact seek monetary damages as well as injunctive relief, even though they try to disguise their monetary damage claims with the label of "reimbursement" of out-of-pocket expenditures. See Defendants' Opp. at 17-19, citing *Eubanks v. Billington*, 110 F.3d 87, 94-95 (D.C. Cir. 1997). In their Complaint at Paragraph 6 of their prayer for relief, Plaintiffs seek "[a]n order requiring defendants to reimburse plaintiffs for the funds expended to obtain evaluations, special education and related services as a result of defendants' violations of federal law."[3]

---

[2] Defendants also note this in their January 5, 2006, Reply to Plaintiffs' Opposition to Defendants' Motion for Dismissal of Plaintiffs' Claim of a Violation of Section 504 of the Rehabilitation Act. Def. Reply at 4.

[3] In Footnote 9 of their Opposition, Plaintiffs suggest that the present case may fall into an exception to the *Monell* requirement because they claim only prospective relief. Assuming *arguendo* that case law supports the existence of such an exception, Plaintiffs' Complaint seeks reimbursement for past expenses, which is a request for relief that is not prospective in nature.

## **CONCLUSION**

This Court should dismiss Superintendent Janey as a defendant in this case.

          Respectfully submitted,

          ROBERT J. SPAGNOLETTI
          Attorney General of the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          **/s/ Edward P. Taptich**
          EDWARD P. TAPTICH [#012914]
          Chief, Equity Section 2

          **/s/ Daniel A. Rezneck**
          DANIEL A. REZNECK [#31625]
          Senior Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001

          **/s/ Eden I. Miller**
          EDEN I. MILLER [#483802]
          Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
January 17, 2006          Washington, D.C. 20001