UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| DL,[1/] *et al.*, on behalf of themselves ) | |
| and others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1437 (RCL) |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE A SUR-REPLY TO
DEFENDANTS' MOTION FOR DISMISSAL OF THE COMPLAINT
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

On December 29, 2005, defendants filed their Reply to Plaintiffs' Opposition to Defendants'

Motion for Dismissal of the Complaint for Failure to Exhaust (hereafter "Defendants' Reply" or "Def.

Reply"). Plaintiffs move for leave to file a Sur-Reply to Defendants' Motion. Defendants consent

to this request.

Plaintiffs request the opportunity to file a Sur-Reply because defendants make several new

allegations that are either incorrect or that are unsupported by fact or law. Moreover, defendants' new

allegations could have been included in their initial brief rather than being withheld until their reply

brief.

First, defendants argue that the named plaintiffs' claims have become moot since the filing

of plaintiffs' complaint and the motion for class certification. Specifically, defendants argue that FD,

_____

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

1

TF, and DL have now received the relief they requested through administrative remedies. Def. Reply 6-7. Defendants also argue that DC and OUL no longer have Child Find claims. Def. Reply 8-10. Defendants should have made these arguments in their opening brief so that plaintiffs could have responded in their opposition.

If permitted to file a sur-reply, plaintiffs will show that even though this case was filed nearly six months ago, the named plaintiffs have not received the relief they requested. For example, contrary to defendants' representation (Def. Reply 8-10), named plaintiff FD has not received an appropriate chair, TF has not yet been fully evaluated, and DL and DC have not yet received appropriate IEP's or educational placements. OUL has been living in Maryland since December 2005, but would likely have retrospective claims, even if he does not return to the District of Columbia.

In any event, even if all of the named plaintiffs had received the relief they requested as of this writing (and they have not), their claims would fall within the well-recognized exception to mootness for claims that are of short duration or are capable of repetition, yet evade review. *See* 1 Newberg on Class Actions, sec. 2-19, at p. 93 (citing cases). Child Find claims are inherently of short duration and become moot once DCPS "finds" disabled children, namely by identifying, locating, evaluating, and offering them special education and related services.

Second, defendants argue that exhaustion should not be excused in this case because DCPS's administrative remedies are not "futile and inadequate." Def. Reply 2. Specifically, defendants argue that plaintiffs can enforce favorable administrative decisions or settlement agreements by filing an enforcement action in federal court, as permitted under this Court's order in *Blackman Jones v. District of Columbia*, 185 F.R.D. 4 (D.D.C. 1999). *See* Def. Reply 2-4. Defendants should have

presented their arguments against excusing exhaustion in their opening brief rather than waiting to make such arguments in their reply brief.

In any event, if permitted to file a sur-reply, plaintiffs will show that *Blackman Jones* actually supports plaintiffs' position that DCPS's administrative remedies are futile and inadequate. *Blackman Jones* was litigated precisely because DCPS's administrative procedures were ineffective, that is, even though plaintiffs won their due process hearings or negotiated favorable settlement agreements with DCPS, DCPS would refuse to comply with the decisions or agreements. This Court in *Blackman Jones* certified a class of plaintiffs seeking to enforce these decisions and agreements in federal court.

Third, defendants acknowledge that as a general rule, only one named plaintiff needs to exhaust his or her administrative remedies in a class action. Def. Reply 7-8. However, defendants argue that this rule does not apply here because this Court has not yet certified the plaintiff class in this case. *Ibid.* Again, defendants could have easily raised this argument in their opening brief.

As plaintiffs will show in their sur-reply, the rule that only one named plaintiff needs to exhaust his or her administrative remedies applies in class actions and non-class cases alike. Contrary to defendants' representation (Def. Reply 8), this rule is not limited to only those cases in which a court has granted a motion for class certification. *See, e.g., Foster v. Gueory*, 655 F.2d 1319, 1322-1323 (D.C. Cir. 1981) (after lower court denied class certification in a Title VII case, the court of appeals held that three employees who had not exhausted their administrative remedies could nevertheless intervene as plaintiffs because one of the original plaintiffs had already exhausted administrative remedies).

Finally, defendants argue that plaintiffs cannot establish a "policy, pattern, or practice" of

Child Find violations because "for the past three years, DCPS has had a 'policy' and 'practice' of improving its [sic] the Child Find procedures, as well as coming into compliance with the IDEA overall, under the watchful eye of OSEP. If systemic problems existed three years ago, they either have been corrected or are in the process of being remedied." Def. Reply 6. Defendants provide no documentary support for this allegation and represent that they would be filing a Supplemental Reply with these supporting materials some time in the future. Def. Reply 6, n. 4. Defendants have known since the filing of plaintiffs' putative class action complaint in July 2005 that plaintiffs alleged a "policy, pattern, and practice" claim under 42 U.S.C. 1983. *See* Complaint, paras. 1, 3-4, 96. Defendants therefore should have raised these arguments in their opening brief.

Moreover, although their reply was due on December 29, 2005, on January 17, 2006, defendants filed Defendants' Supplement to Their December 29, 2005 Reply to Plaintiffs' Opposition to Defendants' Motion for Dismissal of the Complaint for Failure to Exhaust Administrative Remedies (hereafter "Defendants' Supplemental Reply"). Defendants' Supplemental Reply contains 105 pages of new exhibits in support of their argument that DCPS does not have a "policy, pattern and practice" of failing to comply with its Child Find obligations. Plaintiffs are filing with this motion their Motion to Strike Defendants' Supplement to Their December 29, 2005 Reply to Plaintiffs' Opposition to Defendants' Motion for Dismissal of the Complaint for Failure to Exhaust Administrative Remedies. Not only is Defendants' Supplemental Reply untimely, but it also should not be considered because a court must accept as true plaintiffs' allegations regarding the existence of a policy, pattern and practice for purposes of a motion to dismiss.

In any event, if the Court determines that these documents are timely and appropriate, plaintiff would like the opportunity to file a sur-reply.

4

## CONCLUSION

For the foregoing reasons, plaintiffs request the opportunity to file a Sur-Reply to Defendants'

Motion for Dismissal of the Complaint for Failure to Exhaust Administrative Remedies.  A proposed

Order is attached.

Respectfully submitted,

_____/s/_____
BRUCE J. TERRIS (D.C. Bar No. 47126)
SHINA MAJEED (D.C. Bar No. 491725)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005

JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052

MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036

January 20, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                  )
DL, *et al.*, on behalf of themselves             )
and others similarly situated,                    )
                                                  )
                        Plaintiffs,               )
                                                  )
            v.                                    )          Civil Action No. 05-1437 (RCL)
                                                  )
THE DISTRICT OF COLUMBIA, *et al.*                )
                                                  )
                        Defendants.               )
_____           )

**ORDER**

Upon consideration of Plaintiffs' Consent Motion for Leave to File a Sur-Reply to Defendants' Motion for Dismissal of the Complaint for Failure to Exhaust Administrative Remedies, and the entire record herein, it is hereby

ORDERED, that plaintiffs' Consent Motion is granted; it is further

ORDERED, that plaintiffs' Sur-Reply shall be filed within 15 days of its decision on Plaintiffs' Motion to Strike Defendants' Sur-Reply.

_____                              _____
DATE                                        JUDGE ROYCE C. LAMBERTH