UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| D.L., *et al.*,  )<br>  )<br>         Plaintiffs,  )<br>  )<br>    v.    )<br>  )<br>DISTRICT OF COLUMBIA, *et al.*,  )<br>  )<br>         Defendants.  )<br>  ) | Civil Action No. 05-1437 (RCL) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS'
SUPPLEMENT TO THEIR DECEMBER 29, 2005, REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION FOR DISMISSAL OF THE
COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**INTRODUCTION**

Defendants respectfully oppose Plaintiffs' January 20, 2006, Motion to Strike Defendants' Supplement to their December 29, 2005, Reply to Plaintiffs' Opposition to Defendants' Motion for Failure to Exhaust Administrative Remedies ("Pls. Mot.").

Plaintiffs' counsel is pursuing extraordinary litigation tactics on Defendants' Motion to Dismiss the Complaint.  Simultaneously, they filed a Motion to File a Surreply *with our consent* and a Motion to Strike Defendants' January 17, 2006, Supplement.  Their motion is without basis in law, and such gamesmanship serves only to impede this Court's decision on the merits of the Motion to Dismiss.

**ARGUMENT**

As the undersigned counsel had previously informed Plaintiffs' counsel, Defendants have no objection to Plaintiffs' request to file a Surreply in response to Defendants' Reply.  The Court should have all relevant arguments before it.  For the

same reason, Defendants strenuously oppose Plaintiffs' simultaneous Motion to Strike Defendants' Supplement.

**I.     In moving this Court to strike Defendants' Supplement, Plaintiffs incorrectly interpret the Federal Rules of Civil Procedure.**

Plaintiffs wrongly contend that Defendants should have sought leave of this Court before filing their Supplement. See Pls. Mot. at 2. Plaintiffs cite no basis for this assertion, although they do refer to the time limit for filing a reply. However, Defendants *did* timely file their Reply on December 29, 2005. And the Supplement, anticipated by Defendants' Reply (see Defendants' Reply, at 5, n. 4) and which does not contain any argument, could be filed at any time without leave of the Court. Rule 15(d), entitled "Supplemental *Pleadings*" (emphasis supplied), provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental *pleading* setting forth transactions or occurrences or events which have happened since the date of the *pleading* sought to be supplemented. Permission may be granted even though the original *pleading* is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental *pleading*, it shall so order, specifying the time therefore. [Emphasis supplied].

The meaning of "pleading" is not left to the imagination under the Federal Rules. Rule 7 is entitled "Pleadings Allowed; Form of Motions." Rule 7(a), entitled "Pleadings," provides:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Rule 7(b) then goes on to describe "Motions and Other Papers," making a clear distinction between "Pleadings" and "Motions and Other Papers." Thus, Rule 15(d) is precise in using the term "Pleadings" as to supplemental documents for which leave of court must be sought by motion. There is no requirement in Rule 15(d) requiring a motion and leave of court to file motions and other papers, or supplemental memoranda or materials relating to them. If the framers of the Rules had wanted to impose such a requirement or limitation on supplemental memoranda relating to pending motions and other papers, they would have done so. They did not.

There is absolutely no ambiguity in the Rules. If Plaintiffs had read the Rules, they would not be contending that Defendants must seek leave of this Court to supplement their Reply.

**II.     Defendants' Supplement did not contain any new arguments and was not a surprise to Plaintiffs.**

Defendants' Supplement was supplied to provide this Court with documents referenced either directly or indirectly in the Declaration of Karen Griffin, which was filed as part of Defendants' Reply. Ideally, Defendants would have had all of the documents available at the time of the filing of their Reply, but due to the holidays and the unavailability of key staff members, this was not possible. See Defendants' Reply, at 5, n. 4. Defendants apprised this Court and Plaintiffs of this situation in their filing—Plaintiffs have not been surprised by Defendants' Supplement. Further, Defendants have raised no new issues in their Supplement. The Supplement merely supports what Ms. Griffin has already attested to in her declaration.

### III. Defendants' Reply and Supplement were necessary to address incorrect assertions in Plaintiffs' Opposition.

In their Motion, Plaintiffs wrongly suggest that Defendants' Supplement is not relevant to Defendants' Motion to Dismiss. See Pls. Mot. at 2. Defendants submitted Ms. Griffin's Declaration (and the supporting documents) to address inaccurate allegations raised by Plaintiffs in their Opposition. See Defendants' Reply, at 4-6. As such, the Reply and the Supplement are appropriately before this Court.

### CONCLUSION

For the above reasons, this Court should deny Plaintiffs' Motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Daniel A. Rezneck**
DANIEL A. REZNECK [#31625]
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

January 31, 2006