UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
DL,[1/]  *et al.*, on behalf of themselves          )
and others similarly situated,                      )
                                                    )
              Plaintiffs,                           )
                                                    )
       v.                                           )          Civil Action No. 05-1437 (RCL)
                                                    )
THE DISTRICT OF COLUMBIA, *et al.*                  )
                                                    )
              Defendants.                           )
_____)

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE DEFENDANTS' SUPPLEMENT TO THEIR DECEMBER 29, 2005,
REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR DISMISSAL OF
THE COMPLAINT FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES**

       On December 29, 2005, defendants filed their Reply in Support of Defendants' Motion for

Dismissal of Plaintiffs' Complaint for Failure to Exhaust Administrative Remedies (hereafter

"Defendants' Reply").  On January 17, 2006, defendants filed a supplement to their Reply (hereafter

"Defendants' Supplemental Reply").   Defendants filed their Supplemental Reply without seeking

leave of the Court and without requesting an extension of time within which to complete the briefing

of their Reply.  On January 20, 2006, plaintiffs moved to strike defendants' Supplemental Reply as

irrelevant and untimely (hereafter "Plaintiffs' Motion to Strike").  Defendants opposed plaintiffs'

motion on January 31, 2006 (hereafter "Defendants' Opposition").  Plaintiffs submit the following

reply.

_____
[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

1

**I**

## DEFENDANTS' SUPPLEMENTAL REPLY SHOULD BE STRICKEN BECAUSE IT IS IRRELEVANT TO DEFENDANTS' MOTION TO DISMISS

Defendants argue that their Supplemental Reply is necessary to rebut "inaccurate allegations" in plaintiffs' papers. Defendants' Opposition 4. Specifically, defendants argue that their Supplemental Reply is necessary to rebut plaintiffs' allegations that the District of Columbia Public Schools ("DCPS") has a "policy, pattern, and practice" of failing to comply with its Child Find obligations under federal and District of Columbia law. *See* Defendants' Reply 5.

It is axiomatic that the Court does not evaluate the "accuracy of allegations" on a motion to dismiss under Rule 12(b)(6). Rather, on a motion to dismiss, plaintiffs' allegations, including allegations regarding the District of Columbia's policy, pattern, and practice of Child Find violations, must be accepted as true. *See Phillips v. Bureau of Prisons,* 591 F.2d 966, 968 (D.C. Cir. 1979). Thus, the Supplemental Reply is not relevant to defendants' motion to dismiss.

Moreover, defendants' motion to dismiss seeks to dismiss plaintiffs' case based on the purported failure of the named plaintiffs to exhaust administrative remedies. By contrast, defendants' Supplemental Reply addresses the merits of the putative class's Child Find claims, namely defendants' policy, pattern or practice of failing to identify, locate, evaluate, and offer special education to preschool children in the District of Columbia. The Supplemental Reply comprises detailed factual information about the operation and performance of DCPS's Office of Special Education. The exhibits include an affidavit from Karen Griffin, Special Assistant of DCPS, Office of Special Education. They also contain DCPS's Self-Assessments, Office of Special Education Monitoring Reports, and DCPS Improvement Plans. While this detailed factual information may be relevant to a motion for summary judgment on plaintiffs' claims or during trial, it is irrelevant to a

2

motion to dismiss for failure to exhaust administrative remedies.

Contrary to defendants' suggestion (Defendants' Opposition 1-2), the opportunity for a Sur-Reply would not cure the prejudice to plaintiffs that might result if defendants' Supplemental Reply were not stricken. The Supplemental Reply contains numerous documents and an affidavit that purport to establish that DCPS is in full compliance with federal law on Child Find, and that whatever problems may have existed, have now been corrected. In order to rebut these contentions, plaintiffs would need discovery, including the opportunity to depose Ms. Griffin, have an expert review the reports submitted by DCPS, and counter defendants' conclusions with empirical data generated from DCPS's own databases. It would be a waste of the Court's and plaintiffs' time and resources to do this, when such information is irrelevant to defendants' motion to dismiss.

Accordingly, because the Supplemental Reply is irrelevant to defendants' motion to dismiss, it should be stricken.

## II

## DEFENDANTS' SUPPLEMENTAL REPLY SHOULD BE STRICKEN AS UNTIMELY

In their opposition, defendants do not deny that they did not request an extension of time to file their Supplemental Reply and thereby complete briefing on their Reply. Rather, they claim that they may file supplemental briefing at any time and without leave of the Court. *See* Defendants' Opposition 2 (Defendants' Supplemental Reply "could be filed at any time without leave of court"). They argue that the Federal Rules of Civil Procedure contains no rule expressly barring or limiting parties from filing supplemental briefing and that therefore supplemental briefing may be filed at their discretion. *Ibid.*

