UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DL [1]/ *et al.*, on behalf of themselves and others similarly situated, ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| v. ) ) | Civil Action No. 05-1437 (RCL) | |
| THE DISTRICT OF COLUMBIA, *et al.* ) ) | | |
| Defendants. ) ) | | |

**PARTIES' JOINT MOTION TO AMEND THE SCHEDULING ORDER**

Pursuant to Rules 6(b) and 26 of the Federal Rules of Civil Procedure, the parties respectfully move this Court for an extension of time for completion of fact discovery from the present cutoff date in early April 2006 until September 30, 2006, and for an extension of time for completion of expert discovery until 90 days after the completion of fact discovery.

The Court's present Scheduling Order, a copy of which is attached hereto, was entered pursuant to a consent agreement of the parties. The Scheduling Order provided that fact discovery would close "180 days after the date of this Order." That would be either April 5 or April 9, 2006, depending on whether the deadline is computed from the date the Court signed the order (October 7, 2005) or from the date it was filed on the docket (October 11, 2005). Expert discovery closes 90 days after the close of fact discovery, which would be July 4 or July 8, 2006, depending on the date used to compute the deadlines.

The parties have conferred and agree that they will not be able to complete discovery by these

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

1

dates. In light of several outstanding issues, the parties request that fact discovery close on September 30, 2006, and that expert discovery close 90 days after the close of fact discovery. The new proposed schedule follows the structure of the scheduling order and makes no changes in it except as to the dates for the completion of fact and expert discovery. The reasons for the extension are as follows:

1. Plaintiffs' motion for class action certification, which was filed on September 1, 2005, is pending before the Court. Defendants opposed plaintiffs' motion. The parties disagree as to whether the resolution of this motion dictates the scope of discovery.

Defendants believe that the determination of the motion for class certification should dictate the scope of discovery because it will determine the contours and magnitude of the case and the issues that will have to be litigated. Defendants believe that until such motion is decided, discovery should be limited to the six named plaintiffs who brought the action through their representatives, and that if the motion is denied, discovery can be narrowed and planned accordingly.

Plaintiffs do not believe that the resolution of their motion for class certification will significantly affect the scope of discovery. Plaintiffs also believe that because they have a pattern and practice claim under 42 U.S.C. 1983, they are entitled to obtain discovery on issues beyond the six named plaintiffs, even if class certification motion were not granted. Therefore, plaintiffs contend that they are entitled to pattern and practice discovery even though the Court has not resolved the motion for class certification. The parties are attempting to resolve this disagreement. If resolution is not possible, the parties will seek this Court's intervention.

Under either scenario, the parties believe that completion of fact discovery under the present deadline, which is only about two weeks away, is impractical. The parties cannot complete essential

discovery within this limited time since paper discovery is not completed and depositions have not yet begun.

2. The parties have worked diligently throughout the discovery period to produce document discovery on non-disputed issues. To date, the parties have produced several thousands of pages of documents. Although the parties have conferred in an effort to resolve the remaining discovery disputes arising from the production of documents, some disputes may not be resolved, even after this Court's decision on the class certification motion. Accordingly, the parties will likely need this Court's intervention.

3. Because document production is not completed, depositions have not yet begun. The requested extension will enable the parties to plan and take their depositions, making allowance for the schedules of both plaintiffs' and defendants' witnesses, and for the scheduling of the depositions of DCPS personnel during the time when the schools are not in session.

4. The extension will also allow the parties time to identify and work with expert witnesses. Both sides anticipate presenting experts in this case. The experts will need to review thousands of pages of documents and deposition testimony in order to prepare their reports. Since this is an equity suit, to be tried to the Court if trial is necessary, both sides wish to offer as complete a presentation to the Court as they can, a task that is not possible under the present discovery schedule. Judicial efficiency in administering the case will be promoted by the extension.

For these reasons, we respectfully request the Court to grant the extension. A proposed order accompanies this motion. As we have indicated, in all other respects the present scheduling order will remain in effect.

Respectfully submitted,

| | |
|---|---|
| /s/<br>BRUCE J. TERRIS (D.C. Bar No. 47126)<br>SHINA MAJEED (D.C. Bar No. 491725)<br>Terris, Pravlik & Millian, LLP<br>1121 12th Street, N.W.<br>Washington, DC  20005-4632<br>(202) 682-2100 | /s/<br>DANIEL A. REZNECK [#31625]<br>Senior Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, DC 20001<br>(202) 724-5691 |
| /s/<br>JEFFREY S. GUTMAN<br>(D.C. Bar No. 416954)<br>The George Washington<br>University Law School<br>2000 G Street, N.W.<br>Washington, DC 20052 | /s/<br>EDEN I. MILLER [#483802]<br>Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, DC 20001<br>*Attorneys for Defendant* |
| /s/<br>MARGARET A. KOHN<br>(D.C. Bar No. 174227)<br>Attorney at Law<br>1320 19th Street, N.W., Suite 200<br>Washington, DC 20036<br>*Attorneys for Plaintiff* | |

March 28, 2006