TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
SARAH A. ADAMS

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
LARA CARTWRIGHT-SMITH
LEMUEL B. THOMAS
ALICIA C. ALCORN
SHINA MAJEED
SARA L. FAULMAN*

———
MONICA WAGNER
LYNN E. CUNNINGHAM
Of Counsel

*Not Admitted D.C. Bar

BY ELECTRONIC MAIL ONLY

February 27, 2006

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

      Re: *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

  We write to follow-up on several items discussed in your letter of February 22, 2006, in which you explain the status of Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents ("Defendants' Responses").

  First, we are concerned about the piece-meal nature of defendants' responses. Under the Federal Rules of Civil Procedure, defendant's responses were due on January 27, 2006. On January 30, 2006, you invited us to inspect documents at your office, which we did on February 1, 2006. You did not inform us at that time that your document production was only partial. However, your February 22 letter now makes clear that we have not received a significant portion of the document responses almost a month after the deadline.

  In your February 22 letter, you state that there are 1,000 additional pages of documents that you know of that you did not produce to us on February 1, 2006. You also state that you "are still awaiting additional documents from the clients," including from "three separate agencies of the District of Columbia-DCPS, DHS, and DOH," and that "you are not representing at this point that [you] have produced available, responsive information." Your letter did not provide the date by when you plan to complete your document production and make all responsive documents available to us.

Plaintiffs' Exhibit 3

As you are aware, if a party cannot complete document production by the deadlines set by the Federal Rules of Civil Procedure, it must ask the Court for an extension of time within which to complete the response. We would have consented to a reasonable extension. What a party cannot do is to produce some documents by the deadline and then produce the bulk of the documents on a rolling basis without seeking an extension of time from the Court and without providing a date by when production will be completed.

Fact discovery is set to close on April 5, 2006. Your document production thus far has prolonged the first phase of discovery and makes it impossible to begin other phases of discovery, such as depositions, which depend on completion of the document production. Plaintiffs would like to know as soon as possible when defendants plan to complete their document production. Unless defendants have a convincing reason for a longer extension, this date should not be after March 13. We note that even this date is 45 days after the original deadline of January 27.

Plaintiffs also request that defendants seek an extension of time from the Court to complete their Document Responses, regardless of what deadline defendants propose. We insist on this procedure so that the extension is subject to a deadline enforceable by the Court. Unless defendants immediately agree to seek such an extension from the Court, plaintiffs intend to file a motion to compel.

Second, as we requested in our prior letter, please identify which documents are responsive to each of our document requests. You claim that, even though defendants did not label or organize documents to correspond to our document requests, defendants complied with Rule 34(a) because defendants produced documents as "kept in the regular course of business." However, defendants did not produce the documents as kept in their regular course of business. Defendants produced several bundles of documents comprising papers taken from multiple files and multiple locations. Defendants did not produce the files themselves. Nor did defendants identify the name, source, or location of the files from which the documents were obtained. Many documents were incomplete and undated, and the source, author, or location of the documents were unknown. The documents were not ordered or bates-numbered. Defendants' method of production clearly did not comport with Rule 34(a).

Third, as we requested in our prior letter, please identify which general objections, including General Objections 1, 2 and 7, apply to each of our document requests. Because defendants have failed to identify which objections apply to each of our requests, we have no way of knowing whether defendants have refused to produce information responsive to a particular request because of an objection or because such information is not available.

Fourth, you stated in your February 22 letter that defendants are not producing any information that pre-dates 2003 or that does not involve one of the six named plaintiffs because the class has not yet been certified (p. 2). It is plaintiffs' position that regardless of whether the class is certified, the information we request is relevant because we have asserted a policy, pattern, and practice claim under 42 U.S.C. 1983. Evidence relating to other children is clearly relevant whether

2

or not the Court certifies a class action since such evidence relates to defendants' policies, pattern, and practice. If defendants have treated other children illegally, this supports a conclusion that they similarly treated plaintiffs illegally.

Moreover, evidence originating four to five years before the complaint was filed is also relevant. January 2003 is approximately two and half years before the complaint was filed. Again, regardless of whether the court certifies a class action, plaintiffs are entitled to discovery over a period longer than two and a half years, particularly because of the policy, pattern, and practice claims.

If we cannot agree on the points discussed above, we will have to file a motion to compel. We request that you let us know by March 2, 2006, if you will continue to withhold this information and assert these objections.

Finally, we are pleased to hear that the documents we selected on February 1, 2006, are now copied, bates stamped, and available for pick-up by our messenger. We will have a messenger pick up these documents on Tuesday, February 28, 2006, in the afternoon. Please let us know if this time and date is convenient for you. Please also let us know when defendants plan to furnish us with an index of these documents and when defendants plan to identify which of these documents are responsive to each of our document requests. We look forward to hearing from you.

You indicated in your letter of February 22 that you are available to discuss these issues. If you still want to discuss them, I can be reached at (202) 682-2100, ext. 109.

    Very truly yours,

    /s/

    Shina Majeed
    *Counsel for Plaintiffs*

cc:    Jeffrey S. Gutman
       Margaret A. Kohn