EXHIBIT B

March 2, 2006

Shina Majeed, Esq.
Terris, Pravlik & Millian, LLP
1121-12th Street, N.W.
Washington, D.C. 20005-4632

Re: <u>DL v. District of Columbia,</u> D.D.C. Civ. Act. No. 05-1437(RCL)

Dear Ms. Majeed,

This is to respond to your letter of February 27, 2006. I have responded to your points in the order in which you make them in your letter.

1. I really believe that we will make much more progress in this litigation by concentrating on the substance and the merits of the case, rather than arguing about the meaning of the Federal Rules of Civil Procedure. Rule 34 requires a <u>Response</u> within 30 days, not production. We served you with our Response on January 27, 2006, precisely 30 days after receiving your Rule 34 Request. The Response was in full compliance with Rule 34.

   We are endeavoring to make full production as rapidly as possible. Your objections in that regard are not well taken. There is no deadline in Rule 34 for production, only for the service of a Response. A rolling production is customary. Indeed, the Federal Rules specifically contemplate supplemental disclosures. See Rule 26(e). I note that 37 days elapsed between your first and second production of documents to us. It would never have occurred to me to complain about that interval. The important thing is that the production was made. As I told you in my February 22, 2006 letter, we are interacting with three separate agencies of the D.C. government in searching for and collecting documents. I assume that you want us to continue that process, and we will do so.

2. Likewise, there is no point in our arguing about whether we produced documents "kept in the regular course of business." As I stated in my letter, we are going to furnish you with an index keyed to the specifications of your Request. I hope to have it to you by close of business Friday. Since Rule 34(b) is in the disjunctive, not the conjunctive, as long as we comply with either section of the Rule, you have no ground for complaint.

3. I think our Response and my letter of February 22, 2006 made clear that our objections, for example, General Objections 1 and 2, apply across the board to your Requests. With respect to General Objection 7, if our index does not contain documents keyed to a particular specification of the Request, you may assume that we have not located any documents falling within that specification

and therefore cannot produce them, subject of course to our continuing search for and production of documents which may be responsive.

4. In response to your point that we have not produced documents about individual children other than the six named plaintiffs, I would observe that neither have you. Indeed, you have specifically objected to producing information about unnamed class members on the ground that such a request is "overly broad and calls for information not related to this litigation." See page 5 of your Response to specification 5 of our Rule 34 Request. It may be that we can usefully discuss each other's position on this and other issues at the conference that is required before either of us files motions to compel. With respect to the time period to which we have objected, if you were seeking damages---which you repeatedly insist you are not---there might be an argument for going back at least to the beginning of the applicable statute of limitations period. But since your claim is for prospective relief, I think that going back more than two and a half years before you filed your complaint should be more than sufficient for you to attempt to show a pattern and practice. With all respect, I suggest that if you cannot make your case on the voluminous documentation you have collected and we have already produced, you may not have a case to make.

5. With respect to motions to compel, since we may each have such motions and a pre-filing conference is mandatory under the Rules, I would like to suggest that we schedule such a conference. I am available Monday, Tuesday, and Friday of next week and Monday through Wednesday of the following week. Let me know what would be convenient for you and your colleagues. Such a meeting, conducted in a spirit of good will and mutual cooperation, may resolve some, if not all, of the differences between us. In my judgment, it is better to meet than continuing to communicate through letters which assume more of an adversarial character than is necessary or justified. I am a great believer in the ability of counsel to work out procedural differences and difficulties, and I am sure the Court would want us to do that before invoking its auspices.

Please call me at 724-5691 if you want to set up a meeting. I will try to accommodate you as to time and place.

Sincerely yours,

_/s/_____
Daniel A. Rezneck