EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 05-1437 (RCL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## <u>DECLARATION OF GAYLE AMOS</u>

I, Gayle Amos, do hereby declare and state as follows:

1.   My name is Gayle Amos.  I am the Assistant Superintendent for Differentiated Learning for the District of Columbia Public Schools ("DCPS").  I have held this position since May 16, 2006.

2.   My job responsibilities include, but are not limited to, oversight of the Office Special Education, bilingual education, advanced programs, and extended programs (i.e. after-school and summer school programs).

3.   In my position, I supervise and monitor the Office of Special Education, which includes the Early Childhood identification of children ages 3 years through 5 years with special needs.

4.   To provide specific information on each student that has gone through the eligibility process during the ages of 3 years to 5 years would be overly burdensome for the Office of Special Education to supply.

5.   From January 1, 2003, through January 1, 2006, DCPS made special education eligibility determinations for 1,538 students within the age range of 3 years to 5 years.[1]

6.   From January 1, 2000, through the present, it can be estimated that about 3,332 students had eligibility determinations within the age range of 3 years to 5 years.

---

[1] DCPS does not have statistical information regarding the number children living in the District of Columbia between the ages of 3 years and 5 years because mandatory schooling does not begin until age five.

7.      A conservative estimate of the average number of documents that DCPS would have to produce on each specific student would be about 100 pages.

8.      Each student's folder may contain such documents as evaluations, anecdotal notes, progress reports, report cards, Individualized Educational Programs, medical records, and psychiatric reports.  Notably, as time passes the amount of documents in each folder would increase.

9.      Given that there are approximately 3,332 students who have been determined eligible for special education services (See ¶ 6), production for these students would generate roughly 333,200 pages of material.

10.     Additionally, student records are not all centrally located.  Early Childhood records may be housed at the C.A.R.E. ("Centralized, Assessment, Referral, and Evaluation") Center, individual Head Start programs, the DCPS Central Office, and the local schools.

11.     The already difficult task of gathering records would be complicated even more because the majority of students from 2000 through the present have continued to age outside of the 3 through 5 year age range, and their records would have transferred to each local school of attendance.

12.     To gather and produce these records would require DCPS to devote a significant amount of staff and would drain DCPS' already strained resources.

13.     Further, such document production would require hundreds of hours of staff time.

14.     I make this declaration upon personal knowledge, information and belief.  I would testify consistent herewith if called to testify.

I declare under penalty of perjury that the foregoing is true and correct.  **Executed on July 31, 2006.**


**/s/**
Gayle Amos, Ph.D
Assistant Superintendent, DCPS