UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| D.L., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1437 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO COMPEL DISCOVERY
PRODUCTION OF DOCUMENTS BY PLAINTIFFS**

Defendants respectfully move this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order compelling the plaintiffs to produce the following documents, to the production of which plaintiffs have objected:

1. "All documents relating to . . . (2) Any other members of the class defined by plaintiffs in paragraph 68 of the Complaint and their motion for class certification (hereafter "class members")," as requested in Document Request 5 served by defendants on November 9, 2005 (hereinafter cited as "Document Request").

2. "All signed or unsigned written statements relating to any of the claims in the Complaint made or given by . . . (b) Any class members, their family members, their present and former agents, representatives, servants employees, or attorneys," as requested in Document Request 27(b).

3. "All written statements, signed or unsigned, of all class members and/or all witnesses to any of the claims in the Complaint and/or copies of all substantially verbatim, written transcriptions of all oral statements of such class members and/or

witnesses taken on a recording device, or by any other means, which are in the possession, custody, or control of the plaintiffs and/or the plaintiffs' attorneys, past and present," as requested in Document Request 30.

4. "All written communications of any type between or among the following parties relating to any of the claims in the Complaint: (a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys; (b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys; (c) The District of Columbia, its present and former agents, representatives, servants, employees, or attorneys; (d) Any other persons," as requested in Document Request 31.

5. "All documents relating to the claim for reimbursement or any form of damages by . . . b) Any class members, their parents and/or guardians," as requested in Document Request 35(b).

This motion is accompanied by a memorandum of points and authorities and a proposed order.

I have conferred with counsel, pursuant to Local Rule 7(m), and this motion is opposed.

                                          Respectfully submitted,

                                          ROBERT J. SPAGNOLETTI
                                          Attorney General of the District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

                                          **/s/ Edward P. Taptich**
                                          EDWARD P. TAPTICH [#012914]
                                          Chief, Equity Section 2

          **/s/ Daniel A. Rezneck**
          DANIEL A. REZNECK [#31625]
          Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001
          (202) 724-5691
          **/s/ Eden I. Miller**
          EDEN I. MILLER [#483802]
          Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001
          (202) 724-6614
          (202) 727-3625 (fax)
          Eden.Miller@dc.gov

August 1, 2006          ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| D.L., *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Defendants respectfully submit this memorandum in support of their motion to compel the production of certain documents which plaintiffs have objected to producing.

**INTRODUCTION**

In a sense, this motion is a mirror image of the motion to compel filed by plaintiffs on July 10, 2006, and now pending before the Court. We continue to believe that these discovery issues should await the Court's decision on class certification, as we discussed in our opposition to plaintiffs' motion to compel, filed July 31, 2006. Def. Opp. at 7-8.

Nevertheless, since the two motions present very similar issues, we submit that, in logic, fairness and equity, if the Court were disposed to grant plaintiffs' motion to compel, it should also grant ours. Both motions present issues regarding the scope of discovery with respect to unnamed class members. Plaintiffs have sought to compel production from defendants of materials relating to individual children over and above the six named plaintiffs, which we objected to producing at this time in our General

4

Objection 2. See Pl. Motion Exhibit 2, at 1. We here move for production from plaintiffs of materials relating to unnamed members of the class pleaded by plaintiffs, as requested in our Documentary Requests 5, 27(b), 30, 31, and 35, set forth below in our argument. Our Rule 34 Request to plaintiffs for documents and plaintiffs' Responses are attached as Exhibits A and B to this Memorandum.

## ARGUMENT

Plaintiffs have objected to five of our Documentary Requests relating to unnamed members of the class pleaded in their Complaint and Motion for Class Certification: 5, 27(b), 30, 31, and 35.

Request 5 seeks documents pertaining to "[a]ny other members of the class [in addition to the six named plaintiffs] defined by plaintiffs in paragraph 68 of the Complaint and their motion for class certification." Def. Request at 6-7. Plaintiffs responded by objecting to this request in part "because it is overly broad and calls for information that is not related to this litigation." Pl. Resp. at 5. They agreed to provide responsive documents relating only to the six named plaintiffs. Id.

Our Requests 27(b), 30 and 31 sought: written statements relating to any of the claims in the Complaint made or given by "[a]ny class members" and associated persons (No. 27(b)); written statements and transcriptions of oral statements of class members (No. 30); and written communications among various categories of persons relating to the claims in the Complaint, including class members and associated persons (No. 31). Def. Request at 9-11. Plaintiffs responded to Request 27 in part by objecting to it as "vague, ambiguous, overly broad, and unduly burdensome," and agreed to produce only "statements made by the named plaintiffs, their attorneys, and by DCPS officials in

5

connection with the named plaintiffs" and other statements "written by defendants." Pl. Resp. at 16.  They responded to Request 30 in part by objecting to it as "overly broad, vague, and unduly burdensome," and directed defendants to their response to Request 27.  Pl. Resp. at 18.  They responded to Request 31 in part by objecting to it as, among other grounds, "overly broad, unduly burdensome."  Pl. Resp. at 19.

Request 35 sought "[a]ll documents relating to the claim for reimbursement or any form of damages by: a) Any of the plaintiffs, their parents and/or guardians.  b) Any class members, their parents and/or guardians."  Def. Request at 12.  Plaintiffs responded to Request 35 in part by objecting to it as "premature and overbroad to the extent that it calls for damages and reimbursement information for any class member."  Pl. Resp. at 21.

We submit that it is inequitable, unreasonable, and not in keeping with the letter and spirit of the Federal Rules for plaintiffs to demand documents relating to hundreds of unnamed children who are allegedly members of the putative class, and at the same time, to object to producing documents concerning the same unnamed class members which relate to the claims of the Complaint.   Indeed, some of the categories of documents we seek may constitute admissible evidence in this case as well as lead to the discovery of admissible evidence.

The law in this jurisdiction on the matter is quite clear.  Our Court of Appeals has held that discovery is available directly from unnamed class members under Rules 33 and 34.  Dellums v. Powell, 566 F.2d 167, 187 (D.C. Cir. 1977), cert. denied, 438 U.S. 916; see also M. Berenson Co. v. Faneuil Hall Marketplace, 103 F.R.D. 635, 637 (D. Mass. 1984); cf. Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

6

It follows <u>a fortiori</u> that discovery is available and proper where, as here, discovery as to unnamed class members is sought from the would-be class representatives. The Court of Appeals envisaged a two-step process, if necessary, whereby such discovery is first sought from the representative parties before an attempt is made to secure it directly from unnamed class members. <u>Id.</u> That is all we have sought here—to obtain such responsive documents relating to unnamed class members as plaintiffs have. But plaintiffs have balked at even the first step of making such discovery, while at the same time demanding it from defendants. We urge that they cannot have it both ways.

## CONCLUSION

Accordingly, defendants request that their motion to compel discovery be granted. Alternatively, both motions to compel should be held in abeyance until decision of plaintiffs' pending motion for class certification.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Daniel A. Rezneck**
DANIEL A. REZNECK [#31625]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-5691

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov

August 1, 2006                    ATTORNEYS FOR DEFENDANTS