EXHIBIT A

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 05-1437 (RCL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND
THINGS TO PLAINTIFFS**

Defendants, by and through undersigned counsel and pursuant to Federal Rule of
Civil Procedure 34, hereby request that the plaintiffs produce the following documents
and things.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, documents or other
items are required to be produced to the Office of the Attorney General of the District of
Columbia, attorneys for the defendants.  Compliance with this request can be made by
forwarding copies of said documents and things, by mail, within the time specified in the
Rule, to the undersigned or by making such documents and things available for
inspection and copying.  You also are requested to make appropriate designation as to the
paragraph pursuant to which each document or thing is produced.  This request includes
all after-acquired documents of the type to which reference is made.

### *Instructions and Definitions*

1.  Unless otherwise specified, all requests herein call for all responsive documents
    created or received during any time up to the date of your response.

2.  With respect to any documents which plaintiffs claims are privileged from production, describe each such allegedly privileged document in your response as follows:

      a)  Date;

      b)  Title;

      c)  Person(s) who prepared or wrote the document and person(s) who received the document;

      d)  Type of document (i.e., memorandum, letter, etc.)

      e)  Subject matter (without revealing the information as to which privilege is claimed);

      f)  Type of privilege claimed (i.e., attorney-client, attorney work product, etc.); and

      g)  Factual and legal basis for the claimed privilege.

3.  All responsive documents and copies thereof within the possession, custody or control of the plaintiffs must be produced, including documents in the possession, custody or control of plaintiffs, current and former attorneys.

4.  If any requested document or thing cannot be produced in full, produce to the extent possible, specifying each reason for the inability of plaintiffs or their attorneys to produce the remainder and stating whatever information, knowledge or belief plaintiffs or their attorneys have concerning the contents of the unproduced portion.

5.  If any document or thing requested was at one time in existence, but is no longer in existence, then so state, specifying for each document or thing:

    a.   The type of document or thing;

    b.   The type(s) of information contained therein, including the date it came into existence;

    c.   The date upon which it ceased to exist;

    d.   The circumstances under which it ceased to exist;

    e.   The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

    f.   The identity of all persons having knowledge or who had knowledge of the contents thereof.

6. Documents attached to each other or contained in a file, folder or similar binder should not be separated.

7. The document requests set forth should be deemed continuing ones, with supplemental responses required in the event plaintiffs or their attorneys discover or come into possession of additional responsive documents after the date of their first response.

**Definitions**

1. "Plaintiffs" mean DL, JB, OUL, DC, FD, and TF and their parents and/or guardians Tameka Ford, Leah Bland, Elizabeth Umana-Lazo and Darwin Lazo, Doris Cockrell, Frederick and Monica Davy, and Angelique Moore.

2. "Document" or "documents" shall have their customary broad meaning, and shall include, without limitation, all originals, copies, and drafts of any kind of printed, typed, recorded, written, faced or electronically mailed ("e-mailed"), graphic or photographic matter (including audio and/or video tape recordings), however

printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, electronic mail messages, drafts, and both sides thereof; and including, without limitation: all papers, books, accounts, invoices, statements, directives, orders, order forms, letters, photographs, drawings, sketches, blueprints, specifications, correspondence, telegrams, cables, telex messages, memoranda, notes, electronic mail messages, notations, work papers, routing slips, intra-office and inter-office communications, intra-departmental and inter-departmental communications, transcripts, minutes, minute books, reports, recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings, or of other meetings, affidavits, summaries, opinions, court pleadings, indices, studies, analyses, forecasts, projections, evaluations, contracts, licenses, agreements, notebooks, entries, ledgers, journals, books of record or account, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, catalogues, advertisements, brochures, circulars, bulletins, desk calendars, appointment books, formal or informal diaries, telephone logs, expense accounts, lists, tabulations, charts, graphs, sound and/or video recordings, data sheets, computer tapes, discs, and drives, magnetic tapes, computer program coding sheets, microfilm, microfiche, all other records kept by electronic, photographic or mechanical means; and all things similar to any of the foregoing, regardless of their author or origin, of any kind, however denominated, within the possession, custody, or control of the plaintiffs of their attorneys, past or present. Different

4

versions of the same documents, including but not limited to drafts or documents with handwritten notations or marks not found on the original or on other copies are different documents.

