EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 05-CV-1437 (RCL) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| ——————————————————— | ) |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby submit the following responses and objections to Defendants' First Request for Production of Documents and Things to Plaintiffs (hereafter "Defendants' Requests").

I

GENERAL OBJECTIONS

1. Plaintiffs object to Defendants' Requests to the extent that they request documents subject to the attorney-client privilege, attorney work- product doctrine, trial-preparation doctrine, common-interest privilege, marital privilege, doctor-patient privilege, psychotherapist-patient privilege, or any other applicable privilege.

2. Plaintiffs object to Defendants' Requests to the extent that they request documents that are neither relevant to the issues or subject matter of this litigation, nor likely to lead to the discovery of admissible evidence, or otherwise exceed the scope of discoverable matters under the Federal Rules of Civil Procedure.

1

3.  Plaintiffs object to Defendants' Requests to the extent that they are inconsistent with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and applicable scheduling orders.

4.  Plaintiffs object to Defendants' Requests to the extent that they request documents concerning events that did not occur within the time period at issue in this action, including events that occurred before the time period at issue and events that occurred after the date on which this action was commenced.  Such document requests are beyond the scope of permissible discovery because the documents are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5.  Plaintiffs object to Defendants' Requests to the extent that they are overly broad or unduly burdensome.

6.  Plaintiffs object to Defendants' Requests to the extent that they are vague, ambiguous, and/or not sufficiently particularized to permit plaintiffs to determine what documents are sought and to make a meaningful response.

7.  Plaintiffs object to Defendants' Requests to the extent that they request documents containing confidential information, violate plaintiffs' right to privacy and/or are designed to harass.

8.  Plaintiffs object to Defendants' Requests to the extent that they are premature.  Plaintiffs reserve their right to supplement their responses, as appropriate.

9.  Plaintiffs object to Defendants' Requests to the extent that they request documents prepared for use in settlement negotiations.

10.  Plaintiffs object to Defendants' Requests to the extent that they request documents that are within the possession, custody, or control of either defendants and/or are more readily obtainable

from a source other than plaintiffs.

## II

## RESPONSES TO DEFENDANTS' DOCUMENT REQUESTS

**Document Request 1**

All documents relating to any of the persons identified in Exhibits A and B to Plaintiffs' Rule 26 (a)(1) Initial Disclosures, attached hereto as Attachments A and B.

<u>Plaintiffs' Response</u>

Plaintiffs object to this document request because it is unduly burdensome, overly broad, and calls for information that is not related or limited to this litigation. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. All of these documents may "relate[] to any of the persons identified in Exhibits A and B." A document index and privilege log are attached hereto.

**Document Request 2**

All documents identified at pages 3-6 of Plaintiffs' Rule 26 (a)(1) Initial Disclosures, attached hereto as Attachment C.

<u>Plaintiffs' Response</u>

Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced, plaintiffs provide defendants with responsive documents, which are bates stamped and numbered 1 through 6948. All of these documents were identified or described at pages 3-6 of Plaintiffs' Rule 26(a)(1) Initial Disclosures.

**Document Request 3**

All documents relied upon by the plaintiffs to support assertion(s) of liability by, or damages or claims for reimbursement from, the defendants or any of them or any other person, institution, or entity, with regard to the claims alleged in the Complaint.

Plaintiffs' Response

Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.  All of these documents were "relied upon by the plaintiffs" in some way to support their assertions of liability or reimbursement.  Plaintiffs are not seeking "damages" and therefore do not  produce documents related to damages.  A document index and privilege log are attached.

**Document Request 4**

All documents relating to the claim for reimbursement of plaintiff JB as set forth at page 6 of Plaintiffs' Rule 26 (a)(1) Initial Disclosures

Plaintiffs' Response

Plaintiffs object to this request as premature.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped numbered 5668, 5670-5831, and 6166-6337.  Plaintiffs reserve the right to supplement this response and will do so if more documents become available.

4

**Document Request 5**

All documents relating to: (1) The named plaintiffs, DL, JB, OUL, DC, FD, and TF and their parents and/or guardians Tameka Ford, Leah Bland, Elizabeth Umana-Lazo and Darwin Lazo, Doris Cockrell, Frederick and Monica Davy, and Angelique Moore; (2) Any other members of the class defined by plaintiffs in paragraph 68 of the Complaint and their motion for class certification (hereafter "class members").

Plaintiffs' Response

Plaintiffs object to this document request because it is overly broad and calls for information that is not related to this litigation. The request also calls for information protected by the attorney-client and attorney work-product doctrine. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents as follows: (1) DL and his guardians: 4483-4651, 5288-5589; (2) OUL and his guardians: 4661-4920, 6436-6782; 6785-6800; 6881-6894, 6895-6939; (3) JB and his guardians: 5668, 5670-5831, 6166-6337, 6940-6943; (4) TF and his guardians: 5832-5855; 6881-6894; (5) FD and his guardians: 5934-5983, 6024, 6025-6133, 6881-6894, 6944-6948; and (6) DC and her guardians: 6351-6387, 6785-6800.   A document index and privilege log are attached.

**Document Request 6**

All documents relating to any of the allegations in paragraph 1 of the Complaint.

Plaintiffs' Response

Paragraph 1 of plaintiffs' complaint summarizes all the claims in plaintiffs' case. Plaintiffs

5

object to this document request because it is overly broad.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.   A document index and privilege log are attached.


**Document Request 7**

All documents relating to any of the allegations in paragraph 3 of the Complaint.

Plaintiffs' Response

Paragraph 3 of plaintiffs' complaint summarizes plaintiffs' case.  Plaintiffs object to this document request because it is overly broad.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948   A document index and privilege log are attached.


**Document Request 8**

All documents relating to any of the allegations of Plaintiff DL in paragraphs 5-15 of the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it calls for information protected by the attorney work-product and attorney-client privileges.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates

stamped and numbered 4483-4651 and 5288-5589.    A document index and privilege log are attached.

**Document Request 9**

All documents relating to any of the allegations of Plaintiff JB in paragraphs 16-29 of the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it calls for information protected by the attorney work-product and attorney-client privileges.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with the responsive documents bates stamped and numbered 5668, 5670-5831, 6166-6337, and 6940-6943.  A document index and privilege log are attached.

**Document Request 10**

All documents relating to any of the allegations of Plaintiff OUL in paragraphs 30-39 of the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it calls for information protected by the attorney work-product and attorney-client privileges.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with the responsive documents

bates stamped and numbered 4661-4920, 6437-6782, 6785-6800, 6881-6885, and 6895-6939.  A document index and privilege log are attached.

