UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL,[1] *et al.*, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*<br><br>      Defendants. | Civil Action No. 05-1437 (RCL) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

Plaintiffs in this putative class action are disabled preschool children ages three to five years old who reside in or are wards of the District of Columbia. Defendants are the District of Columbia and Clifford B. Janey, Superintendent of the District of Columbia Public Schools ("DCPS").

On July 21, 2005, plaintiffs filed their class Complaint for Declaratory and Injunctive Relief, alleging, *inter alia*, that defendants fail to comply with the Child Find and FAPE requirements of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. 1400, *et seq*. In particular, plaintiffs allege that defendants have a policy, pattern, and practice of failing to identify, locate, evaluate, and offer special education and related services to children ages three through five years old in the District of Columbia. Plaintiffs' complaint alleges that defendants' actions violate 42

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

1

U.S.C. 1983, the IDEA, Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a), implementing regulations, the Due Process Clause, and District of Columbia law.

Plaintiffs filed their Motion to Certify the Class on September 1, 2005, which is pending. Defendants answered plaintiffs' Complaint for Declaratory and Injunctive Relief on September 12, 2005. Subsequently, defendants filed three motions to dismiss, which are also pending.

Plaintiffs move for the first time to amend their Complaint for Declaratory and Injunctive Relief under Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiffs have asked defendants whether they would consent to this motion and provided defendants with a copy of the attached Amended Complaint. As of today, defendants have not yet decided whether they can consent to this Motion.

**ARGUMENT**

Rule 15(a) provides that plaintiffs may move for leave to amend their complaint and that such "leave shall be freely given when justice so requires." The Court of Appeals for the District of Columbia Circuit has held that motions to amend a complaint under Rule 15(a) should ordinarily be granted and that, "although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive, * * * repeated failure to cure deficiencies by [previous] amendments * * * [or] futility of amendment'" (internal citations omitted). *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). *Accord Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)(district court abused discretion in dismissing complaint in light of request by plaintiff to amend his complaint when amendment would be of no prejudice to the government); *Sinclair v. Kliendienst*, 645 F.2d 1080, 1085 (D.C. Cir. 1981)("only limited circumstances justify a district

court's refusal to grant such leave to amend: undue delay, bad faith on the part of the moving party, or undue prejudice to the opposing party").

**I**

**PLAINTIFFS HAVE GOOD REASONS FOR AMENDING THEIR COMPLAINT**

None of the circumstances that would bar amendment obtains here. First, there has been no "undue delay." Plaintiffs' Motion for Class Certification and defendants' three motions to dismiss have not yet been decided by this Court. The parties are only in the middle of paper discovery. Thus, the case is still in its early stages. The amendments are not "untimely" because nearly all the proposed amendments to the complaint concern events that have occurred subsequent to the filing of the original complaint in July 2005 and therefore could not have been included in the original complaint.

Second, plaintiffs' Amended Complaint is not in bad faith or futile. Plaintiffs have good reasons for amending their complaint because they want to ensure an accurate and up-to-date presentation of the facts for this Court. For example, plaintiffs have updated the facts relating to the named plaintiffs to reflect events that occurred subsequent to July 2005. Since the time the original complaint was filed, DL's mother attended two due process hearings, in September and October 2005. In December 2005, the Hearing Officer determined that the District of Columbia had violated the Child Find and FAPE requirements in DL's case. *See* Amended Complaint, Pl. Ex. 1, paras. 15-18. Similarly, in March 2006, a due process hearing was held for FD, which resulted in a favorable settlement on a majority of the matters in dispute. *Id.*, paras. 62-63. In May 2006, DCPS finally agreed, after nearly two years of failing to comply with its Child Find obligations as to JB, to make a concrete offer of compensatory education for the 2004-2005 school year. *Id.*, paras. 51-53. In

September 2005, and again in June 2006, DCPS held Individualized Education Program ("IEP") meetings and found TF to be disabled and eligible for special education services. *Id.,* paras. 74-75.

The Amended Complaint also removes two of the named plaintiffs because of changes that have occurred subsequent to the filing of the complaint. OUL and his family moved from the District of Columbia to Maryland this past year. DC is now receiving services and no longer wishes to pursue the case. Plaintiffs have substituted XY, TL, and HW for OUL and DC. There are now seven named plaintiffs. *See* Amended Complaint, paras. 19-38.

In addition, and as a result of document discovery that has occurred to date, plaintiffs have refined further their allegations in the complaint. The Amended Complaint sets forth some of this information, including defendants' failures to transition disabled children from Part C of the IDEA (program for disabled infant and toddlers) to Part B of the IDEA (program for disabled children three and older) by the time they turn three years old. *See* Amended Complaint, paras. 105-106, 112. The statistical information contained in the original complaint has been updated to reflect the most recent statistics published by the United States Department of Education, Office of Special Education Programs ("OSEP"). *Id.*, para. 107. In addition, the Amended Complaint includes information about delays in DCPS's identification, evaluations, eligibility determinations, and placements of disabled children, as well as program and data system deficiencies responsible for defendants' Child Find failures. *Id.,* para. 106.

