UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DL,[1] *et al.*, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

**INTRODUCTION**

On July 10, 2006, plaintiffs filed their Motion to Compel Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents, requesting that this Court reject Defendants' General Objections 1 and 2. Pursuant to these objections, defendants withheld a substantial amount of relevant information regarding the plaintiff class and information that pre-dated January 1, 2003.

On July 31, 2006, defendants filed their Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Compel Discovery. One day later, in an obvious attempt to divert attention from their discovery failures, defendants filed their own motion to compel. Defendants' four-page supporting memorandum contains virtually no argument and cites only three

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

1

cases, none of which supports the unprecedented discovery defendants seek about the unnamed class members. Stripped of its rhetoric, defendants' memorandum fails completely to explain the applicable legal standard, much less demonstrate how defendants satisfy this standard. Defendants do not even articulate why they need discovery about absent class members. Furthermore, as plaintiffs stated in their meet and confer sessions with defendants, plaintiffs have no non-privileged responsive documents to produce about absent class members at this time. Given the lack of legal or factual basis for their motion, it is apparent that defendants' motion is nothing more than a tit for tat; defendants filed a motion to compel because plaintiffs filed a motion to compel, which defendants want this Court to deny.

Defendants' main argument is that their motion is a "mirror image" of plaintiffs' motion to compel, and that the Court should therefore decide both motions in the same way. *See* Defendants' Memorandum of Points and Authorities in Support of Their Motion to Compel (hereafter "Def. Mem."), p 4. As explained below, defendants' motion to compel is far from a "mirror image" of plaintiffs. First, as plaintiffs stated during their meet and confer session, plaintiffs do not have any non-privileged documents about other class members to produce. Second, even if documents become available to plaintiffs in the future, the case law is clear that information about absent class members is not discoverable by the adverse party, absent exceptional circumstances, none of which exists in this case. The Court should therefore deny defendants' motion.

I

**PLAINTIFFS DO NOT HAVE NON-PRIVILEGED DOCUMENTS RESPONSIVE TO DEFENDANTS' DOCUMENT REQUESTS**

In Document Requests 5, 27, 30, 31, and 35, defendants demanded documents regarding the

unnamed putative class members. Specifically, defendants seek "all documents relating to * * * (2) Any members of the class * * *." Document Request 5. They demand "all signed and unsigned written statements * * * made or given by (b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys." Document Request 27. They seek "all written statements, signed or unsigned, of all class members and/or all witnesses to any of the claims in the Complaint and/or copies of all substantially verbatim, written transcriptions of all oral statements of such class members and/or witnesses taken on a recording device * * *." Document Request 30. They want "all written communications of any type between or among * * * (b) Any class members, their family members, their present and former agents, representatives, servants, employees, or attorneys." Document Request 31. They also demand "all documents relating to the claim for reimbursement or any form of damages by: * * * (b) Any class members, their parents or guardians. Document Request 35. *See* Def. Ex. B, pp. 15-21 (Plaintiffs' Responses to Defendants' First Request for Production of Documents and Things to Plaintiffs)(hereafter "Plaintiffs' Responses").

First, as a preliminary matter, plaintiffs can dispose of this motion by stating unequivocally that the named plaintiffs have no non-privileged responsive documents that have not already been produced concerning the unnamed class members. Plaintiffs have produced 7,349 pages of documents, a detailed privilege log, and two detailed document indices.[2] Moreover, plaintiffs explained to defendants during their meet and confer session by telephone on March 15, 2006, that

---

[2] On December 10, 2005, plaintiffs served on defendants Plaintiffs' Responses. *See* Def. Ex. B. In their Response, plaintiffs produced 6,948 pages of documents, a detailed document index, and a privilege log. *Ibid.* On January 17, 2006, plaintiffs produced an additional 401 pages of documents and a second document index.

they did not have any more documents to produce. Plaintiffs reiterate now that they have no non-privileged responsive documents to produce.[3] Defendants' motion should be denied for this reason alone.

