UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL,[1] et al., on behalf of themselves and others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, et al. ) ) | |
| Defendants. ) ) | |

### Declaration of Margaret A. Kohn

I, Margaret A. Kohn, do depose and say:

1. I am an attorney in private practice, currently a solo practitioner, who has represented the parents and guardians of children with disabilities with respect to their education rights virtually full time since July, 1988. I have been a licensed attorney since 1973. My office is located at 1320 19th Street NW #200, Washington, DC 20036.

2. I have prepared this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Compel in the above captioned case.

3. My practice is in Washington, DC and Maryland. The clients I serve are generally the parents/guardians of children with disabilities. Occasionally I have been appointed as an Educational Advocate by a Judge in the DC Superior Court to ensure that a child in the abuse and neglect system with a disability receives appropriate educational services. The ages of the students in my case load at this time ranges from three to 23.

4. There are four DC resident clients in my case load who retained me since August,

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

2005, who have not provided me with permission to disclose their identity. Two of the four have expressly advised me that they are prohibiting me from disclosing their identification as class members at this time. I believe that they will be class members when the class is certified. Each family has sought special education services from DCPS for a child in the 2.8 - 5.11 age range and not been timely or properly served or been a participant in the DC Early Intervention program and not had a smooth transition to special education.

5. I have over the years interviewed many sets of parents of children under the age of 6 with child find issues. Some of these parents hire me, while others do not. My consultation with them is always confidential, whether or not I have been retained. To the extent that they share with me documentation about their child's needs, that documentation is confidential and I am not at liberty to disclose it, even after redaction. In addition to the four clients identified there are also undoubtedly former clients whose children might have been class members, but have subsequently secured all the relief they sought for their child and or the children have aged out of the class. I do not have client consent to identify such individuals and therefore, cannot reveal their identities.

6. With regard to the three new student plaintiffs in the Amended Complaint, I have files on each one. They consist of the typical components of a case file, i.e., correspondence with the clients, my own notes, correspondence with experts in preparation/anticipation of litigation evaluations, parent correspondence with DCPS, parent notes or records, school generated documents, written or audio transcripts of hearings, Hearing Officer Determinations ("HODs"), records from the Administrative Hearings if such hearings have been conducted, requests for reimbursement for services pursuant to the HOD, and requests for attorneys fees and cost. Those

items that are not privileged will be produced in short order and a privilege log with the confidential information will be included.

I swear under penalty of perjury that the foregoing is true and correct. Executed on August 14, 2006.

*Margaret A. Kohn*
Margaret A. Kohn