**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| D.L., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Civil Action No. 05-1437 (RCL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE THEIR AMENDED COMPLAINT**

**INTRODUCTION**

Defendants respectfully submit this memorandum in opposition to plaintiffs'

motion for leave to file their first amended complaint, dated August 3, 2006.  The

plaintiffs seek to amend their complaint in the following ways:

1.     Add three new named plaintiffs: X.Y., T.L., and H.W.  Pl. Mot., at  4.

2.     Withdraw two named plaintiffs: O.U.L. and D.C.  Id., at 4.

3.     Update information about the named plaintiffs from the original

complaint.  Id., at 3.

4.     Expand their allegations about the defendants' alleged failures regarding

Child Find responsibilities.  Id., at 4.  Specifically, the plaintiffs have

added claims regarding Part C of the Individuals with Disabilities

Education Improvement Act ("IDEIA") of 2004, 20 U.S.C. §§1412(a)(9),

which requires the school system to transition children who are

participating in early intervention programs into preschool programs by the time they turn three. Amended Compl., at 23-24, 27, 29-30, 33-34, 35.

5.     Respond to Defendants' November 16, 2005, Motion for Dismissal of Plaintiffs' Claim of a Violation of Section 504 of the Rehabilitation Act. Pl. Mot., at 4-5.[1]

6.     Demonstrate that a new named plaintiff, X.Y., has exhausted his administrative remedies, in response to Defendants' November 10, 2006, Motion for Dismissal of the Complaint for failing to exhaust administrative remedies. Id., at 5-6.

The defendants do not object to the voluntary dismissal of O.U.L. and D.C.; the defendants, however, do object to adding three new named plaintiffs—X.Y., H.W., and T.L.—this late in the case. The defendants also oppose the plaintiffs' attempt to add another claim to the case this late in the process. Thus, the defendants ask this Court to deny the plaintiffs' request to amend their complaint because of undue delay, undue prejudice to the defendants, and futility.

---

[1] By amending the Complaint to include more facts to make a showing of a Section 504 violation, the plaintiffs appear to concede their weakness in alleging facts essential to support their claim in the initial Complaint. This supports the defendants' position in their November 16, 2005, Motion for Dismissal of Plaintiffs' Claim of a Violation of Section 504 of the Rehabilitation Act, incorporated herein by reference. But even with the additional facts the plaintiffs now seem to add, they still fail to make a showing that the defendants treated the plaintiffs differently from non-disabled students **solely** because of their disabilities; nor have they alleged anything in their Complaint that demonstrates gross misconduct or bad faith by school officials. See Amended Compl., at 3, 31.

# ARGUMENT

## I.     Standard

Federal Rule of Civil Procedure 15(a) requires the plaintiffs to seek leave of the Court to amend their complaint, once responsive pleadings have been filed, and that leave of the Court should be given if "justice so requires."  The denial of such a motion is within the sound discretion of the Court. Williamsburg Wax Museum v. Historic Figures, 810 F.2d 243, 247 (D.C. Cir. 1987); Doe v. McMillan, 566 F.2d 713, 720 (D.C. Cir. 1977), cert. denied, 435 U.S. 969; James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  The District of Columbia Circuit Court has held that

> Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment."

Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996), quoting Foman v. Davis, 371 U.S. 178, 182 (1962); accord Sinclair v. Kliendienst, 645 F.2d 1080, 1085 (D.C. Cir. 1991).

Given that the Court has sound discretion to deny a motion to amend a complaint, such an analysis is case specific and involves an inquiry regarding the pros and cons of the requested amendment.  See Williamsburg Wax Museum v. Historic Figures, 810 F.2d at 247.

As shown above, the plaintiffs have waited for more than a year to amend their complaint, and fact discovery is scheduled to close September 30, 2006; the plaintiffs have unduly delayed their request to amend the complaint.  Further, with regard to two of the newly proposed plaintiffs—T.L. and H.W.—adding them to the complaint would be

futile because they have failed to exhaust their administrative remedies before joining this case.  Finally, these factors also demonstrate another basis for denying the plaintiffs' motion: "undue prejudice" to the defendants.  See Foman v. Davis, 371 U.S. at 182 (1962); see also Sinclair v. Kliendienst, 645 F.2d at 1085 (D.C. Cir. 1991).

