UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DL[1], *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 05-1437 (RCL) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

This matter comes before the Court on defendants' Motion [19] to Dismiss the Section 504 Claim and defendants' Motion [23] to Dismiss Defendant Superintendent Janey. Upon consideration of these motions, the oppositions thereto, the reply briefs, the applicable law, and the entire record herein, the Court concludes that defendants' Motion [19] to Dismiss Section 504 Claim will be denied and defendants' Motion [23] to Dismiss Defendant Superintendent Janey will be denied.

## BACKGROUND

The factual background of this case is laid out in detail in the Court's Memorandum Opinion [53] of August 25, 2006, denying defendants initial motion to dismiss.

Plaintiff filed suit under 42 U.S.C. 1983, the Individuals with Disabilities and Education Act ("IDEA"), 20 U.S.C. 1400, *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a), federal implementing regulations, the Due Process Clause of the federal Constitution, and

---

[1] Pursuant to Local Civil Rule 5.4(f)(2), minors are identified by their initials in this Amended Complaint.

District of Columbia law, 5 D.C.M.R. 3002.1(d), 3002.3(a), on July 21, 2005.  According to the IDEA, District of Columbia Public Schools ("DCPS") has a duty, also known as the Child Find duty, to take steps to ensure that children with disabilities in the District of Columbia are identified, located, and evaluated, and given the opportunity to receive special education and related services.  Plaintiffs allege that the DCPS, in failing to properly discharge its Child Find duty, has failed to provide a free appropriate public education ("FAPE") to children ages three through five living in the District of Columbia as required by the IDEA.  Plaintiffs seek an injunction requiring DCPS and Superintendent Janey to comply with the Child Find requirement of the IDEA, the Rehabilitation Act, and District of Columbia law and to provide a FAPE for preschool children in the District of Columbia.

On August 25, 2006, the Court granted plaintiffs' motion [46] for Leave to File Plaintiffs' First Amended Complaint.  (See Docket #52.)  The Amended Complaint removes two of the named plaintiffs because of changes that have occurred subsequent to the filing of the complaint.  Plaintiffs have substituted XY, TL, and HW for OUL and DC. There are now seven named plaintiffs.  (See Am. Compl. ¶¶ 19-38.)

By separate orders this date, this Court denied defendants' motion [18] to dismiss the Complaint for lack of subject matter jurisdiction and granted plaintiffs' motion [5] for class certification.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant

2

the plaintiff the benefit of all inferences that can be derived from the facts alleged. Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Kowal, 16 F.3d at 1276. The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

## DISCUSSION

**A.     Defendants' Motion to Dismiss Rehabilitation Act § 504**

Defendants argue that plaintiffs have failed to plead certain facts in support of their claim, including facts relating to a prima facie case, "bad faith," and "gross misjudgment." (Defs.' Mot. 6-7.) Plaintiffs counter by contending plaintiffs have met the pleading standard for Section 504 claims. (Pls.' Opp'n 1-2.) The Court agrees with plaintiffs and finds that plaintiffs have included facts in the Amended Complaint that support each element of plaintiffs' prima facie case.

Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a) provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." In order to state a claim under Section 504 of the Rehabilitation Act in IDEA cases, plaintiffs must show that "something more than a mere failure to provide the 'free and appropriate education' required

by the [IDEA]'" has occurred.  Walker v. District of Columbia, 157 F. Supp. 2d 11, 35 (D.D.C. 2001) (Friedman, J.)  Generally, plaintiffs who show either "bad faith or gross misjudgment" can prevail under Section 504 for IDEA violations.  Id.  Liability will not be imposed so long as the "state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals."  Monahan v. Nebraska, 687 F.2d 1164, 1171 (8th Cir. 1982).

Plaintiffs here have alleged sufficient facts to make a prima facie showing that defendants have "departed grossly" from accepted Child Find practice and standards.  For example, several of the representative plaintiffs, including XY discussed above, have alleged that even after a favorable determination by a hearing officer, DCPS did not bring itself into compliance with the pertinent requirements.

Plaintiffs also maintain that defendants' Child Find program "is grossly inadequate when compared to Child Find programs in the rest of the country."  (Id. ¶ 107.)  A recent Department of Education study shows that the District of Columbia is ranked last among states in the provision of special education services to preschool children, ages three through five.  (Id.)  The defendants have not persuaded the Court that no reasonable fact finder could conclude that their conduct was grossly out of line with governing standards.  The Court concludes that plaintiffs' allegations are sufficient for a prima facie claim under Section 504 of the Rehabilitation Act.  (Id. ¶¶ 3, 97-98, 106-107, 118.)

B.   **Defendants' Motion to Dismiss DCPS Superintendent Clifford Janey**

Defendants argue that plaintiffs cannot sue Superintendent Janey in his official capacity

because the District of Columbia is a named defendant. (Defs.' Mot. 3-5.) Plaintiffs respond by arguing under Rule 20(a) of the Federal Rules of Civil Procedure, well-established case law, and 42 U.S.C. § 1983, Superintendent Janey is a proper defendant. (Pls.' Mot. 2.) The Court finds that Superintendent Janey is a proper defendant under § 1983.

In Monell v. Department of Social Services of the City of New York, the Supreme Court held that the fact that "local governments can be sued necessarily [means] that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which . . . a local government would be suable in its own name." 436 U.S. 658, 691, n. 55 (1978). Contrary to defendants' argument, government officials such as Superintendent Janey are not shielded from suit simply because the District of Columbia is also named. In Best v. District of Columbia, 743 F. Supp. 44, 49 (D.D.C. 1990), the Court determined that police officers sued in their official capacity could not be dismissed in a case where inmates had been videotaped without their consent and had alleged privacy violations. The Court reasoned that even though the District of Columbia was a defendant, "under *Monell*, District of Columbia officials are not immune from suit because the District of Columbia itself is liable as a 'person.'" Id.

Defendants also contend that Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989), applies because plaintiffs seek monetary damages as well as injunctive relief, even though they try to disguise their monetary damage claims with the label of "reimbursement" of out-of-pocket expenditures. (Defs.' Reply 3.) The Court rejected this contention in the Memorandum Opinion [57] issued August 25, 2006, concluding that plaintiffs' here claim only reimbursement for costs expended by parents to pay for evaluations or tuition. Such a claim is

permissible in an IDEA suit. (Id., at 9-10.) Burlington v. Department of Education, 471 U.S. 359, 370-71 (1985).

## **CONCLUSION**

For the reasons stated herein, the Court will deny defendants' Motion [19] to Dismiss Section 504 Claim and defendants' Motion [23] to Dismiss Defendant Superintendent Janey.

A separate Order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, August 25, 2006.