## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DL[1]**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 05-1437 (RCL)** |
| | ) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION

This matter comes before the Court on plaintiffs' motion for class certification [5].  Upon consideration of the motion, the opposition thereto, the applicable law, and the entire record in this case, the Court will grant the plaintiffs' motion.

## BACKGROUND

Plaintiffs filed the present case, alleging that the District of Columbia Public Schools ("DCPS") failed in its duty to provide a free and appropriate public education ("FAPE") to children ages three through five living in the District of Columbia.  Specifically, plaintiffs allege that defendants have failed to identify, locate, evaluate, and offer special education and related services to certain children in violation of, inter alia, the Individuals with Disabilities and Education Act ("IDEA"), codified at 20 U.S.C. 1400, et seq., Section 504 of the Rehabilitation Act, codified at 29 U.S.C. 794(a), 42 U.S.C. 1983.

The IDEA imposes on public schools a duty to "identify, locate, and evaluate" students

---

[1] Pursuant to Local Civil Rule 5.4(f)(2), minors are identified by their initials in this Amended Complaint.

with disabilities (the "Child Find" duty). 20 U.S.C. § 1412(a)(3)(A) (2000). This duty requires that DCPS take steps to ensure that children with disabilities in the District of Columbia are identified and given the opportunity to receive special education and related services. Also, as part of their Child Find duty, defendants must (1) have adequate Child Find "policies and procedures" in place to identify, locate and evaluate children with disabilities, 34 C.F.R. § 300.125(a) (2005); (2) conduct comprehensive evaluations to test for disabilities, 20 U.S.C. § 1414; 34 C.F.R. §§ 300.530-300.536 (2005); (3) determine eligibility for special education and related services upon completion of these evaluations, id.; and (4) develop an Individualized Education Program ("IEP") and an appropriate educational placement for those children ultimately found eligible for services, 20 U.S.C. § 1412(a)(4) (2000); 34 C.F.R. §§ 300.340-300.350 (2005). This process must occur within the time frames and in accordance with the standards pertaining to referrals, evaluations, eligibility determinations, IEP's and placements set forth in the IDEA and District of Columbia law.

Because of the alleged failure of defendants to perform their duties pursuant to the IDEA, plaintiffs request certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, in order to seek declaratory and injunctive relief. The plaintiffs seek an injunction requiring defendants to take appropriate steps to remedy the alleged violations of federal and District of Columbia law and to reimburse plaintiffs for the expenses of obtaining evaluations, special education and related services allegedly incurred as a result of defendants' failure to comply with the IDEA.

Plaintiffs propose the following class definition:

> All children who are or may be eligible for special education and

> related services, who live in, or are wards of, the District of
> Columbia, and (1) whom defendants did not identify, locate,
> evaluate or offer special education and related services to when the
> child was between the ages of three and five years old, inclusive, or
> (2) whom defendants have not or will not identify, locate, evaluate
> or offer special education and related services to when the child is
> between the ages of three and five years old, inclusive.

Defendants argue that plaintiffs' requested class "sprawls all over the map both factually and

legally" and therefore does not meet pertinent class certification requirements.   (Defs.' Opp'n 1.)

## DISCUSSION

### I.    Class Certification

Rule 23 of the Federal Rules of Civil Procedure, which governs class certification,

permits certification only if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there
> are questions of law or fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately represent the interests of the class.

In addition, the party seeking certification must demonstrate that one of the relevant provisions of

Rule 23(b) have been satisfied.  Here, plaintiffs have requested class certification under Federal

Rule of Civil Procedure 23(b)(2).  Rule 23(b)(2) requires a showing that "the party opposing the

class has acted or refused to act on grounds generally applicable to the class, thereby making

appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a

whole."

The plaintiffs bear the burden of establishing that there is a "reasonable basis for crediting

[their] assertion[s]"as to each Rule 23 requirement.  Wagner v. Taylor, 836 F.2d at 578, 587 n.57

(D.C. Cir. 1987); see also McCarthy v. Kleindienst, 741 F.2d 1406, 1414, n. 9 (D.C. Cir. 1984).

The Court will address the class certification requirements separately.

A.    *Rule 23(a) Requirements*

    1.    <u>Impracticability of Joinder</u>

Rule 23(a) requires that "the class [be] so numerous that joinder of all members is impracticable."  The court will examine each proposed class on its own facts and will not place a numerical floor on class size.  <u>General Tel. Co. v. Equal Employment Opportunity Comm'n</u>, 446 U.S. 318, 330 (1980).  To satisfy this requirement, this Court has repeatedly held that plaintiffs "need not provide the exact number of potential class members . . . ." <u>Bynum v. District of Columbia</u>, 214 F.R.D. 27, 33 (D.D.C. 2003); <u>Pigford v. Glickman</u>, 182 F.R.D. 341, 347 (D.D.C. 1988).  However, courts have observed that "numerosity is presumed at a level of 40 members." <u>See</u> <u>Consolidated Rail Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2d Cir. 1993). Aside from class size, other "[r]elevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, . . . financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members."  <u>Robidoux v. Celani</u>, 987 F.2d 931 (2d Cir. 1993).

