**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| DL, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1437 (RCL) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

Defendants District of Columbia ("District) and Clifford B. Janey ("Janey") answer

the Complaint ("complaint") in this action, as follows (numbers correspond to the

numbered paragraphs in the complaint):

**Procedural Posture**

1.    Admit that plaintiffs purport to bring claims against the District and Janey as set

forth in this paragraph.  Admit that plaintiffs purport to bring these claims under

the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the

Rehabilitation Act, the Due Process clause of the Fifth Amendment and District

law.  Deny any liability thereunder and that plaintiffs are entitled to any of the

relief set forth therein.

2.    Deny.

3.    The first three sentences of this paragraph state legal conclusions, as to which

defendants are not required to respond.  Deny the fourth, fifth and sixth sentences

of this paragraph.

4.      Admit that plaintiffs assert jurisdiction and venue under the sections set forth in this paragraph.

5.      Admit.

6.      Admit the first sentence to the extent that on August 24, 2005, an Individualized Education Program ("IEP") team determined that DL is eligible for special education services as a student with developmental delays, pursuant to the IDEA. Lack knowledge or information sufficient to form a belief as to the truth of the averments in the remaining sentences.

7.      Deny.

8.      Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

9.      Deny that Bright Beginnings had the authority to convene such a meeting.  As to the remaining allegations in the paragraph, lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph

10.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

11.     Admit, except that Defendants deny the last sentence, which alleges that DCPS did not act on Ms. Ford's request for special education and related services.

12.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

13.     Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

14.     Admit.

2

15.   Deny, except that Defendants admit that DCPS determined that DL qualified for special education services, developed an IEP, and placed DL at Van Ness Elementary School.

16.   Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

17.   Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

18.   Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

19.   Admit.

20.   Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, except that the Defendants admit that the student evaluation stated that "his profile is consistent with Autism Spectrum Disorder" in May 2005.

21.   Deny.

22.   Admit.

23.   Admit sentences one through four, but deny the remaining sentence. Speech and Language Pathologist Leslie Charles of the DCPS C.A.R.E. Center conducted a Speech and Language Observation of XY on November 28, 2005, following the meeting, and then, prepared a Speech and Language Evaluation from that observation.

24.   Deny, except that the Defendants admit that in February 2005, XY turned three, and DCEIP ended his services.

3

25.    Admit that in February and March, 2006, two due process hearings were held and refer to the record of the proceeding for a full and accurate statement of its contents, including the decisions of the administrative hearing officer.

26.    Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

27.    Admit.

28.    Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

29.    Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

30.    Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

31.    Admit.

32-38. Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

39.    Admit.

40.    Admit.

41.    Admit, to the extent that JB was referred to DCPS on March 31, 2004, and that on April 27, 2004, DCPS convened a meeting to discuss his private evaluations and possible eligibility.

42.    Deny.

43.    Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

44.  Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

45.  Admit.

46.  Admit the first sentence, and deny the second sentence.

47.  Lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

48.  Admit that the Center for Autism Spectrum Disorders of the Children's National Medical Center ("CNMC") performed a psychiatric evaluation on JB, in which the evaluators recommended intervention, including educational intervention. Lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

49.  Admit.

50.  Admit.

51.  Deny the first sentence, but lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

52.  Lack knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of this paragraph, but deny the second sentence.

53.  Admit.

54.  Admit that at the time of the original complaint, FD was a three-year old boy who was born in 2001.  Admit the remaining sentences.

55.  Admit.

56.  Admit.

57.  Deny the first sentence.  Admit the second sentence.

58.    Admit the first sentence. As to the second sentence, admit that prior to that time

he received services at home through the Early Intervention Program, and deny

that such services were "limited."  As to the third sentence, lack knowledge or

information sufficient to form a belief as to the truth of these averments.

59.    Admit the first two sentences.   As to the remainder of the paragraph, lack

knowledge or information sufficient to form a belief as to the truth of the

averments, except admit the last two sentences.

60.    Admit that FD requested a due process hearing, but lack knowledge or

information sufficient to form a belief as to the truth of the remaining averments

in this paragraph.

61.    Admit that the parties entered into a settlement agreement and refer to the

agreement for a full and accurate statement of the terms thereof.

