UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL,[1] *et al.*, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION TO SUBSTITUTE DEFENDANT

Plaintiffs move, on behalf of themselves and others similarly situated, pursuant to Rules 15, 21 and/or 25 of the Federal Rules of Civil Procedure, to substitute Superintendent Clifford B. Janey ("Superintendent") with District of Columbia Public Schools Chancellor Michelle Rhee ("Chancellor") and District of Columbia State Superintendent of Education Deborah Gist ("State Superintendent").

Pursuant to Local Rule 7(m), plaintiffs have discussed with defendants by telephone the relief sought in this motion. Defendants have consented to the substitution of the Superintendent by the Chancellor, but not the State Superintendent.

Plaintiffs request that the caption be reformed to reflect the proper parties, as set forth in the proposed Order accompanying this Motion.

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

Respectfully submitted,

/s/ Bruce J. Terris

BRUCE J. TERRIS (D.C. Bar No. 47126)
EMILY A. BENFER (D.C. Bar No. 499884)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005
(202) 682-2100


JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052
(202) 994-7463

MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330

November 28, 2007                    *Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL,[2] *et al.*, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO SUBSTITUTE DEFENDANT**

INTRODUCTION

Plaintiffs seek an order substituting District of Columbia Public Schools ("DCPS") Chancellor Michelle Rhee ("Chancellor") and District of Columbia State Superintendent of Education Deborah Gist ("State Superintendent") for defendant Superintendent Clifford B. Janey ("Superintendent"). This substitution is necessary because recent legislation has significantly altered the District of Columbia's educational governance structure, transferring authority from the Superintendent to the Chancellor and State Superintendent. As a result, both the Chancellor and State Superintendent now have responsibilities with respect to the Child Find requirements that make them necessary parties to this case. Defendants have informed plaintiffs that they consent to the substitution of the Superintendent by the Chancellor, but not the State Superintendent.

---

[2] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

STATUTORY BACKGROUND

The Public Education Reform Amendment Act of 2007 (attached hereto as Exhibit 1), codified at D.C. Code 38-171, *et seq.*, established the DCPS as a separate cabinet-level agency, subordinate to the Mayor. D.C. Code 38-171. Under the Act, the Chancellor became responsible for the administration of DCPS, including implementation of District of Columbia and federal law, including the Individuals with Disabilities Act ("IDEA"). D.C. Code 38-174(a), (c)(3).

The Act also created the position of the State Superintendent, who supervises the Office of the State Superintendent of Education ("OSSE"), serves as the chief state school officer for the District of Columbia, and represents the District in all matters before the United States Department of Education. D.C. Code 38-2601(b), (c). The OSSE has operational authority for all state-level educational functions, except those delegated to the State Board of Education. D.C. Code 38-2601(d). The OSSE performs the functions of a state education agency for the District of Columbia under applicable federal law, including grant-making, oversight, and state educational functions for standards, assessments, and federal accountability requirements for elementary and secondary education. D.C. Code 38-2601.01. One of the OSSE's specific responsibilities is to administer the Early Intervention Program, which provides early intervention services in accordance with Part C of the IDEA. D.C. Code 7-863.03(a), 38-2602(b)(9). The OSSE also is required to address deficiencies in funding for special education services and "to support improved services and the expanded availability of appropriate programs" for special education students. D.C. Code 38-1804.01(b)(3)(D)(i).

## ARGUMENT

**A.   THE CHANCELLOR AND SUPERINTENDENT SHOULD BE SUBSTITUTED UNDER RULE 25**

The substitution of the Chancellor and State Superintendent for the Superintendent should take place automatically under Rule 25(d)(1) of the Federal Rules of Civil Procedure, which provides for the automatic substitution of public officers. The Rule states: "When a public officer is a party to an action in an official capacity and during its pendency * * * ceases to hold office, * * * the officer's successor is automatically substituted as a party."

Rule 25(d) is directly applicable here: "[This] rule applies not only when A is substituted for B in a particular office but also when a particular function is transferred from one office to another office." Wright, Miller & Kane, Federal Practice & Procedure (2007), § 1960. Such a transfer of authority is exactly what happened here – the Act transferred the authority of the Superintendent to the Chancellor and State Superintendent.

The Chancellor and State Superintendent are the "successors" to the Superintendent. As plaintiffs alleged in their First Amended Complaint (para. 78):

> Pursuant to [former] DC Code 38-105, the Superintendent is charged with directing and supervising all matters pertaining to instruction in all public schools. Dr. Janey serves as the chief executive of DCPS to the extent that it serves as the State Education Agency (SEA) and the Local Education Agency (LEA) for the District of Columbia.

