UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DL, *et al.*,  )
        Plaintiffs,  )
v.  )  Civil Action No. 05-1437 (RCL)
DISTRICT OF COLUMBIA, *et al.*,  )
        Defendants.  )

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

**INTRODUCTION**

I, Zondra Johnson, Director of the Office of Early Childhood in the District of Columbia Public Schools Office of Special Education, upon information and belief, gives the following answers to interrogatories propounded to the Defendants by the Plaintiffs:

1. The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

2. The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers, and thus, does not necessarily purport to be the precise language of the executing party.

3. The Defendants reserve the right to amend, revise or supplement their answers to these interrogatories if and when new or different information becomes available.

4. For any additional responsive information that may be or may have been made available through deposition testimony, the Defendants incorporate such



PLAINTIFF'S EXHIBIT 4

        information for purposes of giving the Plaintiff notice that such information exists, but do not necessarily adopt such testimony as accurate and complete.

5. In accordance with Fed. R. Civ. P. 33(d), the Defendants may supply documents which respond to the Plaintiffs' interrogatory when such an answer "may be derived or ascertained" from the documents supplied and "the burden of deriving or ascertaining the answer is substantially the same" for the Plaintiffs and the Defendants. The Defendants have produced such documents, as indicated herein.

6. The Defendants object to any part of the Plaintiffs' instructions which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the Defendants' control or not currently known to its attorneys after reasonable inquiry.

7. The Plaintiffs' definition of the word "identify" is overly broad and unreasonably burdensome. The Defendants provides the below responses that are reasonably available to them to sufficiently identify persons or things referenced in the discovery requests. The Defendants objects to providing home addresses and phone numbers of current or former employees.

8. Unless otherwise stated, the Defendants also object to providing information from persons no longer in their employ or control.

9. The Defendants object to the requests to the extent that they seek information before January 1, 2003.

10. The Defendants object to the requests to the extent that they seek information as to individuals other than the children who are named plaintiffs.

11. The Defendants object to the requests to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity or protection. The Defendants hereby claim such privileges, immunities, and protection to the extent implicated by each request. Inadvertent production of any documents so privileged, immune, or protected does not constitute a waiver of such a privilege, immunity, or protection or any other ground for objecting to the discovery request.

12. The Defendants object to the requests to the extent that they require the District to search for and produce information or documents that are not relevant to the claim or defense of any party or to the subject matter of the action, are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, or otherwise exceed the scope of discoverable matters under the Federal Rules of Civil Procedure.

13. The Defendants object to the requests to the extent that they conflict with or purport to expand the Defendants' obligations under the Federal Rules of Civil Procedure, the local rules, and any order in this case.

14. The Defendants object to the requests to the extent that they seek confidential information and will provide such information only pursuant to the protective order governing discovery in this action.

15. The Defendants object to the requests to the extent that they are unduly broad or unreasonably burdensome.

16. The Defendants object to the requests to the extent that they are vague, ambiguous, and/or not sufficiently particularized to permit the Defendants to determine what information is sought and to make a meaningful response.

17. The Defendants object to the requests to the extent that they request information that is within the possession, custody or control of the Plaintiffs or their attorneys and/or is as readily or more readily obtainable from a source other than the Defendants.

18. In responding to the Plaintiffs' First Set of Interrogatories, the Defendants do not concede or admit any premise or proposition contained in any Request or the complaint herein.

## SPECIFIC RESPONSES

1. **Request:** Please state defendants' defenses to this lawsuit and all facts that support or may tend to support each of the defenses. For each (a) identify all persons who have knowledge of facts which support or may tend to support the defense(s); and (b) provide a summary of the facts or information in each such person's possession which supports or may tend to support the defense(s).
**Response: See General Objections 6 and 11; see also Defendants' Answer to the Amended Complaint and documents produced by the Defendants at Bates Numbers 1-6223.**

2. **Request:** Please identify each person defendants have contacted, or from whom defendants have either obtained or requested a statement, regarding the allegations of the complaint in this action by stating the person's (a) full name; (b) current or last known business and residence addresses and telephone numbers;

including whether written reports have been or will be prepared by the expert(s) and, if so, attach copies of the reports.

