## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DL,[1] *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1437 (RCL) |
| | ) | |
| THE DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendants respond to the interrogatories and document requests set forth below within 30 days of service.

### DEFINITIONS AND INSTRUCTIONS

1. "Child Find" refers to the mandate under the Individuals with Disabilities Education Act (hereinafter "IDEA") that "all children with disabilities residing in the State, * * * regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated * * * " (20 U.S.C. 1412(a)(3)(A); 34 C.F.R. 300.125(a)(1)) and the District of Columbia law that "D.C. Public Schools shall provide for an appropriate, publicly supported education suited to the individual needs of all handicapped students residing under District of Columbia according to the policies set forth in [Chapter 30 of Title 5]" (5 D.C.M.R. 3000.1). Child Find also includes any activities, processes, and duties defendants follow or are required to

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

Plaintiffs' Exhibit
C

follow when identifying, locating, evaluating, and offering special education services to children with disabilities under the IDEA, the Rehabilitation Act, 29 U.S.C. 790 *et seq.*, the implementing regulations of the U.S. Department of Education, and the District of Columbia law for children who reside in or are wards of the District of Columbia, 5 D.C.M.R. 3001, *et seq.*.

2. "DCPS" shall mean the District of Columbia Public Schools and all operational units within and related to DCPS, including, but not limited to, any of the offices and entities created under the Public Education Reform Amendment Act of 2007, D.C. Code § 38-171, *et seq.*,; including, by not limited to, the Chancellor of DCPS, the Board of Education, the State Education Office, the Local Education Offices and the Offices of the Mayor.

3. "Defendant(s)" shall mean defendants and any of their departments, branches, divisions, agencies, or other sub-entities and any administrator, manager, employee, consultant, sub-contractor, or other agent of any of these entities.

4. "Describe in detail" means that defendants shall set forth the specific facts related to the subject matter of the interrogatory, including, where applicable, (a) dates, (b) locations, (c) circumstances, (d) identification of any person participating in or witnessing the subject matter, (e) identification and production of any person having knowledge, whether first hand or otherwise, of any fact, action, occurrence, conduct, event, condition or circumstance concerning the subject matter, and (e) identification of any documents that relate to the subject matter.

5. "Document(s)" or "documentation" shall include, but not be limited to: (a) analyses, charts, forms, graphs, letters, maps, memoranda, minutes, notes, e-mail, facsimile transmissions, records, reports, studies and all other forms of written communication; (b) data compilations, computer or otherwise, from which information can be obtained or translated, if necessary, by

2

defendants through detection devices into reasonably usable form; and (c) films, photographs, slides, phonorecords, tape recordings, and all other forms of electronic and/or mechanical information.

6. "Identify," "identity," or "identification," when referring to a person, shall mean that defendant shall state the person's (a) full name, (b) current or last known business and residence addresses and telephone numbers, (c) current or last known employer and the employer's address and telephone numbers, and (d) current or last known occupation or position title.

7. "Identify," "identity," or "identification," when referring to a document, shall mean that defendant shall state (a) the document's author or originator, (b) its addressee(s), (c) its date, (d) its title and subject matter, (e) the present or last known custodian of the original or a copy thereof, and (f) the current or last known business, residence addresses and telephone numbers of such custodian.

8. "Identify," "identity," or "identification," when referring to a source of information provided in response to these interrogatories shall mean that the defendants shall state the person(s) and/or document(s) which provided the information and, (1) with respect to such person(s), defendants shall state the person's (a) full name, (b) current or last known business and residence addresses, (c) current or last known employer and address of employer, and (d) current or last known occupation or position title; (2) with respect to such document(s), defendants shall state: (a) the document's author or originator, (b) its addressee(s), (c) its date, (d) its title and subject matter, (e) the present or last known custodian of the original or a copy thereof, and (f) the current or last known business and residence addresses of such custodian.

9. "Person" shall mean an individual, corporation, partnership, government agency, or other organization.

10. "Preschool child" shall mean any child aged two years, eight months, through five years

of age who resides in or is a ward of the District of Columbia.

11. "Relate," "relate to," "relating to" or "refer to" shall mean states, contains, describes, discusses, explains, involves, affects, refers to, or relates to in any way. For instance, a request for each document which relates to "X" is a request for each document which states, contains, describes, discusses, explains, involves, affects, refers to or relates in any way to "X." An interrogatory may "relate," "relate to," or "refer to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

12. Words of gender shall be construed as including all genders, without limitation.

13. Words in the singular shall be construed to mean the plural or vice versa, as appropriate.

14. These interrogatories seek all information in the possession, control, or custody of defendant and its officers, employees, agents, consultants, servants, attorneys, and assigns, as of the date on which the interrogatories are served.

