Plaintiffs' Exhibits
F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DL, *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 05-1437 (RCL)

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, the District of Columbia ("the District"), through the undersigned counsel, here provides responses to plaintiffs' first set of requests for production of documents.

#### GENERAL OBJECTIONS

1. The District objects to the requests to the extent that they seek production of documents before January 1, 2003.
2. The District objects to the requests to the extent that they seek production of documents containing information as to individuals other than the children who are named plaintiffs.
3. The District objects to the requests to the extent that they seek documents protected from disclosure by the District's deliberative process privilege for intra-agency and inter-agency communications. The District hereby claims such privileges, immunities, and protections to the extent implicated by each request. Inadvertent production of any documents so privileged does not constitute a waiver of such a privilege, immunity, or protection or any other ground for objecting to the discovery request.
4. The District objects to the requests to the extent that they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity or protection. The District hereby claims such privileges, immunities, and protection to the extent implicated by each request. Inadvertent production of any documents so privileged, immune, or protected does not constitute a waiver of such a privilege, immunity, or protection or any other ground for objecting to the discovery request.
5. The District objects to the requests to the extent that they require the District to search for and produce documents that are not relevant to the claim or defense of any party or to the subject matter of the action, are neither admissible nor

reasonably calculated to lead to the discovery of admissible evidence, or otherwise exceed the scope of discoverable matters under the Federal Rules of Civil Procedure.
6. The District objects to the requests to the extent that they conflict with or purport to expand the District's obligations under the Federal Rules of Civil Procedure, the local rules, and any order in this case.
7. The District objects to the requests to the extent that they seek documents not in existence or not in the District's possession, custody, or control.
8. The District objects to the requests to the extent that they seek confidential information and will provide such information only pursuant to the protective order governing discovery in this action.
9. The District objects to the requests to the extent that they are unduly broad or unreasonably burdensome.
10. The District objects to the requests to the extent that they are vague, ambiguous, and/or not sufficiently particularized to permit defendants to determine what documents are sought and to make a meaningful response.
11. The District objects to the requests to the extent that they request documents that are within the possession, custody or control of plaintiffs or their attorneys and/or are as readily or more readily obtainable from a source other than defendants.
12. Defendants object to Definition and Instruction No. 14 in plaintiffs' request as going beyond defendants' obligations under the Federal Rules of Civil Procedure.
13. Defendants object to Definition and Instruction No. 16 in plaintiffs' request as going beyond defendants' obligations under the Federal Rules of Civil Procedure.
14. Defendants object to Definition and Instruction No. 17 as going beyond defendants' obligations under the Federal Rules of Civil Procedure.
15. In responding to plaintiffs' second set of requests for the production of documents, defendants do not concede or admit any premise or proposition contained in any Request or the complaint herein.

**SPECIFIC RESPONSES**

1. **Request:** All documents that refer or relate to any changes defendants have made in their Child find policies, programs or activities since 2003 for children aged two through five years old who have resided in or are wards of the District of Columbia, including documents that explain the reasons for these changes.
**Response:** Subject to the General Objections above, the District will produce documents responsive to this request.

2. **Request:** All documents that identify children ages two through five years old who were identified in the course of any lead abatement program administered by the District of Columbia.
**Response:** See General Objection 5 above.

3. **Request:** All documents that contain demographic information regarding the number of children two through five years of age who reside in or are wards of

2

the District of Columbia, that has been maintained or used by defendants each year since 2000 to plan for (1) general elementary school enrollment; (2) special education enrollment for young children; (3) Head Start programs, and; (4) child care or day care services for young children funded or provided by any agency within the District of Columbia.
   **Response:**  See General Objections 1, 5, 7, 9, 10.

4. **Request:** All documents that refer or relate to the number of programs slots or placements available each year since 2000 for children ages two years through five years for the following categories: (1) inclusion, preschool classroom slots, where the child with a disability is placed in a regular education class with his or her typically developing age peers in the majority and where, in addition to the regular teacher, there is a special- education teacher or where a child with a disability is supported full time in a general education class with a dedicated aide; (2) self-contained special education slots or placements where a child is removed from the general school population and placed in a small controlled setting with special-education teacher and possibly other support staff for most of the school day;(3) combination slots or placements that combine inclusion and pull-out services some of the time; and (4) the equivalent of those categories in earlier years when different terms were used to describe the different levels of program intensity.
   **Response:** See  General objections, 1, 5, 7, 9, 10..

5. **Request:** All letters of complaint that have been received about the CARE Center received by defendants.
   **Response:** See General Objections 1, 5, 7, 9, 10.


                            Respectfully submitted,

                            LINDA SINGER
                            Attorney General of the
                                        District of Columbia

                            GEORGE C. VALENTINE
                            Deputy Attorney General
                            Civil Litigation Division


                            EDWARD P. TAPTICH
                            Chief, Equity Section 2

3

**/s/ Daniel A. Rezneck**

DANIEL A. REZNECK [#31625]
Senior Assistant Attorney General
441 Fourth Street, N.W., 6th Fl. South
Washington, D.C. 20001
**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., 6th Fl. South
Washington, D.C. 20001October 17, 2006(202) 724-6614

4