## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
SARAH A. ADAMS

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
LARA CARTWRIGHT-SMITH
LEMUEL B. THOMAS
ALICIA C. ALCORN
SHINA MAJEED
SARA L. FAULMAN*

——————
MONICA WAGNER
LYNN E. CUNNINGHAM
Of Counsel

*Not Admitted D.C. Bar

**BY ELECTRONIC MAIL ONLY**

February 15, 2006

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:  *DL v. District of Columbia*, D.D.C. Civ. No. 05-1437

Dear Mr. Rezneck:

I write regarding Plaintiffs' First Set of Requests for Production of Documents ("Plaintiffs' Document Requests").

On January 27, 2006, we received "Defendants' Response to Plaintiffs' First Set of Requests for Production of Documents" ("Defendants' Responses"). Defendants responded to each document request by answering that "[s]ubject to the General Objections, the District will produce documents responsive to this request."

Defendants did not produce any documents with its January 27, 2006, filing. However, on January 30, 2006, you sent us a letter inviting us to arrange a time to visit your office to review documents that you stated would be responsive to Plaintiffs' Document Requests. Margaret A. Kohn and I reviewed these documents at your offices on February 1, 2006. The documents you produced were not organized by document request as is required under the Federal Rules of Civil Procedure. *See* Rule 34(b) (party producing documents shall "organize and label them to correspond with the categories in [plaintiffs' document] requests"); Local Civil Rule 30.4.

We reiterate our request that you specifically identify which documents are responsive to each of plaintiffs' document requests. Because you have failed to do this, we do not know to which requests you believe you have responded and to which requests you have withheld information based

**Plaintiffs' Exhibits J**

on objections. Your identification will facilitate expeditious resolution of any future disputes over the adequacy of defendants' responses to Plaintiffs' Document Requests.

After reviewing the documents you produced on February 1, we believe that defendants' responses are incomplete and therefore inadequate as to all requests in Plaintiffs' Document Requests. Defendants' Responses contain virtually no information regarding the following items, among others, requested in Plaintiffs' Document Requests:

- Data that plaintiffs requested from SETS, ENCORE, and other databases maintained by defendants. *See* Document Requests 20-23, 35.

- Budgetary information on Child Find. *See* Document Request 9.

- Files and records maintained by the Student Hearing Office regarding the named plaintiffs. *See* Document Requests 1-2.

- Notes and records maintained by teachers or other DCPS school personnel regarding the named plaintiffs. *See* Document Requests 1-2.

- The CARE Center, its Child Find activities, and its Child Find staff. *See* Document Request 10, 36-37.

- Evaluations or recommendations made to defendants about Child Find. *See* Document Request 16.

- Data about intake requests received from defendants. *See* Document Request 20.

- Data about preschool children whom defendants tracked, identified, located, and evaluated or to whom they offered or provided special education services. *See* Document Requests 21-28, 35, 38-39.

- Information about defendants' processes and efforts related to intake, screening, tracking, identification and location of preschool children. *See* Document Requests 30-35.

- Documents related to defendants' transitioning of preschool children from Part C to Part B. *See* Document Request 38.

- Documents related to coordination and collaboration among DCPS, District of Columbia agencies, and non-profit or private entities regarding Child Find. *See* Document Requests 14-15, 17-19, 30-33, 37-38, 43.

- Documents related to implementation of the Memorandum of Agreement between DHS and DCPS. *See* Document Requests 17-19.

- Documents related to the Child Find document, including implementation of the Child Find document. *See* Document Requests 3-5.

- Documents related to defendants' compliance with federal and District of Columbia Child Find requirements. *See* Document Requests 6-8.

- Documents related to the staff members and employees who are implementing defendants' Child Find activities. *See* Document Requests 36-37.

- Documents related to the training and supervision of staff members and employees implementing Child Find activities. *See* Document Requests 29-31, 33.

- Documents related to defendants' training of and outreach to private and non-profit entities and to the community regarding Child Find. *See* Document Requests 29-33.

- Correspondence between defendants and DOE. *See* Document Requests 6, 11-13.

- Documents from DHS or DOH related to Child Find activities and special education services. *See* Document Requests 3, 17-19, 36-39, 43-44.

- Documents related to the D.C. Linkage and Tracking System. *See* Document Requests 40-43.

On February 1, 2006, we discussed some of the above-mentioned inadequacies in Defendants' Responses with you. You stated to us then that you had not yet produced all responsive documents to us. You explained that you were waiting for additional responsive documents from DCPS, such as SETS, ENCORE, and database information, that you hoped to obtain these documents as soon as possible, and that you would forward these documents to us when you received them.

In addition, Eden Miller stated on February 1 that there is no distinct "budget line" for Child Find. However, Document Request 9 asks for any budget information, including "actual spending" on Child Find activities. Karen Griffin, Special Assistant of DCPS, submitted an affidavit which is part of Defendants' Supplement to Their December 29, 2005, Reply to Plaintiffs' Opposition to Defendants' Motion for Dismissal of the Complaint for Failure to Exhaust Administrative Remedies. This affidavit refers to set-aside funding for Child Find. *See* Declaration of Karen Griffin, paras. 9-10. Please provide the information referred to in Ms. Griffin's affidavit along with any other documents describing expenditures on Child Find.

We request that you inform us by February 22, 2006, of the following: (1) whether and when you will identify specifically which of defendants' documents are responsive to and correspond with each of plaintiffs' document requests; (2) when you intend to produce additional information in

3

response to Plaintiffs' Document Requests or if, instead, you believe that you have produced all available, responsive information; and (3) whether you are withholding documents based on objections and, if so, the document requests to which you are objecting and the objections. You have already stated that you are not withholding any documents based on privilege. If we do not hear from you by February 22, 2006, we will move to compel your responses.

In addition, please let us know as soon as possible when the documents we selected to be copied will be copied, bates-stamped, and made available to us. We are happy to send a messenger to pick them up.

Please call me at (202) 682-2100, ext. 109, if you have any questions. Thank you.

Very truly yours,

/s/

Shina Majeed
*Counsel for Plaintiffs*

cc:    Jeffrey S. Gutman
       Margaret A. Kohn

c

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
SARAH A. ADAMS

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
LARA CARTWRIGHT-SMITH
LEMUEL B. THOMAS
ALICIA C. ALCORN
SHINA MAJEED
SARA L. FAULMAN*
———————
MONICA WAGNER
LYNN E. CUNNINGHAM
Of Counsel
*Not Admitted D.C. Bar

**BY ELECTRONIC MAIL ONLY**

February 27, 2006

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

Re: *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

We write to follow-up on several items discussed in your letter of February 22, 2006, in which you explain the status of Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents ("Defendants' Responses").

First, we are concerned about the piece-meal nature of defendants' responses. Under the Federal Rules of Civil Procedure, defendant's responses were due on January 27, 2006. On January 30, 2006, you invited us to inspect documents at your office, which we did on February 1, 2006. You did not inform us at that time that your document production was only partial. However, your February 22 letter now makes clear that we have not received a significant portion of the document responses almost a month after the deadline.

In your February 22 letter, you state that there are 1,000 additional pages of documents that you know of that you did not produce to us on February 1, 2006. You also state that you "are still awaiting additional documents from the clients," including from "three separate agencies of the District of Columbia-DCPS, DHS, and DOH," and that "you are not representing at this point that [you] have produced available, responsive information." Your letter did not provide the date by when you plan to complete your document production and make all responsive documents available to us.

As you are aware, if a party cannot complete document production by the deadlines set by the Federal Rules of Civil Procedure, it must ask the Court for an extension of time within which to complete the response. We would have consented to a reasonable extension. What a party cannot do is to produce some documents by the deadline and then produce the bulk of the documents on a rolling basis without seeking an extension of time from the Court and without providing a date by when production will be completed.

Fact discovery is set to close on April 5, 2006. Your document production thus far has prolonged the first phase of discovery and makes it impossible to begin other phases of discovery, such as depositions, which depend on completion of the document production. Plaintiffs would like to know as soon as possible when defendants plan to complete their document production. Unless defendants have a convincing reason for a longer extension, this date should not be after March 13. We note that even this date is 45 days after the original deadline of January 27.

Plaintiffs also request that defendants seek an extension of time from the Court to complete their Document Responses, regardless of what deadline defendants propose. We insist on this procedure so that the extension is subject to a deadline enforceable by the Court. Unless defendants immediately agree to seek such an extension from the Court, plaintiffs intend to file a motion to compel.

Second, as we requested in our prior letter, please identify which documents are responsive to each of our document requests. You claim that, even though defendants did not label or organize documents to correspond to our document requests, defendants complied with Rule 34(a) because defendants produced documents as "kept in the regular course of business." However, defendants did not produce the documents as kept in their regular course of business. Defendants produced several bundles of documents comprising papers taken from multiple files and multiple locations. Defendants did not produce the files themselves. Nor did defendants identify the name, source, or location of the files from which the documents were obtained. Many documents were incomplete and undated, and the source, author, or location of the documents were unknown. The documents were not ordered or bates-numbered. Defendants' method of production clearly did not comport with Rule 34(a).

Third, as we requested in our prior letter, please identify which general objections, including General Objections 1, 2 and 7, apply to each of our document requests. Because defendants have failed to identify which objections apply to each of our requests, we have no way of knowing whether defendants have refused to produce information responsive to a particular request because of an objection or because such information is not available.

Fourth, you stated in your February 22 letter that defendants are not producing any information that pre-dates 2003 or that does not involve one of the six named plaintiffs because the class has not yet been certified (p. 2). It is plaintiffs' position that regardless of whether the class is certified, the information we request is relevant because we have asserted a policy, pattern, and practice claim under 42 U.S.C. 1983. Evidence relating to other children is clearly relevant whether

2

or not the Court certifies a class action since such evidence relates to defendants' policies, pattern, and practice. If defendants have treated other children illegally, this supports a conclusion that they similarly treated plaintiffs illegally.

