**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

D.L., *et al.*,

   *Plaintiffs*

              v.                      Civil Action No. 05-1437 (RCL)

DISTRICT OF COLUMBIA, *et al.*,

   *Defendants*

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants respectfully move this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order compelling the plaintiffs to produce the following documents, to the production of which plaintiffs have objected:

    1.    "All documents relating to ... (2) Any other members of the class defined by plaintiffs in paragraph 68 of the Complaint and their motion for class certification (hereafter "class members")," as requested in Document Request 5 served by defendants on November 9, 2005 (hereinafter cited as "Document Request").

    2.    "All signed or unsigned written statements relating to any of the claims in the Complaint made or given by . . . (b) Any class members, their family members, their present and former agents, representatives, servants employees, or attorneys," as requested in Document Request 27(b).

    3.    "All written statements, signed or unsigned, of all class members and/or all witnesses to any of the claims in the Complaint and/or copies of all substantially verbatim, written transcriptions of all oral statements of such class members and/or

witnesses taken on a recording device, or by any other means, which are in the possession, custody, or control of the plaintiffs and/or the plaintiffs' attorneys, past and present," as requested in Document Request 30.

    4.    "All written communications of any type between or among the following parties relating to any of the claims in the Complaint: (a) Plaintiffs, their family members, their present and former agents, representatives, servants, employees, or attorneys; (b) Any class members, their family members, their present and former agents, representatives, servants, employees , or attorneys; (c) The District of Columbia, its present and former agents, representatives, servants, employees, or attorneys; (d) Any other persons," as requested in Document Request 31.

    5.    "All documents relating to the claim for reimbursement or any form of damages by . . . b) Any class members, their parents and/or guardians," as requested in Document Request 35(b).

This motion is accompanied by a memorandum of points and authorities and a proposed order.

I have conferred with counsel, pursuant to Local Rule 7(m), and this motion is opposed.

                              Respectfully submitted,

                              PETER J. NICKLES
                              Interim Attorney General of the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

                              <u>/s/ Ellen Efros</u>
                              Ellen Efros
                              Chief, Equity Section 1

                Is/ Daniel A. Rezneck
                DANIEL A. REZNECK [#31625]
                Assistant Attorney General
                441 Fourth Street, N.W., Sixth Floor South
                Washington, D.C. 20001
                (202) 724-5691

                /s/ Eden I. Miller
                EDEN I. MILLER [#483802]
                Assistant Attorney General
                441 Fourth Street, N.W., Sixth Floor South
                Washington, D.C. 20001
                (202) 724-6614
                (202) 727-3625 (fax)
                Eden.Miller@dc.gov

February 27, 2008        ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT'COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L., *et al.,* | ) |
|    Plaintiffs, | ) |
|        v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.,* | ) |
|    Defendants. | )  Civil Action No. 05-1437 (RCL) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants respectfully submit this memorandum in support of their motion to compel the production of certain documents which plaintiffs have objected to producing.

### INTRODUCTION

Plaintiffs have used a shotgun in their pending motion to compel, replete with sweeping, scattershot, across-the-board allegations. We have chosen to file a more modest and narrowly targeted motion to compel, renewing our earlier motion and aimed at receiving discovery on issues involving class members which we need to defend the case.

The two motions present some similar issues, in that plaintiffs have also moved to compel discovery relating to unnamed class members. We submit that, in logic, fairness and equity, if the Court were disposed to grant plaintiffs' motion to compel on these issues, it should also grant ours. Both motions present issues regarding the scope of discovery with respect to unnamed class members. Plaintiffs have sought to compel production from defendants of materials relating to individual children over and above the named plaintiffs, which we originally objected to producing in our General Objection

1

2, in the absence of a class certification.  The Court has since granted class certification, we have reconsidered our position as we said we would in that eventuality, and defendants are in the process of producing a substantial volume of documents relating to such persons.

