# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 05-CV-1437 (RCL) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby submit

the following responses and objections to Defendants' First Request for Production of Documents

and Things to Plaintiffs (hereafter "Defendants' Requests").

I

GENERAL OBJECTIONS

1. Plaintiffs object to Defendants' Requests to the extent that they request documents subject

to the attorney-client privilege, attorney work- product doctrine, trial-preparation doctrine, common-

interest privilege, marital privilege, doctor-patient privilege, psychotherapist-patient privilege, or any

other applicable privilege.

2. Plaintiffs object to Defendants' Requests to the extent that they request documents that

are neither relevant to the issues or subject matter of this litigation, nor likely to lead to the discovery

of admissible evidence, or otherwise exceed the scope of discoverable matters under the Federal

Rules of Civil Procedure.

3. Plaintiffs object to Defendants' Requests to the extent that they are inconsistent with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and applicable scheduling orders.

4. Plaintiffs object to Defendants' Requests to the extent that they request documents concerning events that did not occur within the time period at issue in this action, including events that occurred before the time period at issue and events that occurred after the date on which this action was commenced. Such document requests are beyond the scope of permissible discovery because the documents are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs object to Defendants' Requests to the extent that they are overly broad or unduly burdensome.

6. Plaintiffs object to Defendants' Requests to the extent that they are vague, ambiguous, and/or not sufficiently particularized to permit plaintiffs to determine what documents are sought and to make a meaningful response.

7. Plaintiffs object to Defendants' Requests to the extent that they request documents containing confidential information, violate plaintiffs' right to privacy and/or are designed to harass.

8. Plaintiffs object to Defendants' Requests to the extent that they are premature. Plaintiffs reserve their right to supplement their responses, as appropriate.

9. Plaintiffs object to Defendants' Requests to the extent that they request documents prepared for use in settlement negotiations.

10. Plaintiffs object to Defendants' Requests to the extent that they request documents that are within the possession, custody, or control of either defendants and/or are more readily obtainable

from a source other than plaintiffs.

II

**RESPONSES TO DEFENDANTS' DOCUMENT REQUESTS**

**Document Request 1**

All documents relating to any of the persons identified in Exhibits A and B to Plaintiffs' Rule 26 (a)(1) Initial Disclosures, attached hereto as Attachments A and B.

Plaintiffs' Response

Plaintiffs object to this document request because it is unduly burdensome, overly broad, and calls for information that is not related or limited to this litigation. Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced, plaintiffs provide defendants with responsive documents bates stamped and numbered 1 through 6948. All of these documents may "relate[] to any of the persons identified in Exhibits A and B." A document index and privilege log are attached hereto.

**Document Request 2**

All documents identified at pages 3-6 of Plaintiffs' Rule 26 (a)(1) Initial Disclosures, attached hereto as Attachment C.

Plaintiffs' Response

Without waiving any objections identified in Section I above, and with the understanding that the protective order will apply to all confidential information produced, plaintiffs provide defendants with responsive documents, which are bates stamped and numbered 1 through 6948. All of these documents were identified or described at pages 3-6 of Plaintiffs' Rule 26(a)(1) Initial Disclosures.