UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DL,[1] *et al.*, on behalf of themselves )
and others similarly situated, )
)
Plaintiffs, )
)
v. ) Civil Action No. 05-1437 (RCL)
)
THE DISTRICT OF COLUMBIA, *et al.* )
)
Defendants. )

**Plaintiffs' Exhibit 1**

## DECLARATION OF MARGARET A. KOHN

I, Margaret A. Kohn, do depose and say:

1. I am an attorney in private practice, currently a solo practitioner, who has represented the parents and guardians of children with disabilities with respect to their education rights virtually full time since July 1988. I have been a licensed attorney since 1973. My office is located at 1320 19th Street, N.W. #200, Washington, DC 20036.

2. I have prepared this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Compel in the above-captioned case.

3. My practice is in Washington, D.C., and Maryland. The clients I serve are generally the parents/guardians of children with disabilities. Occasionally I have been appointed as an Educational Advocate by a Judge in D.C. Superior Court to ensure that a child in the abuse and neglect system with a disability receives appropriate educational services. The ages of the students in my case load at this time ranges from 3 to 23.

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

4. There are four District resident clients in my case load who retained me on or after August 2005, who have not provided me with permission to disclose their identity. Two of the four have expressly prohibited me from disclosing their identification as class members at this time. I believe that they are class members. Each family has sought special education services from DCPS for a child in the 2.8 - 5.11 age range and not been timely or properly served or been a participant in the DC Early Intervention program and not had a smooth transition to special education.

5. I have over the years interviewed many sets of parents of children under the age of 6 with Child Find issues. Some of these parents hire me, while others do not. My consultation with them is always confidential, whether or not I have been retained. To the extent that they share with me documentation about their child's needs, that documentation is confidential and I am not at liberty to disclose it, even after redaction. In addition to the four clients discussed above, I undoubtedly have former clients whose children might have been class members, but have subsequently secured all the relief they sought for their children that may have been available to them as class members in this suit. I also do not have client consent to identify such individuals and therefore, cannot reveal their identities.

6. Any documents in my possession, custody, or control related to clients other than the named plaintiffs were obtained in the course of my representation of those clients in their individual cases.

7. My client files consist of the typical components of an attorney case file in a special education case, i.e., correspondence with clients, opposing counsel, school district employees, experts, evaluators, and schools; parent correspondence with public and private schools, experts,

and evaluators; forms completed by parents for DCPS; school records; medical records; Complaint/Hearing Requests; communications with the Student Hearing Office, formerly part of DCPS, now under OSSE; responses from DCPS; discovery materials exchanged between parents and DCPS; my notes of conversations, legal research, and hearing preparation; written closing arguments and findings of fact; written transcripts of hearings; Hearing Officer Determinations ("HOD") or settlement agreements; requests for reimbursement for services pursuant to a HOD or settlement agreement; requests for attorneys' fees and costs submitted to DCPS; and correspondence with DCPS regarding amounts of fees, delays in payment of fees, and parent reimbursement.

8. I have reviewed my files and, with the exception of documents covered by plaintiffs' objections to defendants' document requests, produced those items that are not privileged and am in the process of listing all privileged items on a privilege log.

I swear under penalty of perjury that the foregoing is true and correct. Executed on March 12, 2008.

*Margaret A. Kohn*
Margaret A. Kohn