UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 05-1437 (RCL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | )<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFFS**

Plaintiffs' Opposition ("Pl. Opp.") to our Motion to Compel requires only a brief response. Defendants, through counsel, have the following comments on their submission.

Taken at face value, plaintiffs' repeated assertions that they have no "unprivileged" documents relating to unnamed class members raise more questions than they answer. See Pl. Opp. at 3-5. First, plaintiffs' assertions cast continuing doubt about the maintainability of a class action in this case. Plaintiffs state that there are more than 600 members of their putative class. Pl. Opp. at 11. But they now claim that they have not a single page of unprivileged documents, except those relating to the six originally named plaintiffs and the three named plaintiffs added by their motion to amend the complaint. We ask: what is the continuing basis for asserting a class action if plaintiffs have supporting documentation only for the nine originally named and added plaintiffs and none as to the more than 600 other members of the putative class? This claim, if correct, impacts not only on plaintiffs' showing on the element of numerosity under

Federal Rule of Civil Procedure 23, but also on the threshold bedrock issue of whether there is a class action here at all, or merely a handful of individual actions joined for convenience in one suit. It is a plausible inference that if no such documents exist, neither do the putative unidentified class members, or, at least, that plaintiffs have obtained class certification without a sufficient basis. Certification is always open to review and reconsideration by the Court. Rule 23 (c) (1) (c); Advisory Committee Note to the 2003 Amendments ("[d]ecertification may be warranted after further proceedings.").

Second, plaintiffs' assertions of no unprivileged responsive documents appear to rest on a misunderstanding of our documentary requests. They seem to construe our requests as aimed directly at unnamed class members. Most of the cases they cite involved efforts to obtain documentary discovery or answers to interrogatories directly from unnamed class members. See cases cited in Pl. Opp. at 10, n. 6; 13, n. 8.

But that is not what we seek by our Rule 34 requests and our present motion to compel. We seek production of documents in the possession, custody, or control of plaintiffs and their counsel relating to unnamed class members, not documents from unnamed class members. As we showed in our papers supporting our motion to compel, seeking such discovery from the parties relating to unnamed class members is a first step, and may or may not be followed by requests for discovery directly from unnamed class members. (We note that many of plaintiffs' cases not only involved discovery sought directly from unnamed class members, but allowed such discovery. See cases cited at page 10, note 6 of Pl. Opp.).

The distinction is made perfectly clear in one of the cases on which plaintiffs rely, <u>Wainright v. Kraftco Corp.</u>, 54 F.R.D. 532 (N.D. Ga. 1972), cited at page 11, note 6 of Pl. Opp. The Court there held that defendants were entitled to discovery of "all information" that plaintiffs had collected from unnamed class members, including the names and addresses of all class members with whom plaintiffs had conferred. 54 F.R.D. at 535-536. It would be time for the Court to rule on our entitlement to discovery directly from absent class members if and when we asked for it, which we have not yet done. In the meantime, we are entitled to discovery from the plaintiffs as to the matters covered by the requests to which they have objected.

<u>Third</u>, plaintiffs' assertions of no unprivileged responsive documents also appear to rest on a misconception of the law. They contend without qualification that defendants "cannot as a matter of law" obtain discovery from any of plaintiffs' attorneys about any class members who are not named plaintiffs. Pl. Opp. at 6. They say that Rules 23 and 34 "do not permit discovery on attorneys, who are obviously not 'parties' to the litigation." <u>Id.</u> That is simply an erroneous statement of the applicable law.

Plaintiffs have construed their discovery obligations too narrowly. If plaintiffs, including their attorneys, have possession, custody or control of documents containing "relevant factual information," from wherever or from whomever derived, they are required to produce them. Plaintiffs' own case, <u>Penk v. Oregon State Board of Higher Education</u>, 99 F.R.D. 511 (D. Ore. 1983), so holds. The Court there stated, "[t]he Federal Rules of Civil Procedure contemplate that <u>all relevant factual information</u> in the hands of parties to a suit or <u>in the hands of their counsel</u> is discoverable by the adverse party." 99 F.R.D. at 517 (Emphasis supplied); <u>see</u> <u>Alexander v. FBI</u>, 194 F.R.D. 299, 301 (D.D.C.

3

2000) (Lamberth, J.) ("[i]t is well established that 'control', which is defined not as possession, but as the legal right to obtain documents on demand, is the test as to whether the production is required"); American Society for the Prevention of Cruelty to Animals v. Ringling Bros. and Barnum & Bailey Circus, 23 3 F.R.D. 209, 212, 215 (D.D.C. 2006) (Facciola, J.). ("because defendants have the ready ability and legal right to access documents generated and collected by the attorneys in the course of this litigation, such documents are within defendants' control for Rule 34 purposes.").

It is elementary that documents containing such information do not receive the protection of the attorney-client or any other privilege simply because they are conveyed to an attorney. 99 F.R.D. at 516. Otherwise, it would be a simple matter to thwart the purpose and effect of the discovery rules by turning over discoverable documents to a lawyer and then claiming privilege. Such is not the law. 99 F.R.D. at 514; see 7 Moore, Federal Practice (3d edit.) Section 34.14(2)(c) at 34-69 to 70 ("[d]ocuments in the possession of a party's attorney may be considered to be within the control of the party within the meaning of Rule 34").

Thus Plaintiffs are wholly incorrect in stating that "Named plaintiffs, the only parties to the litigation represented by plaintiffs' counsel, do not have control over those documents merely because their counsel is in possession of them". Pl. Opp. at 7. The short and conclusive answer is: they do. Likewise, their effort to distinguish between documents obtained by any of their counsel "pursuant to her representation of them as individual clients, not in her role as class counsel" (Pl. Opp. at 7) is an artificial distinction, a distinction without a difference. It cannot be the basis for withholding otherwise discoverable documents.

Accordingly, since plaintiffs may have either misconstrued the substance of what we are requesting, or may have misunderstood their legal obligations to produce documents, or both, we urge that they be required to respond to our discovery requests on an informed and correct understanding of the requests and the law. If, after such reexamination, they still assert that they have no unprivileged responsive documents, so be it. In the meantime, an order requiring them to reevaluate their objections and comply with their discovery obligations by way of a supplemental response cannot be harmful or prejudicial to them. See Alexander v. FBI, supra, 194 F.R.D. at 302, 304-305.

Fourth, plaintiffs' suggestion that defendants filed their motion to compel as a diversion from plaintiffs' own motion to compel is unworthy. Pl. Opp. at 1-2. It is surely not a diversionary tactic to put both motions before the Court at the same time, so that the Court may have a full understanding of the outstanding discovery issues and how they relate to each other. We understand plaintiffs' discomfort at having the inconsistency in their positions on the two motions pointed out, but that is scarcely a reason for denial of our motion. Rather, it is an additional reason to grant our motion to compel, especially if the Court grants the plaintiffs' motion.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General of the District of Columbia


    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    ELLEN EFROS
    Chief, Equity I Section

          **/s/ Daniel A. Rezneck**
          DANIEL A. REZNECK [#31625]
          Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001
          (202) 724-5691

          **/s/ Eden I. Miller**
          EDEN I. MILLER [#483802]
          Assistant Attorney General
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001
          (202) 724-6614
          (202) 727-3625 (fax)
          Eden.Miller@dc.gov

March 18, 2008          ATTORNEYS FOR DEFENDANTS