The Rules of this Court specifically provide the deadlines for filing motions, oppositions, and

replies.  Parties have five days to file a reply brief.   *See* Local Civil Rule 7(d).  This deadline

obviously means that the entire brief, including affidavits and attachments, must be filed within five

days.  A party cannot delay filing the supporting documents for its brief until whatever date it

chooses.  Parties of course can seek an extension of time if they cannot comply with the deadline in

the Rules.   *See* Federal Rule of Civil Procedure 6(b).  What they may not do is simply ignore the

deadlines or seek to avoid them by filing an incomplete brief within the deadline and a complete brief

after the deadline has passed, without first seeking this Court's approval.  *See Lujan v. National*

*Wildlife Federation*, 497 U.S. 871, 894-897 &  n. 5 (1990) (there was no abuse of discretion to refuse

affidavits that were untimely pursuant to Rule 6(d), when party did not show cause, file Rule 6(b)

motion for extension of time, or demonstrate excusable neglect); *Association of American Physicians*

*and Surgeons v. Clinton,* 837 F. Supp. 454, 457 (D.D.C. 1993)(granting motion to compel because

"the proper response by the government would have been to file its incomplete information and move

to enlarge time for filing its complete answer, with an estimate of how much time would be needed.

Instead, the government decided it would file an incomplete answer and then supplement it whenever

it pleased, effectively divesting this court of control over the discovery process and ensuring that

during the briefing process on the motion to compel the government would continue to produce

dribbles and drabs of information at its convenience"); *Vaughn v. Krehbiel*, 367 F. Supp. 2d 1305,

1307 (D. Colo. 2005) (denying plaintiff's request for leave to file supplement "as no good cause has

been shown to justify additional briefing on the Motion to Dismiss. * * * [A]ny future filing of a sur-

reply or supplemental brief without prior leave of the Court may be considered frivolous and

vexatious conduct and may result in the imposition of sanctions, up to and including an award of

attorney's fees to the Defendants, the striking of claims, or the dismissal of this action"); *cf. Center*

4

*for Energy & Economic Development v. EPA*, D.C. Cir., Civ No. 03-1222, 2004 U.S. App. LEXIS 13571(June 29, 2004) (per curiam) (referring to merits panel petitioner's motion for leave to supplement its brief).

As these cases show, leave of the court is required for supplemental briefing after the expiration of briefing deadlines. If defendants' position were adopted (*i.e.*, that supplemental briefing may occur at any time without leave of the Court), the time parameters set forth in the Federal Rules of Civil Procedure and in the Local Rules would become meaningless. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines"). Moreover, defendants' position disrespects the authority of the Court to manage its cases in a manner to secure the "just, speedy, and inexpensive determination of every action" under Federal Rule of Civil Procedure 1. *See Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994) (judge must run court, set agenda, and manage crowded dockets; court must ensure compliance with time parameters to avoid chaos).

Finally, defendants' argument that Rule 15 supports their position is erroneous. *See* Defendants Opposition 2. Defendants devote most of their opposition to the argument that Rule 15 does not apply in this case, and that therefore, they may file supplemental motions at any time and without leave of the Court. *Id.* at 2-3. Defendants' argument is frivolous. Rule 15, on its face, only governs amendments of pleadings (*i.e.,* complaints and answers), and not motions or other filings. Of course it does not apply here. It makes no sense for defendants to point to a Rule that obviously

does not apply and then argue that because it does not apply, their position must be correct.

Accordingly, defendants may not ignore time deadlines or file additional briefing without first seeking leave of the Court. Because defendants' Supplemental Reply was untimely and filed without leave of the Court, it should be stricken.

### III

### DEFENDANTS' SUPPLEMENTAL REPLY SHOULD BE STRICKEN BECAUSE IT RELATES TO AN ARGUMENT MADE FOR THE FIRST TIME IN DEFENDANTS' REPLY BRIEF

Finally, as plaintiffs stated in their initial brief (Plaintiffs' Motion to Strike 2) and in their Motion for Leave to File a Sur-Reply (Dkt #36), defendants' Supplemental Reply consists entirely of information in support of an argument made for the first time in defendants' Reply. Defendants argued for the first time in their Reply that plaintiffs' case should be dismissed because DCPS does not have a "policy, pattern, and practice" of Child Find violations and because all prior Child Find problems have now been corrected. *See* Defendants' Reply 4-6. Defendants should have included this argument in their motion to dismiss, rather than waiting to raise it in their Reply. Defendants do not dispute that they raised this argument for the first time in their Reply. Therefore, the Supplemental Reply should be stricken on that basis alone. *See, e.g.*, *Presbyterian Medical Center of the University of Pennsylvania Health Systems v. Shalala*, 170 F.3d 1146, 1152 (D.C. Cir. 1999) (court need not consider an argument raised for the first time in reply brief); *Norwood v. FERC*, 962 F.2d 20, 25 (D.C. Cir. 1992) ("because the petitioner did not preserve the argument in its opening brief, we reject as untimely the petitioner's attempt to raise the point in its reply brief").

**CONCLUSION**

For the foregoing reasons and for the reasons stated in plaintiffs' initial brief, plaintiffs request

that the Court strike Defendants' Supplemental Reply.


Respectfully submitted,


_____/s/_____
BRUCE J. TERRIS (D.C. Bar No. 47126)
SHINA MAJEED (D.C. Bar No. 491725)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005

JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052

MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036


February 8, 2006