3. The term "person" means and includes the singular and plural of any natural person, board, firm, partnership, corporation, association, committee, agency or any other legal entity, including all representatives of any such person.

4. The word "relating" means and includes referring to, alluding to, responding to, relating to, relevant to, connected with, commenting on, in respect of, about, concerning, regarding, discussing, showing, describing, mentioning, analyzing, reflecting, evidencing, supporting, substantiating, contradicting, underlying, containing, or constituting.

5. The word "communication" means any contact between two or more persons or entities, including all or any of the defendants' officials, agents, employees, attorneys, or representatives thereof, and shall include, without limitation, written contract by such means as letters, memoranda, facsimiles, electronic mail messages, telegrams, telex or any other documents, whether in computer programs, computer files or computer disks, and oral contact by such means as face to face meetings and telephone conversations.

6. The words "and" and "or" are to be construed both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa.

### *Documents Requested*

1. All documents relating to any of the persons identified in Exhibits A and B to Plaintiffs' Rule 26 (a)(1) Initial Disclosures, attached hereto as Attachments A and B.

2. All documents identified at pages 3-6 of Plaintiffs' Rule 26 (a)(1) Initial Disclosures, attached hereto as Attachment C

3. All documents relied upon by the plaintiffs to support assertion(s) of liability by, or damages or claims for reimbursement from, the defendants or any of them or any other person, institution, or entity, with regard to the claims alleged in the Complaint.

4. All documents relating to the claim for reimbursement of plaintiff JB as set forth at page 6 of Plaintiffs' Rule 26 (a)(1) Initial Disclosures.

5. All documents relating to:

   (1) The named plaintiffs, DL, JB, OUL, DC, FD, and TF and their parents and/or guardians Tameka Ford, Leah Bland, Elizabeth Umana-Lazo and Darwin Lazo, Doris Cockrell, Frederick and Monica Davy, and Angelique Moore.

6

(2) Any other members of the class defined by plaintiffs in

paragraph 68 of the Complaint and their motion for class

certification (hereafter "class members").

6.   All documents relating to any of the allegations in paragraph 1 of the Complaint.


7.   All documents relating to any of the allegations in paragraph 3 of the Complaint.


8.   All documents relating to any of the allegations of Plaintiff DL in paragraphs 5-15

of the Complaint.


9.   All documents relating to any of the allegations of Plaintiff JB in paragraphs 16-

29 of the Complaint.


10.  All documents relating to any of the allegations of Plaintiff OUL in paragraphs

30-39 of the Complaint.


11.  All documents relating to any of the allegations of Plaintiff DC in paragraphs 40-

45 of the Complaint.


12.  All documents relating to any of the allegations of Plaintiff FD in paragraphs 46-

54 of the Complaint.

13. All documents relating to any of the allegations of Plaintiff TF in paragraphs 55-65 of the Complaint.

14. All documents relating to the allegations of paragraphs 68 and 69 of the Complaint.

15. All documents relating to the allegations of paragraphs 70-81 of the Complaint.

16. All allegations relating to paragraphs 82-93 of the Complaint.

17. All allegations relating to the First Claim as set forth in paragraphs 94-97 of the Complaint.

18. All documents relating to the Second Claim as set forth in paragraphs 98-102 of the Complaint.

19. All documents relating to the Third Claim as set forth in paragraphs 103-106 in the Complaint.

20. All documents relating to the Fourth Claim as set forth in paragraphs 107-108 of the Complaint.

21. All documents relating to the Fifth Claim as set forth in paragraphs 109-113 of the Complaint.

22. All documents relating to the prayers for relief as set forth at pages 26-28 of the Complaint.

23. All documents which plaintiffs intend to use and/or offer as evidence at the trial of this action.

24. All documents upon which plaintiffs' trial experts, if any, will rely on in rendering opinions in this case.

25. All documents prepared by an expert retained or consulted by plaintiffs or their attorneys concerning any allegations relating to the claims in the Complaint.