**Document Request 11**

All documents relating to any of the allegations of Plaintiff DC in paragraphs 40-45 of the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it calls for information protected by the attorney work-product and attorney-client privileges.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 6351-6387, and 6785-6800.   A document index and privilege log are attached.

**Document Request 12**

All documents relating to any of the allegations of Plaintiff FD in paragraphs 46-54 of the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it calls for information protected by the attorney work-product and attorney-client privileges.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information, plaintiffs provide defendants with responsive documents bates stamped and numbered

5934-5983, 6024, 6025-6133, 6881-6894, and 6944-6948.  A document index and privilege log are attached.

**Document Request 13**

All documents relating to any of the allegations of Plaintiff TF in paragraphs 55-65 of the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it calls for information protected by the attorney work-product and attorney-client privileges.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with the responsive documents bates stamped and numbered 5832-5855, 5865-5870, and 6881-6894.   A document index and privilege log are attached.

**Document Request 14**

All documents relating to the allegations of paragraphs 68 and 69 of the Complaint.

Plaintiffs' Response

Paragraphs 68 and 69 of plaintiffs' complaint are some of the class action allegations. Plaintiffs object to this document request because it is overly broad.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.   A document index and privilege log are

attached.

**Document Request 15**

All documents relating to the allegations of paragraphs 70-81 of the Complaint.

<u>Plaintiffs' Response</u>

Paragraphs 70-81 of plaintiffs' complaint set forth the statutory background of the IDEA, the Rehabilitation Act of 1973, the federal implementation regulations, and District of Columbia law. Plaintiffs object to this document request because it appears to request copies of statutes, regulations, and applicable laws, and does not request discoverable or factual information. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. A document index and privilege log are attached.

**Document Request 16**

All allegations relating to paragraphs 82-93 of the Complaint.

<u>Plaintiffs' Response</u>

Paragraphs 82-93 of plaintiffs' complaint set forth the class-wide allegations. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. All of these documents relate to the class-wide allegations. A document index and privilege log are attached.

**Document Request 17**

All allegations relating to the First Claim as set forth in paragraphs 94-97 of the Complaint.

<u>Plaintiffs' Response</u>

Plaintiffs' First Claim is a 42 U.S.C. 1983 claim for violation of the IDEA. Plaintiffs object to this request on the basis of the attorney work-product privilege to the extent that it asks plaintiffs to identify the particular documents on which plaintiffs plan to rely in support of this claim. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. A document index and privilege log are attached.

**Document Request 18**

All documents relating to the Second Claim as set forth in paragraphs 98-102 of the Complaint.

<u>Plaintiffs' Response</u>

Plaintiffs' Second Claim is a claim under the Rehabilitation Act of 1973. Plaintiffs object to this request on the basis of the attorney work-product privilege to the extent that it asks plaintiffs to identify the particular documents on which plaintiffs plan to rely in support of this claim. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. A document index and privilege log are attached.

**Document Request 19**

All documents relating to the Third Claim as set forth in paragraphs 103-106 in the Complaint.

Plaintiffs' Response

Plaintiffs' Third Claim is a claim under the due process clause.   Plaintiffs object to this request on the basis of the attorney work-product privilege to the extent that it asks plaintiffs to identify the particular documents on which plaintiffs plan to rely in support of this claim.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.   A document index and privilege log are attached.

**Document Request 20**

All documents relating to the Fourth Claim as set forth in paragraphs 107-108 of the Complaint.

Plaintiffs' Response

Plaintiffs' Fourth Claim is a claim under District of Columbia law.  Plaintiffs object to this request on the basis of the attorney work-product privilege to the extent that it asks plaintiffs to identify the particular documents on which plaintiffs plan to rely in support of this claim. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.   A document index and

privilege log are attached.

**Document Request 21**

All documents relating to the Fifth Claim as set forth in paragraphs 109-113 of the Complaint.

Plaintiffs' Response

Plaintiffs' Fifth Claim is a claim under federal regulations.  Plaintiffs object to this request on the basis of the attorney work-product privilege to the extent that it asks plaintiffs to identify the particular documents on which plaintiffs plan to rely in support of this claim. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.   A document index and privilege log are attached.

**Document Request 22**

All documents relating to the prayers for relief as set forth at pages 26-28 of the Complaint.

Plaintiffs' Response

Plaintiffs request injunctive and declaratory relief at pages 26-28 of the Complaint.  Plaintiffs object to this request on the basis of the attorney work-product privilege to the extent that it asks plaintiffs to identify the particular documents on which plaintiffs plan to rely to obtain relief.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide

13

defendants with responsive documents bates stamped and numbered 1 through 6948.   A document index and privilege log are attached.

**Document Request 23**

All documents which plaintiffs intend to use and/or offer as evidence at the trial of this action.

Plaintiffs' Response

Plaintiffs object to this document request as premature.   Plaintiffs also object to this request on the basis of the attorney work-product privilege to the extent that it asks plaintiffs to identify the particular documents on which plaintiffs plan to rely at trial. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.   A document index and privilege log are attached.

**Document Request 24**

All documents upon which plaintiffs' trial experts, if any, will rely on in rendering opinions in this case.

Plaintiffs' Response

Plaintiffs object to this document request as premature because no experts have been retained.   Plaintiffs have no responsive documents at this time.   Plaintiffs will supplement this request after experts have been selected.

14

**Document Request 25**

All documents prepared by an expert retained or consulted by plaintiffs or their attorneys concerning any allegations relating to the claims in the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request as premature because no experts have been retained. Plaintiffs have no responsive documents at this time. Plaintiffs will supplement this request after experts have been selected.

**Document Request 26**

A curriculum vitae of any expert retained or consulted by plaintiffs or their attorneys in this case.

Plaintiffs' Response

Plaintiffs object to this document request as premature because no experts have been retained. Plaintiffs have no responsive documents at this time. Plaintiffs will supplement this request after experts have been selected.

**Document Request 27**

All signed or unsigned written statements relating to any of the claims in the Complaint made or given by: (a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys; (b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys; (c) The District of Columbia, its present and former agents, representatives, servants, employees, or attorneys; or (d) Any witnesses

15

to any claims in the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it is vague, ambiguous, overly broad, and unduly burdensome. In addition, it calls for information that is covered by the attorney work-product and attorney-client privileges and for information that is in the custody of defendants. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs respond as follows.