Finally, plaintiffs' Amended Complaint should dispose of two of defendants' three motions to dismiss. On November 16, 2005, defendants filed their Motion for Dismissal of Plaintiffs' Claim of a Violation of Section 504 of the Rehabilitation Act [Docket No. 19], arguing that plaintiffs had failed to plead a prima facie case of disability discrimination under the Rehabilitation Act, including

the elements that defendant treated similarly situated people differently and that defendants acted with "gross misjudgment" or "bad faith." *See* Defendants' Motion for Dismissal of Plaintiffs' Claim of a Violation of Section 504 of the Rehabilitation Act, pp. 6-10.  Plaintiffs responded that they had pled sufficient facts to support these claims, and that even if they had not, under well-established Supreme Court law, plaintiffs are not required to plead a prima facie case of discrimination to survive a motion to dismiss.  *See* Plaintiffs' Opposition to Defendants' Motion for Dismissal Plaintiffs' Claim of a Violation of Section 504 of the Rehabilitation Act [Docket No. 25], pp. 2-17.

To put to rest any disagreement as to whether the complaint contains sufficiently detailed facts on the elements of plaintiffs' Section 504 claim, plaintiffs have included facts in the Amended Complaint that support each element of plaintiffs' prima facie case, including the elements that defendants argue had not been pled.  Plaintiffs allege that defendants have treated disabled four and five years olds differently than non-disabled children because they have failed to identify, locate, evaluate, and offer these children special education and related services in their pre-kindergarten, Head Start and kindergarten programs, which serve children three to five years old.  Amended Complaint, para. 118.  Moreover, plaintiffs have made clear that defendants acted with gross misjudgment because defendants' conduct departs substantially from accepted professional practices. *Id.,* paras. 3, 97-98, 106-107, 118.  These amendments should dispose of defendants' objection to plaintiffs' Section 504 claim.

In addition, on November 10, 2005, defendants filed their Motion for Dismissal of the Complaint, arguing that plaintiffs had failed to exhaust administrative remedies [Docket No. 18]. Plaintiffs argued in their opposition that they did not need to exhaust administrative remedies because exhaustion would be futile and inadequate, and that, in any event, three named plaintiffs had

5

exhausted their administrative remedies, when only one named plaintiff was required to do so. *See* Plaintiffs' Opposition to Defendants' Motion for Dismissal of the Complaint [Docket No. 24]. XY, a new named plaintiff, has also exhausted his administrative remedies. *See* Amended Complaint, paras. 24-26.

Thus, plaintiffs have good reasons for amending their complaint. There is no "bad faith," "undue delay," or "futility" to the amendments.

## II

### AMENDMENT OF THE COMPLAINT WOULD NOT CAUSE ANY "UNDUE PREJUDICE" TO DEFENDANTS

Plaintiffs' Amended Complaint will not cause undue prejudice to defendants. There are no new legal claims and no new defendants. The new allegations do not expand the case beyond the allegations pled in the original complaint.

Although plaintiffs seek to substitute for two of the named plaintiffs (OUL and DC) three others (XY, TL and HW), the underlying allegations concerning defendants' conduct are the same as to all of them, namely, that defendants have violated of the Child Find and FAPE requirements of the IDEA by failing to identify, locate, evaluate, and offer them special education services. XY, TL, and HW, the new named plaintiffs, present facts substantially similar to one another and to the original six named plaintiffs. *See* Amended Complaint, paras. 19-38. In addition, XY and TL, like OUL, received special education under the IDEA Part C program, which provides services for disabled infants and toddlers. As with OUL, DCPS failed to identify, locate, evaluate, and offer services to XY and TL by the time they turned three years old because, instead of "transitioning" these children to DCPS services by their third birthday, defendants terminated their special education

6

services outright once they turned three years of age. *Id.,* paras.19-26, 31-38.

Nor will the Amended Complaint add to any discovery burdens. The parties have not yet completed document discovery; they have not begun interrogatory or deposition discovery. Although new named plaintiffs may require additional discovery, almost all the information about these plaintiffs can be found in the case files that are in the custody of the defendants themselves.

Accordingly, because plaintiffs have demonstrated that they have good reasons to amend their complaint, and because there is no undue delay, bad faith, or prejudice, plaintiffs' motion for leave to amend should be granted.

Respectfully submitted,

/s/
BRUCE J. TERRIS (D.C. Bar No. 47126)
SHINA MAJEED (D.C. Bar No. 491725)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005
(202) 682-2100

/s/
JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052
(202) 994-7463

/s/
MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL,[2] *et al.*, on behalf of themselves and others similarly situated, ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.* ) ) | |
| Defendants. ) | |

**PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion for Leave to File Their First Amended Complaint for Declaratory and Injunctive Relief, and the entire record herein, it is hereby

**ORDERED,** that Plaintiffs' Motion for Leave to File Their First Amended Complaint for Declaratory and Injunctive Relief shall be granted; it is further

**ORDERED,** that Plaintiffs' First Amended Complaint, attached as Plaintiffs' Exhibit 1, shall be filed on the docket.

DATE

JUDGE ROYCE C. LAMBERTH

---

[2] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.