Second, defendants fail to mention in their memorandum that Plaintiffs' Responses expressly stated that plaintiffs had no documents responsive to several of defendants' document requests at issue. Nevertheless, defendants filed this motion. For example, in response to Document Request 30, plaintiffs responded that they "do not have any written transcriptions." *See* Def. Ex. B, p. 18. With respect to Document Request 35, plaintiffs stated that they "are not seeking damages and therefore have no responsive documents as to damages." With respect to claims of reimbursement, plaintiffs provided all known reimbursement claim information. *See* Def. Ex. B, p. 21 (Document Bates Nos. 5668, 5670-5831, 6166-6337). Because plaintiffs do not know at this time the identities of all children in plaintiffs' class that have claims for reimbursement, plaintiffs also responded that the reimbursement request was "premature." Plaintiffs obviously cannot produce what they do not have.

Third, defendants misrepresent plaintiffs' response to their document requests by stating that the basis for plaintiffs' objection is that the requests were "vague, ambiguous, overly broad, and unduly burdensome." *See* Def. Mem. pp. 5-6. In addition to these objections, plaintiffs asserted the attorney-client and attorney work-product privileges. *See* Def. Ex. B, pp. 5, 15-21. Plaintiffs

---

[3] On August 3, 2006, plaintiffs filed their Motion for Leave to File Their First Amended Complaint for Declaratory and Injunctive Relief along with Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("Plaintiffs First Amended Complaint"). Plaintiffs' First Amended Complaint includes three additional named plaintiffs. In the event that plaintiffs' motion is granted, plaintiffs will, of course, produce all responsive, non-privileged material concerning the three new plaintiffs.

produced detailed privilege logs asserting these privileges. *See* Def. Ex. B, pp. 31-43. Most of the privileged material is listed in the privilege log provided to defendants on December 10, 2005. *Ibid.*

In addition, there are privileged documents concerning four clients who Margaret A. Kohn, co-counsel in this case, retained after plaintiffs filed this case.[4] Affidavit of Margaret A. Kohn (Pl. Ex. 1), para. 4. Ms. Kohn has had a special education practice independent of this case for 18 years. *Id.*, paras. 1, 3. Ms. Kohn's four new clients are parents of disabled preschool children who will be class members in the event this case is certified. These four children are well-known to the District of Columbia Public Schools ("DCPS"), and DCPS has (or should have) open case files for each of them. *Id.*, para 4. The privileged materials relating to these clients comprise correspondence, attorney notes, client notes, memoranda, and the like, drafted and maintained in anticipation of litigation against DCPS. *Id.,* para. 6. These categories of documents are routinely protected by the attorney-client and attorney work-product privileges. *See In re Bruce Lindsey*, 158 F. 3d 1263, 1268 (D.C. Cir. 1998)(attorney-client privilege protects all communications in connection with legal representation or process for obtaining legal representation); *In Re Sealed Case*, 676 F. 2d 793, 809-811 (D.C. Cir. 1982)(attorney work-product protects all work completed with "an eye toward litigation"). *Accord United States ex rel. Scott Pogue v. Diabetes Treatment Centers of America*, D.D.C., Civil Action. No. 99-3298 (RCL), 2004 U.S. Dist. LEXIS 18747, at * 10-11 (May 17, 2004)(attorney-client privilege protects all confidential communications between a client and the client's attorney that occur in connection with the process of obtaining legal representation; attorney

---

[4] It is possible that Ms. Kohn has had other clients during her 18-year practice who would have been determined to be class members. However, Ms. Kohn believes that other than documents associated with the four children discussed above and the three new named plaintiffs (*see* note 3 above), she currently is not in control of documents concerning other absent class members. Pl. Ex. 1, paras. 3-6.

5

work-product privilege protects not only communications but also materials obtained or prepared by counsel and extends to both "fact" and "opinion" work product).