The standard for determining the applicability of undue prejudice is the proposed amendment's "potential for prejudice to the other party."  Doe v. McMillan, supra, 566 F.2d at 720 (emphasis supplied); Williamsburg Wax Museum v. Historic Figures, supra, 810 F.2d at 248.

## II.   Plaintiffs should not be permitted to amend the complaint.

The plaintiffs have failed to demonstrate why justice requires amendment of the Complaint.  In fact, the plaintiffs state that there are "no new legal claims and no new defendants."  Pl. Mot., at 6.  They also state that "[t]he new allegations do not expand the case beyond the allegations pled in the original case," and that "the new named plaintiffs present facts substantially similar to one and another and to the original six named plaintiffs."  Id. at 6.  If the new named plaintiffs are so similar (and the defendants agree that the facts alleged do not appear to make them uniquely different from the other named plaintiffs), then there is no need to amend the Complaint to include them—they would be included in the putative class.  See Amended Compl., at 4-17.  Accepting these statements as true, it is unclear why an Amended Complaint is even sought.  Certainly, there is no showing by the plaintiffs of a need to amend.

Several of the factors identified by the courts as reasons to deny amendment apply to the present case—undue delay, undue prejudice and futility.

A.    **Amending the Complaint would cause undue delay in the progress
of the case and would result in undue burden to the defendants.**

This Court should not permit the plaintiffs to amend their complaint because of

undue delay.  The defendants object to adding three new named plaintiffs—X.Y., H.W.,

and T.L.—this late in the case.  This case is over a year old.  The defendants filed their

Answer on September 12, 2005, and three subsequent dispositive motions are pending, as

well as the plaintiffs' September 1, 2005, Motion for Class Certification, which has been

fully briefed.  Under the current Order of this Court, fact discovery is set to close

September 30, 2006.

No justification is shown for making plaintiffs' proposed changes at this late date.

To add new named plaintiffs to this case—plaintiffs who do not appear to have claims

uniquely different from the original named plaintiffs—would impede the progress of this

case and enlarge the discovery phase.  Moreover, allowing the plaintiffs to add what is

essentially a new claim despite their protestations to the contrary—that defendants did

not comply with Part C of the IDEIA—would be enlarging the scope of the case and the

proposed class long after the appropriate time for doing so has passed.

The passage of time and the enlargement of the scope of the case will both result

in undue prejudice to the defendants, if the Court permits amendment.  The defendants

have spent a significant amount of time responding to discovery requests.  Amendment

would in effect reopen several documentary requests and require the defendants to once

again search for documents, for example, documents relating to the three newly proposed

plaintiffs.  Likewise, the plaintiffs would have to provide discovery as to the new

plaintiffs and their other changes; the defendants would have to reexamine their prior

discovery requests and perhaps serve new ones to take account of the changes. The proposed amended complaint would retard, rather than progress the case.

> **B.    Adding H.W. and T.L. to the Complaint would be
> futile because they have failed to exhaust their
> <u>administrative remedies before joining this case.</u>**

As demonstrated in the Defendants' November 10, 2006, Motion for Dismissal of the Complaint for failing to exhaust administrative remedies, which is pending before this Court, the plaintiffs must exhaust their administrative remedies before filing in federal court. Defendants' Motion, incorporated by reference herein. Of the three newly proposed plaintiffs, neither H.W. nor T.L. has alleged facts to demonstrate exhaustion through utilization of the due process hearing process.[2] Amended Compl., at 9-11. Thus, their proposed inclusion in this case would be *futile* because, like the original named plaintiffs, they should be dismissed for failing to exhaust their administrative remedies.

## <u>CONCLUSION</u>

For the foregoing reasons, the plaintiffs' motion to amend their Complaint should be denied.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

---

[2] DCPS has searched its files to confirm that the parents of H.W. and T.L. did not file hearing requests with the DCPS Student Hearing Office.

**/s/ Daniel A. Rezneck**
DANIEL A. REZNECK [#31625]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-5691

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov

August 17, 2006                    ATTORNEYS FOR DEFENDANTS