In 2003, there were 16,962 three through five year olds who were residents of the District of Columbia.  (Pls.' Mot., Ex. 1.)  According to the U.S. Department of Education's Office of Special Education's statistics, only 301, or 1.77%, of these 16,962 received some form of special education or related services.  The national average of the percentage of three through five year olds who received special education and related services in 2003 was 5.78%.  (<u>See</u> Pls.' Mot. Ex. 2, 3.)  If the District provided services equal to the national average, 980 children would have been identified, located, evaluated and offered services in 2003, 674 more than the 301 children

4

who received services that year.  (Id.)  This places the District of Columbia at the bottom of all

states in the provision of special education services to three through five year old children.  (See

Id. Ex. 2, 3.)  Though defendants argue otherwise, there is no reason to believe that the District of

Columbia preschool population has less need for special education services than the nation on

average, let alone the lowest need of any state in the nation.

The number of potential class members thus far exceeds 40.  Pursuit of individual actions

on behalf of each of these potential class members would be impracticable.  Class certification

would allow efficient use of judicial resources and uniform redress of the plaintiffs' common

grievances.  The Court concludes that the numerosity is satisfied in this case.

    2.   Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  It is

not necessary that every issue of law or fact be the same for each class member.  Forbush v. J.C.

Penney, Inc., 994 F.2d 1101, 1106 (5th Cir. 1993).  Variations among the legal theories

underpinning claims of putative class members does not defeat the commonality requirement so

long as a single aspect or feature of the claim is common to all proposed class members.  Bynum

v. District of Columbia, 214 F.R.D. 27, 33 (D.D.C. 2003) (Lamberth, J); Pendleton v.

Schlesinger, 73 F.R.D. 506, 508 (D.D.C. 1977), aff'd, 628 F.2d 102 (D.C. Cir. 1980).  Nor do

factual variations among the claims of putative class members defeat commonality, so long as

"[i]t is unlikely that differences in the factual background of each claim will affect the outcome

of the legal issue."  Califano v. Yamasaki, 442 U.S. 682, 701 (1979).

Here, all plaintiffs allege that defendants have violated the Child Find requirement set

forth in the IDEA, the Rehabilitation Act, implementing regulations, and District of Columbia

law. Plaintiffs also have a common injury, namely the denial of a FAPE under the IDEA. The plaintiffs maintain that their common injury can only be rectified by injunctive and declaratory relief from this Court. For their part, the defendants contend that plaintiffs have not shown that all class members share all claims and facts with each other. On a thorough review of the record, it does not appear that factual differences are likely to affect the disposition of the legal issues in this case. Thus, the Court concludes that Plaintiffs satisfy the commonality requirement.

     3.    <u>Typicality</u>

Rule 23(a)(3) requires that class representatives have claims that are typical of all class members' claims. In other words, the class representatives must have suffered a similar injury from the same impermissible practice. <u>Wagner v. Taylor</u>, 836 F.2d 578, 591 (D.C. Cir. 1987). As with the commonality requirement, typicality is not defeated when there are "differences in the factual patterns underlying the claims or defenses of individual class members." <u>United States v. Trucking Employers, Inc.</u>, 75 F.R.D. 682, 688 (D.D.C. 1977) (citations omitted). Therefore, it is not necessary that each of the named plaintiffs be subjected to all of the methods by which the defendants denied services or failed to meet statutory requirements. The only requirement is that the named plaintiffs were injured by the same alleged systemic pattern of IDEA violations that allegedly injured the other class members, and that the named plaintiffs' injury is typical of the other class members' injuries.

Again, defendants maintain that the factual variations among the claims of the named plaintiffs' and the other members of the class defeat typicality. Here, named plaintiffs' claims are based on the same legal theory as that of the class. They allege that defendants have deprived them of a FAPE, and otherwise violated the IDEA, Rehabilitation Act, federal implementing

regulations, the Due Process Clause, and District of Columbia law by failing to identify, locate,

evaluate and offer them special education and related services as preschool children.  They

further allege that their injuries were caused by defendants' pattern or practice of systemic

violation of the pertinent laws.  Differences among the plaintiffs' "disabilities" do not undercut

the typicality of their claims.  The Child Find duty applies regardless of the child's disability, and

the injury suffered as a result of deprivation of the services guaranteed under the IDEA is the

same for all.  As this Court stated in Bynum, "demonstrating typicality does not mean showing

that there are no factual variations between the claims of the plaintiffs.  Rather, if the named

plaintiffs' claims are based on the same legal theory as the claims of the other class members, it

will suffice to show that the named plaintiffs' injuries arise from the same course of conduct."

214 F.R.D. at 35.

        The Court concludes that the typicality requirement is also satisfied in this case.