62.    Admit the first sentence, but deny the remaining sentences.

63.    Lack knowledge or information sufficient to form a belief as to the truth of the

averments in this paragraph.

64.    Lack knowledge or information sufficient to form a belief as to the truth of the

averments in this paragraph.

65.    Admit that at the time of the original complaint, TF was a six-year-old boy who

was born in 1998.  Admit the remaining sentences.

66-72. Lack knowledge or information sufficient to form a belief as to the truth of the

averments in these paragraphs.

73.   Admit that a due process hearing was held in June 2005 and refer to the record of

the proceeding for a full and accurate statement of its contents, including the

decision of the administrative hearing officer.

74.   Admit, but clarify that the student was found ineligible for special education

services prior to the September 10, 2005 MDT meeting.  Also prior to the

meeting, in June of 2005, TF was found eligible under Section 504 of the

Rehabilitation Act (which would not entitle him to the same services that an

IDEA eligibility determination would).

75.   Admit.

76.   Deny.

77.   Admit that the District is a municipal corporation and receives federal funds under

IDEA.  The remainder of this paragraph states legal conclusions to which

defendants are not required to respond; refer to the cited provisions of law for a

full and accurate statement of their contents and requirements.

78.   Admit that defendant Janey is the Superintendent of the DCPS and chief

executive of DCPS.  The remainder of this paragraph states legal conclusions to

which defendants are not required to respond; refer to the cited provisions of law

for a full and accurate statement of their contents and requirement.

79.   Admit that plaintiffs purport to bring this action on behalf of themselves and the

class of persons they set forth in this paragraph.  Deny that this is an appropriate

class action.

80.   Deny.

81-96.  These paragraphs state legal conclusions to which defendants are not required to

      respond; refer to the cited provisions of law for a complete and accurate statement

      of their contents and requirements.

97-105. Deny.

106.    Deny and refer to the Phelps and Klem declarations in the <u>Blackman</u> class action

      for a complete and accurate statement of the contents thereof.

107.    Lack knowledge or information sufficient to form a belief as to the truth of the

      averments in this paragraph.

108.    The first statement of this paragraph states an argumentative conclusion to which

      defendants are not required to respond.  Deny the remainder of this paragraph.

109.    Deny.

110.    This paragraph states a legal conclusion to which defendants are not required to

      respond; refer to the cited provisions of law for a full and accurate statement of

      their contents and requirements.

111.    This paragraph states a legal conclusion to which defendants are not required to

      respond; refer to the cited provisions of law for a full and accurate statement of

      their contents and requirements.

112.    This paragraph states a legal conclusion to which defendants are not required to

      respond; refer to the cited provisions of law for a full and accurate statement of

      their contents and requirements.

113.    Deny.

114.    Deny.

115. This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

116. This paragraph states a legal conclusion to which defendants are not required to respond, refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

117. This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

118. Deny.

119. Deny.

120. This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

121. This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

122. Deny.

123. Deny.

124. This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provision of law for a full and accurate statement of its contents and requirements.

125. Deny.

126.   This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

127.   This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

128.   This paragraph states a legal conclusion to which defendants are not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

129.   Deny.

130.   Deny.

Defendants deny that plaintiffs are entitled to any of the relief sought in this action.

### Affirmative Defenses

1.   The complaint fails to state a claim on which relief can be granted.

2.   Some or all of the plaintiffs' claims are or may be barred by the statute of limitations or the doctrine of laches or estoppel.

3.   The plaintiffs have failed to exhaust their administrative remedies.

4.   Some or all of the plaintiffs' claims under District law are barred for failure to comply with 12 D.C. Code Section 309.

5.   The requirements of Rule 23 for maintenance of this suit as a class action are not met.

6.   The defendants are immune from liability as to some or all of the claims.

## Relief Sought

The complaint should be dismissed with prejudice and with costs to the plaintiffs.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

EDWARD P. TAPTICH
Chief, Equity Section 2

**/s/ Daniel A. Rezneck**
DANIEL A. REZNECK [#31625]
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614

September 11, 2006                    Attorneys for defendants