By prior statute, the Superintendent thus had authority for both state and local-level education functions. That authority is now divided between the Chancellor and State Superintendent. The Chancellor received responsibility for the administration of DCPS. D.C. Code 38-174(a), (c)(3).

State-level educational responsibilities of the SEA were transferred to the OSSE. D.C. Code 38-2601.01, 38-2602.01(a).[3/]

The Court of Appeals for the District of Columbia Circuit has held that Rule 25(d) is applicable in circumstances such as these. In *Air Line Pilots Ass'n, International v. Civil Aeronautics Board*, 750 F.2d 81, 87 (D.C. Cir. 1984), the plaintiffs had named the federal Civil Aeronautics Board as a defendant. Subsequently, the Board's authority was transferred by statute to the United States Department of Transportation. *Ibid*. The court held that Rule 25(d) provided for the "automatic substitution" of the Department of Transportation for the Civil Aeronautics Board because "[i]n this case the successors will be the designated officials of the Department of Transportation." *Ibid*. The same is true here. By legislative enactment, the Chancellor and State Superintendent are the successors to the original named defendant, the Superintendent.

---

[3/]A recent Special Master's report to this Court in other litigation involving special education in the District of Columbia recently detailed the extensive transfer of authority to the OSSE (Report of the Special Master Regarding Requests for Information and an Order Requiring Defendants to Show Cause, *Petties v. District of Columbia*, Civil Action No. 95-0148 (Oct. 2, 2007) (attached hereto as Exhibit 2), p.1):

> [P]ublic education in the District of Columbia is undergoing the most significant transformation in several decades. As of October 1, 2007, the Office of the State Superintendent ("OSSE") will assume major responsibilities for the education of children and adults. From the District of Columbia Public Schools ("DCPS") alone, OSSE will take over the Office of Compliance, Federal Grants, Credentialing, the Board of Education, Human Resources, Workforce and Professional Development, Resource Allocation, Student Residency, State Enforcement Investigative Division, Office of Accountability, Office of Testing and Research, Chief Academic Officer, Standards and Curriculum, State Office of Career and Technical Education, Bilingual Education - English Language Learners, and Information Technology.

**B. THE CHANCELLOR AND STATE SUPERINTENDENT SHOULD, ALTERNATIVELY, BE SUBSTITUTED UNDER RULE 15 AND/OR RULE 21**

If this Court concludes that substitution should not be automatic under Rule 25(d)(1), plaintiffs request that the Court order dismissal of the Superintendent as defendant and join the Chancellor and State Superintendent as defendants under Rules 15 and/or 21 of the Federal Rules of Civil Procedure. Under Rule 21, "[p]arties may be dropped or added by order of the court on motion of any party * * * at any stage of the action and on such terms as are just." Rule 15(a) directs that leave to amend a complaint "shall be freely given when justice so requires."[4] The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants have consented to dropping the Superintendent as a defendant and adding the Chancellor in his place. This substitution is necessary because authority over the administration of DCPS has been transferred from the Superintendent to the Chancellor. D.C. Code 38-174(a), (c)(3). Thus, the Chancellor is the official that will have the authority to implement any court-ordered changes to Child Find at the level of the local school system.

Defendants have not consented to the addition of the State Superintendent as a defendant. However, her participation in the case is equally important because IDEA makes her responsible for implementing the Child Find requirements state-wide. IDEA gives each "State" receiving funds the responsibility for ensuring that the conditions of IDEA are met, including the Child Find requirements. 20 U.S.C. 1412(a), (a)(3). In the District, the OSSE shoulders that responsibility by

---

[4] Once a responsive pleading has been served, the standard for adding and dropping parties is the same regardless of whether the motion is made under Rule 15 or Rule 21. *See, e.g., Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 n. 3 (D.D.C. 2006). In this case, defendants filed an answer to plaintiffs' amended complaint on September 11, 2006.

serving as the SEA for the District of Columbia. D.C. Code 38-2601.01. The State Superintendent serves as the chief state school officer and represents the District of Columbia in all matters before the U.S. Department of Education. D.C. Code 38-2601(c).[5/]

Even though the State Superintendent took office only a short time ago, she has repeatedly recognized her and OSSE's responsibility for overseeing compliance with the IDEA and Child Find requirements. For example:

- On September 10, 2007, the State Superintendent submitted to the Mayor a plan for transition of state-level education functions to OSSE that acknowledges OSSE's responsibility for administering Child Find. "Based primarily on the requirements of IDEA," OSSE identified the responsibility to "administer and monitor Child Find" as a "state special education function[], to be assumed by the OSSE." District of Columbia Office of the State Superintendent of Education, *Building a Model State Education Agency for the People of the District of Columbia*, at 20 n. 30, *available at* http://newsroom.dc.gov/show.aspx/agency/seo/section/2/release/11523 (click on "OSSE Transition Plan").