**Response: The Defendants have not yet retained an expert witness.**

5. **Request:** Please identify each person who directly or indirectly had any responsibility for administering or implementing defendants' Child Find activities for preschool children from January 1, 2000, through the present. Include in your identification any person with whom defendants have subcontracted to carry out Child Find activities. For each person identified: (a) state his/her full name, current or last known business and residence addresses and telephone numbers, current or last known employer and the employer's address and telephone numbers, and the person's current or last known occupation or position title; (b) state his/her job title, employer, and work address, and telephone number during his/her involvement with Child Find activities; (c) describe in detail the nature of the person's Child Find responsibilities and the dates during which the person carried out these responsibilities; (d) describe in detail any qualifications possessed by the person and any training provided to the person during his/her involvement with or in preparation for participating in Child Find activities.

**Response: See General Objections. See also Defendants' Initial Disclosures; Defendants' Response to Interrogatory No. 2 and documents produced by the Defendants at Bates Numbers 1 – 6223.**

6. **Request:** Please state whether defendants have had any Child Find policy or practice, either formal or informal, for pre-school aged children in the District of Columbia from January 1, 2000, through the present. Identify the policy or

    practice and identify all programs, guidance, and procedures in effect since January 1, 2000, related to the Child Find policy or practice. Specifically, state (a) the effective date of the policy, practice, program, guidance, or procedures; (b) the duration of the policy, practice, program, guidance, or procedures; (c) how defendants have implemented the policy, practice, program, guidance, or procedures; (d) all persons or agencies responsible for implementing each policy, practice, program, guidance, or procedure; and (e) all documents that describe the policy, practice, programs, guidance, or procedures and defendants' implementation of each. If there have been any changes since January 1, 2000, to the policy, practice, program, guidance, or procedure, for each change provide (a) the dates of each change(s); (b) the rationale for the change(s); and (c) a description of the change(s), including any change in individuals, agencies or sub-contractors responsible for overseeing and administering Child Find at any level. **Response: See documents produced by the Defendants at Bates Numbers 1-6223. For current practices, see Bates Numbers 5743-5778. Although this is a draft document, it accurately states current practices of DHS and DCPS with regard to Child Find.**

7.   **Request:** Please identify each person who has directly or indirectly been involved in formulating, implementing, evaluating, enforcing, suspending, changing, or modifying any of the policies, practices, programs, guidance, or procedures referred to in response to Interrogatory 6 from January 1, 2000, through the present. For each person, provide the (a) name, last known address, and last known telephone number; (b) the present organization, job position, and

I, Zondra Johnson, have read the foregoing answers to interrogatories, and they are true to the best of my knowledge, information, and belief.

_____
Zondra Johnson
Director of the DCPS Office of Early Childhood

SWORN AND SUBSCRIBED before me, a Notary Public, this 29th day of October, 2007.

_____
Notary Public, D.C.

My Commission Expires: 2/9/09

Objections and legal responses interposed by counsel.

          Respectfully submitted,

          LINDA SINGER
          Attorney General
          for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          **/s/ Edward P. Taptich**
          EDWARD P. TAPTICH
          Chief, Equity Section 2
          Bar Number 012914

          **/s/ Daniel A. Rezneck**
          DANIEL A. REZNECK [#31625]
          Senior Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001

|  |  |
|---|---|
| | /s/ Eden I. Miller |
| | EDEN I. MILLER |
| | Assistant Attorney General |
| | Bar Number 483802 |
| | 441 Fourth Street, N.W., Sixth Floor South |
| | Washington, D.C. 20001 |
| | (202) 724-6614 |
| | (202) 727-3625 (fax) |
| October 29, 2007 | E-mail: Eden.Miller@dc.gov |