15. Except where specifically stated otherwise, these interrogatories do not include a request for information concerning any particular Child Find applicant and/or recipient.

16. Defendants may answer any interrogatory or part thereof that requests the identification of documents by attaching to its response copies of the actual documents. Defendants may also answer any interrogatory or part thereof that requests the identification of documents by specifically referencing documents that it has previously provided to plaintiff. In either case, defendants shall state specifically which documents are responsive to particular interrogatories.

17. For each interrogatory, defendants shall identify all persons who participated in providing and answer.

18. If defendants are unable to respond to an interrogatory or part thereof, defendants shall

4

state why they are unable to respond or supply the information sought and fully describe the efforts made to locate the information.

19. If the response to any interrogatory consists in whole or in part of an objection or claim relating to, or founded upon, any privilege or immunity defendants shall:

(a) Identify the specific interrogatory and subparagraph(s);

(b) State the privilege or immunity claimed and state in detail the facts and reasoning on which the claim of such privilege or immunity is based;

(c) Describe the nature of the communication or document (*e.g.*, letter, memorandum, telephone call, in person conversation, etc.);

(d) State the date of the communication or document;

(e) Identify the person who created, originated or sent the communication or document;

(f) Identify the person who received the communication or document;

(g) Identify each person who participated in the communication or who saw the document;

(h) Identify each person to whom some or all of the contents of the communication or document were communicated;

(i) State the subject matter of the communication or document; and

(j) Identify all persons having knowledge or custody of the withheld information.

20. If the response to any interrogatory or request for production of documents consists in whole or in part of an objection relating to burdensomeness, with respect to each such response:

(a) Provide such information or documents as can be ascertained without undue

5

burden; and

      (b)  State in detail the facts and reasoning on which the objection to providing any additional information or document is based, including:

      (i)  A description of the process or method required to obtain any information or document not provided;

      (ii)  The number of files and/or documents that would need to be searched;

      (iii)  The number of employee hours required to conduct the search;

      (iv)  The estimated cost of the search and the method used to calculate the estimation; and

      (c)  State in detail whether the information not provided is available in documents or other sources and, if so:

      (i)  Identify the documents or other sources; and

      (ii)  State whether the documents will be made available for inspection and copying.

21.  If the response to any interrogatory or request for production of documents consists in whole or in part of any other objection, state in detail the facts, reasoning, and any law on which the objection is based.

22.  These interrogatories and requests for production of documents are to be deemed continuing in nature to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental responses are required in the event defendant subsequently obtains or becomes aware of the existence of information or documents that differ from or are in addition to that contained in its earlier responses.

6

7

II

INTERROGATORIES

1. Please state defendants' defenses to this lawsuit and all facts that support or may tend to support each of the defenses. For each (a) identify all persons who have knowledge of facts which support or may tend to support the defense(s); and (b) provide a summary of the facts or information in each such person's possession which supports or may tend to support the defense(s).

2. Please identify each person defendants have contacted, or from whom defendants have either obtained or requested a statement, regarding the allegations of the complaint in this action by stating the person's (a) full name; (b) current or last known business and residence addresses and telephone numbers; (c) current or last known employer and the employer's address and telephone numbers; (d) current or last known occupation or position title; and (e) job title and employer at the time of any involvement the person had with Child Find activities and the time period or dates of the person's involvement; and describe the persons' involvement in creating, changing, or implementing the policies, practices, programs, guidance, or procedures of Child Find.

3. Please identify each witness who will testify at trial and state the subject of each witnesses' testimony and the basis for their familiarity with the subject, including any past or present involvement with any Child Find activities. For each witness, state their (a) full name; (b) current or last known business and residence addresses and telephone numbers; (c) current or last known employer and the employer's address and telephone numbers; and (d) current or last known occupation or position title; and summarize the witness' possible testimony.

4. Please state whether you have retained any expert(s) to testify on your behalf at trial or

8

to assist you in any other way.  For each retained expert, please state (a) the expert's full name, current or last known business and residence address and telephone number, current or last known employer and the employer's address and telephone numbers, and the expert's current or last known occupation or position title; (b) the expert's area(s) of expertise; (c) the expert's qualifications, including a curriculum vitae and/or résumé and attach copies, if any; and (d) the expert's conclusions and/or opinions and bases therefore, including whether written reports have been or will be prepared by the expert(s) and, if so, attach copies of the reports.

5.    Please identify each person who directly or indirectly had any responsibility for administering or implementing defendants' Child Find activities for preschool children from January 1, 2000, through the present.  Include in your identification any person with whom defendants have subcontracted to carry out Child Find activities.  For each person identified:

(a)  state his/her full name, current or last known business and residence addresses and telephone numbers, current or last known employer and the employer's address and telephone numbers, and the person's current or last known occupation or position title;

(b)  state his/her job title, employer, and work address, and telephone number during his/her involvement with Child Find activities;

(c)  describe in detail the nature of the person's Child Find responsibilities and the dates during which the person carried out these responsibilities;

(d)  describe in detail any qualifications possessed by the person and any training provided to the person during his/her involvement with or in preparation for participating in Child Find activities.