Moreover, evidence originating four to five years before the complaint was filed is also relevant. January 2003 is approximately two and half years before the complaint was filed. Again, regardless of whether the court certifies a class action, plaintiffs are entitled to discovery over a period longer than two and a half years, particularly because of the policy, pattern, and practice claims.

If we cannot agree on the points discussed above, we will have to file a motion to compel. We request that you let us know by March 2, 2006, if you will continue to withhold this information and assert these objections.

Finally, we are pleased to hear that the documents we selected on February 1, 2006, are now copied, bates stamped, and available for pick-up by our messenger. We will have a messenger pick up these documents on Tuesday, February 28, 2006, in the afternoon. Please let us know if this time and date is convenient for you. Please also let us know when defendants plan to furnish us with an index of these documents and when defendants plan to identify which of these documents are responsive to each of our document requests. We look forward to hearing from you.

You indicated in your letter of February 22 that you are available to discuss these issues. If you still want to discuss them, I can be reached at (202) 682-2100, ext. 109.

<div style="margin-left: 45%">

Very truly yours,

/s/

Shina Majeed
*Counsel for Plaintiffs*

</div>

cc:    Jeffrey S. Gutman
      Margaret A. Kohn

<div style="text-align:center">3</div>

**TERRIS, PRAVLIK & MILLIAN, LLP**

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
SARAH A. ADAMS

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
LARA CARTWRIGHT-SMITH
LEMUEL B. THOMAS
ALICIA C. ALCORN
SHINA MAJEED
SARA L. FAULMAN*

————————
MONICA WAGNER
LYNN E. CUNNINGHAM
Of Counsel

*Not Admitted D.C. Bar

**BY ELECTRONIC MAIL ONLY**

March 16, 2006

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

      Re:    *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

      I am writing to follow up on our meet and confer conference call of yesterday regarding Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents ("Defendants' Responses"). At your request, I have listed some of the documents that we believe should have been produced as part of Defendants' Responses. These documents include:

- Annual State Application under Part B of the IDEA for Federal Fiscal Year 2004

- Grant Award Letter from the Office of Special Education Programs of the U.S. Department of Education ("OSEP") to the District of Columbia Public Schools ("DCPS"), dated September 17, 2004 (along with all "Special Conditions" attached as Enclosures)

- Verification Letter from OSEP to DCPS, dated June 8, 2004

- District of Columbia's Federal Fiscal Year ("FFY") 2002 Annual Performance Report ("APR"), submitted to OSEP on April 16, 2004

- District of Columbia's Federal Fiscal Year ("FFY") 2004 Annual Performance Report (if this was completed).

- All "Special Conditions Reports" issued prior to October 28, 2005, for the Reporting Periods prior to June 1, 2005-September 30, 2005, including Special Conditions Reports that were due on October 29, 2004, January 14, 2005, April 15, 2005, and June 17, 2005, and the reports submitted on November 1, 2004, and January 18, 2005

- All "Progress Reports" and "Final Progress Reports" due as part of the FFY 2002 APR and the FFY 2003 APR, including those dated March 31, 2004, July 16, 2004, October 29, 2004, February 27, 2005, and the report that was due 60 days from the date of the Letter from OSEP to DCPS, dated March 18, 2005

- Data and Analysis submitted by DCPS to OSEP on May 30, 2005, as required by the FFY 2004 Grant Award Letter

- Responses to the June 8, 2004 Verification Letter and various submissions, from DCPS to OSEP, dated August 20, 2004

- "Initial Improvement Plan" of February 2003, submitted by DCPS to OSEP

- "Revised Improvement Plan" of November 2003, submitted by DCPS to OSEP[1]

- Letter from OSEP to DCPS Approving the Revised Improvement Plan, dated February 27, 2004

- Letter from DCPS to OSEP, dated August 17, 2004

- Letter from OSEP to DCPS, dated December 15, 2004

- DCPS Monitoring Report, due to OSEP on January 13, 2006

The list above was compiled by reviewing Defendants' Responses to Document Requests 11-13, which relate to correspondence, reports, and the like between defendants and the Department of Education, the Office of Special Education Programs. The documents listed above are referred to or described in documents bates stamped and numbered: 3014-3017, 3037-3044, and 3060-3078, which you produced to us on February 23, 2006. This list is not exhaustive or comprehensive. We have provided this list merely to illustrate that Defendants' Responses are inadequate and incomplete.

---

[1]/ An Improvement Plan was produced as part of an appendix to DCPS's Special Conditions Report, dated October 28, 2005 (reporting period June 1, 2005-September 30, 2005). *See* Documents Bates Numbered 1020-1115. However, it is unclear whether this improvement plan is the Initial Improvement Plan of February 2003, the Revised Improvement Plan of November 2003, or another Improvement Plan altogether.

2

While we look forward to receiving the documents listed above, we are concerned that their absence in the document production suggests a larger problem, namely that defendants have not completed a reasonable search for relevant and discoverable documents. In all likelihood, there are numerous documents about which we do not know (or cannot learn of by reading defendants' production) that are directly relevant to this case and that have not been produced. We ask that you conduct a reasonable search for all relevant documents in all areas where these documents are likely to be located. It is especially important to conduct a broader survey in the locations where the documents listed above are found in order to find further relevant documents about which plaintiffs have no knowledge.

In addition, you had stated that you would be able to let us know on Friday, March 17, 2006, the date by when you will be able to complete Defendants' Responses.

You also stated that you would be able to let us know on Friday, March 17, 2006, whether you would withdraw General Objections 1 and 2 if the Court were to grant class certification. As we explained over the telephone yesterday, if you will not withdraw these objections if the Court grants class certification, or you do not know at this time whether you would withdraw these objections if the Court grants class certification, we will need to file a motion to compel. We note that we have not yet decided whether to move to compel even if you inform us on Friday that you will withdraw the objections if the Court grants class certification.

Finally, as the parties agreed during yesterday's telephone call, we are amenable to filing a Joint Motion to Amend the Scheduling Order to extend the fact and expert discovery deadlines. After we learn more about your plans to complete the discovery responses, we can discuss dates that are mutually convenient.

Thank you for your attention to these matters. Please do not hesitate to call me at (202) 682-2100, ext. 109. I look forward to speaking with on Friday.

Very truly yours,

/s/

Shina Majeed
Counsel for Plaintiffs

3

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
————
MONICA WAGNER
LYNN E. CUNNINGHAM
  Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
LEMUEL B. THOMAS
ALICIA C. ALCORN
SHINA MAJEED
SARA L. FAULMAN
AAMRA S. AHMAD
ZENIA SANCHEZ
MICHELLE WEAVER*

*Not admitted D.C. Bar

**BY ELECTRONIC MAIL ONLY**

February 22, 2007

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:   *DL v. District of Columbia*, D.D.C., Civil Action No. 05-1437 (RCL)

Dear Dan:

Thank you for talking with us by telephone on  February 14, 2007, about outstanding discovery issues related to Plaintiff' First Request for Production of Documents and Things.  As you know, we believe that defendants have not adequately responded to the following document requests concerning data and information on the plaintiffs' class members: Document Requests Nos. 17-28, 35, 38-44.

In November 2006, we agreed to attempt to resolve some of these disputes by first reviewing any responsive data that could be extracted from DCPS's computerized databases, including ENCORE. Based on your representations during our telephonic conversation on February 14 about ENCORE, and based on the evaluation of ENCORE contained in the Blackman Jones Interim Report of the Evaluation Team, issued on February 8, 2007, we understand that ENCORE is riddled with problems and is not an accurate database system.

Nevertheless, we would still like to learn what, if any, responsive data is available from ENCORE (or from any other computer database on which defendants rely).  It is still our hope that data extracted from ENCORE might reduce the burden of any manual review of paper files that will be required by the parties to obtain accurate and complete responses to plaintiff's document requests.

The parties discussed over the telephone on February 14 some of the specific queries and data fields that the plaintiffs seek from DCPS in response to their document requests.  Plaintiffs agreed to provide defendants with a list of these data fields and queries to make it easier for defendants to discuss these issues with their information and technology (IT) staff.  In particular, plaintiffs agreed

to provide defendants with blank tables, similar to defendants' Chart A (Bates Nos. 4678-4705), so that defendants' IT staff could "fill in the blanks" based on the available data in ENCORE or other database systems.

Therefore, attached with this letter you will find several tables, each of which represents a query that corresponds to one or more of plaintiffs' document requests. The columns of each table represent data fields requested by plaintiffs. These tables, queries, and data fields are summarized below.