We here move for production from plaintiffs of materials relating to members of the class pleaded by plaintiffs and certified by the Court , as requested in our Documentary Requests 5, 27(b), 30, 31, and 35, set forth below in our argument. Our Rule 34 Request to plaintiffs for documents and plaintiffs' Responses are attached as Exhibits A and B to this Memorandum.

### ARGUMENT

Plaintiffs have objected to five of our Documentary Requests relating to members of the class pleaded in their Complaint and Motion for Class Certification: 5, 27(b), 30, 31, and 35.

Request 5 seeks documents pertaining to "[a]ny other members of the class [in addition to the six named plaintiffs] defined by plaintiffs in paragraph 68 of the Complaint and their motion for class certification." Def. Request at 6-7. Plaintiffs responded by objecting to this request in part "because it is overly broad and calls for information that is not related to this litigation." Pl. Resp. at 5. They agreed to provide responsive documents relating only to the six named plaintiffs. Id. They later added some plaintiffs and provided materials relating to them.

Our Requests 27(b), 30 and 31 sought: written statements relating to any of the claims in the Complaint made or given by "[a]ny class members" and associated persons (No. 27(b)); written statements and transcriptions of oral statements of class members (No. 30); and written communications among various categories of persons relating to the claims in the Complaint, including class members and associated persons (No. 31). Def.

Request at 9-11. Plaintiffs responded to Request 27 in part by objecting to it as "vague, ambiguous, overly broad, and unduly burdensome," and agreed to produce only "statements made by the named plaintiffs, their attorneys, and by DCPS officials in connection with the named plaintiffs "and other statements" written by defendants." Pl. Resp. at 16. They responded to Request 30 in part by objecting to it as "overly broad, vague, and unduly burdensome," and directed defendants to their response to Request 27. Pl. Resp. at 18. They responded to Request 31 in part by objecting to it as, among other grounds, "overly broad, unduly burdensome." Pl. Resp. at 19.

Request 35 sought "[a]ll documents relating to the claim for reimbursement or any form of damages by: a) Any of the plaintiffs, their parents and/or guardians. b) Any class members, their parents and/or guardians." Def. Request at 12. Plaintiffs responded to Request 35 in part by objecting to it as "premature and overbroad to the extent that it calls for damages and reimbursement information for any class member." Pl. Resp. at 21.

We submit that it is inequitable, unreasonable, and not in keeping with the letter and spirit of the Federal Rules for plaintiffs to demand documents relating to hundreds of unnamed children who are allegedly members of the class, and at the same time, to object to producing documents concerning the same class members which relate to the claims of the Complaint. Indeed, some of the categories of documents we seek may constitute admissible evidence in this case, as well as lead to the discovery of admissible evidence.

The law in this jurisdiction on the matter is quite clear. Our Court of Appeals has held that discovery is available in appropriate circumstances directly from unnamed class members under Rules 33 and 34. Dellums v. Powell, 566 F.2d 167, 187 (D.C. Cir. 1977), cert. denied, 438 U.S. 916; see also M. Berenson Co. v. Faneuil Hall Marketplace, 103 F.R.D. 635, 637 (D. Mass. 1984); cf. Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

It follows a fortiori that discovery is available and proper where, as here, discovery as to class members is sought from the class representatives. The Court of Appeals envisaged a two-step process, if necessary, whereby such discovery is first sought from the representative parties before an attempt is made to secure it directly from unnamed class members. Id. That is all we have sought here — to obtain such responsive documents as plaintiffs have relating to unnamed class members. But plaintiffs have balked at even the first step of making such discovery, while at the same time demanding and receiving it from defendants. We urge that they cannot have it both ways.

In their original opposition to defendants' motion to compel — which we anticipate will be asserted again in their opposition to this renewed motion — plaintiffs repeatedly asserted that they had no unprivileged responsive documents. These assertions appear to rest on a misconception of the law. They contended without qualification that defendants "cannot as a matter of law" obtain discovery from any of plaintiffs' attorneys about any class members who are not named plaintiffs. Pl. Opp. to our original Motion to Compel, filed August 15, 2006, at p. 6. That is simply an erroneous statement of the applicable law.