26. A curriculum vitae of any expert retained or consulted by plaintiffs or their attorneys in this case.

27. All signed or unsigned written statements relating to any of the claims in the Complaint made or given by:

    a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys;

b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys;

c) The District of Columbia, its present and former agents, representatives, servants, employees, or attorneys; or

d)  Any witnesses to any claims in the Complaint.

28. All stenographic, mechanical, electrical, or other recordings or any transcription thereof which are substantially verbatim recitals of any oral statement relating to any of the claims in the Complaint, which were recorded at or about the time any such oral statement was made, by:

a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys;

b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys;

c) The District of Columbia, its present and former agents, representatives, servants, employees, or attorneys; or

d) Any witnesses to any claims in the Complaint.

29.  All documents filed by and/or on behalf of the plaintiffs or any class member with any local, state, or federal agency relating to any of the claims in the Complaint.

30. All written statements, signed or unsigned, of all class members and/or all witnesses to any of the claims in the Complaint and/or copies of all substantially verbatim, written transcriptions of all oral statements of such class members and/or witnesses taken on a recording device, or by any other means, which are in the possession, custody, or control of the plaintiffs and/or the plaintiffs' attorneys, past and present.

31. All written communications of any type between or among the following parties relating to any of the claims in the Complaint:

   a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys;

   b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys;

   c) The District of Columbia, its present and former agents, representatives, servants, employees, or attorneys.

   d) Any other persons.

32.  All written statements signed or unsigned, and/or copies of all substantially verbatim, written transcriptions of all statements of the plaintiffs, their parents and/or guardians, taken on a recording device or by any other means, which are in the possession, custody, or control of the plaintiffs and/or plaintiffs' attorneys, past and present, relating to any of the claims in the Complaint.

33. All investigative reports relating to any of the claims in the Complaint.

34. Copies of all articles or reports, appearing in print or on electronic media, which relate in any way to any of the claims in the Complaint.

35. All documents relating to the claim for reimbursement or any form of damages

by:

a) Any of the plaintiffs, their parents and/or guardians.

b) Any class members, their parents and/or guardians.

36. All documents relating to Plaintiffs' Exhibits 1, 2 and 3 in support of their motion

for class certification.

37. All memoranda and other documents prepared or collected by Professor Jeffrey

Gutman's students about their factual investigation of the case as described in the

affidavit of Kathleen L. Millian, Plaintiffs' Exhibit 5 in support of other motion

for class certification.

38. All documents relating to the letter of March 24, 2004 to Dr. Bryant and the

meeting of May 26, 2004 with Dr. Bryant, Ms. Pierson and others from DCPS to

discuss Child Find as described in the Millian affidavit.

39. All documents relating to any of the claims in the Complaint and not otherwise

requested in this Request.

Any after-acquired documents requested herein should be forwarded to the

defendants' counsel in a timely manner.

November 9, 2005       Respectfully submitted,

_____
DANIEL A. REZNECK 31625
Senior Assistant Attorney General for DC
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-5691

EDEN I. MILLER 483802
Assistant Attorney General for DC
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November 2005, a copy of the foregoing First Request for Production of Documents and Things was faxed and mailed by first class mail, postage prepaid, to:

Sheena Majeed
Terris, Pravlik & Millian, LLP
1121-12th St., NW
Washington, DC 20005


_____
Daniel A. Rezneck
Senior Assistant Attorney General