Plaintiffs provide defendants with statements made by the named plaintiffs, their attorneys, and by DCPS officials in connection with the named plaintiffs that are not otherwise privileged as follows: 3909-3910, 4483-4651, 4661-4920, 5260-5287, 5670-583, 5832-5855, 5934-5983, 6024, 6032-6133, 6166-6337, 6351-6387, 6397, 6436-6782, 6785-6800, 6881-6948. Plaintiffs provide defendants with other statements, including reports, letters, electronic mails, and facsimiles, written by defendants as follows: 1-111, 113-326, 692-726, 729-763, 764-1148, 1194-1199, 1231-1423, 1493-1509, 1523-1548, 1647-1809, 1981-1982, 1983-1994, 2032-2035, 2112-2159, 2162-2458, 2469-2491, 2494-2700, 2701-2722, 2752-2766, 2767-2827, 2828-3012, 3018-3021, 3020-3030, 3031-3063, 3064-3106, 3107-3144, 3145-3215, 3216-3238, 3427-3593, 3594-3668, 3747-3805, 3806-3846, 3847-3908, 3911-3912, 4011-4011, 4012-4050, 4051-4068, 4059-4482, 4921-5259, and 6416-6435.

Plaintiffs provide defendants with documents bates stamped and number 1 through 6948. A document index and privilege log are attached.

**Document Request 28**

16

All stenographic, mechanical, electrical, or other recordings or any transcription thereof which are substantially verbatim recitals of any oral statement relating to any of the claims in the Complaint, which were recorded at or about the time any such oral statement was made, by: (a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys; (b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys; (c) The District of Columbia, its present and former agents, representatives, servants, employees, or attorneys; or (d) Any witnesses to any claims in the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it is vague, ambiguous, overly broad, and unduly burdensome. In addition, it calls for information that is covered by the attorney work-product and attorney-client privileges and for information that is in the custody of defendants. Plaintiffs state that they have no responsive documents at this time. Hearings were held for named plaintiffs DL and TF, and these transcripts are in defendants' custody. Plaintiffs do not have copies of these transcripts.

**Document Request 29**

All documents filed by and/or on behalf of the plaintiffs or any class member with any local, state, or federal agency relating to any of the claims in the Complaint.

Plaintiffs' Response

Plaintiffs object to this document request because it is overly broad. Without waiving any objections identified in Section I above, and with the understanding that the protective order will

17

apply to all confidential information produced to defendants, plaintiffs refer defendants to the responsive documents bates stamped and numbered 4483-4651, 4551-4920, 5288-5589, 5832-5855, 5934-5983, 6024, 6032-6133, 6436-6984, 6785-6800, 6881-6894, 6895-6948.  A document index and privilege log are attached.

**Document Request 30**

All written statements, signed or unsigned, of all class members and/or all witnesses to any of the claims in the Complaint and/or copies of all substantially verbatim, written transcriptions of all oral statements of such class members and/or witnesses taken on a recording device, or by any other means, which are in the possession, custody, or control of the plaintiffs and/or the plaintiffs' attorneys, past and present.

Plaintiffs' Response

 Plaintiffs object to this document request because it is overly broad, vague, and unduly burdensome.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs direct defendants to their response to Document Request 27.  Plaintiffs do not have any written transcriptions.  A document index and privilege log are attached.

**Document Request 31**

All written communications of any type between or among the following parties relating to any of the claims in the Complaint: (a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys; (b) Any class members, their family

18

members, their present and former agents, representatives, servants, employees, or attorneys;

(c) The District of Columbia, its present and former agents, representatives, servants, employees, or

attorneys; (d) Any other persons.

> Plaintiffs' Response

Plaintiffs object to this document request because it is overly broad, unduly burdensome, and

calls for information that is covered by the attorney work product and attorney-client privileges.

Without waiving any objections identified in Section I above, and with the understanding that the

protective order will apply to all confidential information produced to defendants, plaintiffs provide

defendants with responsive documents bates stamped and numbered 1 through 6948. A document

index is attached, which identifies letters, facsimiles, and other correspondence.


**Document Request 32**

All written statements signed or unsigned, and/or copies of all substantially verbatim, written

transcriptions of all statements of the plaintiffs, their parents and/or guardians, taken on a recording

device or by any other means, which are in the possession, custody, or control of the plaintiffs and/or

plaintiffs' attorneys, past and present, relating to any of the claims in the Complaint.

> Plaintiffs' Response

Plaintiffs object to this document request because it is duplicative of Document Requests 27,

28, and 30 above. Plaintiffs direct defendants to their responses to these requests. Plaintiffs provide

defendants with responsive documents bates stamped and numbered 1 through 6948. A document

index and privilege log are attached.

**Document Request 33**

All investigative reports relating to any of the claims in the Complaint.

<u>Plaintiffs' Response</u>

Plaintiffs object to this document request because the term "investigative" is vague and ambiguous. In addition, plaintiffs object based on the attorney work-product privilege to the extent that it requests research conducted or obtained by plaintiffs for the purpose of prosecuting this case. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. A document index is attached, which lists the responsive reports that plaintiffs have in their possession.


**Document Request 34**

Copies of all articles or reports, appearing in print or on electronic media, which relate in any way to any of the claims in the Complaint.

<u>Plaintiffs' Response</u>

Plaintiffs object to this document request because it is overly broad and unduly burdensome to the extent that it requests articles and reports not currently in plaintiffs' possession. In addition, plaintiffs object based on the attorney work-product privilege to the extent that it requests research conducted or obtained by plaintiffs for the purpose of prosecuting this case. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. A document index is attached,

20

which lists the articles and reports that plaintiffs have in their possession.

**Document Request 35**

All documents relating to the claim for reimbursement or any form of damages by: (a) Any of the plaintiffs, their parents and/or guardians; (b) Any class members, their parents and/or guardians.

Plaintiffs' Response

Plaintiffs object to this document request because it is premature and overbroad to the extent that it calls for damages and reimbursement information for "any class member."  Plaintiffs are not seeking damages and therefore have no responsive documents as to damages.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced to defendants, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948.  At the present time, the only named plaintiff with a reimbursement claim is JB.  Documents relating to his claim are at 5668, 5670-5831, and 6166-6337.

**Document Request 36**

All documents relating to Plaintiffs' Exhibits 1, 2 and 3 in support of their motion for class certification.

Plaintiffs' Response

Exhibits 1-3 to Plaintiffs' Motion to Class Certification are data tables obtained from the U.S. Department of Education, Office of Special Education Programs ("OSEP"), and are available from

21

the OSEP website at www.ideadata.org.  Plaintiffs have provided defendants with documents bates stamped and numbered 1 through 6948.  A document index is attached, which lists these and other tables available at this website.

**Document Request 37**

All memoranda and other documents prepared or collected by Professor Jeffrey Gutman's students about their factual investigation of the case as described in the affidavit of Kathleen L. Millian, Plaintiffs' Exhibit 5 in support of other [sic] motion for class certification.

Plaintiffs' Response

Plaintiffs object to this document request because it calls for information covered by the attorney work-product privilege.  Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to confidential information produced to defendants, plaintiffs provide defendants with non-privileged, responsive documents, including factual information, bates stamped and numbered 1 through 6948.   A document index and privilege log are attached.