Fourth, defendants cannot as a matter of law obtain discovery from Ms. Kohn or from any other undersigned attorney about their clients who are not named plaintiffs in this case. Rules 33 and 34 only allow discovery on "parties" to a case. Rules 33 and 34 do not permit discovery on attorneys, who are obviously not "parties" to the litigation. Here, only the named plaintiffs are parties. *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) (Rule 33 and 34 discovery is proper against parties, thereby excluding counsel).

Finally, if defendants were seriously worried about obtaining discovery about unnamed class members, they know exactly where to find it – in their own files and records. Defendants have access to all information about putative unnamed class members through its database systems, ENCORE and SETS. This information is in the exclusive custody and control of defendants, not plaintiffs.

Accordingly, for the foregoing reasons, defendants' motion to compel, which is based on a manufactured discovery dispute, is unnecessary and should be denied. Plaintiffs have no responsive, non-privileged documents to provide defendants. Defendants need only look in their own files to obtain this information.

## II

### THE CASE LAW DOES NOT SUPPORT DEFENDANTS' DEMAND FOR DISCOVERY OF ABSENT CLASS MEMBERS

Defendants demand sweeping discovery of "all written communications of any type" from "any class members, family members, present and former agents, representatives, servants,

6

employees, or attorneys." As explained above (pp. 2-6), plaintiffs do not have non-privileged responsive documents. However, even if plaintiffs had or later acquire these documents, defendants are not entitled to this discovery under the case law.

### A. DEFENDANTS CITE NO CASE THAT SUPPORTS THE EXTRAORDINARY DISCOVERY DEFENDANTS SEEK

Defendants have cited no case in which the court has ordered the extraordinary discovery that defendants seek here. In fact, defendants' four-page memorandum contains only three case citations, none of which supports defendants' request.

Citing first to *Dellums v. Powell*, 566 F.2d 167, 187 (D.C. Cir. 1977), defendants state (without quoting or discussing the case) that the "law in this jurisdiction on the matter is quite clear. Our Court of Appeals has held that discovery is available directly from unnamed class members under Rules 33 and 34." Def. Mem. 6.

That is not at all what *Dellums v. Powell* held. *Dellums v. Powell* was a damages action against the Chief of the U.S. Capitol Police and others for civil conspiracy to frustrate class members' constitutional right to protest against the Vietnam War by arresting and detaining them. The issue in *Dellums* was an evidentiary one, namely, whether the Police Chief was entitled to a new trial because of, *inter alia*, the admission of the testimony of witnesses who were also unnamed class members. The Police Chief had argued that he was "caught by surprise since he had not deposed these persons" and that it would have been futile to try to depose them because the Federal Rules of Civil Procedure would have barred these depositions. 566 F.2d at 187.

The court of appeals rejected this argument and held that the Police Chief was not entitled to a new trial because he sat on his rights. The court said that the Police Chief (566 F. 2d at 187):

7

made no effort to take any discovery from such witnesses. Indeed, Chief Wilson and the District of Columbia took no discovery of anyone. Yet the names of all class members were in the hands of the District of Columbia. * * * Moreover, there is no indication in the records that Chief Powell or any other defendant ever asked for a list of prospective witnesses. Because the defendants in this suit failed to take even elementary steps to protect themselves from surprise, they cannot now be heard to complain.

The court of appeals also rejected the argument that it would have been futile for defendants to attempt depositions of the unnamed class members who became witnesses. The court noted that there is no outright bar in the Federal Rules of Civil Procedure to such discovery and that other courts have, in limited and special circumstances, recognized that discovery of absent identifiable class members is available, citing several cases.[5] The court summarized these cases, noting that