        4.     Adequacy of Representation

        Rule 23(a)(4) requires plaintiffs to establish that the class representatives are capable of

fairly and adequately representing the interests of  the class.  For one thing, the interests of named

plaintiffs in the litigation must not conflict with interests of other class members.  Wagner, 836

F.2d at 595-96.  Class representatives also must be able "to vigorously prosecute the interests of

the class through qualified counsel."  National Ass'n of Regional Medical Programs, Inc. v.

Mathews, 551 F.2d 340, 345 (D.C. Cir. 1976).

        Defendants do not dispute that counsel for the named plaintiffs are qualified in litigating

civil matters, including class actions, and will vigorously prosecute this case.  Instead, defendants

contend that some of the named plaintiffs have not exhausted their administrative remedies, and

that the claims of those who <u>have</u> exhausted their administrative remedies are now moot.  The Court has already rejected the defendants' exhaustion argument in denying their motion to dismiss for lack of jurisdiction, concluding that exhaustion is waived on grounds of futility and inadequacy.  <u>See</u> Mem. & Op. [53], issued August 25, 2006, at 9-12.

The Court also rejects defendants' mootness contention.  The Supreme Court has unequivocally held that even if the named plaintiffs' individual claims are moot, the class action is not necessarily mooted.  <u>Sosna v. Iowa</u>, 419 U.S. 393, 399, 402 (1975).  Nothing suggests that the representative plaintiffs will not provide the sort of adversary presentation necessary to satisfy Article III.  <u>See id.</u>  Moreover, even if the representative plaintiffs' claims were mooted by the provision of administrative relief, such relief is not a change in the governing law that would call into question the propriety of allowing this case to proceed as a class action.  <u>See</u> <u>Kremens v. Bartley</u>, 431 U.S. 119, 123 (1977).  The Court need not address the question of whether certain representative plaintiffs' claims are in fact moot, a merits question, at the class certification stage of this litigation.

Because plaintiffs have demonstrated that there are no conflicts of interest between the named plaintiffs and the other proposed class members, the Court concludes that plaintiffs have satisfied the adequacy requirement of Rule 23(a).

B.      *Rule 23(b)(2) Requirements*

Under Federal Rule of Civil Procedure 23(b)(2), an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and if

> the party opposing the class has acted or refused to act on grounds
> generally applicable to the class, thereby making appropriate final
> injunctive relief or corresponding declaratory relief with respect to the

8

class as a whole . . . .

Plaintiffs argue that defendants have acted or failed to act on "grounds generally applicable to the class" and that "final injunctive or corresponding relief" befits the class.  (Pls.' Mot. 16-17.)

Plaintiffs here have pointed to practices which, if proven, constitute a pervasive pattern and practice of failing to identify, locate, evaluate and offer them services and that defendants lack an adequate Child Find system.  Plaintiffs further note that defendants' systemic failures deny them a free appropriate public education and entry into the special education system, which can only be remedied by injunctive and declaratory relief from the Court.  Plaintiffs' allegations that defendants maintain a continuing practice of failing to fulfill their Child Find duty is sufficient to satisfy the Rule 23(b)(2) requirement.

Defendants argue maintain a Rule 23(b)(2) certification is unwarranted because the plaintiffs' reimbursement claims amount to claims for money damages.  The Supreme Court in Burlington v. Department of Education, 471 U.S. 359 (1985), expressly rejected this argument, concluding that reimbursement of special education expenses incurred as a result of an IDEA violation was not "damages" because reimbursement "merely requires the [defendant] to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP." Id. at 370-371.  See also Florence County School District Four v. Carter, 510 U.S. 7 (1993) (reimbursement available as equitable remedy for private school placements).  And, even if the reimbursement claims could fairly be construed as claims for money damages, the class may nevertheless be certified so long as the damages request does not "predominate" over other forms of relief requested.  Eubanks v. Billington, 110 F.3d 87, 92 (D.C. Cir. 1997).  Indeed, courts regularly certify Rule 23(b)(2) classes in IDEA

cases where similar reimbursements are requested.  See, e.g., <u>Petties v. District of Columbia</u>, 881

F. Supp. 63 (D.D.C. 1995); <u>D.D. v. New York City Bd. of Educ.</u>, 2004 WL 633222 at * 13

(E.D.N.Y. March 30, 2004).

The Court concludes that plaintiffs satisfy the requirements for Rule 23(b)(2)

certification.

<u>CONCLUSION</u>

For the reasons set forth above, the court will grant plaintiffs' motion for class

certification and adopt the following class definition:

> All children who are or may be eligible for special education and related services, who live in, or are wards of, the District of Columbia, and (1) whom defendants did not identify, locate, evaluate or offer special education and related services to when the child was between the ages of three and five years old, inclusive, or (2) whom defendants have not or will not identify, locate, evaluate or offer special education and related services to when the child is between the ages of three and five years old, inclusive.

A separate order shall issue this date.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, August 25, 2006.