- The current version of the District of Columbia Child Find manual, authored by OSSE, explains as follows: "According to the IDEA, the State Education Agency (SEA), with the assistance of the Local Education Agency (LEA), has the overall responsibility for implementing Child Find. * * * [I]n the District of Columbia, the Office of the State Superintendent of Education (OSSE) is the SEA * * *. The OSSE ensures that the comprehensive Child Find System is consistent with the IDEA and meets the requirements to identify children with special needs." District of Columbia Office of the State Superintendent of Education, Comprehensive Child Find Guide Policy and Procedures (Aug. 2007), DCPS 5749 (attached as Exhibit 3); *see* Defendants' Response to Plaintiffs' First Set of Interrogatories, Civil Action No. 05-1437 (RCL) (Oct. 29, 2007), Response #6 (attached as Exhibit 4) (stating that

---

[5/]As the State Superintendent's web site explains (State Superintendent of Education, Special Education, *at* http://www.seo.dc.gov/seo/site/default.asp (click on "Special Education" in left column) (last visited Nov. 26, 2007)):

> The Public Education reform [sic] Amendment Act of 2007 * * * creates a new agency, the Office of the State Superintendent of Education (OSSE) with authority over all state special education functions in the District of Columbia. In this regard OSSE will function in much the same way as a state department of education.

although it is a draft, the manual accurately states the current practices with regard to Child Find).

- The State Superintendent submitted to the United States Department of Education the District of Columbia's Annual Performance Report and State Performance Plan under Part B of the IDEA, a responsibility previously of the Superintendent. *See* Letter from Patricia J. Guard, Acting Director, Office of Special Programs of the United States Department of Education, Office of Special Education and Rehabilitative Services, to State Superintendent of Education Deborah Gist, June 15, 2007 (attached as Exhibit 5).

- In another case in this Court involving special education in the District of Columbia, the defendants assured the Court that "'special education * * * rank[s] as one of OSSE's highest priorities.'" *Petties v. District of Columbia*, D.D.C., 2007 WL 3156276, at *1 (quoting the defendants' response).

The State Superintendent also has responsibility for administering Part C of the IDEA, which requires early intervention services for disabled children from birth to age three, through the District of Columbia's Early Intervention Program. *See* D.C. Code 7-863.03(a), 38-2602(b)(9); 20 U.S.C. 1435(a).[6] This makes her essential to plaintiffs' claim that defendants have failed "to ensure a smooth and effective transition for disabled preschool children before their third birthday" as required by Part C. Amended Complaint, para. 113; *see also id*., paras. 94-95, 112-114. The State Superintendent would have the authority to implement any necessary relief respecting the overall Child Find program.

In other litigation involving special education in the District of Columbia, the OSSE has already voiced its intent to "'strenuously resist efforts to subjugate OSSE'" to what it viewed as "'outside dictates,'" namely, the orders of this Court. *Petties v. District of Columbia*, D.D.C., 2007 WL 3156276, at *3, n. 9 (quoting the defendant's response). In response, Judge Friedman stated

---

[6] In addition, during the deposition of Badiyah Mushirah Sharif on November 19, 2007, Ms. Sharif stated that her office, which administers Part C, will soon come within the control of OSSE. Deposition of Badiyah Mushirah Sharif, Nov. 19, 2007 (transcript pending).

that, "to the extent that the defendants view Court orders in a lawsuit in which the District of Columbia is a defendant * * * as 'outside dictates,' they are unlikely to receive the support of the Court in 'strenuously resisting' them." *Ibid.*  Thus, an adequate remedy in this case will be impossible without addition of the State Superintendent as a defendant.

## CONCLUSION

For the foregoing reasons, plaintiffs request that the Court substitute the Chancellor and State Superintendent for the Superintendent under Rule 25 or, in the alternative, order that the Superintendent be dropped as a defendant and the Chancellor and State Superintendent added as defendants pursuant to Rules 15 and/or 21.

    Respectfully submitted,

    /s/ Bruce J. Terris

    BRUCE J. TERRIS (D.C. Bar No. 47126)
    EMILY A. BENFER (D.C. Bar No. 499884)
    Terris, Pravlik & Millian, LLP
    1121 12th Street, N.W.
    Washington, DC  20005
    (202) 682-2100

    JEFFREY S. GUTMAN (D.C. Bar No. 416954)
    The George Washington University Law School
    2000 G Street, N.W.
    Washington, DC 20052
    (202) 994-7463

    MARGARET A. KOHN (D.C. Bar No. 174227)
    Attorney at Law
    1320 19th Street, N.W., Suite 200
    Washington, DC 20036
    (202) 667-2330

November 28, 2007    *Counsel for Plaintiffs*