9

6. Please state whether defendants have had any Child Find policy or practice, either formal or informal, for pre-school aged children in the District of Columbia from January 1, 2000, through the present. Identify the policy or practice and identify all programs, guidance, and procedures in effect since January 1, 2000, related to the Child Find policy or practice. Specifically, state (a) the effective date of the policy, practice, program, guidance, or procedures; (b) the duration of the policy, practice, program, guidance, or procedures; (c) how defendants have implemented the policy, practice, program, guidance, or procedures; (d) all persons or agencies responsible for implementing each policy, practice, program, guidance, or procedure; and (e) all documents that describe the policy, practice, programs, guidance, or procedures and defendants' implementation of each. If there have been any changes since January 1, 2000, to the policy, practice, program, guidance, or procedure, for each change provide (a) the dates of each change(s); (b) the rationale for the change(s); and (c) a description of the change(s), including any change in individuals, agencies or sub-contractors responsible for overseeing and administering Child Find at any level.

7. Please identify each person who has directly or indirectly been involved in formulating, implementing, evaluating, enforcing, suspending, changing, or modifying any of the policies, practices, programs, guidance, or procedures referred to in response to Interrogatory 6 from January 1, 2000, through the present. For each person, provide the (a) name, last known address, and last known telephone number; (b) the present organization, job position, and grade; (c) the organization, job position, and grade at the time of the person's involvement; (d) the time period or dates of the person's involvement; (e) a description of his/her involvement in the policy, practice, program, guidance, or procedure; and (f) a detailed description of his/her qualifications and training prior to and during the period in which he/she was involved in creating, changing, or implementing any of

10

the policies, practices, programs, guidance, or procedures related to Child Find activities.

8.  For each year from January 2000 to the present, please describe defendants' policies, practices, programs, guidance, or procedures for carrying out the following Child Find activities for preschool children:

(a)  identifying and locating children in the District of Columbia who may be eligible for special education services;

(b)  providing public awareness and outreach to parents, teachers, day care centers, hospitals, other health care providers, community organizations, and to any other person or entity who may have knowledge of preschool children in need of special education and related services;

(c)  accepting and following up on referrals for special education and related services from parents, teachers, day care centers, hospitals, other health care providers, community organizations, and to any other person or entity who make referrals on behalf of disabled preschool children;

(d)  screening preschool children in need of special education and related services;

(e)  making determinations for eligibility for special education and related services for preschool children;

(f)  tracking preschool children who are at risk for disabilities and who may need special education and related services;

(g)  recording data and information about defendants' Child Find activities, including data and information about preschool children who may need special education and related services;

(h)  coordinating and sharing information with other District agencies, agents, and their sub-contractors about Child Find and about preschool children who may be disabled and need special education and related services;

(i)  transitioning children participating in Part C of IDEA to Part B programs; and

(j)  training employees of DCPS, day care centers, hospitals, other health care providers, community organizations, and other entities on identifying children for referral and how to make referrals.

If there have been any changes in the defendants' procedures, for each activity (a-j) since January 1, 2000, describe in detail the nature of those changes, the date(s) of those changes, and the rationale for these changes.  For each of the above-listed activities, identify the person(s) responsible for carrying out the activity; the qualifications of, and the training provided to, each person; and the corresponding policy or procedure providing guidance for the completion of each activity.

9.  Please describe in detail the methods used by defendants for evaluating defendants' activities as set forth  in Interrogatory 8 and describe in detail the outcome of any evaluations from January 1, 2000, through the present.

10.  Please describe in detail all actual expenditures by DCPS and/or defendants on Child Find activities for preschool children for each year from January 1, 2000, through the present, including:

(a)  Defendants' actual expenditures on staff members and other individuals who worked on Child Find activities for preschool children.  Provide the number of staff, the percentage of their time spent on Child Find activities, and the amount each person was paid;

12

(b) Defendants' actual expenditures on the following components of Child Find for preschool children: (I) public awareness and outreach efforts, including, but not limited to, advertisements, creation and distribution of public education materials, site visits to and trainings for DCPS, day care centers, hospitals, other health care providers, community organizations, and other entities and conducting health fairs and other outreach efforts; (ii) screening of at risk children; (iii) promoting and accepting referrals; (iv) medical, physical, psychiatric, occupational, or assistive technology evaluations for preschool children; (v) determining eligibility and convening Individual Education Program ("IEP") meetings; and (vi) creating, maintaining, and updating an accurate and effective data tracking system. Identify any documentation of these expenditures, including, but not limited to, any contracts, memoranda, and budgetary items.