Table A: Master Table of DCPS's Child Find Actions For Children Ages 2 Years and 8 Months through 5 Years and 11 months from January 1, 2000, to January 31, 2007 (Document Requests 18-26, 35)

Table B: Break Out Table: Intake Requests For Children Ages 2 Years and 8 Months through 5 Years and 11 Months from January 1, 2000, to January 31, 2007 (Document Requests 20, 35)

Table C: Break Out Table: Screenings for Children Ages 2 Years and 8 Months through 5 Years and 11 Months from January 1, 2000, to January 31, 2007 (Document Requests 21, 35)

Table D: Break Out Table: Referrals Received for Children Ages 2 Years and 8 Months through 5 Years and 11 Months from January 1, 2000, to January 31, 2007 (Document Requests 22, 35)

Table E: Break Out Table: Evaluations Conducted for Children Ages 2 Years and 8 Months through 5 Years and 11 Months from January 1, 2000, to January 31, 2007 (Document Requests 23, 35)

Table F: Break Out Table: Eligibility Determinations, IEPs, and NOPs for Children Ages 2 Years and 8 Months through 5 Years and 11 Months from January 1, 2000, to January 31, 2007 (Document Requests 23-27, 35)

Table G: Break Out Table: Services Received for Children Ages 2 Years and 8 Months through 5 Years and 11 Months from January 1, 2000, to January 31, 2007 (Document Request 26, 28, 35)

Table H: Transitioning of Children from Part C to Part B from January 1, 2000, through January 31, 2007 (Document Requests 18, 19, 38, 44)

Table I: Children in the DC Linkage and Tracking System from January 1, 2000, through January 31, 2007 (Document Requests 41-43)

Table J: SSI and Disability-Based Medicaid Children Ages 2 Years and 8 Months through 5 Years and 11 Months from January 1, 2000, to January 31, 2007 (Document Request 39)

2

In addition to the queries and data fields represented by the tables above, we requested the Transition Tracking Log Report Referred to in the MOA between DHS and DCPS dated July 13, 2004, for each month beginning in January 2000 through the present (Doc. Request 17).

You explained to us on February 14 that much of the data we have requested are probably not captured by ENCORE. You stated that you would check with your IT people to verify this. You also stated that in the event that such data are not available from ENCORE, you would try to find out the location of such data (e.g., the CARE Office, local elementary schools, hand-written logs, individual student files, etc). Therefore, if some or all of the data that are requested by plaintiff's document requests and set forth in the tables above are not available from ENCORE, we would appreciate knowing the location and format in which these data and information are maintained by DCPS.

Finally, we emphasize that the parties' efforts on these data issues are not only relevant to the merits discovery in this case but are relevant to the content of any consent decree and settlement between the parties. As you know, Child Find involves ensuring that children are identified, located, evaluated, and offered services in a timely and appropriate manner. This means that DCPS must track children and ensure that intakes, screenings, referrals, evaluations, transitions, IEP's, placements, and the provision of services all occur in a timely and appropriate fashion. Therefore, any database system adopted by DCPS must be able to verify and track at least the data fields that are set forth above as well as any other Child Find actions undertaken by defendants for each eligible preschool child in the District.

Please do not hesitate to call if you have any questions. I can be reached at (202) 682-2100, ext. 109.

Very truly yours,

/s/
Shina Majeed
*Attorney for Plaintiffs*

cc:    Jeffrey S. Gutman, Co-counsel
       Margaret A. Kohn, Co-counsel

3

**TERRIS, PRAVLIK & MILLIAN, LLP**

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
_____
MONICA WAGNER
LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
LEMUEL B. THOMAS
ALICIA C. ALCORN
SHINA MAJEED
SARA L. FAULMAN
AAMRA S. AHMAD
ZENIA SANCHEZ
MICHELLE WEAVER*

*Not admitted D.C. Bar

**BY ELECTRONIC MAIL ONLY**

September 17, 2007

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:     *DL v. District of Columbia*, D.D.C., Civil Action No. 05-1437 (RCL)

Dear Dan:

I write regarding discovery matters and other case related matters.

First, because of the recent transfer of authority over the District of Columbia Public Schools ("DCPS") from the Board of Education to Mayor Adrian Fenty's office, we intend to move the Court to remove Superintendent Clifford Janey and to add and/or substitute as a defendant DCPS Chancellor, Michelle Rhee, D.C. State Superintendent of Education, Deborah Gist, and Mayor Adrian Fenty. Please let us know if you will consent to this motion.

Second, we would like to take depositions of Ginny Johnson, Zondra Johnson, Chandra King, Badijah Sharif, Joan Christopher, Barbara Kamara, and Marla Oakes in the second half of October 2007 and November 2007. Please inform us by October 1, 2007 of any dates in late October or November on which these individuals would not be available for depositions.

Third, on February 15, 2007, you indicated by e-mail that you believe you have provided us with all documents responsive to Plaintiff's First Set of Requests for Production of Documents (hereafter "Plaintiff's Document Requests"), including those documents pre-dating 2003. Please confirm that this is the case. In Defendant's Response to Plaintiff's First Set of Requests for Production of Documents, you objected to providing any documents that predate 2003 (General Objection 1). If you have withheld any documents based on this or on any other

1

objection, we must know by September 28, 2007 in order to determine whether to file a motion to compel.

Fourth, as you know, parties have an on-going duty to supplement their responses to document requests in the event that they learn of or obtain additional responsive documents. *See* Fed. Rule Civil Pro. 26(e). During the August 9, 2007, Status Conference before this Court, you indicated that defendants had made many changes in their Child Find efforts since the inception of this lawsuit. Other than the draft Child Find Manual, which we received on August 23, 2007, we have not received any documents that reflect such changes. Please produce these documents by October 1, 2007, as they are part of defendants' ongoing duty to supplement their responses to Plaintiff's Document Requests.

Fifth, we are concerned that defendants may not have done an adequate search of documents that are responsive to Plaintiffs' Document Requests in all the locations in which these documents are maintained. We believe this because plaintiffs have recently received from various DCPS staff responsive documents that were not disclosed in discovery.    For example, plaintiffs received a letter dated September 17, 2002 from Ray Bryant, Vera White, and Ralph Neal to Principals and Assistant Principals registration of and children ages two years eight months who may be eligible for special who are referred from neighborhood schools through Child Find. We would appreciate a certification from you that you have performed a good-faith, reasonable search for all documents responsive to Plaintiff's First Set of Document Requests.

Sixth, we thank you for your July 13, 2007 production of data from the ENCORE database, which we sought as responsive to Plaintiff's Document Requests 20-28, 35, 38-43. You indicated in your cover letter with that production that ENCORE does not capture much of the data we requested and that therefore you would not be able to provide it to us. As you are also aware from the consent decree and monitoring reports in *Blackman Jones*, the ENCORE database is not an accurate or reliable database. *See* Interim Report of the Evaluation Team for the Period August 24, 2006 through January 17, 2007, *Blackman Jones v. District of Columbia*, Civil Action No. 97-1629 (PLF) and 97-2402 (PLF), dated February 8, 2007, pp. 8-21 (Docket No. 1934). As a result, plaintiffs believe that it will be necessary to undertake a manual review of a representative sample of student files to obtain an accurate and complete picture of the Child Find process. We will be working with an expert to design an appropriate methodology for sampling.

Finally, we have identified a number of documents that we believe are responsive to Plaintiff's Document Requests that have not yet been disclosed.    We would appreciate copies of the following documents

      1.        Child Find expenditures for fiscal years 2000-2006. You have only produced DCPS Child Find Expenditures for FY 2007 at Bates No. 04718. *See* Plaintiff's Document Request 9. We would like to know the costs or expenditures on child find functions each year, including expenditures on staffing, materials, assessments, etc.

2.    Annual State Application under Part B of IDEA for fiscal years 2000-2004, and 2006-2007. You produced the Annual State Application under Part B of IDEA for FY 2005 at 01116-01127 and a draft application for 2006 at Bates Nos. 3887-3899. *See* Plaintiffs' Document Request 11.

3.    Correspondence with the Office of Special Education Programs (OSEP) of the U.S. Department of Education that defendants have not disclosed. We have received a 2005 Special Conditions Report (Bates No. 1019-1115), a 2005 Annual State Application (Bates No. 1116-1127), a draft 2006 Annual State Application (Bates Nos. 3877-3899), a draft and final version of the Part B Performance Plan for 2005-2010 (Bates Nos. 1128-1204, 4415-4506), a DCPS Annual Performance Report for 2003-2004 (Bates Nos. 2811-3005), and four letters exchanged with OSEP, dated May 9, 2003 (Bates Nos. 3006-3013), August 5, 2003 (Bates No. 3014-3059), March 18, 2005 (Bates Nos. 3060-3078), and March 30, 2006 (Bates No. 4404-4414). We would like these same documents for all years from 2000 to 2007, if they exist. We would also like any opinion letters, monitoring reports, OSEP's responses to the Annual State Applications under Part B, and any guidance or memoranda exchanged. *See* Plaintiffs' Document Requests 12-13.

4.    Contracts or agreements with private, non-profit or contractors for Child Find or transition services. Other than documents involving Head Start (Bates Nos. 3082-3085, 3302-3691) and private religious schools (Bates Nos. 3098-3298), we received no responsive documents. *See* Plaintiffs' Document Request 15.

5.    The Transition Tracking Log from January 2000 to the present. We have received no documents responsive to this request except for the transition log for the six named plaintiffs (Bates Nos. 3299-3301). *See* Plaintiffs' Document Request 17.

6.    Documents pertaining to intakes and/or screenings that defendants have conducted of preschool children from 2000 to 2007. On July 13, 2007, defendant produced some database discovery, but indicated in that correspondence that ENCORE does not capture intakes and screenings and that therefore this information could not be provided. However, if defendants maintain any intake or screening data in a format or location other than ENCORE, such as in hand-written logs, plaintiffs request that defendants produce these documents for each year from 2000 to 2007. *See* Plaintiffs' Document Requests 20-21.

7.    Documents pertaining to any training and supervision by defendants of staff of DCPS, district agencies, preschools, day care centers and other organizations or entities on Child Find, including on identification and referral of preschool children. Other than general public awareness materials and manuals, such as Student Support Team Manuals and flyers (e.g., Bates Nos. 2444-2507, 1958-

3

1959), we have received virtually no responsive documents showing what training and supervision defendants have provided.  *See* Plaintiffs' Document Requests 29-31.

8.      Documents pertaining to outreach and public awareness activities conducted by DCPS pertaining to Child Find of preschool children.  We have received documents pertaining to public awareness and outreach conducted by DHS (e.g., Bates Nos. 1454-1513).  If DCPS has also conducted public awareness and outreach to preschool children, please produce these documents.  *See* Plaintiffs' Document Request 32.