Plaintiffs have construed their discovery obligations too narrowly. If plaintiffs, including their attorneys, have possession, custody or control of documents containing "relevant factual information," from wherever or from whomever derived, they are required to produce them. Penk v. Oregon State Board of Higher Education, 99 F.R.D. 511 (D. Ore. 1983), cited by plaintiffs in their original opposition at p. 11, so holds. The Court there stated, "[t]he Federal Rules of Civil Procedure contemplate that all relevant factual information in the hands of parties to a suit or in the hands of their counsel is discoverable by the adverse party." 99 F.R.D. at 517 (emphasis supplied); see Alexander v. FBI, 194 F.R.D. 299, 301 (D.D.C. 2000) (Lamberth, J.) ("[i]t is well established that

4

`control', which is defined not as possession, but as the legal right to obtain documents on demand, is the test as to whether the production is required").

It is elementary that documents containing such information do not receive the protection of the attorney-client or any other privilege simply because they are conveyed to an attorney. Penk, 99 F.R.D. at 516. Otherwise, it would be a simple matter to thwart the purpose and effect of the discovery rules by turning over discoverable documents to a lawyer and then claiming privilege. Such is not the law. 99 F.R.D. at 514; see 7 Moore, Federal Practice (3d edit.), Section 34.14[2][c], at 34-69 to 70 ("[d]ocuments in the possession of a party's attorney may be considered to be within the control of the party within the meaning of Rule 34").

The fullest discussion of the applicable law of which we are aware appears in Magistrate Judge Facciola's opinion in American Society for the Prevention of Cruelty to Animals v. Ringling Brothers and Barnum and Bailey Circus, 233 F.R.D. 209 (D.D.C. 2006). Judge Facciola there wrote;

> Rule 34 of the Federal Rules of Civil Procedure permits any party to request the production of documents within the scope of Rule 26(b) and in the 'possession, custody or control of the party upon whom the request is served' Fed.R.Civ.P. 34(a). Control includes documents that a party has the legal right to obtain on demand. [citations omitted]. Because a client has the right, and the ready ability, to obtain copes of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control. [citations omitted] ('It is quite true that if an attorney for a party comes into possession of a document as attorney for that party, his possession of the document is the possession of the party.') . . . Because defendants have the legal right and the ready ability to access documents generated and collected by their attorneys in the course of this litigation, I find that the documents are within defendants' control for Rule 34 purposes. 233 F.R.D. at 212.

Judge Facciola concluded:

> As previously explained, because defendants have the ready ability and legal right to access documents generated and collected by their attorneys in the course of this litigation, such documents are within

5

defendants' control for Rule 34 purposes. Accordingly, defendants cannot object to the production of documents assembled by their counsel on the ground that they are not in defendants' control. 233 F.R.D. at 215.

Since plaintiffs may have either misconstrued the substance of what we are requesting, or may have misunderstood their legal obligations to produce documents, or both, we urge that they be required to respond to our discovery requests on an informed and correct understanding of the requests and the law. If, after such reexamination, they still assert that they have no unprivileged responsive documents, so be it. In the meantime, an order requiring them to reevaluate their objections and comply with their discovery obligations by way of a supplemental response cannot be harmful or prejudicial to them. See Alexander v. FBI, supra, 194 F.R.D. at 302, 304-305.

## CONCLUSION

Accordingly, defendants request that their motion to compel discovery be granted.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Ellen Efros
Ellen Efros
Chief, Equity Section 1

/s/ Daniel A. Rezneck
DANIEL A. REZNECK [#31625]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-5691

/s/ Eden I. Miller
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001 (202) 724-6614
(202) 727-3625 (fax) Eden.Miller@dc.gov

February 27, 2008                    ATTORNEYS FOR DEFENDANTS