**Document Request 38**

All documents relating to the letter of March 24, 2004 to Dr. Bryant and the meeting of May 26, 2004 with Dr. Bryant, Ms. Pierson and others from DCPS to discuss Child Find as described in the Millian affidavit.

Plaintiffs' Response

Without waiving any objections identified in Section I above, plaintiffs direct defendants to

non-privileged and responsive documents bates stamped and numbered 6397 and 6783-6784.  A

document index and privilege log are attached.


**Document Request 39**

  All documents relating to any of the claims in the Complaint and not otherwise requested in

this Request.

  <u>Plaintiffs' Response</u>

  Plaintiffs respond that there are no documents that have not already been produced in

response to these requests.

        Respectfully submitted,

           /s/
        BRUCE J. TERRIS (D.C. Bar No. 47126)
        SHINA MAJEED (D.C. Bar No. 491725)
        Terris, Pravlik & Millian, LLP
        1121 12th Street, N.W.
        Washington, DC  20005-4632
        (202) 682-2100

           /s/
        JEFFREY S. GUTMAN (D.C. Bar No. 416954)
        The George Washington University Law School
        2000 G Street, N.W.
        Washington, DC 20052


           /s/
        MARGARET A. KOHN (D.C. Bar No. 174227)
        Attorney at Law
        1320 19th Street, N.W., Suite 200
        Washington, DC 20036


December 12, 2005

# DOCUMENT INDEX[1]

## PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR DOCUMENTS IN

*DL v. District of Columbia*, D.D.C., Civil Action No. 05-1437 (RCL)

| BATES NUMBER | DESCRIPTION |
|---|---|
| 1-111 | District of Columbia, Board of Education, Proposed FY 2005 Operating Budget, April 19, 2004 |
| 113 -326 | District of Columbia Public Schools ("DCPS"), Proposed FY 2006 Operating Budget, January 12, 2005 |
| 327 - 343 | Webpage printouts from www.nectac.org and www.childfindidea.org, March 22, 2004 |
| 344-403 | Report, the Council for Exceptional Children, IDEA Requirements for Preschoolers with Disabilities, September 2000 |
| 404-420 | The National Early Childhood Technical Assistance Center, Eligibility Policies and Practices for Young Children under Part B of IDEA , October 2001 |
| 421-423 | U.S. Department of Education ("DOE"), Office of Special Education Programs ("OSEP"), Table AC1, August 30, 2001 |
| 424-436 | DOE, Twenty Fourth Annual Report to Congress on the Implementation of the IDEA (2002) |
| 437-440 | Data Table, U.S. Census Bureau, Profile of General Demographic Characteristics, District of Columbia (2000) |
| 441-445 | Webpage print-out from www.ideadata.org, March 22, 2004 |
| 446-448 | Table AH1 from www.ideadata.org, |
| 449-450 | State Child Count Data 1986-2003 |
| 441-456 | Table AF7 from www.ideadata.org, |
| 457-459 | Table AF3 from www.ideadata.org, |

[1] Documents described as "CONFIDENTIAL" are to be treated in accordance with the protective order filed in this case on October 31, 2005.

| | |
|---|---|
| 460-462 | Table AA10 from www.ideadata.org, |
| 463-546 | Table AA10 from www.ideadata.org, |
| 547- 630 | Table AB1 from www.ideadata.org |
| 631-633 | Table AB6 from www.ideadata.org |
| 634-691 | Table AB9 from www.ideadata.org |
| 692-726 | Draft DCPS Child Find Document (undated) |
| 727-728 | Letter from DCPS  to Jeffrey S. Gutman, regarding: Freedom of Information Act ("FOIA") Request, June 8, 2004 |
| 729-763 | Draft DCPS Child Find Document (undated) |
| 764- 1148 | DCPS SETS Printouts from DCPS in Response to December 12, 2004, FOIA Request by Jeffrey S. Gutman |
| 1194-1197 | Facsimile from Erika L. Pierson, DCPS, to Jeffrey S. Gutman, January 21, 2005 |
| 1198-1199 | Facsimile from Erika L. Pierson, DCPS, to Jeffrey S. Gutman, January 3, 2005 |
| 1201-1212 | DC Agenda, Annual Report Examining Changes in Neighborhood Conditions across DC, 2004 |
| 1213-1216 | Arlington Public Schools, Office of Special Education, Parent Resource Center, 2003-2004 |
| 1219 - 1285 | Arlington Public Schools Child Find Information, 2001 |
| 1307-1320 | DCPS Information, Draft Child Find Excerpt |
| 1321-1423 | DCPS, Report of the Strategic Support Team of the Council of the Great City Schools, December 2003 |
| 1424-1430 | OSPE, National Early Intervention Longitudinal Study, Families' First Experiences With Early Intervention, January 2003 |
| 1431-1455 | OSPE, National Early Intervention Longitudinal Study, State to State Variations in Early Intervention Systems, September 1999 |

| 1456-1470 | DOE, Twenty Fourth Annual Report to Congress on the Implementation of the IDEA, 2002 |
|---|---|
| 1471-1489 | National Academies Press, from Neurons to Neighborhoods: The Science of Early Childhood Development, 2000 |
| 1490-1492 | Education Law Center, Universal Screening, July 2000 |
| 1493-1509 | DCPS, Special Education Strategic Plan (undated) |
| 1510-1522 | Letters from OSEP to Paul L. Vance, Superintendent of Schools, DCPS, and to Carolyn W. Colvin, Director, Department of Human Services, July 30, 2002 |
| 1523-1548 | Thomas Hehir, DCPS Special Education Study: Assessment and Recommendations, October 2002 |
| 1549-1579 | Letter from OSEP to Andrew E. Jenkins, Superintendent of Public Schools, DCPS, January 26, 1990 |
| 1580-1638 | Letter from OSEP to Franklin L. Smith, Superintendent of Schools, DCPS, February 8, 1994 |
| 1639-1646 | Letter from OSEP to Franklin L. Smith, Superintendent of Schools, DCPS, June 12, 1995 |
| 1647-1809 | Part B of the IDEA, Assurances Regarding Implementation of the Requirements during Federal Fiscal Year 1998 |
| 1810-1975 | District of Columbia Monitoring Report (June 2002) |
| 1981-1982 | Letter from DCPS to Jeffrey S. Gutman, September 5, 2003 |
| 1983-1994 | Chapter IV, Child Find Document, DCPS |
| 1995-2031 | Child Find information for Fairfax County and Arlington County, Virginia, and Montgomery County, Maryland |
| 2032-2035 | Facsimile From DCPS to Jeffrey Gutman, January 21, 2005, concerning Child Find Agreement |
| 2036-2047 | 2004 Issue Scan, DC Agenda |
| 2048-2055 | Washington Child Development Council information |
| 2056-2111 | District of Columbia Monitoring Report (June 2002) |
| 2112-2159 | DCPS information; Procedural Safeguards Manuals |