---

[5] The court of appeals in *Dellums* cited the following cases, most of which denied discovery. *Clark v. Universal Builders, Inc.*, 501 F. 2d 324, 340-341 (7th Cir.), certiorari denied, 419 U.S. 1070 (1974) (reversing district court in housing racial discrimination suit for damages because "defendants failed to meet burden" of demonstrating special circumstances justifying discovery of unnamed class members); *Brennan v. Midwestern United Life Ins. Co.*, 450 F. 2d 999, 1005 (7th Cir.), certiorari denied, 405 U.S. 921 (1972) (in securities fraud action for damages, court ruled that although discovery of absent stockholder class members is not permitted "as a matter of course," a trial judge could use discretion if he or she "determines that justice to all parties" requires that absent parties furnish certain information); *United States v. Trucking Employers, Inc.*, 72 F.R.D. 101, 103 (D.D.C. 1976) (discovery permitted by United States against certain "corporate (absent) defendants" because "without the information, it would be all but impossible for plaintiffs to present their case in a trial of the common issues"); *Robertson v. National Basketball Ass'n.* 67 F.R.D. 691, 699-700 (S.D.N.Y. 1975)(allowing limited discovery of some absent class members on two topics and denying discovery of absent class members on damages); *Bisgeier v. Fotomat Corp.*, 62 F.R.D. 118, 119-120 (N.D. Ill. 1973)(discovery about absent class members denied because requested information was unnecessary to preparation for trial on the issues of securities fraud); *Gardner v. Awards Marketing Corp.*, 55 F.R.D. 460, 464-466 (D. Utah 1972)(discovery of absent class members denied because no strong showing of necessity); *Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534-535 (N.D. Ga. 1972) (although discovery under Rules 33 and 34 is not proper, discovery under Rules 30, 31, and 45 is proper against third-party witnesses, including absent class members); *Fisher v. Wolfinbarger*, 55 F.R.D. 129, 132 (N.D. Ky 1971)("proposed interrogatories are improper, directed as they are to members of the class who are not named plaintiffs"; such discovery would defeat representative purpose of Rule 23).

while "discovery against absentee class members under Rules 33 and 34 cannot be had as a matter of course," other courts have allowed discovery in exceptional circumstances where the "information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties." Thus, in *dicta*, the court of appeals summarized the rare circumstances in which other courts have allowed discovery of absent class members. Contrary to defendants' suggestion, the court of appeals did not hold that defendants were entitled to discovery of the absent class members under Rules 33 and 34 as a matter of course. Nor did the court of appeals articulate the standard that should apply in this Circuit for such discovery because that question was not before it.

Defendants cite only two other cases (Def. Mem. 6-7), and neither one supports defendants' position. In *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984), a 22-year-old district court case from Massachusetts, the court allowed discovery to proceed against a "finite and limited" class of known current and former tenants against whom the defendant had also filed counter-claims. In the case at bar, defendants have filed no counter-claims against the unnamed class members. Moreover, the class is not "finite and limited." Plaintiffs have previously estimated that the class consists of over 600 children. *See* Plaintiffs' Reply Memorandum in Support of Their Motion for Class Certification, p. 9. The identities of most of these children are not known to plaintiffs at this time. In addition, the class composition will continually change as new children will reach three years of age and others will "age-out" of the class once they turn six years old.

In the other case, *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), the Supreme Court held that a district court had discretion in certain ADEA actions under 29 U.S.C. 216(b)

9

(1982) "to facilitate notice to" potential plaintiffs of a pending action. *Id*. Because written consent was required by statute before an individual could become a party plaintiff to a collective ADEA action, the Court ruled that the lower court properly permitted plaintiffs to obtain the names and addresses of former employees for the purpose of notifying them of the pending action and obtaining their written consent to proceed as plaintiffs. *Ibid*.

In contrast, in this case, which is a Rule 23(b)(2)[6] putative class action solely for injunctive and declaratory relief, no notice or consent of absent class members is required. *See* Rule 23(c)(2)(A)(notice to class members is purely discretionary in Rule 23(b)(2) actions). Nor is individual notice preferable in this case because plaintiffs do not seek damages. *See Molski v. Gleich*, 318 F.3d 937, 947-948 (2d Cir. 2003)(individual notice is appropriate where "substantial damages" are involved)(citing cases). *See also* pp. 14-15 below.

Defendants have cited no case, and plaintiffs have found none, in which the Court has allowed the type of broad discovery about absent class members that defendants seek here. Defendants' motion should therefore be denied.