11. Please describe in detail the process by which a parent, doctor, day care teacher, or other person with knowledge of a preschool child with a disability may request and obtain special education and related services for such child. Describe each step in this process beginning from the first point of contact with defendants through the final eligibility determination and completion of the IEP. Describe whether there have been any changes in this process during the time period from January 1, 2000, through the present.

12. Please explain in detail the definition of "referral" used by DCPS and defendants, including an explanation of who may make a referral and the date on which a referral is considered to be made. If the definition of "referral" has changed during the period from January 1, 2000,through the present, describe these changes, state any changes that were made, and state the rationale for the changes. Describe in detail what Child Find activities defendants undertake for a preschool child, if any, prior to the date on which defendants consider a "referral" to be made for

13

such child.

13. Please describe in detail any formal or informal guidance given to defendants' employees that relate to calculating, meeting, defining, and tracking compliance with the 120-day deadline set forth in D.C. Code § 38-2501 for conducting evaluations and offering special education and related services to children who request them, including any internal deadlines.

14. Please identify, by year from January 1, 2000 through the present, the percentage and number of preschool children who:

(a) reside in, or are wards of, the District of Columbia;

(b) transitioned from Part C to Part B and, for each such child, provide the children's age at the time of transition;

(c) did not transition from Part C to Part B by their third birthday;

(d) did not transition from Part C to Part B at all;

(e) were referred to DCPS for special education and related services and the source of the referral for each, including all referrals by parents, teachers, day care centers, hospitals, other community organizations, and other persons or entities made to defendants on behalf of a disabled preschool child prior to the time the "Consent to Evaluate" form was signed by the child's parents;

(f) were screened by DCPS;

(g) were evaluated by DCPS;

(h) did not sign a "consent to evaluate" form;

(i) were found ineligible for services under Part B;

(j) were found eligible for services under Part B;

(k) offered special education and/or other related services;

14

(l)  received an IEP, special education, and/or other services;

(m)  requested a due process hearing; and

(n)  receive Supplemental Security Income or services from the Department of Health

and were screened or invited to be screened by DCPS.

15.  Please identify, separately and by year from January 1, 2000, through the present, the

percentage and number of children aged 0 through 3 and aged 6 through 21 who:

(a)  were found eligible for services under Part B or Part C;

(b)  were offered special education and/or other related services;

(c)  received an IEP, special education, and/or other services; and

(d)  requested a due process hearing.

16.  Please describe the policies and procedures followed by District of Columbia

departments and agencies, including, but not limited to, the Department of Health, Department of

Human Services, Child and Family Services Agency, Department of Disability Services, Office of

Human Rights, and Department of Youth Rehabilitative Services to furnish DCPS the names of

preschool children to be screened for possible eligibility for special education services.

III

REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   All documents referred to or encompassed by defendant's answers to Interrogatories 1-16.

2.   All correspondence between the Department of Human Services, Part C Program, and DCPS regarding the transitioning of children from Part C to Part B, including, but not limited to, all correspondence regarding any meetings held during the transition process, as well as correspondence regarding referrals, evaluations, eligibility determinations, IEP's, and provision of special education services.

3.   All documents, including, but not limited to, case files, that pertain to any inquiry made to defendants by parents or others made on behalf of a disabled preschool child prior to the time that such parent signed the "consent to evaluate" form.   This includes any documentation of communication such as telephone calls, in-person visits, faxes, correspondence, meetings, e-mails, and the like regarding special education services.

4.   All case files, and any documentation therein, corresponding to the following student identification numbers:

        (a)  9229147

        (b)  9208269

        (c)  9229147

        (d)  9228470

        (e)  9212150

        (f)  9215187

        (g)  9215951

16

(h)  9215589

(i)  9215652

(j)  9200705

(k)  9128222

(l)  9120444

(m)  9118867

(n)  9117117

(o)  9083987

(p)  9083333

(q)  9105145

(r)  9106648

(s)  9094116

(t)  9091998

(u)  9084324

(v)  9082289

(w)  9081422

(x)  9080685

(y)  9069085

Respectfully submitted,

_____/s/_____
BRUCE J. TERRIS (D.C. Bar No. 47126)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100


_____/s/_____
JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052
(202) 994-7463


_____/s/_____
MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330


Attorneys for Plaintiff

September 28, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2007, I served Plaintiff's First Set of Interrogatories and Third Set of Requests for Production of Documents by electronic mail and by First Class Mail to:

Daniel A. Rezneck
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001


                                    /s/
                           _____
                           BRUCE J. TERRIS
                           Terris, Pravlik & Millian, LLP
                           1121 12th Street, N.W.
                           Washington, DC 20005-4632
                           (202) 682-2100