9.      Documents pertaining to the number of staff members involved in implementing Child Find activities for preschool children, as well as the job descriptions, responsibilities, and qualifications of these staff members. Other than the job descriptions for Zondra Johnson and an Educational Specialist (Bates No. 3087-3090) and a Draft Student Support Team Member Chart for 2005-2006 (Bates No. 4534-4544), no documents have been produced.  *See* Plaintiffs' Document Requests 36-37.

10.     Transition data.  We did not receive any data on the children transitioned from Part C to Part B from 2000 through the present.  *See* Plaintiffs' Document Requests 38, 44.

11.     DC MAA SSI Data (Def Bates 05741-05742).  We would like a key that explains the codes used in this table, including the codes used in the columns entitled "Risk Factor" and "Assessment."

If you have any questions, please do not hesitate to call me until at (202) 204-8483 until September 21, 2007.  After that time, please contact Kathleen Millian at (202) 204-8478.

Very truly yours,

//s//

Shina Majeed
*Counsel for Plaintiffs*

cc:     Jeffrey S. Gutman, Co-counsel
        Margaret A. Kohn, Co-counsel

4

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
————
LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS
ALICIA C. ALCORN
SARA L. FAULMAN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

**BY ELECTRONIC MAIL ONLY**

October 1, 2007

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia*, D.D.C., Civil Action No. 05-1437 (RCL)

Dear Dan:

I am writing to follow up on our letter dated September 17, 2007 regarding the following outstanding discovery matters:

1. Deposition: In Eden's e-mail dated September 21, 2007, she stated that you had asked the people we would like to depose about their availability. Would you please send me any dates that are not possible for depositions as soon as possible so we can serve notices of depositions no later than October 5, 2007.

2. Substitution of Defendants: In our September 17, 2007 letter, we asked if you would consent to a motion to substitute defendants in light of the Public School Amendment Act, D.C. Code § 38-171, *et seq.,* and recent transfer of authority. Please let us know whether you will consent to this motion so that we can file it in the near future.

3. Plaintiff's Document Requests: In the September 21, 2007 letter we asked whether you have provided us with all documents responsive to Plaintiff's First Set of Document Requests, including those that predate 2003. We also expressed our concern that defendants may not have done an adequate search of documents responsive to Plaintiff's Document Requests. Would you please provide certifications with regard to both issues?

4. Documents Requested by October 1, 2007: We requested that you provide any documents reflecting changes to defendants' Child Find program by October 1, 2007. We have yet to receive any documents in response to this request and ask that you please provide them as soon as possible.

5. Lastly, we would like to bring to your attention multiple discovery deadlines that are approaching. Defendants' response to Plaintiff's Second Set of Discovery Requests are due on October 17, 2007. Defendants' response to Plaintiff's First Set of Interrogatories and Third Set of Discovery Requests are due on October 29, 2007. In addition, we will be scheduling depositions for the end of October and early November.

We appreciate your assistance with these matters. We look forward to hearing from you.

Sincerely,

/s/

Emily A. Benfer

cc:     Jeffrey S. Gutman, Co-counsel
        Margaret A. Kohn, Co-counsel

## TERRIS, PRAVLIK & MILLIAN, LLP

| | | |
|---|---|---|
| BRUCE J. TERRIS<br>CAROLYN SMITH PRAVLIK<br>KATHLEEN L. MILLIAN<br>——————<br>LYNN E. CUNNINGHAM<br>Of Counsel | 1121 12TH STREET, N.W.<br>WASHINGTON, D.C. 20005-4632<br>(202) 682-2100<br>FAX 202-289-6795<br>tpminfo@tpmlaw.com | MICHAEL G. SHAW<br>ELISABETH J. LYONS*<br>ALICIA C. ALCORN<br>SARA L. FAULMAN<br>ZENIA SANCHEZ FUENTES<br>MICHELLE WEAVER<br>JANICE GORIN<br>ALEXANDER R. KARAM*<br>EMILY A. BENFER |

*Not admitted D.C. Bar

**BY ELECTRONIC MAIL ONLY**

October 11, 2007

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia,* D.D.C., Civil Action No. 05-1437 (RCL)

Dear Dan:

I am writing with regard to the removal and addition of defendants and outstanding discovery matters in *D.L v. D.C.,* D.D.C., Civil Action No. 05-1437 (RCL).

### Substitution and Addition of Defendants

As you know, because of the recent transfer of authority over the District of Columbia Public Schools ("DCPS") from the Board of Education to Mayor Adrian Fenty, we intend to move to remove Superintendent Clifford Janey from the complaint and to add additional defendants. The defendants we would like to add are Mayor Adrian Fenty, Chancellor Michelle Rhee, State Superintendent Deborah Gist, and Deputy Mayor Victor Reinoso. We request your consent to this motion.

The Public Education Reform Amendment Act of 2007, D.C. Code § 38-17, *et al.,* established DCPS as a cabinet-level agency subordinate to the Mayor. The Mayor has authority over all education-related matters, including special education. D.C. Code § 38-171.103(a). The DCPS Chancellor has responsibility for the administration of DCPS, including implementation of District and federal law, such as the IDEA. D.C. Code § 38-171.105(a-c). The Deputy Mayor for Education has responsibility for the development of a comprehensive, District-wide data system and to report to the Mayor on special education. D.C. Code § 38-171.203. The State Superintendent of Education has grant-making, oversight, and federal accountability responsibility as to D.C. Code § 38-171.302(2)(a) and, pursuant to D.C. Code § 38-2602(b)(9), has the specific responsibility for

overseeing activities related to early childhood education programs, including the Early Intervention Program, which administers Part C of the Individuals with Disabilities Education Act. The statutory duties of these District officials directly affect the administration of the District's special education and Child Find programs and its compliance with IDEA, making each a necessary party to this action. Please let us know if you will consent to these additions.

## Outstanding Discovery Matters

The following discovery matters that we raised in our October 1, 2007 letter are still outstanding. We request that you reply to these requests as soon as possible.

1. Plaintiff's Document Requests. In our September 17, 2007 letter, we asked whether you have provided us with all documents responsive to Plaintiff's First Set of Document Requests, including those that predate 2003. We also expressed our concern that defendants may not have performed an adequate search of documents responsive to Plaintiff's Document Requests. Please provide (a) certification that you have provided us with all documents responsive to Plaintiff's First Set of Document Requests and (b) certification that you have performed an adequate search of documents including a description of the search you performed?

2. Documents Requested by October 1, 2007. We requested in our September 17, 2007 letter that you provide any documents reflecting changes to defendants' Child Find program by October 1, 2007. We have yet to receive any documents in response to this request and ask that you please provide them as soon as possible.

3. Discovery Deadlines. Lastly, we would like to bring to your attention multiple discovery deadlines that are approaching. Defendants' response to Plaintiff's Second Set of Discovery Requests is due on October 17, 2007. Defendants' response to Plaintiff's First Set of Interrogatories and Third Set of Discovery Requests is due on October 29, 2007. In addition, we are in the process of scheduling depositions and hope to complete them before the end of November.

We appreciate your assistance with these matters. We look forward to hearing from you.

Sincerely,

/s/

Emily A. Benfer

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
————————
LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS*
ALICIA C. ALCORN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

October 31, 2007

**BY ELECTRONIC MAIL ONLY**

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Dan:

We are in receipt of Defendants' Response to Plaintiffs' First Set of Interrogatories and

Defendants' Response to Plaintiffs' Third Set of Requests for Production of Documents.


Defendants have made general objections to numerous requests to produce in Plaintiffs' First

Requests for Production of Documents (Requests 1-44),[1] Plaintiffs' Second Requests for Production

of Documents (Requests 1, 2, 3, 4, and 5), and Plaintiffs' Third Set of Requests for Production of

Documents (Request 3), even though they have provided documents in response to some or all of

these requests. Consequently, it is impossible for plaintiffs to ascertain whether, despite the general

---

[1] All of these requests stated "subject to the General Objections, the District will produce
documents responsive to this request."

Daniel Rezneck
October 31, 2007
Page 2

objections, defendants have provided all documents in their possession in response to these requests

or have held back some documents based on the general objections.[2/]

       Plaintiffs therefore request that defendants inform plaintiffs before the status conference on

November 6 whether they have provided plaintiffs with all the documents responsive to the above-

specified requests.

<div align="center">

Sincerely,


/s/


Bruce J. Terris

Kathleen L. Millian

Emily A. Benfer

</div>

cc:    Jeffrey S. Gutman, Co-counsel

       Margaret A. Kohn, Co-counsel

---

[2/]Defendants have also objected to Request 4 of Plaintiffs' Third Set of Requests for Production of Documents, but it is obvious that defendant has not provided all the documents as to this request.

**TERRIS, PRAVLIK & MILLIAN, LLP**

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
––––––––––––
LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS*
ALICIA C. ALCORN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

October 23, 2007

**BY ELECTRONIC MAIL ONLY**

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:   *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

I write regarding Plaintiffs' Second Set of Requests for Production of Documents ("Plaintiffs' Document Requests").

On October 17, 2007, we received "Defendants' Response to Plaintiffs' Second Set of Requests for Production of Documents" ("Defendants' Response") via e-mail. Defendants' Response consisted entirely of "General Objections" to Plaintiffs' Document Requests, with the exception of one statement that, "subject to the General Objections, the District will produce documents responsive" to plaintiffs' document requests at some unspecified time in the future. Defendants' response and "General Objections" are nearly identical to those contained in Defendants' Response to Plaintiffs' First Set of Requests for Production of Documents,[1] which forced us to move to compel the information requested.