| 2162-2468 | DCPS Resource Manual |
|---|---|
| 2469-2491 | Facsimile from Joan Christopher, DCEIP, to Gwendolyn Gage, OSEP, June 30, 2003 |
| 2492-2493 | Letter from OSEP toYvonne Gilchrist, Department of Human Services, June 26, 2003 |
| 2494-2700 | Information from DHS regarding DCEIP, including grant agreements with Georgetown University Child Development Center, St. John's Community Services, Mary's Center for Maternal & Child Care, Inc., National Children's Center, Out Came the Sun, Inc., and Proyecto Nino/Project Child |
| 2701-2722 | Part C State Improvement Plan, March 14, 2003 |
| 2723-2751 | Letter from OSEP to Andrew Jenkins, Superintendent of Public Schools, March 17, 1999 |
| 2752-2766 | District of Columbia State Application for a FY 2003 grant award under Part C of the IDEA, June 9, 2003 |
| 2767-2827 | DCEIP Information, including MOA dated April 1, 2002, and correspondence from the Office of Early Childhood Development |
| 2828-3012 | DCEIP 2003-2004 Directory and DCEIP Manual |
| 3018-3021 | Letter from DHS to Jeffrey S. Gutman, August 8, 2003 regarding FOIA request; Memorandum from George Valentine to Barbara F. Kamara, July 17, 2003, regarding FOIA request |
| 3022-3030 | DHS documents related to Part C Improvement Plan |
| 3031-3063 | DCPS and CARE Center Child Find brochures and Child Find Document excerpt |
| 3064-3106 | DCPS Special Education Policies and Procedures Manual |
| 3107-3144 | DCPS and CARE Center Child Find brochures, Power Point, and Reference Guide |
| 3145-3215 | DCPS Training Agenda, Successful Case Management as Measured in SETS, February 10, 2003 |

| 3216-3238 | DCPS Orientation Agenda, April 23, 2003 |
| --- | --- |
| 3239-3426 | Interaction Institute for Social Change, Essential Facilitation for IEP Meetings |
| 3427-3593 | DCPS, Staff Development Extended School Year & Compensatory Education, December 17, 2003 |
| 3594-3668 | DCPS materials and forms related to IEPs, MDTs, Assistive Technology, Non-Public Day programs, MAPT Referrals, and Dedicated Aides. |
| 3669-3743 | DCMR Rules and Regulations |
| 3747-3780 | DCPS forms and guidance regarding truancy and attendance plans |
| 3781-3805 | DCPS Procedural Manual for parents, DCPS Training Calendars, and brochures. |
| 3806-3846 | DCPS, Division of Special Education forms |
| 3847-3908 | DCPS Training Materials on Alternate Assessment Program, IDEA, IEP's, Least Restrictive Environment ("LRE"), and TAT Process |
| 3909-3910 | Letter from Jeffrey S. Gutman to Dr. Len Yearwood, FOIA Officer, July 7, 2003, FOIA Request |
| 3911-3912 | Letter from Raymond Bryant to Principals, September 17, 2002 |
| 3913-4000 | Formula Grant Policy Manual Revisions, May 29, 2001 |
| 4001-4011 | Excerpt from DCPS Manual on special education process |
| 4012-4050 | Appendix A to unknown DCPS Document, Abbreviations, and Definitions |
| 4051-4068 | Procedural Manual for DCPS students |
| 4069-4445 | Letter Response from DCPS to Jeffrey Gutman, September 5, 2003, and June 8, 2004, regarding FOIA requests |
| 4446-4447 | Letter from DCPS to Jeffrey S. Gutman, June 8, 2004 regarding FOIA Request |
| 4448-4482 | DCPS Child Find Draft Document |

| 4483-4651 | Documents submitted for due process hearing for DL **CONFIDENTIAL** |
|---|---|
| 4661-4920 | Documents related to OUL **CONFIDENTIAL** |
| 4921-5259 | Reports, including: (1) DCPS's Strategic Support Team of the Council of the Great City Schools, Restoring Excellence to the District of Columbia Public Schools (December 2003); (2) U.S. Department of Education, Twenty-Fourth Annual Report to Congress (2002); (3) SRI International, National Early Intervention Longitudinal Study (September 1999); (4) District of Columbia Monitoring Report (June 2002); and (5) DC Appleseed Center, A Time for Action (date unknown) |
| 5260-5287 | Child Find information from Montgomery County, Maryland, Atlanta, Georgia, and Fairfax County, Virginia |
| 5288-5589 | Documents related to DL **CONFIDENTIAL** |
| 5668 | Receipt from Lexxus ChildCare Development Center, Inc. related to JB's reimbursement claim **CONFIDENTIAL** |
| 5670-5831 | Documents related to JB **CONFIDENTIAL** |
| 5832-5855 5865-5870 | Documents related to TF **CONFIDENTIAL** |
| 5934-5983, 6024, 6025-6133 | Documents related to FD **CONFIDENTIAL** |
| 6166-6338 | Documents related to JB **CONFIDENTIAL** |
| 6351-6387 | Documents related to DC **CONFIDENTIAL** |
| 6397 | Letter from Jeffrey S. Gutman to Erika Pearson, May 26, 2004 |
| 6402-6405 | Facsimile from Erika L. Pierson, DCPS, to Jeffrey S. Gutman, January 21, 2005 |

| 6406-6407 | Letter from Jeffrey S. Gutman to Dr. Raymond W. Bryant, DCPS, March 24, 2004 |
|---|---|
| 6416-6435 | MCI/DCLTS Intake Risk Summary Report 2002 |
| 6436-6782 | Documents related to OUL<br>**CONFIDENTIAL** |
| 6783-6784 | Letter from Jeffrey S. Gutman to Dr. Raymond W. Bryant, March 24, 2004 |
| 6785- 6800 | Class action retainer agreements for OUL and DC<br>**CONFIDENTIAL** |
| 6801-6880 | No documents in this range |
| 6881-6894 | Excerpt of class action retainer agreement for plaintiff OUL, TF and FD<br>**CONFIDENTIAL** |
| 6895-6939 | Documents related to OUL<br>**CONFIDENTIAL** |
| 6940-6943 | Class action retainer agreement  JB<br>**CONFIDENTIAL** |
| 6944-6948 | Documents related to FD<br>**CONFIDENTIAL** |