### B.  DEFENDANTS DO NOT MEET THE DEMANDING LEGAL STANDARD FOR DISCOVERY OF ABSENT CLASS MEMBERS

Even if the language in *Dellums v. Powell* did describe the applicable legal standard for discovery about absent class members, defendants' motion to compel would still fail. At the very least, defendants would have to show: (1) that the discovery is relevant for purposes of trial "to the decision of common questions"; (2) that the discovery is "tendered in good faith and is not unduly

---

[6] A court may certify an action under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]"

burdensome"; and (3) that the information is "not available from the class representatives." *Dellums v. Powell*, *supra,* 566 F.2d at 187. This is a demanding standard. Therefore, even those courts that have approved use of this standard to allow discovery concerning unnamed class members, have denied such discovery in the majority of cases.[7]

The express language of Rules 33 and 34 of the Federal Rules of Civil Procedure permit interrogatories and document requests, respectively, only against "parties," and not unnamed third-party witnesses, such as absent class members. By contrast, Rules 30 and 45 permit third-party discovery. *See* Rule 30(a)("any party may take the testimony of any person, including a party, by

---

[7] *See, e.g., Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1555-1557 (11th Cir. 1986) (district court erred in sanctioning absent class members in pattern and practice sex discrimination suit who did not answer interrogatories because discovery of absent class members was improper and should not have been permitted)*,* certiorari denied, 479 U.S. 883 (1986); *Clark v. Universal Builders, Inc.*, *supra*, 501 F.2d at 340-341 ("defendants failed to meet burden"of demonstrating special circumstances justifying discovery of unnamed class members); *cf. Pfizer, Inc. v. Lord*, 449 F.2d 119, 120 (2d Cir. 1971) (denying writ of mandamus directing that trial court "afford * * * pretrial discovery to determine (a) the identities of the members of the consumer classes and (b) the nature and extent of the claims of injury and damage"); *In Re Publication Paper Antitrust Litigation*, D. Conn., Civ. Action No. 05-463, 2005 U.S. Dist LEXIS 13681, at * 7 (July 5, 1005)(denying absent class member discovery because defendants failed to show discovery was necessary, narrowly tailored, and not designed to gain a "tactical advantage"); *Kops v. Lockheed Martin Corp.,* C.D. Ca., Civ. Action No. 99-6171, 2003 U.S. Dist. LEXIS 8568, at * 5 (May 14, 2003)(absent class member discovery denied because it is unnecessary); *Mehl v. Canadian Pacific Railroad*., 216 F.R.D. 627, 631 (D.N.D. 2003) (denying class member discovery because "the Court can find no justification for compelling discovery from unnamed class members. The potential members of a hypothetical class are not parties to the present litigation"); *Dubin v. E.F. Hutton Group Inc.*, S.D.N.Y., Civ. Action No. 88-0876, 1992 U.S. Dist. LEXIS 107, at * 12-13 (Jan. 8, 1992) (denying class member discovery); *Penk v. Oregon State Board of Higher Education*, 99 F.R.D. 511, 515 (D. Ore. 1983) (denying class member discovery on factual bases of individual discrimination claims); *Enterprise Wall Paper Manufacturing Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980)(in securities action, discovery of absent class members on purchases and sales of shares denied because defendants failed to make "strong showing" of need); *Bisgeier v. Fotomat Corp.*, *supra,* 62 F.R.D at 120-121 (rejecting discovery on individual purchases of shares); *Gardner v. Awards Marketing Corp., supra*, 55 F.R.D. at 463-466 (discovery of absent class members denied because no strong showing of necessity and it would "hinder expeditious trial of common issues").

deposition upon oral examination"); Rule 45 ("Every subpoena shall * * * (C) command each person to whom it is directed to attend and give testimony * * *. (b)(1) A subpoena may be served upon any person who is not a party* * *."). Thus, the Manual for Complex Litigation, sec. 30.232 (3rd ed. 1995), states that "discovery of absent class members, while not forbidden, is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions * * *." *See also* cases cited in note 7, above.