As set forth below, Defendants' Response is not a serious effort to comply with their responsibilities under the Federal Rules of Civil Procedure. Therefore, plaintiffs will be forced to move to compel unless defendants agree to produce the documents requested no later than seven

---

[1] Defendants' Response even included a typographical error, indicating it was "cut and pasted" from Defendants' Response to Plaintiffs' First Set of Requests for Production of Documents: "In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, the District of Columbia * * * here provides responses to plaintiffs' first set of requests for production of documents" (emphasis added). Defendants' Response to Plaintiffs' Second Set of Requests for Production of Documents, Oct. 17, 2007, p. 1.

Daniel Rezneck
October 23, 2007
Page 2

days from the date of this letter. In that event, plaintiffs will seek sanctions in the form of attorneys' fees for their work on the motion, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.[2]

### 1. Defendants Response to Plaintiff's Document Request 1

Defendants failed to meet the 30-day deadline to produce documents as required by Plaintiffs' Document Requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, filed on September 17, 2007. Defendants stated that they will produce documents responsive to this request subject to the general objections. However, no documents were produced with the October 17, 2007 filing.

Defendants were required to produce all documents to which they did not object. Rule 34(b) states that "if an objection is made to part of an item or category, the part shall be specified and inspection permitted on the remaining parts." As you are aware, if a party cannot complete document production by the deadlines set by the Federal Rules of Civil Procedure, it must ask the Court for an extension of time within which to complete the response. However, a party cannot merely state its intention to produce documents at some point in the future without seeking an extension of time from the Court and without providing a date by when production will be completed.

In *Association of American Physicians and Surgeons, Inc. v. Clinton*, 837 F. Supp. 454, 457 (1993), Judge Lamberth condemned the defendant's litigation tactic of filing an incomplete response to discovery requests and then supplementing it whenever it pleased. He stated that the court "will not tolerate it in future responses" and therefore granted the motion to compel. This decision applies *a fortiori* here where defendants have produced no documents at all.

We request that you produce the documents requested within seven days of the date of this letter.

### 2. Defendants Response to Plaintiff's Document Request 2

Defendants refuse to produce documents that identify children aged two through five years old who were identified in the course of any lead abatement program administered in the District of Columbia on the basis of lack of relevance or admissibility. Rule 26(b)(1) of the Federal Rules of Civil Procedure states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party * * *. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See Krieger v. Fadely*, 199 F.R.D. 10, 13 (D.D.C. 2001). Relevance for discovery purposes is broadly construed. *See, e.g., Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F.

---

[2]We are also concerned that defendants' response to our third set of document requests, which is due on October 29, 2007, will be identical to the responses to the first two requests and will result in plaintiffs being forced to file an additional motion to compel.

Daniel Rezneck
October 23, 2007
Page 3

Supp. 2d 83, 86 (D.D.C. 2005). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.Pro 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Tiley v. Equifax Information Services, LLC,* 2007 WL 2807862, at *1 (D. Kan. Sept. 4, 2007).

Judge Lamberth has stated that "Rule 26 must be liberally construed to allow discovery into any factual matter that is germane to any of the remaining legal issues in this case, and that may lead to the discovery of admissible evidence or may relate to circumstantial evidence." *Association of American Physicians and Surgeons, Inc., supra,* 837 F. Supp. at 456. The documents requested by Document Request 2 come well within this broad language.

The documents sought by Document Request 2 are relevant because long-term studies of children exposed to lead early in life have associated lead poisoning with the need for special education services due to impaired neurobehavioral functioning. Schwarz J., *Societal Benefits of Reducing Lead Exposure,* Environ. Res. 66:105-24 (1994). Therefore, at least some of the documents are likely to show defendants' awareness of children with disabilities who meet the definition of disabled for the purposes of special education, but have not been identified for special education services. Defendants are under an obligation to identify children who may have disabilities and children who have had lead poisoning are an obvious category for evaluation. This information would support plaintiffs' contention that defendants are liable under the IDEA and Section 504 of the Rehabilitation Act because its Child Find program is not adequate.

Moreover, functioning Child Find programs in other states and school districts use every information source available to them to identify children who are eligible for benefits. Documents showing that defendants are not using information in their possession concerning lead poisoning to identify children for special education services would support injunctive relief to require defendants to do so.

For these reasons, Document Request 2 seeks relevant documents.

### 3. Defendants' Response to Plaintiffs' Document Request 3, 4, and 5

Defendants included a boiler plate "See General Objections 1, 5, 7, 9, 10" to Plaintiffs Document Requests 3, 4, and 5. All of these objections are invalid. "A litigant simply is not permitted to just name a list of legal objections to discovery. He is required to explain why the claimed objections apply * * *." *Weber v. Chateaugay Corp.,* 1990 WL 87310, at *4 (E.D. Pa. June 25, 1990). The District Court for the District of Columbia has repeatedly stated that it does not credit "boiler plate" objections. *United States ex rel. Fisher v. Network Software Associates,* 217 F.R.D. 240, 249 (D.D.C. 2003) ("each defendant merely states, in a one-sentence objection, that the 'requests are unduly burdensome, oppressive, vague, ambiguous, and overbroad.' * * * As I noted above, I do not consider 'boilerplate' objections based on burdensomeness. Instead,

Daniel Rezneck
October 23, 2007
Page 4

the objection must be accompanied by an affidavit that explains why the request is burdensome.
Hence, this general objection is overruled * * *"); *Mitchell v. Notional Railroad Passenger
Corp.,* 208 F.R.D. 455, 459, n. 4 ( D.D.C. 2002) (in employment discrimination case, court held
that it would not consider "boilerplate" objections and instead the party opposing discovery must
make a specific showing, supported by a declaration); *Jones v. Prince George's County,* 2002
WL 31926824, at *6 (D.D.C. Dec. 31 2002) ("In line with many other courts, I reaffirm that I
will not consider "boilerplate" objections like this"); *Athridge v. Aetna Casualty & Surety Co.,*
184 F.R.D. 181, 190-191 (D.D.C. 1998) (conclusory boilerplate objections, whether asserted in
response to discovery requests or in discovery pleadings filed with the court, do not comply with
the Federal Rules and offer an inadequate basis for the court to rule on discovery disputes).

### A. Defendants' Objection 1

Objection 1 states that defendants refuse to produce documents that were created prior to
January 1, 2003, but fails to state any reason for this objection. "A written response to request
for production of documents, including all objections, also is due within thirty days of the initial
service. Rule 34(b). The reasons for such objections must be stated, *id.,* and a failure to object
timely generally serves to waive objections." *Chartered Semiconductor Mfg., Ltd. v. Integrated
Semiconductor Service,* 2007 WL 1674593, at *2 (N.D. Cal. June 8, 2007). Defendants have
failed to comply with this requirement since they have provided no explanation for their
objection.

Courts generally extend discovery to a "reasonable number of years" before and after the
discriminatory acts alleged in the complaint in civil rights or discrimination cases. *Mitchell v.
AMTRAK,* 217 F.R.D. 53, 57 (D.D.C. 2003). Plaintiffs' request for discovery from 2000 to the
present is a "reasonable" period of time given the allegations in the complaint.

First, 2000 is only five years before the complaint in this case was filed.

Second, several of the named plaintiffs were born disabled, well before 2003, as early as
1998. *See* Complaint, paras. 21-22, 42-43, 46-50, 55-56. Consequently, defendants' obligation
to comply with the Child Find requirements under the IDEA and Section 504 of the
Rehabilitation Act with respect to these children pre-dates 2003.

Third, plaintiffs have alleged a "policy, pattern, and practice" under 42 U.S.C. 1983. In
order to prevail on a "pattern and practice" claim under Section 1983, plaintiffs must "prove
more than the mere occurrence of isolated or 'accidental' or sporadic" conduct on the part of
defendants. *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 336 (1977).
Plaintiffs must instead "establish by a preponderance of the evidence that [discrimination was
the standard] operating procedure - the regular rather than the unusual practice." *Ibid.* The
documents dating back to 2000 are necessary to establish that defendants have had a systemic
policy, pattern, and practice of refusing to comply with the Child Find requirement in the IDEA
and Section 504 of the Rehabilitation Act for a considerable period of time. Plaintiffs intend to
rely on statistical information dating from 2000 to the present that demonstrates that year after

Daniel Rezneck
October 23, 2007
Page 5

year, defendants have failed to identify children with serious disabilities and offer them access to special education and related services. The duration of the systemic policy, pattern, and practice is relevant to relief and the compensatory services to which plaintiffs will be entitled.

In fact, plaintiffs could have reasonably asked for discovery over a longer period of time. Courts in class action cases have ordered discovery that is substantially longer in temporal scope than that which plaintiffs are requesting here. *See Adams v. Pinole Point Steel Co.*, 1995 U.S. Dist. LEXIS 2036, at *23-24 (N.D. Cal. Feb. 10, 1995) (in a civil rights–employment class action, deposition and document discovery was granted for a ten-year period prior to class claims and interrogatory discovery was granted for a five-year period prior to class claims); *Foster v. Boise Cascade,* S.D. Tex., 1975 U.S. Dist. LEXIS 16777, at *9 (S.D. Tex. May 29, 1975) (in a Title VII class action, discovery of employment data and statistics were permitted for a ten-year period). Even in individual discrimination cases, courts have held that discovery is allowable for many years prior to the discriminatory acts alleged. *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir. 1973) (in an employment case, court of appeals reversed a district court decision denying discovery of employee data and statistical information, and ordered discovery of this information dating back ten years prior to plaintiff's termination).

For these reasons, we request that you produce all documents created between 2000 to the present related to Document Requests 1 through 5 and any documents that have been withheld based on General Objection 1.