# PRIVILEGE LOG[2/]

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS AND THINGS

*DL v. District of Columbia*, D.D.C., Civil Action No. 05-1437 (RCL)

| BATES NUMBER | PRIVILEGE | DOCUMENT DESCRIPTION |
|---|---|---|
| 1149-1153 | Attorney Work-Product | Memorandum of law student, Victoria Hao, to counsel concerning Department of Education's 2001 Continuous Monitoring Report.  Undated |
| 1154-1155 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to counsel concerning child find outreach in area school.  Dated 2/3/04 |
| 1156-1157 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to counsel concerning lawyers for children.  Dated 3/2/04 |
| 1158-1159 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning follow up with child care associations.  Dated 2/3/04 |
| 1160-1160 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning VA deadline for Child Find evaluation.  Dated 2/4/04 |
| 1161-1164 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to counsel concerning research.  Dated 2/5/04 |
| 1165-1165 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning follow up with Potomac Association of Cooperative Teachers.  Dated 2/10/04 |
| 1166-1166 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning follow up with Parents United for DC Public Schools - Parent Watch.  Dated 2/10/04 |
| 1167-1167 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to counsel concerning contacts and research.  Dated 3/17/04 |
| 1168-1175 | Attorney Work-Product | Memorandum of law student, Nazar Altun, to counsel concerning Child Find Research Update.  Dated 2/28/05 |

[2/] Plaintiff reserves the right to supplement this log as more privileged documents are identified or become available.

| 1176-1193 | Attorney Work-Product | Memorandum of law student, Nazar Altun, to counsel concerning Research Update- Duplicates.  Dated 10/29/03 |
| 1200-1200 | Attorney Work-Product | Memorandum of law student, Dena Spilker, to file concerning telephone call with Erika Pierson.  Dated 2/2/05 |
| 1217-1218 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Arlington County Child Find Outreach.  Dated 1/25/04 |
| 1286-1294 | Attorney Work-Product | Counsel's Table of Contacts.  Undated |
| 1295-1295 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Childtime Learning.  Dated 1/25/04 |
| 1296-1296 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Apple Early Literacy Preschool.  Dated 1/25/04 |
| 1297-1297 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning La Rue before and after School.  Dated 1/25/04 |
| 1298-1298 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Southwest Child Development Center.  Dated 1/25/04 |
| 1299-1299 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning River Park Nursery School.  Dated 1/25/04 |
| 1300-1300 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Covenant Early Childhood Center.  Dated 1/27/04 |
| 1301-1301 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Day Care at the Washington Office Center.  Dated 1/27/04 |
| 1302-1302 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Bright Horizons.  Dated 1/27/04 |
| 1303-1303 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Second Baptist Church Child Development Center.  Dated 1/27/04 |
| 1304-1304 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Creative Child Development Center.  Dated 1/27/04 |
| 1305-1305 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Adas Israel Gan Hayeled Nursery School.  Dated 1/25/04 |

| 1306-1306 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning Fairfax County follow up on Child Find outreach. Dated 1/27/04 |
| --- | --- | --- |
| 1308-1308 | Attorney Work-Product | Memorandum of law student, Lori Ruk, to file concerning DCPS info filed with the Department of Education for Special Education and Child Find. Dated 1/27/04 |
| 1976-1980 | Attorney Work-Product | Memorandum of law student, Victoria Hao, to counsel Cunningham and Gutman concerning Summary of U.S. Dept. of Education's (OSEP) Continuous Improvement Monitoring Report 2001. Undated |
| 3016-3017 | Attorney Work-Product | Typed Attorney Notes: concerning correspondence between attorney and DCPS, OECD, and DHS. Undated and Unsigned |
| 3125-3126 | Attorney Work-Product | Memorandum of law student, Dena Spilker, to file concerning CARE Center Visit. Dated 3/25/05 |
| 4071-4071 | Attorney Work-Product | Facsimile correspondence between co-counsels concerning DC emergency regulations. Dated 9/29/05 |
| 4078-4078 | Attorney Work-Product | Facsimile correspondence between co-counsels concerning Emergency amendments to chapters 25 and 30 of board rules on special education. Dated 7/6/05 |
| 4089-4089 | Attorney Work-Product | Table of contents for legal research. Undated |
| 4658-4660 | Attorney Work-Product | Counsel's typed notes regarding Health Right situation. Undated |
| 5337 | Attorney Work-Product | Fax Cover Sheet from attorney, Harry Goldwater, to Shina Majeed concerning DL. Dated 7/19/05 |
| 5341 | Attorney Work-Product | Fax Cover Sheet from Shina Majeed to Grant Grayton, Urban Support Mental Health Practice concerning DL. Dated 9/8/05 |
| 5342-5343 | Attorney Work-Product | Letter from Shina Majeed to Miranda Grant Grayton concerning representation of DL. Dated 9/8/05 |
| 5353 | Attorney Work-Product | Fax Cover Sheet from Therapist Grace Dickerson to Shina Majeed concerning two evaluations done in July. Dated 7/15/05 |

| 5356 | Attorney Work-Product | Fax Cover Sheet from Margaret A. Kohn to Shina Majeed: re DL. Dated 7/14/05 |
|---|---|---|
| 5502-5504 | Attorney Work-Product | Handwritten Notes of Shina Majeed concerning DL case. Dated 8/10/05 |
| 5571 | Attorney Work-Product Attorney-Client Privilege | Letter from Shina Majeed to Tameka Ford. Dated 6/13/05 |
| 5582 | Attorney-Client | Electronic mail ("e-mail") from Margaret A. Kohn to Shina Majeed concerning DL  Dated 11/30/05 |
| 5590-5666 | Attorney Work-Product | Research on experts and expert reports (2005) |
| 5667 | Attorney Work-Product | Memorandum from "MAK" to file concerning Proof for Reimbursement of Lexxus Child Care Payments JB. Dated 12/1/05 |
| 5669 | Attorney Work-Product | Handwritten Memorandum from Margaret A. Kohn to file concerning Documents about TF and special education process.  Undated |
| 5856 | Attorney Work-Product | Letter from Attorney Stacy Brustin to Margaret A. Kohn concerning Child Find. Dated 2/21/05 |
| 5857 | Attorney-Client Privilege | Letter from Chip Rosenberg, Margaret A. Kohn's assistant, to Angelique Moore concerning DCPS due process hearing for TF.  Dated 5/3/05 |
| 5858 | Attorney-Client Privilege | Letter from Chip Rosenberg, Margaret A. Kohn's assistant, to Angelique Moore concerning proposed dates form MDT meeting for TF.  Dated 5/13/05 |
| 5859 | Attorney-Client Privilege | Letter from Margaret A. Kohn to Angelique Moore concerning enclosed audiological report.  Dated 8/31/05 |
| 5860-5861 | Attorney-Client Privilege | Letter from Margaret A. Kohn to Angelique Moore concerning IEP.  Dated 9/21/05 |