In any event, defendants have fallen far short of the standard set forth in *Dellums v. Powell*. Defendants do not explain what documents they seek and why they need them. In fact, the only statement in defendants' papers about their purported need for discovery from absent class members is a single, boiler-plate sentence that "some of the categories of documents we seek may constitute admissible evidence in this case as well as lead to the discovery of admissible evidence." Def. Mem. 6. This is clearly insufficient.

Defendants also say nothing about how the information they request is needed for "trial of issues common to the class." *United States v. Trucking Employers, Inc.*, *supra,* 72 F.R.D. at 104. Moreover, they offer no explanation about why they cannot obtain "common class" information from the named representatives themselves, who, by definition, represent the class and share all issues in "common" with them. *See* Rule 23(a)(a member of a class may sue as a representative party only if "there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class * * *").

Given the absence of any rationale for this discovery in their motion, it is questionable whether defendants' motion and the discovery they seek is made in "good faith." As explained

above, it appears that defendants' motion was filed as a tit for tat to plaintiffs motion.[8]

Moreover, contrary to defendants' representations (Def. Mem. 6-7), defendants' document requests sweep too broadly. They demand "all written communications of any type" or all "signed and unsigned statements" from "any class members, their family members, their present and former agents, representatives, servants, employees or attorneys." Because defendants have asked for every possible document not only from "class members" but also from "family members, attorneys, representatives, etc." past and present, plaintiffs objected that defendants' requests were "overly broad, vague, and unduly burdensome." *See* Def. Ex. B, pp. 15-21. Unlike the few cases in which discovery has been permitted of absent class members, defendants here have taken no steps to fashion narrowly their requests for information. *Cf. United States v. Trucking Employers, Inc.*, *supra,* 72 F.R.D. at 104 (court permitted plaintiff United States to propound interrogatories against corporate trucking carriers because interrogatories were narrowly tailored to obtain needed information that was not available from class representatives); *Robertson v. National Basketball Ass'n*, 67 F.R.D. 691, 697 (S.D.N.Y. 1975)(in antitrust action, court allowed discovery of limited number of absent class member because discovery was confined to questions of bargaining history and reasonableness of restraints). *Cf. In Re Publication Paper Antitrust Litigation*, *supra,* 2005 U.S. Dist LEXIS 13681, at * 7 (denying absent class member discovery because defendants failed to show discovery was narrowly tailored and not duplicative of discovery of named class members).

---

[8] Defendants' papers are rife with rhetoric urging the Court to think of plaintiffs and defendants' motions as if they were similar. For example, defendants state that the only way the Court can demonstrate "logic, fairness and equity" is if it disposed of both motions the same way. Def. Mem. 4. Defendants argue that "what is sauce for the goose is sauce for the gander (we will be filing our own motion to compel the production of documents relating to unnamed class members * * *.)". *See* Defendants' Opposition to Plaintiffs' Motion to Compel, p. 7.

Moreover, defendants' failure to meet the standard in *Dellums v. Powell* is not merely a failure to articulate the appropriate arguments. Defendants could not demonstrate that they meet this standard on the facts of this case. This is a Rule 23(b)(2) class action for injunctive and declaratory relief, the basis of which is that defendants have acted on grounds common and generally applicable to the entire class by failing to comply with the Child Find and Free Appropriate Public Education (FAPE) requirements in federal and District of Columbia law. Since these are issues "common to the class," defendants can obtain the relevant information from the named plaintiffs, whose facts are common, typical, and representative of the absent class members. There is no need to seek discovery about these same issues from the unnamed class members.