## B. Defendants' Objection 5

Objection 5 states that defendants object to requests claiming they are not relevant to the subject matter of the action or admissible, or calculated to lead to admissible evidence or exceed the scope of discoverable matters under the Federal Rules of Civil Procedures. As we have seen above, Rule 26(b)(1) provides broadly for the discovery of information. Document Requests 3, 4, and 5 are clearly relevant to this action under Rule 26.

### i. Document Request 3

Document Request 3 seeks:

All documents that contain demographic information regarding the number of children two through five years of age who reside in or are wards of the District of Columbia, that has been maintained or used by defendants each year since 2000 to plan for (1) general elementary school enrollment; (2) special education enrollment for young children; (3) Head Start programs; and (4) child care or day care services for young children funded or provided by any agency within the District of Columbia.

Document Request 3 asks for all demographic data on children aged two to five who reside in or are wards of the District of Columbia from 2000 to the present. This request includes, but is not limited to, information used to plan for general elementary school

Daniel Rezneck
October 23, 2007
Page 6

enrollment; special education enrollment for young children; Head Start programs; and child care or day care services for young children. This demographic information, when considered with the number of children receiving special education services, allows for the percentage of children of these ages who receive special education. This percentage both allows a direct appraisal of defendants' Child Find efforts and allows comparison with the Child Find efforts of other jurisdictions.

We are requesting information about children aged two to five because defendants' obligations to provide for a smooth transition of children from Part C to Part B begins during a child's second year. Defendants should also be using data on children aged two to identify children who will be eligible for Part B. Defendants should have this information and should be using it like other jurisdictions use demographic data to plan for future special education enrollment.

Therefore, Document Request 3 seeks relevant documents and we request that you immediately produce the documents within seven days of the date of this letter.

### ii. Document Request 4

Document Request 4 requests:

All documents that refer or relate to the number of programs slots or placements available each year since 2000 for children ages two years through five years for the following categories: (1) inclusion, preschool classroom slots, where the child with a disability is placed in a regular education class with his or her typically developing age peers in the majority and where, in addition to the regular teacher, there is a special-education teacher or where a child with a disability is supported full time in a general education class with a dedicated aide; (2) self-contained special education slots or placements where a child is removed from the general school population and placed in a small controlled setting with a special-education teacher and possibly other support staff for most of the school day; (3) combination slots or placements that combine inclusion and pull-out services some of the time; and (4) the equivalent of those categories in earlier years when different terms were used to describe the different levels of program intensity.

Plaintiffs have requested the documents covered by Document Request 4 in order to determine whether defendants have the capacity to provide special education services to every child who is eligible to receive them in the District. If defendants do not have adequate capacity, this supports the conclusion that defendants are not motivated to identify all children needing special education services, let alone offer them services. Moreover, this information relates to the remedy because it involves how defendants are deciding whether they have the capacity to deliver services and compensatory education under the IDEA and Section 504 of the Rehabilitation Act to eligible participants.

Daniel Rezneck
October 23, 2007
Page 7

### iii. Document Request 5

Document Request 5 asks for "all letters of complaint that have been received about the CARE Center received by defendants."

The CARE Center is responsible for operating the District's Child Find activities, including the only location where parents of children aged three to five may request that DCPS take steps to identify, evaluate, and offer disabled children services. Defendants claim that the District has created a Child Find program that complies with the IDEA, Section 504 of the Rehabilitation Act, and local laws. Upon information and belief, defendants have received letters of complaint about the CARE Center. These complaints would provide further evidence that defendants have failed to comply with their legal obligations. Moreover, the complaints, and defendants' investigation into them, would provide evidence that defendants received notice and were aware of deficiencies in their Child Find program.

### C. Defendants' Objection 9

Defendants object to Document Requests 3, 4, and 5 with the general objection that they are unduly broad or unreasonably burdensome. "[D]ocuments relevant to the preparation of a party's case should be produced, even when production poses a hardship or inconvenience upon the part from whom discovery is sought." *In re Klein*, 30 B.R. 727 (Bkrtcy N.Y. 1983). *See Hanover Shot, Inc. v. United Shoe Manufacturing Corp.*, 207 F. Supp. 407, 409 (M.D. Pa. 1962) ("Documents should be produced under F.R.Civ.P. Rule 34 28 U.S.C.A. if they are necessary to enable a party to prepare his case, or facilitate proof at the trial or progress of the trial even though there will be an inconvenience or a burden to the party producing them").

Defendants provided no explanation of any kind for this objection "[A] party resisting discovery on grounds that a request is overly broad has the burden to support its objection, unless the request is overly broad on its face." *Horizon Holdings, L.L.C. v. Genmar Holdings*, 2002 WL 1162421, at *2 (D. Kan. May 30, 2002). The District Court for the District of Columbia has refused to consider boiler-plate undue burden objections. Parties must show with reasonable specificity, usually supported by a declaration or affidavit, how a particular request would be an unduly burdensome. *See Jones v. Prince George's County, supra*, at * 6 (the party opposing discovery must make a specific showing, supported by a declaration, as to why the production sought would be unreasonably burdensome); *Natural Resources Defense Council v. Curtis*, 189 F.R.D. 4, 13 (D.D.C.1999). Judge Lamberth categorically rejected defendant's burdensome claim in *Association of American Physicians and Surgeons, Inc.*, stating that, "[t]his court does not accept such arguments without specific estimates of staff hours needed to comply, and defendants submitted no such estimates." 837 F. Supp. at 456. Because defendants have failed to state how providing information contained in the document requests would be burdensome, let alone produce an affidavit explaining why such burden would exist, defendants' objection is invalid.

Daniel Rezneck
October 23, 2007
Page 8

Moreover, it would not be burdensome for defendants to provide the information requested. Some of this information is accessible through the SETS and ENCORE systems maintained by defendants. Defendants are accustomed to providing this information to the U.S. Department of Education, Office of Special Education Programs, as part of their regular reporting requirements. The District of Columbia Public Schools ("DCPS") also routinely shares this information with other District agencies, such as the Department of Human Services, with whom it has a Memorandum of Understanding for, *inter alia*, the sharing of such information. Defendants have also provided this type of information in the course of other class actions. *See, e.g., Nelson v. District of Columbia*, D.D.C., Civil Action No. 00-2930 (GK) (providing plaintiffs with a list of information concerning mobility-impaired students within DCPS).

Defendants have produced documents in response to Plaintiffs' First Set of Requests for the Production of Documents that indicate that there is no existing SETS module to collect or compile data for children with disabilities aged three to five. DC Public Schools Annual Performance Report for Grant Year July 1, 2004 through June 30, 2004, p. 18. Defendants are required to track this information for children aged three to five years. 34 C.F.R. 300.601(b). In the event defendants do not record these data, they are not excused from production. "The mere failure of a party to maintain records does not excuse it from producing relevant information." *Caliper Technologies Corp. v. Molecular Devices*, 213 F.R.D. 555, 561 (N.D. Cal. 2003). *See also Kozlowski v. Sears, Robuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976) (court ordered corporate defendant in a personal injury suit by child injured by flamable pajamas to produce information regarding similar accidents involving its product, despite defendant's objection that it did not retain such records).

In the case of documents that predate 2003, defendants' objection on the basis that it would be unduly burdensome to produce the documents is belied by the fact that defendants have produced at least some documents that pre-date 2003, including documents that relate to the named plaintiffs, correspondence between defendants and other agencies, reports, and public awareness materials. Thus, if defendants have made a partial disclosure of relevant information pre-dating 2003, such documents are not automatically unduly burdensome to produce. Plaintiffs are asking for no more than what Rule 26(a) requires, namely, that defendants make good-faith, and reasonable efforts to disclose to plaintiffs relevant documents from 2000 to the present.

**D.  Objection 10**

Defendants object to Plaintiffs' Document Requests 3, 4, and 5, claiming that they are "vague, ambiguous, and/or not sufficiently particularized." This objection is likewise invalid because defendants do not explain what aspects of the requests are "vague, ambiguous, and/or not sufficiently particularized." If defendants genuinely do not understand some portion of these requests, defendants should provide the documents that are responsive to the portion of the requests that they do understand.  In addition, defendants should contact us immediately as to

Daniel Rezneck
October 23, 2007
Page 9

any portions of the requests that defendants do not understand so that we can provide any needed clarification.

### 4. Defendants' General Objections

Defendants included 15 general objections to Plaintiffs' Document Request, but only cited 6 objections in the Specific Responses. As we have shown above, such general objections are invalid. In any event, it is unclear whether these objections, to the extent that they are not specifically cited in the responses to particular document requests, have resulted in the withholding of any documents. If defendants have withheld any documents based on any General Objections not cited in response to Plaintiffs' Document Requests 1-5, we need to be informed immediately in order to determine whether to move to compel.

If defendants have withheld any documents on the ground of any privilege, Rule 26(b)(5) of the Federal Rules of Civil Procedure requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Thus, if defendants have based any objections on privilege, they are required to state with specificity any support for the privilege in a privilege log. *Avery Dennison Corp. v. Four Pillars,* 190 F.R.D. 1, 2 (D.D.C. 1999) ("Failure to produce a privilege log may be deemed a waiver of the privilege"); *Lohrenz v. Donnelly,* 187 F.R.D. 1, 7 (D.D.C. 1999) (a party's withholding privileged documents without producing a privilege log "clearly cannot suffice under the federal rules. Therefore, to the extent that plaintiff is withholding any responsive documents under assertions of attorney-client or work-product privilege, these documents must be produced") (internal citation omitted); *Bregman v. District of Columbia,* 182 F.R.D. 352, 363 (D.D.C. 1998) ("plaintiff's failure to comply with Fed.R.Civ.P. 26(b)(5), requiring him to file a privilege log, bars in itself any claim of privilege, whatever its basis"); *Carey-Canada, Inc. v. California Union Ins. Co.,* 118 F.R.D. 242, 249 (D.D.C. 1986) (party that failed to provide a privilege log "in effect waived its objection"). *See also* Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 amends., p. 13, subdiv. (b), para. 5) ("A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection").