| 5862 | Attorney-Client Privilege | Letter from Margaret A. Kohn to Angelique Moore concerning ENT. Dated 10/12/05 |
|---|---|---|
| 5863-5864 | Attorney Work-Product Attorney-Client Privilege | Draft Letter prepared by Margaret A Kohn for Angelique Moore concerning Charter Health |
| 5871-5873 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning Special Ed. Services for TF. Dated 5/31/05 – 6/24/05 |
| 5874- 5879 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning TF transfer from Garfield to Stanton Elementary. Dated 2/23/05 |
| 5880-5886 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning TF Stanton meeting. Dated 9/19/05 |
| 5887-5892 | Attorney Work-Product | Handwritten Telephone Notes of Margaret A. Kohn concerning TF. Dated 4/26/05 – 6/1/05 |
| 5893-5895 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning Transportation Sheet and FD. Undated |
| 5896-5903 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD's IEP Meeting. Dated 5/13/05 |
| 5904-5909 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning Monica Davy and IEP. Dated 1/21/05 |
| 5910 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD. Dated 2/2/05 and 2/22/05 |
| 5911-5913 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD. Undated |
| 5914 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD. Dated 3/15/05 |
| 5915 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD. Dated 6/6/05 |
| 5916 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD and Hospital. Dated 9/23/05 |

| 5917 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD and Chair. Dated 2/15/05 |
|------|----------------------|------------------------------------------------------------------------------|
| 5918 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning teacher for FD. Dated 2/05 |
| 5919 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD getting out of NRH. Dated 10/5/05 |
| 5920-5922 | Attorney Work-Product Attorney-Client Privilege | Handwritten Notes of Margaret A. Kohn concerning FD and telephone call from Monica Davy. Dated 10/21/05 |
| 5923 | Attorney Work-Product Attorney-Client Privilege | Handwritten Notes of Margaret A. Kohn concerning Monica Davy and meeting. Dated 10/24/05 |
| 5924-5925 | Attorney Work-Product Attorney-Client Privilege | Handwritten Notes of Margaret A. Kohn concerning telephone call with Schreibman. Dated 2/1/05 |
| 5926 | Attorney Work-Product Attorney-Client Privilege | Margaret A. Kohn notes concerning IEP of FD. Dated 2/7/04 |
| 5927-5928 | Attorney Work-Product Attorney-Client Privilege | Handwritten Notes of Margaret A. Kohn concerning Monica Davy. Dated 2/7/05 |
| 5929-5930 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning conference with Schreibman, Monica Davy, and Zondra Johnson. Dated 2/15/05 |
| 5931-5933 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning FD and special education issues. Dated 2/28-5/13/05 |

36

| 5984-5984 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning FD at Noyes.  Dated 3/24/05 |
| 5985-5985 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning chair.  Dated 10/28/05 |
| 5986 | Attorney-Client | Facsimile Transmission from Margaret A. Kohn to Monica Davy concerning nursing care plan.  Dated 2/24/05 |
| 5987 | Attorney-Client | E-mail from Margaret A. Kohn to Monica Davy concerning IEP.  Dated 2/23/05 |
| 5988 | Attorney Work-Product | E-mail from Margaret A. Kohn to Smohiuddin@law.gwu.edu concerning FD.  Dated 2/22/05 |
| 5989 | Attorney-Client Privilege | E-mail from Margaret A. Kohn to Monica Davy concerning furniture.  Dated 3/1/05 |
| 5990 | Attorney-Client Privilege | E-mail from Monica Davy to Margaret A. Kohn concerning furniture. Dated 3/1/05 |
| 5991 | AttorneyClient | E-mail from Monica Davy to Margaret A. Kohn concerning revised settlement.  Dated 3/2/05 |
| 5992 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning furniture.  Dated 3/1/05 |
| 5993 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning settlement.  Dated 3/3/05 |
| 5994 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning settlement.  Dated 3/3/05 |
| 5995 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning aide for FD.  Dated 3/8/05 |
| 5996 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning FD at Noyes Elementary School.  Dated 3/18/05 |
| 5997-5998 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning FD's classroom.  Dated 3/18/05 |

| 5999 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning FD. Dated 3/21/05 |
|---|---|---|
| 6000-6001 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning telephone call with Jack Schreibman. Dated 3/21/05 |
| 6002 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning telephone call with Jack Schreibman. Dated 3/21/05 |
| 6003 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning FD's related service schedule. Dated 3/24/05 |
| 6004 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning FD's services. Dated 3/25/05 |
| 6005 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning FD attorney/expert fee reimbursement. Dated 4/12/05 |
| 6006 | Attorney-Client Attorney Work-Product | E-mail from Margaret A. Kohn to Monica Davy concerning FD. Dated 4/13/05 |
| 6007 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning IEP review meeting. Dated 4/20/05 |
| 6008 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning IEP review meeting. Dated 4/26/05 |
| 6009 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning IEP review meeting. Dated 5/9/05 |
| 6010 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning IEP review meeting. Dated 5/9/05 |
| 6011 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning IEP. Dated 5/13/05 |
| 6012-6014 | Attorney-Client Attorney Work-Product | E-mail from Monica Davy to Margaret A. Kohn concerning revised draft of letter to Zondra Johnson from Margaret A. Kohn. Dated 5/16/05 |

| 6015 | Attorney-Client Privilege | Letter from Monica Davy to Margaret A. Kohn concerning legal services form for FD. Dated 6/17/05 |
|------|---------------------------|---------------------------------------------------------------------------------------------------|
| 6016 | Attorney Work-Product Attorney-Client Privilege | E-mail from Monica Davy to Margaret A. Kohn concerning draft statement of facts for FD. Dated 7/1/05 |
| 6017 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning special education litigation. Dated 7/22/05 |
| 6018 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning checking in on FD. Dated 8/24/05 |
| 6019-6020 | Attorney-Client Attorney Work-Product | E-mail from Monica Davy to Margaret A. Kohn concerning draft letter for Zondra Johnson about FD. Dated 10/20/05 |
| 6021-6022 | Attorney-Client | E-mail from Monica Davy to Margaret A. Kohn concerning Noyes Visit. Dated 3/2/05 |
| 6023 | Attorney Work-Product Attorney-Client Privilege | Child Development Center Nursing Care Plan for FD (with handwritten notes by Margaret A. Kohn). Dated 11/4/04 |
| 6134-6137 | Attorney Work-Product Attorney-Client Privilege | Handwritten Notes of Margaret A. Kohn concerning JB. Dated 2/16/05–9/6/05 |
| 6138 | Attorney Work-Product Attorney-Client Privilege | Notes of Margaret A. Kohn concerning telephone calls to Leah Bland. Dated 3/4/05-3/7/05 |