In addition, this case is not analogous to those in the handful of cases that have permitted limited discovery of absent class members. The few cases permitting limited discovery of absent class members are cases involving individual notice to absent class members under Rule 23(c)(2)(A) or (B)[9] of the Federal Rules of Civil Procedure. In those cases, the absent class members subject to discovery have received individual notification of the pendency of the case or have chosen to be a party to the suit or bound by the judgment by electing not to opt-out.[10] In other words, the absent

---

[9] Individual notice in Rule 23(b)(1) and (2) actions is discretionary. Rule 23(c)(2)(A) provides that "for any class certified under Rule 23(b)(1) or (2), the court may direct appropriate notice to the class." By contrast, Rule 23(c)(2)(A) provides that individual notice in Rule 23(b)(3) actions is mandatory.

[10] *See, e.g.,Brennan v. Midwestern United Life Ins. Co., supra*, 450 F.2d at 1005 (absent class members who receive notice of the pendency of the class suit may be subjected to discovery as long as discovery actually needed in preparation for trial and discovery was not being used to take unfair advantage of class members); *United States v. Trucking Employers, Inc.*, 72 F.R.D. at 104 (discovery of absent class members allowed where "each member of the defendant class has been fully advised of the pendency and progress of the action, and of its right to appear personally"); *cf. Robertson v. National Basketball Ass'n, supra*, 67 F.R.D. at 695 (discovery allowed of a limited sample of class members who had participated in case from its inception).

class members know about and have participated in the case, and there is no unfair surprise or undue burden to have them involved in limited discovery. Even in these cases, courts have confined discovery to a small group of absent class members in order to minimize the burden on the class or reduce the risk of harassment or intimidation. *See, e.g., Robertson v. National Basketball Ass'n*, *supra*, 67 F.R.D. at 695 (to protect class from undue harassment, defendants could seek discovery from only a limited sample of class members who had participated in case from its inception); *Transamerican Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621-622 (S.D. Tex. 1991)(limited discovery permitted of 50 absent class members).

In contrast, this is a Rule 23(b)(2) class action solely for injunctive and declaratory relief, and therefore, notice is not required to be given to these class members. The identity of many of the class members is not even known. Plaintiffs therefore have not received individual notice about this case and have not had the opportunity to opt out of it. Most of the unnamed class members do not even know about the case. Two of the unnamed class members who are represented by Ms. Kohn and who know about the case have specifically requested not to be identified in connection with this case. Pl. Ex. 1, para. 2.

Finally, defendants are incorrect that their motion to compel is a "mirror image" of plaintiffs' motion to compel. Plaintiffs, who have the burden of proving liability, have alleged a policy, pattern, and practice claim under 42 U.S.C. 1983. *See* Plaintiffs' Motion to Compel, pp. 3-12. Plaintiffs will have to prove this claim regardless of this Court's decision on class certification. The discovery they seek about disabled preschool children is relevant to this claim, regardless or whether the Court certifies the class. *Id.*, pp. 8-12. In contrast, the information defendants seek about unnamed class

members, if it were discoverable (and it is not), would only be discoverable for the limited purpose of "trial of issues common to the class" and only if such information is "relevant to the issues to be tried by the Court with respect to the class action aspects of the case." *United States v. Trucking Employers, Inc.*, *supra,* 72 F.R.D. at 104. If there is no certified class, then there are no common issues to be tried "with respect to the class action aspects of the case." *Ibid.*

Thus, because defendants cannot meet the demanding legal standard for discovery about absent class members, defendants' motion to compel should be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs submit that this Court should deny Defendants' Motion to Compel Discovery Production of Documents by Plaintiffs. A proposed order is attached.

Respectfully submitted,

/s/
BRUCE J. TERRIS (D.C. Bar No. 47126)
SHINA MAJEED (D.C. Bar No. 491725)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005
(202) 682-2100

/s/
JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052

/s/
MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036

August 15, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, on behalf of themselves and others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.* )<br>)<br>Defendants. ) | Civil Action No. 05-1437 (RCL) |

**ORDER**

Upon consideration of Defendants' Motion to Compel Discovery Production of Documents by Plaintiffs, plaintiffs' opposition, and the entire record herein, it is hereby

ORDERED, that Defendants' Motion is denied.

_____                    _____
       DATE                                                                  ROYCE C. LAMBERTH