Failure to state with specificity any support for privilege may result in the objection being waived. As an initial matter, "[a]sserting a general objection to a request for production of privileged documents does not comply with Rule 34(b)." *High Tech Communications, Inc. v.*

Daniel Rezneck
October 23, 2007
Page 10

*Panasonic Co.,* 1995 WL 133344, at *2 (E.D. La. March 24, 1995). *See Marx v. Kelly, Hart & Hallman, P.C.,* 929 F.2d 8, 12 (1st Cir. 1991)(in stock acquisition case, dismissal and sanctions were appropriate where plaintiff did not comply with discovery request, despite some attempt by plaintiff to make documents available and listing of documents withheld on the basis of privilege); *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984)(failure to make clear showing that privilege applies to document sought in discovery is not excused by later showing that document would have been privileged if timely showing had been made; applicability of privilege turns on adequacy and timeliness of showing as well as on nature of document); *Eureka Financial Corp. v. Hartford Accident & Indemnity,* 136 F.R.D. 179, 184 (E.D. Cal. 1991)(insurer waived its claim that documents were protected by attorney-client and attorney work-product privileges where insurer made an improper "blanket objection" to discovery, took no precautions to assert privilege properly, and did not research requirements for asserting privilege of federal litigation, even after motion to compel was filed, particularly where insurer made no attempt to rectify its error in timely fashion).

Lastly, we have yet to receive any response to the discovery and other requests enumerated in our September 17, 2007 and, again, in our October 1, 2007 and October 11, 2007 letters. We ask that you respond to these letters within 14 days of the date of this letter. Otherwise, we will be forced to file motions to resolve these issues.

Again, we expect that defendants will provide full responses to our document requests within seven days. If defendants do not do so, plaintiffs will be forced to move to compel. While we regret having to take this action, we have no other recourse.

Thank you for your attention to this request. If you have any questions or would like to discuss this matter in greater detail, please call Bruce Terris at (202) 204-8476 or Emily Benfer at (202) 204-8483. We look forward to your full response to our discovery within seven days from the date of this letter.

Sincerely,

/s/

Bruce J. Terris
Emily A. Benfer

cc:    Jeffrey S. Gutman, Co-counsel
       Margaret A. Kohn, Co-counsel

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
————
LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS*
ALICIA C. ALCORN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

October 31, 2007

**BY ELECTRONIC MAIL ONLY**

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Dan:

We are in receipt of Defendants' Response to Plaintiffs' First Set of Interrogatories and

Defendants' Response to Plaintiffs' Third Set of Requests for Production of Documents.

Defendants have made general objections to numerous requests to produce in Plaintiffs' First

Requests for Production of Documents (Requests 1-44),[1] Plaintiffs' Second Requests for Production

of Documents (Requests 1, 2, 3, 4, and 5), and Plaintiffs' Third Set of Requests for Production of

Documents (Request 3), even though they have provided documents in response to some or all of

these requests. Consequently, it is impossible for plaintiffs to ascertain whether, despite the general

---

[1]All of these requests stated "subject to the General Objections, the District will produce
documents responsive to this request."

Daniel Rezneck
October 31, 2007
Page 2

objections, defendants have provided all documents in their possession in response to these requests or have held back some documents based on the general objections.[2]

Plaintiffs therefore request that defendants inform plaintiffs before the status conference on November 6 whether they have provided plaintiffs with all the documents responsive to the above-specified requests.

Sincerely,

/s/

Bruce J. Terris

Kathleen L. Millian

Emily A. Benfer

cc:    Jeffrey S. Gutman, Co-counsel

Margaret A. Kohn, Co-counsel

-------------------------------

[2]Defendants have also objected to Request 4 of Plaintiffs' Third Set of Requests for Production of Documents, but it is obvious that defendant has not provided all the documents as to this request.

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
——————
LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS*
ALICIA C. ALCORN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

November 20, 2007

**BY ELECTRONIC MAIL ONLY**

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

I write regarding Plaintiffs' Document Requests made during the depositions of Genevieve Johnson and Badiyah Mushirah-Sharif.

We request that you produce the following documents no later than 30 days from the date of the initial request:

Deposition of Genevieve Johnson, November 13, 2007

1.    Tracking logs documenting all children transitioned from Part C to Part B for the years 2000 to the present;

2.    Tracking logs documenting all children aged two years, eight months to five years who requested services under Part B for the years 2000 to the present;

3.    Logs documenting the scheduling of screenings for children aged two years, eight months to five years who requested services under Part B for the years 2000 to the present;

4.    The profiles of charter and public schools referenced by Genevieve Johnson during her deposition;

5.    All complaints made about and to the C.A.R.E. Center since its opening to the present;

6.    The District's policy on the provision of special education services to children who are wards of the District and living outside Washington, D.C.;

Daniel Rezneck
November 20, 2007
Page 2

Deposition of Badiyah Mushirah-Sharif, November 16, 2007

7.      Minutes and agendas from all Service Coordinator Meetings from 2000 to the present;

8.      All Memorandums of Agreement and Memorandums of Understanding related to Part C or Part B predating 2004;

9.      Current version of the "Invitation to the Individualized Family Service Plan (IFSP) Meeting" (see page DCPS 436 of Sharif Dep. Ex. 10 for an older version of the document);

10.     Draft and Final submissions of D.C. Annual Performance Reports (APR) and State Performance Plans (SPP) under Part C and Part B for the years 2000 to the present;

11.     Any documents that include or discus OSEP's review or analysis of the District's APR and SPP under Part C and Part B for the years 2000 to the present;

12.     All IFSP's reviewed for the purpose of responding to the 2005, 2006, 2007, and 2008 APRs submitted to OSEP;

13.     Compliance studies completed by Part C and Part B to determine compliance with the IDEA for the years 2000 to the date of trial;

14.     Any writings related to whether the District should or should not take some action because the federal regulations have yet to be promulgated;

15.     Any writings including or documenting correspondence between consultants, including NCSEAM, MidSouth RRC, and NECTAC, and Part C or Part B relating to collecting data, improving the internal and external quality assurance system, and monitoring;

16.     The grid developed by consultants, which may include NCSEAM, MidSouth RRC, and NECTAC, which documents Part C or Part B's current processes and potential practices; and

17.     Report on Infants and Toddlers Exiting Part C for 2000, 2001, 2002, and 2005.

        To the extent that any of these documents have previously been produced to us, please reference the Bates numbers.

        Lastly, we have yet to receive any response to the discovery and other requests enumerated in our September 17, 2007 and, again, in our October 1, 2007, October 11, 2007, and October 21, 2007 letters. We ask that you respond to these letters within 14 days of the date of this letter. Otherwise, we will be forced to file motions to compel to resolve these issues.

Daniel Rezneck
November 20, 2007
Page 3

Again, we expect that defendants will provide full responses to our document requests 30 days from the date of the request. If defendants do not do so, plaintiffs will be forced to move to compel. While we regret having to take this action, we have no other recourse.

Thank you for your attention to this request. If you have any questions or would like to discuss this matter in greater detail, please call Bruce Terris at (202) 204-8476 or Emily Benfer at (202) 204-8483. We look forward to your full response to our discovery within the dates set forth in this letter.

Sincerely,

/s/

Bruce J. Terris
Emily A. Benfer

cc:    Jeffrey S. Gutman, Co-counsel
       Margaret A. Kohn, Co-counsel

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN

LYNN E. CUNNINGHAM
  Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpmlnfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS*
ALICIA C. ALCORN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

December 19, 2007

## BY ELECTRONIC MAIL ONLY

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

I write regarding discovery matters related to depositions and other recently identified documents that we believe are responsive to Plaintiffs' document requests.

First, we request that you produce the following documents requested during the depositions of Chanda Whitaker and Joan Christopher no later than 30 days from the date of the request. These documents are responsive to our First, Second, and Third Requests for the Production of Documents and should have been produced.

Deposition of Chanda Whitaker, December 13, 2007
1.    The vacancy announcement for the position currently held by Chanda Whitaker.

Deposition of Joan Christopher, December 17, 2007
1.    Any documentation[1]/of best practices or recommendations for improvement given to the District in the areas of Child Find and special education services for children aged 2.8 months to 5 years of age from OSEP or other sources for the years 2000 to the present including any suggestions or analysis of other practices from Georgetown;

---

[1]/"Document" and "documentation" shall include, but not be limited to: (a) analyses, charts, forms, graphs, letters, maps, memoranda, minutes, notes, e-mail, facsimile transmissions, records, reports, studies, and all other forms of written communication; (b) data compilations from which information can be obtained or translated, if necessary, by defendants through detection devices into reasonably usable form; and (c) films, photographs, slides, phonorecords, tape recordings, and all other forms of electronic and/or mechanical information

Daniel Rezneck
December 19, 2007
Page 2

2.  Any documentation of actions the District took in response to any recommendations for improvement or best practices it received for the years 2000 to the present;

3.  Any documentation of the District's submission to OSEP or other District government agencies reporting attempts to improve Child Find and special education services for children aged 2 years, 8 months to 5 years of age for the years 2000 to the present;

4.  Any logs, files, and other documents maintained by the Department of Human Services regarding complaints about early intervention staff, Child Find activities, or special education services for children aged 2 years, 8 months to 5 years of age for the years 2000 to the present;

5.  The Memoranda of Agreement between the Department of Human Services and the District of Columbia Public Schools applicable between 1995 and 2004;

6.  All agendas and minutes for the Interagency Coordinating Council meetings between 2000 and the present;

7.  Documents containing Joan Christopher and other employees' recommendations and requests related to data collection and the computer data system used by Part C; and

8.  The closing report and notebook authored by Joan Christopher and given to Barbara Kamara in 2004.

Second, we have identified a number of documents that we believe are responsive to Plaintiff's Document Requests that have not yet been produced. As you know, parties have an ongoing duty to supplement their responses to document requests in the event that they learn of additional responsive documents. *See* Fed. Rule Civil Pro. 26(e). We would appreciate copies of the following documents referenced by Laura Keisler, a staff member in the Office of the Deputy Mayor for Education, during the DC Action for Children's forum on Interagency Collaboration and Services Integration Commission (ICSIC) on December 4, 2007:

1.  Memorandum of Understanding between District agencies regarding data sharing. *See* Plaintiffs' First Request for the Production of Documents, Requests 14, 15;

2.  Any documents or correspondence related to a grant received by the Department of Human Services for the training of early childhood employees. *See* Plaintiffs' First Request for the Production of Documents, Request 29; and

3.  Agenda and minutes from the ICSIC meetings related to "Goal #1: Children are Ready for School" and children aged 2 years, 8 months to 5 years. *See* Plaintiffs' Second Request for the Production of Documents, Request 1.