| 6139 | Attorney Work-Product Attorney-Client Privilege | Notes of Margaret A. Kohn concerning telephone calls from Leah Bland.  Dated 3/14/05 |
| --- | --- | --- |
| 6140-6141 | Attorney Work-Product Attorney-Client Privilege | Letter from Margaret A. Kohn to Leah Bland concerning change in special education attorneys' fees law.  Dated 8/1/05 |
| 6142-6144 | Attorney Work-Product Attorney-Client Privilege | Handwritten notes of Margaret A. Kohn concerning JB health condition.  Dated 3/3/05-7/6/05 |
| 6145 | Attorney Work-Product Attorney-Client Privilege | Notes of Margaret A. Kohn concerning JB and telephone call from Chirsta Phillips.  Dated 9/16/05 |
| 6146 | Attorney Work-Product Attorney-Client Privilege | Handwritten notes of Margaret A. Kohn concerning JB. Dated 7/26/05 |
| 6147-6148 | Attorney Work-Product Attorney-Client Privilege | Handwritten notes of Margaret A. Kohn concerning JB's placement meeting.  Dated 8/4/05 |
| 6149-6153 | Attorney Work-Product Attorney-Client Privilege | Handwritten notes of Margaret A. Kohn concerning JB and chronology of meetings.  Undated |

| 6154 | Attorney Work-Product Attorney-Client Privilege | Handwritten notes of Margaret A. Kohn concerning JB evaluation.  Dated 4/15/05 |
|---|---|---|
| 6155-6161 | Attorney Work-Product Attorney-Client Privilege | Handwritten notes of Margaret A. Kohn concerning JB progress in therapy.  Dated 6/2/05 |
| 6162 | Attorney Work-Product Attorney-Client Privilege | Handwritten notes of Margaret A. Kohn concerning JB and telephone calls with Jeffrey Gutman.  Dated 7/6/05 |
| 6163-6165 | Attorney Work-Product Attorney-Client Privilege | Margaret A. Kohn Attorney's Fees Report for JB.  Dated 10/22/05 |
| 6245 | Attorney Work-Product Attorney-Client Privilege | Notes of Margaret A. Kohn concerning chronology of DCPS events.  Undated |
| 6339 | Attorney-Client | Letter from Margaret A. Kohn to Leah Bland.  Dated 1/17/05 |
| 6340 | Attorney-Client | Letter from Margaret A. Kohn to Leah Bland concerning JB and Ivymount.  Dated 5/24/05 |
| 6341-6342 | Attorney-Client Attorney Work-Product | Letter from Margaret A. Kohn to Leah Bland concerning class action lawsuit.  Dated 6/20/05 |
| 6388-6389 | Attorney Work-Product | E-mail from Attorney Tracy Goodman to Jeffrey Gutman concerning Child Find.  Dated 8/6/04 |

| 6390 | Attorney Work-Product | Memorandum from law student Shontell Powell to file concerning initial conversation with Christopher West. Dated 9/30/04 |
|---|---|---|
| 6391 | Attorney Work-Product | Memorandum from law student Shontell Powell to file concerning initial conversation with John Straus.  Dated 9/30/04 |
| 6392 - 6396 | Attorney Work-Product | Memorandum from law student Shontell Powell to file concerning Conversation with attorney, Tany Harvey. Dated 9/30/04 |
| 6398 | Attorney Work-Product | Memorandum from law student Candice Jenkins to Jeffrey S. Gutman concerning attorney contacts.  Dated 9/27/04 |
| 6399 | Attorney Work-Product | Memorandum from law student Lori Ruk to the Child Find Team concerning Child Find.  Dated 3/23/04 |
| 6400-6401 | Attorney Work-Product | Memorandum from law student Alessandro Terenzoni to file concerning potential plaintiffs.  Dated 10/4/05 |
| 6408 | Attorney Work-Product | Memorandum from law student Alessandro Terenzoni to file concerning child find data.  Dated 12/18/04 |
| 6409-6411 | Attorney Work-Product | Handwritten Notes of Margaret A. Kohn concerning Fairfax Co. Public Schools.  Undated. |
| 6412-6413 | Attorney Work-Product Attorney-Client Privilege | Memorandum from law student Alessandro Terenzoni to file concerning TF.  Dated 12/8/04 |
| 6414 | Attorney Work-Product | Memorandum from law student Alessandro Terenzoni to file concerning child find comparative data.  Dated 12/18/04 |
| 6415 | Attorney Work-Product | E-mail from Data Manager, Bruce Bull, to law student, Alessandro Terenzoni concerning child find research question. Dated 11/15/04 |
| 6649 | Attorney Work-Product Attorney-Client Privilege | E-mail from Attorney Grace Culley to Attorney Sara Faulman, Terris, Pravlik & Millian, LLP.  concerning OUL case.  Dated 1/24/05 |

| None | Attorney Work-Product/ Attorney-Client | Notes of Shina Majeed, concerning DL Due Process Hearing. Dated 9/16/05 and 10/20/05 |
|------|------|------|
| None | Attorney Work-Product/ Attorney-Client | Handwritten and typed notes of Shina Majeed concerning telephone calls and meetings with Tameka Ford. Dated June-December 2005 |
| None | Attorney Work-Product/ Attorney-Client | Handwritten and typed notes of Shina Majeed concerning telephone calls and home visits with Elizabeth Umana Lazo and OUL. Dated June-November 2005 |
| None | Attorney Work-Product/ Attorney-Client | Handwritten and typed notes of Shina Majeed concerning telephone calls and home visits to Doris Cockrell and DC. Dated June-November 2005 |
| None | Attorney Work-Product | Memoranda regarding legal and investigative research related to Child Find. Dated March-November 2005 |
| None | Attorney Work-Product Attorney-Client Privilege | E-mails among Jeffrey Gutman, Kathleen Millian, Shina Majeed, and Margaret A. Kohn about claims and drafts of papers filed in *DL v. DC*, D.D.C., Civil Action No. 05-1437 (RCL). Dated February-December 2005 |
| None | Attorney Work-Product | Co-counsel agreement. Dated June 14, 2005 |
| None | Attorney Work-Product | Drafts of papers filed in *DL v. DC*, Civil Action No. 05-1437. Dated June-December 2005 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2005, I produced Plaintiffs' Responses to Defendants'

First Request for Production of Documents and Things by hand-delivery through a messenger and

by electronic mail to:

Daniel A. Rezneck
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-5691

_____/s/_____
Shina Majeed
Terris, Pravlik, and Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100

44