Daniel Rezneck
December 19, 2007
Page 3

　　　　To the extent that defendants believe that any of these documents have previously been produced to us, please reference the Bates numbers.

　　　　Third, we have yet to receive a response to many of the discovery requests made during the depositions of Genevieve Johnson and Badiyah Mushirah-Sharif. We request that you produce all documents requested during depositions as soon as possible including the following.

1.　　The profiles of charter and public schools referenced by Genevieve Johnson during her deposition;

2.　　All complaints made about and to the C.A.R.E. Center since its opening to the present;

3.　　Minutes and agendas from all Service Coordinator Meetings from 2000 to the present;

4.　　All Memoranda of Agreement and Memoranda of Understanding related to Part C or Part B predating 2004;

5.　　Current version of the "Invitation to the Individualized Family Service Plan (IFSP) Meeting" (see page DCPS 436 of Sharif Dep. Ex. 10 for an older version of the document);

6.　　Any documents that include or discus OSEP's review or analysis of the District's APR and SPP under Part C and Part B for the years 2000 to the present;

7.　　All IFSP's reviewed for the purpose of responding to the 2005, 2006, 2007, and 2008 APRs submitted to OSEP;

8.　　Compliance studies completed by Part C and Part B to determine compliance with the IDEA for the years 2000 to the date of trial;

9.　　Any writings related to whether the District should or should not take some action required under the assurances in OSEP submissions because the federal regulations have yet to be promulgated;

10.　　Any reports, contracts, correspondence and other documents involving consultants, including NCSEAM, MidSouth RRC, and NECTAC, and Part C or Part B, relating to collecting data, improving the internal and external quality assurance system, and monitoring;

11.　　The grid developed by consultants, who may include NCSEAM, MidSouth RRC, and NECTAC, which documents Part C or Part B's current processes and potential practices; and

12.　　Reports on Infants and Toddlers Exiting Part C for 2000, 2001, 2002, and 2005.

　　　　Lastly, we have yet to receive any response to the discovery and other requests enumerated in our September 17, 2007 and, again, in our October 1, 2007, October 11, 2007, and October 21,

Daniel Rezneck
December 19, 2007
Page 4

2007 letters. We ask that you respond to these letters within 14 days of the date of this letter. Otherwise, we will be forced to file a motion to compel to resolve these issues. If there are standing objections that you intend to withdraw, please inform us immediately so that we do not include them in our motion to compel.

Again, we expect that defendants will provide full responses to our document requests 30 days from the date of the request. If defendants do not do so, plaintiffs will be forced to move to compel. While we regret having to take this action, we have no other recourse.

Thank you for your attention to this request. If you have any questions or would like to discuss this matter in greater detail, please call Bruce Terris at (202) 204-8476 or Emily Benfer at (202) 204-8483. We look forward to your full response to our discovery within the dates set forth in this letter.

Sincerely,

/s/

Bruce J. Terris
Emily A. Benfer


cc:    Jeffrey S. Gutman, Co-counsel
       Margaret A. Kohn, Co-counsel

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN

LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS*
ALICIA C. ALCORN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

December 19, 2007

**BY ELECTRONIC MAIL ONLY**

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

I write regarding Plaintiffs' First Set of Interrogatories ("Plaintiffs' Interrogatories").

On October 29, 2007, we received "Defendants' Response to Plaintiffs' First Set of Interrogatories" ("Defendants' Response") via e-mail. Defendants' Response consisted of "General Objections" to Plaintiffs' Interrogatories, with the exception of a few summary statements and references to thousands of pages of bates numbers, from which it is impossible to discern defendants' intended answer.

Defendants' Response is not a serious effort to comply with their responsibilities under the Federal Rules of Civil Procedure. Therefore, plaintiffs will be forced to move to compel unless defendants agree to produce the documents requested no later than 14 days from the date of this letter. In that event, plaintiffs will seek sanctions in the form of attorneys' fees for their work on the motion, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

We expect to receive full responses to each request in Plaintiffs' Interrogatories without further delay, including, but not limited to, the following information:

1. The names and contact information of all current and past employees and contractors who were engaged in any Child Find, transition, Part C, or Part B activities for the years 2000 to the present. *See* Plaintiffs' Interrogatories, Request 5.

2. The names and contact information for all current and past employees and contractors who have directly or indirectly been involved in formulating, implementing, evaluating, enforcing, suspending, changing, or modifying any of the policies, practices, programs, guidance, or procedures

Daniel Rezneck
December 19, 2007
Page 2

related to Child Find and special education for children aged 2 years, 8 months to 5 years. *See* Plaintiffs' Interrogatories, Request 6.

Again, we expect that defendants will provide full responses to Plaintiffs' Interrogatories within seven days. If defendants do not do so, plaintiffs will be forced to move to compel. While we regret having to take this action, we have no other recourse.

Thank you for your attention to this request. If you have any questions or would like to discuss this matter in greater detail, please call Bruce Terris at (202) 204-8476 or Emily Benfer at (202) 204-8483. We look forward to your full response to our discovery within seven days from the date of this letter.

Sincerely,

/s/

Bruce J. Terris
Emily A. Benfer

cc:    Jeffrey S. Gutman, Co-counsel
       Margaret A. Kohn, Co-counsel

## TERRIS, PRAVLIK & MILLIAN, LLP

BRUCE J. TERRIS
CAROLYN SMITH PRAVLIK
KATHLEEN L. MILLIAN
—————
LYNN E. CUNNINGHAM
Of Counsel

1121 12TH STREET, N.W.
WASHINGTON, D.C. 20005-4632
(202) 682-2100
FAX 202-289-6795
tpminfo@tpmlaw.com

MICHAEL G. SHAW
ELISABETH J. LYONS*
ALICIA C. ALCORN
ZENIA SANCHEZ FUENTES
MICHELLE WEAVER
JANICE GORIN
ALEXANDER R. KARAM*
EMILY A. BENFER

*Not admitted D.C. Bar

January 30, 2008

**BY ELECTRONIC MAIL ONLY**

Daniel Rezneck
Senior Assistant Attorney General
for the District of Columbia
Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001

Re:    *DL v. District of Columbia*, D.D.C., Civ. No. 05-1437

Dear Mr. Rezneck:

I write regarding discovery matters related to depositions and other recently identified documents that are responsive to plaintiffs' document requests.

First, we request that you produce the following documents[1] requested during the deposition of Zondra Johnson no later than 30 days from the date of the request. These documents are responsive to our First, Second, and Third Requests for the Production of Documents and should have been produced long ago.

Documents Requested during the Deposition of Zondra Johnson, January 15, 2008:

1. Defendants' e-mail deletion policy;

2. All versions of the Child Find Manual, Bates Nos. 5743-5778, including those with defendants' comments; and

---

[1]"Document" and "documentation" shall include, but not be limited to: (a) analyses, charts, forms, graphs, letters, maps, memoranda, minutes, notes, e-mail, facsimile transmissions, records, reports, studies, and all other forms of written communication; (b) data compilations from which information can be obtained or translated, if necessary, by defendants through detection devices into reasonably usable form; and (c) films, photographs, slides, phonorecords, tape recordings, and all other forms of electronic and/or mechanical information

3.  Data compiled by Zondra Johnson or other C.A.R.E. Center employees for internal monitoring from 2000 to the present (according to Zondra Johnson, the monitoring is completed on a quarterly basis).

Second, in our letters dated November 20, 2007, and December 19, 2007, we identified documents that are responsive to Plaintiff's Document Requests that have not yet been produced. As you know, Rule 26(e) of the Federal Rules of Civil Procedure imposes an on-going duty on parties to supplement their responses to document requests in the event that they learn of additional responsive documents. We would appreciate production of the documents we requested as soon as possible. To the extent that defendants believe that any of these documents have previously been produced to us, please reference the Bates numbers.

Lastly, we have yet to receive any response to our September 17, 2007, October 1, 2007, October 11, 2007, and October 23, 2007 letters regarding discovery or our October 31, 2007 and December 19, 2007 letters regarding Defendants' Response to Plaintiffs' First Set of Interrogatories. We ask that you respond to these letters within 14 days of the date of this letter.

Thank you for your attention to this request. If you have any questions or would like to discuss this matter in greater detail, please call Bruce Terris at (202) 204-8476 or Emily Benfer at (202) 204-8483. We look forward to your full response to our discovery within the dates set forth in this letter.

Sincerely,

/s/

Bruce J. Terris
Emily A. Benfer

cc:    Jeffrey S. Gutman, Co-counsel
       Margaret A. Kohn, Co-counsel