

Plaintiffs' Exhibit S

**EXHIBIT S**

**COMPARISON OF PLAINTIFFS' EXHIBIT L TO DEFENDANTS' EXHIBIT I
REGARDING DEFENDANTS' OUTSTANDING DOCUMENT PRODUCTION**

In support of the their motion to compel, plaintiffs previously submitted Plaintiffs' Exhibit L ("Pl. Ex. L"): a table listing documents

that plaintiffs believed – based upon past document production, references in produced documents, and information and belief – were in

defendants' custody or control and should have been, but were not, produced in response to Plaintiffs' First, Second, and Third Sets of

Requests for the Production of Documents.[1]  In opposition, defendants' submitted Defendants' Exhibit I ("Def. Ex. I"):  a table listing

defendants' responses to each of the items in Pl. Ex. L.  The following table replicates the information contained in both exhibits, and adds

a column for plaintiffs' replies.  Only the requests and responses implicated by defendants' general objection to discovery of documents

pre-dating January 1, 2003, have been omitted; plaintiffs address that objection in their reply memorandum (*see* pp. 3-7).

---

[1]Documents in cell numbers 1, 2, 4, 7, 8, 11, 13-19, 21, 22, 26-29, 31, 32, 40, and 41 of Plaintiffs' Exhibit L were also
specifically requested in correspondence to defendants.  *See* Pl. Mot. to Compel, Ex. J.

| Pl. Ex. I, (request[2]) | Specific Request (from Pl. Ex. L) | Defendants' Response (from Def. Ex. I) | Plaintiffs' Reply |
|---|---|---|---|
| 1 (FDR 1, 19) | District of Columbia Public Schools (DCPS) Special Education Program Budgets similar to those produced at Bates Nos. 2710-2810, 4532-3 for FY 2007 and 2008 and a key explaining the meaning of the codes relating to budget allocations therein. | Defendants produced Bates Stamp 4718 DCPS Child Find Expenditures for FY 2007. Defendants also produced Bates Stamp 9612-9613 (DCPS Special Education Budgets for FY 2007) and Bates Stamp 9614 (DCPS Special Education Budget for FY 2008 with Expenditure Information through 2/12/08). | Defendants have not produced documents for FY 2007 and 2008 similar to those produced at Bates Nos. 2710-2810. Defendants have also not produced a key, as requested. |
| 2 (FDR 1, 19) | DCPS Child Find Budgets similar to that produced at Bates No. 4718 for FY [2003]-2006 and 2008. | No such Child Find Budgets exist, with the exception of Bates Stamp 4718, because Special Education Budgets do not breakout Child Find (or the CARE Center; rather, it is all absorbed into "Special Education". | Bates No. 4718 is an OSE FY 2007 Budget Expenditures Chart. Defendants' response does not explain why these charts could not be found for other years. |

[2] Plaintiffs adopt the abbreviations used in Def. Ex. I as follows: Plaintiff's First Set of Requests for Production of Documents, dated December 28, 2005 (Pl. Ex. A) ("FDR"); Plaintiffs' Second Set of Requests for Production of Documents, dated September 17, 2007 (Pl. Ex. B) ("SDR"); Plaintiff's First Set of Interrogatories and Third Set of Requests for Production of Documents, dated September 28, 2007 (Pl. Ex. C) ("TDR"). The numbers following these abbreviations refer to the number of the relevant document request in those requests.

All references to plaintiffs' exhibits in this table are to documents attached to plaintiffs' initial memorandum in support of their motion to compel.

| 3 (FDR 15) | Request for Proposals ("RFP") for, and any reports from, Part B or Part C contractors. | FDR 15 does not include the language used by the Plaintiffs in Exhibit L, #3 on their chart. However, defendants supplied documents pertaining to Part B and Part C contractors including private and religious schools, Head Start Program and others, including Bates Stamp 1680-1727 (Directory of therapeutic services from contractors), 2354-2361 (Radio One commercial broadcasting information), 3761-3763 (DCPS, OSE Statement of services agreement for private-religious schools), 9323-9325 (GUMC and DUCCHD, Child Find Monthly Report, dated 9/9/03), 9326-9328 (Mary's Center Child Development, Child Find Report, dated10/8/03) and 9329-9331 (Children's National Medical Center, Monthly Report for 10/03, dated 11/10/03). | Defendants' interpretation of FDR 15 is too narrow. FDR 15 requests (Pl. Ex. A, p. 7) "[a]ll documents * * * related to coordination and collaboration between DCPS and other non-profit or private groups, including contractors, within the District of Columbia regarding Child Find and transition services." FDR 15 therefore encompasses #3.<br><br>Of the many documents listed here, the only pages responsive to #3 that were produced prior to March 6, 2008, are the three pages at Bates Nos. 3761-3763.<br><br>To date, defendants have only produced three monthly reports from Part C contractors (Bates Nos. 9323-9325, 9326-9328, 9329-9331). Each report was written by a different Part C contractor, and each references a different month (August - October 2003). It is reasonable to assume that other monthly reports have been prepared by these three Part C contractors that have yet to be produced.<br><br>Defendants have not produced any monthly reports from Part B contractors or RFP's from Part B or Part C contractors. |

| | | | |
|---|---|---|---|
| 4 (FDR 14, 15) | Memorandum of Agreement or Understanding predating 2004 between Department of Human Services (DHS) and DCPS, referenced during the deposition of Badiyah Mushirah-Sharif. (Transcript, Pl. Ex. O, p. 122) | No such document found after search. Objection to MOU between DHS and DCPS predating 2004 (mentioned once in Badiyah Mushirah-Sharif's deposition) since it is from before January 1, 2003. | In her deposition, Badiyah Mushirah-Sharif stated (Pl. Ex. O, p. 122) that there was a Memorandum of Understanding ("MOU") for 2004 and "one prior to that." Plaintiffs do not understand how defendants can assert that they have not found this MOU and yet also state, with certainty, that the MOU "is from before January 1, 2003." |
| 5 (SDR 1) | All documents related to the Mayors' Advisory Committee on Early Childhood Development "strategic planning and capacity building for children with disabilities and special health needs," referenced at Bates 7667. | Documents relating to plaintiffs' excerpt taken from Bates Stamp 7667 may not exist, since the excerpt was part of a page taken from a document with goals for 2007-2008, made in August of 2007. All the documents surrounding it, Bates Stamp 7653-7713, were given. | Defendants' response, by stating that the documents "may not exist," suggests that they have not conducted a thorough search for the documents identified in this specific request. |
| 6 (FDR 14, 15) | Status reports, referenced at Bates No. 2513, on implementation of Memorandum of Understanding between DHS and Department of Health. | No such status reports have been found. | It is reasonable to assume that some status reports would have been created pursuant to this MOU in the three years since it was signed by DHS and the Department of Health in 2005 and that such reports could be found by a thorough search. |

| 7 (FDR 10; SDR 5) | Complaints to or about the CARE Center, including e-mails from service coordinators and any documentation of complaints from parents, as described during the deposition of Badiyah Mushirah-Sharif (Transcript, Pl. Ex. O, pp. 78-79, 90) and Zondra Johnson (Transcript, Pl. Ex. K, pp. 177-181). | Defendants produced available complaint documents including Bates Stamp 9061 (Email Complaint from Parents of Gabriel Gauvin to Zondra Johnson, dated 1/16/08) and 9062-9063 (Complaint Letter from Attorney for Imiya Christian to CARE Center School Psychologist, dated 1/9/08) The pages referenced by the plaintiffs in the Sharif and Johnson depositions do not support the claim that there are a number of complaints against the CARE center. As explained in the depositions, there is no formal procedure for handling complaints. However, complaints received orally are referred to the supervisor or case manager, and may or may not have been documented in student files. | Defendants produced the two referenced documents on March 6, 2008. Zondra Johnson stated in her deposition (Pl. Ex. K, p. 180) that she previously discarded any written complaints that she received. Plaintiffs' second document request, dated September 17, 2007, specifically asked (Pl. Ex. B, p. 3) for "[a]ll letters of complaint that have been received about the CARE Center received by defendants." If defendants were able to produce two such letters from January 2008, it is reasonable to assume that there were other written complaints received by defendants from September 17, 2007, to the present. The existence of such complaints can also be inferred from Badiyah Mushirah-Sharif's deposition statements (Pl. Ex. O, pp. 78-79, 90). These complaints should have been found during a thorough search. |

| | | |
|---|---|---|
| 8 (FDR 3; TDR 2) | Any record of complaints about early intervention staff, Child Find practices, special education or transition from Part C to Part B as described during the deposition of Badiyah Mushirah-Sharif (Transcript, Pl. Ex. O, pp. 78-83). | The pages referenced by the plaintiffs in the Sharif deposition do not support the claim that any records were kept of parents complaining about Child Find practices, special education or transition. | It is reasonable to assume from Badiyah Mushirah-Sharif's deposition statements (Pl. Ex. O, pp. 78-83) that such records of complaints do exist, and could be found by a thorough search. |
| 9 (FDR 3, 10; SDR 5) | Any evidence of parents exercising the right to complain about Child Find or special education services described on a flyer produced at Bates No. 1257. | See response to #7 and #8 above. | This request is specifically related to parents' complaints to DHS about the Part C program. Defendants' response to #7 above (regarding complaints to or about the CARE Center) is irrelevant. |
| 10 (FDR 15) | Any unusual incident reports using the form described at Bates No. 2367 from contractors or RFP grantees that work with children aged two years, eight months to five years of age. | FDR 15 does not request this information. | See reply to #3 above. |
| 11 (FDR 3) | Documents describing best practices or the defendants' attempts to improve Child Find and special education services for children aged two years, eight months, to five years, including recommendations | Defendants produced many documents describing attempts to improve and best practices of Child Find and special education services including Bates Stamp 4404-4410 (3/30/06 letter about state performance plan, including issues, | Interpreting the specific request broadly, these documents are responsive to FDR 3. However, none of these documents include recommendations from Georgetown University or any actions taken in response to those recommendations. |

| | |
|---|---|
| from Georgetown University, referenced in the deposition of Joan Christopher (Transcript, Pl. Ex. Q, pp. 66-68), and any actions taken in response to those recommendations. | indicators and action to improve), 4507-4528 (Preschool Assessment Process), 4545-4670 (DCPS Office of Special Education Policies and Procedures Manual from 5/29/01 (esp. Chapter one 4546-4548 on philosophy, goals and objectives), 5743-5778 (DC Office of the State Superintendent of Education "OSSE" Comprehensive Child Find Guide: Policy and Procedures August 2007), 5880-5900 (5/30/2007 Child Find presentation by Johnson about current practices), 5901-5919 (DCSEA Preschool Special Education Presentation by Johnson), 6224-6334 (The transition process and guidelines and obligations), 7118-7163 (DCPS Early Childhood Special Education Strategic Plan establishing 3 year goals: 2006-2009 with current statistics and analysis), 7202-7217 (Issues, improvement activities, data and targets, and grant info), 7653-7670 (8/15/07 Interagency collaboration and services integration commission: statistics, regulations, plans, goals and recommendations) and 9084-9184 |

| | | |
|---|---|---|
| | (Correspondence between DC Early Intervention Program and at times OSSE and DCPS and the National Center for Special Education Accountability Monitoring (NECSEAM) and National Early Childhood Technical Assistance Center (NECTAC), dated end of 2006 to early 2008). | |
| 12 (FDR 16) | Any correspondence between the U.S. Department of Health and Human Services ("HHS") and defendants regarding Head Start and children aged two years, eight months, to five years including any follow up or response to deficiencies cited by HHS at Bates Nos. 3661-3666. | Defendants produced documents pertaining to HHS and DCPS and the Head Start program. These include Bates Stamp 3082-3085 (DCPS and Head Start Collaboration), 3302-3634 (HHS Head Start performance standards and other regulations), 3635-3659 (DCPS Head Start Program Procedures, Framework and Operational Procedures from HHS), 3660-3691 (HHS On-site review with a 4/11/05 Head Start Review Report, and a letter 10/03/05 to DCPS) and 13779-13785 (Head Start and DCPS MOA, dated 3/8/06). | These documents contain one letter from HHS to DCPS (Bates Nos. 3661-3666), already identified by plaintiffs in #12.<br><br>Defendants have not produced any other correspondence between HHS and defendants. |

8

| 13 (FDR 4, 5, 11, 12, 13) | Any correspondence between defendants and OSEP, including letters, attachments, reports, special conditions reports, annual state applications, performance plans, annual performance reports, and the documents which were reviewed for the purpose of submitting reports, such as the Part B Annual State Application and Enclosures for FY [2003]-2004 and 2008; Enclosures to Annual State Application FY 2006 and 2007; Part B Performance Plans for FY [2003]-2005; updated Part B Performance Plan for FY 2005-2010 (like those produced at Bates Nos. 1128-1204, 4415-4506); Part B Annual State Performance Report ("APR") for FY 2004, 2007, 2008; all APR Response Tables for FY 2004, 2007, 2008 and Response Tables 2-3 for FY 2006; Part C State Performance Plan for FY [2003]-2004, 2006-2008, and response tables for each; Part C Annual Performance Report for FY [2003]-2004, 2006-2008, | Defendants produced many correspondences between DCPS and OSEP including Bates Stamp 1019-1115 (DCPS Special Conditions Report to OSEP 2005), 1116-1127 (Annual State Application Under Part B of IDEA for 2005), 1128-1204 (Part B State Performance Plan for 2005-2010 draft), 3887-3899 (Annual State Application Under Part B of IDEA for 2006 draft), 4415-4506 (DCPS Part B State Performance Plan for 2005-2010 final version), 6571-6576 (Letter from Stephanie Smith Lee of OSEP to Yvonne Gilchrist of DHS regarding an OSEP verification visit under CIFMS 12/12/03), 6577-6583 (Letter from Stephanie Smith LEE of OSEP to Yvonne Gilchrist of DHS responding to DC's 2001 IDEA Part C Annual Performance Report 2/27/04), 6584-6591 (Letter from Troy Justesen of OSEP to Yvonne Gilchrist of DHS 2003 IDEA Part C Annual Performance Report 8/29/05), 6592-6593 (Letter from Troy Justesen of OSEP to Yvonne Gilchrist of DHS approving DC's Part C State Performance Plan | With the exception of Bates Nos. 9545-9611, which defendants produced on March 6, 2008, the documents listed here are not responsive to plaintiffs' requests.<br><br>Since parties have a continuing duty under Fed. R. Civ. P. 26(e) to supplement their responses to document requests, defendants were not excused from producing documents for 2007 and 2008 merely because those documents did not exist at the time plaintiffs served their first set of document requests.<br><br>As discussed in plaintiffs' reply brief (p. 20), Ms. Griffin's declaration is not credible. Accordingly, defendants' reliance on that declaration is not valid. |

9

| | |
|---|---|
| and response tables for each; Part C Report on Infant and Toddlers exiting Part C for FY 2000, 2001, 2002, 2003, 2007. | 3/15/060, 6594-6607 (Letter from Stephanie Smith LEE of OSEP to Yvonne Gilchrist of DHS responding to DC's 2002 IDEA Part C Annual Performance Report 12/22/04), 6608-6610 (Letter from Patricia J. Guard of OSEP to Yvonne Gilchrist of DHS on timeliness of DC's filing 2005 Part C Annual Performance Report and State Performance Plans 6/15/07), 6611-6683 (Part C Revised SPP for 2005-2010), 6684-6715 (Part C State Annual Performance Report for 2005), 6716-6722 (DC Part C State Performance Plan for 2005 and Annual Performance Report Response Table), 6727-6739 (Annual State Application Under Part B of IDEA for 2006), 6740-6753 (Annual State Application Under Part B of IDEA for 2007), 7714-7749 (DCPS Annual Performance Report 05-06 School Year) and 9545-9611 (FFY 2002 Annual Performance Report for Part C, dated 3/29/04 as submitted by DHS to OSEP). Many of the documents for 2007, 2008 and later did not exist at the time of the document requests. |

| | | | |
|---|---|---|---|
| | | See also declaration of Karen Griffin, exhibit of the present opposition and of defendants' prior opposition to Plaintiffs' 2006 Motion to Compel, which addresses missing documents prior to 2006. | With the exception of Bates Nos. 6566-6570, of which only Bates No. 6570 is responsive, defendants produced all of these documents on March 6, 2008.<br><br>Moreover, defendants appear to be applying a particularly narrow definition of the term "compliance studies." In her deposition, Badiyah Mushirah-Sharif stated (Pl. Ex. O, p. 40): "So timelines, documents, we're able to monitor as things are turned into the main office to determine whether or not they're in compliance with content and timelines and provide feedback for the contractor for whatever they need to do. So a good amount of what we do in terms of monitoring actually sometimes happens through paperwork." |
| 14 (FDR 7, 8) | All compliance studies, including those referenced in the deposition of Badiyah Mushirah-Sharif (Transcript, Pl. Ex. O, pp. 39-41). | Defendants produced compliance documents including Bates Stamp 9493-9505 (Letter from Joan Christopher of DHS to Leonard McPherson of Phoenix Therapeutic Services regarding DC Early Intervention Compliance, dated 6/24/04), 9506-9507 (Letter from Joan Christopher of DHS to Dr. Penny Glass of Children's National Medical Center regarding DC EIP Intervention Compliance, dated 6/24/04), 9508-9511 (Letter from Joan Christopher of DHS to Christie Mc Kay of Mary's Center for Maternal and Child Care regarding DC EIP compliance, dated 6/28/04), 9512-9529 (Non-Compliance Identified through Child Find Contractor Desk Audits), 9532 (Transition Conference Compliance Report 10/02-9/03) and 9533 | |

11

| | | | |
|---|---|---|---|
| | | (Transition Conference Compliance Report 10/03-6/04), In her deposition, Badiyah Mushirah-Sharif did not reference "Compliance Studies" as plaintiffs suggest. Bates Stamp 6566-6570 (DC Infants and Toddlers with Disabilities: List of Contracts and Consultants dated 9/19/07) | |
| 15 (FDR 10, 15, 29, 30, 36) | All documents pertaining to the training and supervision by defendants of staff of DCPS, District agencies, preschools, day care centers, and other organizations or entities in the area of special education services for children aged two years, eight months to five years, including all materials related to a grant from Georgetown University to DHS for the training of early childhood employees, referenced during an ICSIC training on December 4, 2007; DHS' grant application and proposal to Georgetown University; the plan, required at Bates No. 2185 for educating | Defendants produced documents pertaining to the training of DCPS staff on special education services, including Bates Stamp 1339-1453 (Transition Training for Early Intervention Providers), 1454-1513 (Training and Capacity Building for Early Identification and Referral), 5880-5900 (D.C. State Education Office Child Find Presentation by Zondra Johnson for LEA's, including Charter Schools, dated 5/30/07-5/31/07), 5901-5919 (D.C. State Education Agency, Preschool Special Education Presentation by Zondra Johnson for LEA's, including Charter Schools, dated June 2007), 6224-6334 (DHS and DCPS Transition Training Manual | As stated in #15, plaintiffs referred to Bates Nos. 2185, 2333-2338, and 5880-5900, in formulating these specific requests. The documents defendants list here are not responsive to #15. One of the documents (Bates Nos. 5880-5900) is the same document referenced in plaintiffs' request. |

| | | |
|---|---|---|
| | and jointly training DCPS and DHS staff, contract service providers, and other agencies; training materials for training hosted by contractors such as HSC Health Care System, referenced at Bates Nos. 2333-2338; training materials for Local Education Agencies predating those described at Bates Nos. 5880-5900. | for Providers, current version, 2007. 2005 version is provided at 1342-1449), 6847-6871 (Administrations of the Battelle Developmental Inventory, 2nd Edition," training slideshow presented by Zondra Johnson of the CARE Center for Special Education Teacher Staff Development, dated 1/5/07) and 9056-9060 (DCPS Early Childhood Professional Development, dated January 2-4, 2008). | |
| 16 (FDR 36) | Staff member listings for Part B for the years [2003]-2007 and for Part C for the years* * * 2006 to the present. | Defendants produced Bates Stamp 1241-1244 (Staff lists for DC EIP FY 2003, 2004, and 2005), 4673-4676 (Letter Explaining DHS ECEA Changes with Chart) and 6768-6769 (Early Childhood Special Education Staff at CARE Center (Child Find Team), through 11/8/07). | These documents are not entirely responsive to #16. For example, the document produced at Bates Nos. 6768 is a Child Find Team list "updated through 11/8/07." While this may be an accurate list of staff members as of that date, defendants have not claimed that it includes all staff members for the entire period for which plaintiffs seek information. |
| 17 (FDR 36, 37) | All job descriptions for Part B and Part C employees, including positions that are currently being advertised or were advertised but not filled (During the deposition | Contrary to assertions in Plaintiffs' Exhibit L, #17, Zondra Johnson stated in her deposition (Plaintiffs' Exhibit K at 124-131) that Exhibit 37 referred to all staff, and at that | Defendants' interpretation of Zondra Johnson's deposition testimony does not contradict plaintiffs' interpretation, but rather is entirely consistent with it. Defendants admit that they did not |

13

| | | | |
|---|---|---|---|
| | of Zondra Johnson, deponent stated that defendants did not produce job descriptions that were advertised but not yet filled. Transcript, Pl. Ex. K, pp. 126-131). | point, there were no educational program specialists on her staff, which is why she had not originally produced the announcement (Bates Stamp 7164-7165) for the educational program specialist position. Defendants produced available job descriptions Bates Stamp 3089-3090 (DCPS Job Description for Education Coordinator- Zondra Johnson), 3091-3092 (DCPS Job Description for Education Specialist), 3093-3094 (DCPS Job Description for Special Education Coordinator), 7164-7165 (DCPS Job Announcement for Education Program Specialist, current position of Chanda Whitaker of CARE Center) and 13776-13778 (Job Announcement for OSSE Early Childhood Special Education Specialist, dated 12/19/07). | produce the job description for educational program specialist (as plaintiffs described it, a position that was "advertised but not filled") until the specialist was on staff.<br><br>Defendants have yet to provide job descriptions for several positions in Part B and Part C (both filled and vacant), and have not explained why these job descriptions are not "available." Examples include: Child Find Transition Specialist and Child Find Transition Coordinator at the CARE Center (referenced at Bates No. 7232); Early Intervention Specialist, Program Service Unit Supervisor, and Transition Coordinator in the Early Care and Education Administration of DHS (referenced at Bates No. 4676). |
| 18 (FDR 38) | Interagency Coordinating Council (ICC) meeting minutes and agendas, including the meetings that, according at Bates Nos. 6434 and 6487, were | No such official meeting minutes exist. Defendants produced documents relating to DC Interagency Coordinating Council ("ICC") at | Plaintiffs did not request "official" meeting minutes and do not know what defendants mean by that term. Plaintiffs are entitled to the production of minutes of any kind. |

14

| | | | |
|---|---|---|---|
| | scheduled for April 10, 2003, January 24, 2007, and April 25, 2007. | Bates Stamp 6424-6487. No other ICC documents were found after search. | Based on defendants' production of other meeting agendas (see, e.g., Bates No. 6424), it is reasonable to believe that meeting agendas exist for the specific meetings listed in #18 and could be found by a thorough search. |
| 19 (FDR 14, 38; SDR 1) | Agenda and meeting minutes from meetings for service or transition coordinators (responsible for the transition of children from Part C to Part B) [for] 2003, 2007, 2008. | No such official meeting minutes exist. Defendants produced at Bates Stamp 6204-6217 (Transition Coordination and Planning Meetings- Agendas and Attendance Sheets), 6531-6556 (Joint DCPS and DHS Transition Coordinators' Meeting Records), and 6557-6558 (Sample of new 2007 form attached to the Transition Conference Meeting Notes). | Again, plaintiffs did not request "official" meeting minutes and do not know what defendants mean by that term. Plaintiffs are entitled to the production of minutes of any kind.<br><br>The February 11, 2003 meeting agenda (Bates No. 6554) states: "Need someone to take notes (have note taker fax to one of us)." Based on this document, it is reasonable to assume that some form of meeting minutes exist and could be found during the course of a thorough search.<br><br>Even after excluding pre-2003 documents from plaintiffs' request, defendants' response is still incomplete since it does not include any agendas or meeting minutes from 2007 and 2008. |
| 20 (FDR 14, 38) | Agendas and sign-in sheets for transition orientation for families and completed transition orientation feedback forms as | Defendants produced documents including Bates Stamp 1245-1338 (Transition Services for Families and Transition Orientation for Families), | With the exception of Bates Nos. 6221-6222 (sign-in sheets), the documents cited are not responsive to #20. For example, the documents produced at Bates Nos. |

15

| | | | |
|---|---|---|---|
| | described at Bates Nos. 1259-1338. | 5922-5943 (Part C to Part B Transition Invitations to parents, dated 2007), 6204-6217 (Transition Coordination and Planning Meetings- Agendas and Attendance Sheets), 6221-6222 (DC EIP Transition Orientation for Families- Attendance Sheets for 11/10/05 and 4/13/06) and 9530-9531 (DC EIP Transition Log, June 2004). | 6204-6217 relate to meetings of transition coordinators, not transition orientation meetings for families.<br><br>Defendants have not produced any completed transition orientation feedback forms. |
| 21 (FDR 16) | Part B and Part C employee closing reports, including Joan Christopher's closing report described during the deposition of Joan Christopher (Transcript, Pl. Ex. Q, pp. 246-248). | After searching, only a portion of requested closing report by Joan Christopher was found and has been produced at Bates Stamp 7635-7652. Plaintiffs' request Part B and Part C employee closing reports, based on Joan Christopher's deposition testimony. (Plaintiffs' Exhibit Q, Transcript at 247-248). However, no closing reports are required by exiting employees. | Defendants fail to explain why they were only able to find a portion of the requested closing report, suggesting that a thorough search has not been conducted.<br><br>Whether closing reports are required of exiting employees is irrelevant. The relevant issue, which defendants do not address, is whether defendants conducted a thorough search to determine whether any such reports exist. |
| 22 (FDR 30) | Profiles of charter and public schools, including those referenced during the deposition of Genevieve Johnson (Transcript, Pl. Ex. R, pp. 31-32) and used by the CARE Center and child care profiles | No such documents found after search. | Based on the deposition testimony of Genevieve Johnson (Pl. Ex. R., pp. 31-32), it is reasonable to believe that such profiles exist and could be found by a thorough search. |

| | | |
|---|---|---|
| | | supplementing the 2004 profiles at Bates Nos. 1867-1893. |
| 23 (FDR 34, 35) | Listing of children screened for birth defects described in the MOU between DHS and Department of Health at Bates No. 2511. | Plaintiffs' request for a list of all children screened for birth defects is based on a description in an MOU, Bates Stamp 2511. Bates Stamp 2511 makes no reference to children screened at birth for defects, let alone any list of children screened. As such, there is no responsive document. However, defendants have already produced documents on how children become a part of the special education system including Bates Stamp 3095-3096 (DCPS Early Childhood Screening and Assessment Process), 1896-1904 (Child Find Reference Guide), 2322-2323 (DC EIP Child Find Outreach and Identification Policies) and 2704 (DC Linkage and Tracking System). | Defendants are correct that Bates No. 2511 does not mention children screened for birth defects. This was a typographical error. The preceding page (Bates No. 2510) clearly states that the Department of Health shall: "Provide to the Child Find Coordinator of the DC Early Intervention Program (DCEIP) Division in DHS/OECD * * * monthly identification of children (birth through two (2) years of age) in the metabolic screening, newborn hearing screening, birth defects and discharge planning special needs database or other Department of Health databases that may be eligible for Part C services." Plaintiffs could have corrected this error sooner if defendants had brought it to their attention.

The documents listed by defendants are not responsive to #23. Plaintiffs are asking for specific information about children screened for birth defects, not "documents on how children become part of the special education system" in general. |

17

| | | |
|---|---|---|
| 24 (FDR 14, 35) | Data sharing protocol required by the MOU between DHS and Department of Health at Bates No. 2511. | Defendants produced information about data sharing policies including Bates Stamp 2538-2580 (Guide to DC EIP Management Information System Database) and 9534-9542 (Memo of Understanding Between The District, DHS, OECD and DCPS to Improve Interagency Collaboration, Data Sharing, and Referral Linkages in Support of Children and Families 6/21/04). | The document produced at Bates Nos. 2538-2580 does not relate to data sharing between DHS and the Department of Health, but rather operation of the DC EIP management information system itself.

The document at Bates No. 9534-9542, although dated June 21, 2004, was not produced until March 6, 2008. This document, an MOU between DHS and DCPS, is not responsive to #24 since it does not involve the Department of Health. |
| 25 (SDR 4) | The number of special education program seats available for children aged two years, eight months, to five years for FY [2003]-2005 | DCPS must accommodate all children found eligible for special education services; thus, there is no set number of seats available for such children.
Defendants produced information on the number of children who have been in various special education programs including: Bates Stamp 6561-6563 (Report on Infants and Toddlers Exiting Part C Programs for 2004-2005), 6564-6565 (Report on Infants and Toddlers Exiting Part C Programs for 2005-2006), 6570 (Report on Infants and Toddlers Exiting Part C Program for 2006- | As discussed in plaintiffs' reply brief (p. 19), SDR 4 requests information about defendants' capacity to provide special education services to preschool children. Defendants response as to what they "must" do to comply with federal and District of Columbia law does not respond to plaintiffs' request regarding what they are they currently doing (or able to do) in that regard. |

18

| | | | |
|---|---|---|---|
| | 2007), 6767 (Early Childhood Special Education Program Seats through 11/8/07- informal data collected by Zondra Johnson of the CARE Center), 7368-7409 (Internal DCPS Early Childhood Office Registration Tracking Log) and 7750-7760 (Part B Child Count DATA for 2005, dated 2/1/06). | | With respect to the recommendations made by Joan Christopher, see plaintiffs' reply to #21.<br><br>In her deposition, Ms. Christopher stated (Pl. Ex. Q, p. 216) that she maintained a file of such recommendations that included "E-mails back and forth and clarification." It is reasonable to assume that some of these e-mails were between Ms. Christopher and other employees involved in data collection and that such e-mails could be found by a thorough search of those employees' files. |
| 26 (FDR 16) | Employee requests and recommendations related to data collection for Part C and Part B in addition to those made by Joan Christopher (produced on January 30, 2008 at Bates 7635-7652), described during the deposition of Joan Christopher (Transcript, Pl. Ex. Q, pp. 213-217). | Defendants produced the available documents related to data collection made by Joan Christopher (Bates Stamp 7635-7652) described in her deposition. No other responsive documents found after search. | |
| 27 (FDR 15) | Reports, contracts, and correspondence between defendants and consultants including NCSEAM, MidSouth RRC, and NECTAC relating to Part C data collection, | Defendants produced the reports and documents between DC Early Intervention Program and consultants on Bates Stamp 7635-7652 (Information regarding Database for DHS DC EIP, compiled | Defendants have admitted (see response to #21) that the document produced at Bates Nos. 7635-7652 constitutes only a portion of Joan Christopher's report.<br><br>Plaintiffs made these specific requests in a |

| | | | |
|---|---|---|---|
| | improving the internal and external quality assurance system, and monitoring, described during the deposition of Badiyah Mushirah-Sharif (Transcript, Pl. Ex. P, pp. 82-83), including the grid developed by consultants documenting Part C and Part B's current processes and potential practices. | by Joan Christopher and given to her successor in the fall of 2004), 9084-9184 (Correspondence between DC EIP and at times OSSE and DCPS and the National Center for Special Education Accountability Monitoring- NECSEAM and National Early Childhood Technical Assistance Center- NECTAC, dated end of 2006- to early 2008. | letter to defendants dated November 20, 2007. *See* Pl. Ex. J. Of the documents produced at Bates Nos. 9084-9184, only 8 pages are dated after November 2008, while others were created as early as December 2006. Nonetheless, defendants did not produce these documents until March 6, 2008. |
| 28 (FDR 35) | Key explaining the codes used in the columns entitled "Risk Factor" and "Assessment" at Bates Nos. 5741-5742, | FDR 35 does not require defendants to make a key for the CD produced. | FDR 35 requests (Pl. Ex. A, p. 11): "All documents, including reports generated from SETS, ENCORE, and any other database, maintained by defendants referring or relating to defendants' tracking of students aged two through five years old who have been screened, referred, identified, evaluated, or found eligible for special education and related services from January 1, 2000, to the present." <br><br> A key similar to what plaintiffs are requesting may already exist, since defendants would have to train their employees on the operation of these database systems. However, even if such a key does not exist, it should be relatively |

| | | | |
|---|---|---|---|
| | | | easy to create one based on defendants' knowledge of their own systems.<br><br>If defendants are unwilling to produce the requested key, plaintiffs will have no alternative but seek this information through additional depositions. |
| 29 (FDR 3, 14, 17, 38) | Transition from Part C to Part B logs, like those produced at Bates Nos. 3299-3301, for the years [ ] 2003 and 2006 to the present for plaintiffs and non-named plaintiffs; transition logs, like the April 2006 log produced at Bates No. 6095, for the years [2003] to the present; and Child Find - Transition telephone logs, like those produced at Bates Nos. 5901-5919. | Defendants produced Bates Stamp 7445-7457 (Report generated from DHS Services and DCPS Transition Database, current through 10/24/07- redacted version previously produced at 5979-5992), 7458-7609 (DHS DC Early Intervention Program Transition Log, 2003-2006- previously produced only with regard to named plaintiffs) and 9530-9531 (DC EIP Transition Log, June 2004). | Although Bates Nos. 7445-7457 is "current through October 24, 2007," there is no reason to believe that it covers the entire period that plaintiffs have requested. Bates Nos. 7458-7609 are responsive for the years 2003 to 2006.<br><br>Similarly, Bates Nos. 9530-9531, are responsive. Although these pages show information from June 2005, they were not produced until March 6, 2008.<br><br>Even after excluding pre-2003 documents from plaintiffs' request, defendants' response is still incomplete since it does not include any documents for the period from 2007 to the present. |
| 30 (FDR 10, 20, 22, 26, 33, 39) | DCPS Child Find referrals and referral outcomes, like those in documents produced at Bates Nos. 4679-4705, for the years [ ] 2003 and 2006 to the present; | Defendants produced cumulative information to plaintiffs, and object to burdensomeness of providing information for all non-plaintiffs. However, defendants have agreed to | The specific requests in #30 relate to aggregate and report data that defendants' have previously gathered from the ENCORE database, not individual case files. Accordingly, although plaintiffs |

| | | | |
|---|---|---|---|
| | CPS total special education assessments, like that produced at Bates No. 4704³, for the years [ ] 2003 and 2006 to the present; Individual Education Placement special education review meetings, like that produced at Bates No. 4709 for FY [2003]-2004 and 2006 to the present; the number of children who receive Medicaid reimbursements, like in the document produced at Bates No. 4717, for the years * * * and 2006 to the present; a list of total special education students, like those produced at Bates Nos. 4678-4727, prior for the years * * * 2006 to the present. | provide information for 24 non-plaintiffs. As such, defendants produced records for those children at Bates Stamp 7787-9050, and continues to search for more responsive documents. | appreciate defendants' willingness to produce records for 24 students, those documents are not responsive to #30.<br><br>The pages of defendants' production referenced in #30 cover the period from 2003 to 2006. Even after excluding pre-2003 documents from plaintiffs' request, defendants' production is still incomplete since it does not include similar information for the period from 2006 to the present. |
| 31 (FDR 17) | Child Find Registration Tracking log for plaintiffs and non-named plaintiffs, like those produced at Bates Nos. 6805-6846, from [2003]-2006 and 2007 to the present. | [T]he CARE Center did not open until late 2004, therefore there are no earlier tracking logs. Defendants provided plaintiffs with all responsive documents. Defendants produced all Registration Tracking Logs through | Bates Nos. 6805-6846 and 7368-7409 only include information for the period from 2006 to 2007. Even after excluding plaintiffs' request for pre-2003 documents, defendants' response to #31 is still incomplete since it does not include similar documents for the periods from |

³This is a typographical error. The relevant page is Bates No. 4707.

| | | |
|---|---|---|
| | mid-November of 2007 in existence at Bates Stamp 6805-6846 and 7368-7409. Requested information about plaintiffs is included in their files and records at Bates Stamp 1- 1018, 5993-6203, 12256-13774 and at 7368-7409 (Registration Tracking Logs). | 2004 (when the CARE Center opened) to 2006 and from 2007 to the present. Records from the named plaintiffs files, listed here as Bates Nos. 1-1018, 5993-6203, 12256-13744, are not responsive to #31. |
| 32 (FDR 17, 21, 34) | Schedule for CARE Center Screenings/Observations Log for plaintiffs and non-named plaintiffs, like those produced at Bates Nos. 4530-4531, for the years [2003] to the present. | The CARE Center did not open until late 2004, therefore there would not be any documents earlier than that date. Defendants produced Bates Stamp 9615-12255 and will be producing more once they are collected. | The documents defendants list here are not responsive to plaintiffs' request. Bates Nos. 9615-12255 consist of school records corresponding to individual students other than named plaintiffs. They do not contain any documents similar to the logs found at Bates Nos. 4530-4531. |
| 33 (FDR 21, 34; SDR 1) | Updated version of the Child Find Eligibility Screening: Parent Interview Questionnaire/Classroom Observation, like that produced at Bates No. 2174.[4] | No such document has yet been found. Defendants produced Updated Child Find information at Bates Stamp 9066-9082 (Email from newly hired DHS ITDD Child Find/Family Support Specialist Wanda Tyler to Child Find Community with | The Part B eligibility screening forms referenced in #33 appear to have been created by DCPS in 2003. Defendants should be able to determine whether these forms are still in use or whether they have been replaced by other forms. In any event, a form is presumably now being used for this purpose, which defendants |

23

[4]This is a typographical error. The document titled "Eligibility Screening: Parent Interview/Questionnaire" begins at 2174. "Classroom Observation" is a separate document beginning at Bates No. 2170.

| | | |
|---|---|---|
| | Updated Child Find Documents, dated 2/7/08). | can identify and produce.<br><br>The documents produced at Bates Nos. 9066-9082 are Part C Child Find materials. Accordingly, they are not responsive to #33. |
| 34 (FDR 3, 21, 32, 34, 35) | Child Find statistics, like those produced at Bates Nos. 2327-2329, 2331, for 2002 to the present, including Child Find screenings completed during the years * * * 2005 to the present and Child Find outreach during the years [ ] 2003 and 2005 to the present. | Plaintiffs' requested outreach materials have been enumerated in this chart in response to Plaintiffs' Exhibit L, #41.<br><br>Only four pages (Bates Nos. 2330-2331, 4671-4672) of the many documents listed in response to #41 below contain Child Find statistics. Plaintiffs reference one of those four pages (Bates No. 2331) in this request. The remaining documents are not responsive to #34.<br><br>The most recent documents that defendants have produced in response to this request relate to FY 2006. No documents have been produced for FY 2007 or FY 2008. |
| 35 (FDR 21, 34) | Final version of Draft Early Childhood Screening/ Assessment Process (Bates Nos. 3095-3096) (The Preschool Assessment Process, Bates Nos. 4507-4527, is not a parallel document). | No such document exists. Bates Stamp 4507-4527 is the final version.<br><br>Plaintiffs do not understand how defendants can assert that a final version of Bates Nos. 3095-3096 does not exist, and yet also state that Bates Nos. 4507-4527 "is the final version."<br><br>In any event, the documents at Bates Nos. 3095-3096 and 4507-4527 are very different from each other. Apart from the 18 pages of forms included in the second |

| | | | document (Bates Nos. 4510-4527) and not the first, the second document does not include any discussion of an IEP meeting or placement, two topics addressed in Bates Nos. 3095-3096. |
|---|---|---|---|
| 36 (FDR 10, 25) | Part C Reports, referenced at Bates No. 2194 in Attachment B to the 2004 MOA between DHS and DCPS and pertaining to children identified as having delays and the children who have been evaluated but have no delays. | No such documents have been found. | It is reasonable to assume that some Part C reports have been created pursuant to this portion of the MOA in the four years since it was signed by DHS and DCPS and that such reports could be found by a thorough search. |
| 37 (FDR 15, 25) | Monthly reports of diagnosed children for reporting to DCPS as required by DCPS' agreement with Head Start at Bates No. 3085. | Defendants produced Internal DCPS Early Childhood Office Registration Tracking Log, Bates Stamp 7368-7409, which includes information on children who have been found eligible for services and placed in a Head Start program. | Bates No. 3085 states that "Head Start programs will maintain monthly reports of diagnosed children for reporting to * * * DCPS at required intervals." Although some of the information included in such reports may be in Bates Nos. 7368-7409, that document is not a Head Start report and therefore is not responsive to #37. |
| 38 (FDR 1, 2, 3, 5, 6, 7, 8, 10, 14, 18, 19, 29, 30, 31, 32, 33, 38; SDR 1) | Updated Child Find manuals, including changes to Draft Child Find Manual referenced during August 9, 2007 Status Conference before this Court; Post-2005 version of the Guides and Action Plans at Bates Nos. | Defendants produced the most recent documents falling within this request. Some examples include Bates Stamp 4507-4527 (DCPS CARE Center Preschool Assessment Process, finalized 4/18/06 and currently in effect), 6224-6334 (DHS | Plaintiffs understand this response to mean that defendants have already produced the most recent versions of all documents listed in #38.

Defendants do not state that they have produced all updated documents, only "the |

| | | |
|---|---|---|
| 1128-1204; updated version of manual on transition services for families and transition orientation for families at Bates Nos. 1245-1338; updated Transition Training for Early Intervention Providers at Bates Nos. 1339-1453; updated version of Training and Capacity Building for Early Identification and Referral at Bates Nos. 1454-1513; updated Child Find Reference Guide at Bates Nos. 1587-1595, 1896-1904, 1905-1939; updated Procedure Manuals for Parents (version produced at Bates Nos. 2041-2118 was dated August 28, 2001); updated CARE Center package at Bates Nos. 2148-2157; updated CARE Center procedures (version produced at Bates Nos. 2161-2180 was dated 2005); updated Office of Special Education Policy and Procedure Manual (version produced at Bates Nos. 2205-2217 and 4545-4670 was dated May 29, 2001); updated DCEIP Policy | and DCPS Transition Training Manual for Providers, current version. This manual has been used since 1997. 2005 version is provided at 1342-1449), 6335-6423 (DHS and DCPS Transition Orientation Manual for Families, current version. This manual has been used since 1997. 2005 version is provided at 1260-1334), 6488-6523 (Current Transition Policies and Procedures). | most recent." Even after excluding pre-2003 documents from plaintiffs' request, defendants' response is still incomplete since it does not include versions issued after the dates cited in #38 and before the most recent version was issued. |

26

| | | |
|---|---|---|
| and Procedure Manual (version produced at Bates Nos. 2303-2305 was dated January 30, 2004); updated DC Early Intervention Program Intake Process and Child Find (version produced at Bates Nos. 1213-1240 is dated FY 2005). | | |
| 39 (FDR 10) | Public Awareness Annual Report, like those produced at Bates Nos. 4672-4673[5], for DCEIP for the years [2003]-2005, 2007 to the present and for DCPS for the years [2003] to the present describing Child Find outreach. | Plaintiffs' requested outreach materials have been enumerated in this chart in response to Plaintiffs' Exhibit L, #41. | Of all the documents listed in response to #41 below, only Bates Nos. 2330-2331 (DC EIP Child Find Public Awareness Accomplishments for FY2003 and 2004) is responsive to #39.<br><br>One of the documents (Bates Nos. 4671-4672) is the same document referenced in plaintiffs' request. |
| 40 (FDR 32) | Child Find Public Outreach materials, including flyers in multiple languages, in addition to those produced at Bates Nos. 2707-2708[6] and 3709-3760. For example, Bates No. 4672 listed an "ITDO flyer" in multiple | Plaintiffs' requested outreach materials (including those documents in multiple languages) have been enumerated in this chart in response to Plaintiffs' Exhibit L, #41. | Only two of the documents listed in response to #41 are flyers in multiple languages: Bates Nos. 1804-1815 (Is Your Baby Blooming- in Spanish and English) and 3707-3708 (DCPS Parents' Special Education Service Center Flyer, in English and Spanish). |

---

[5] This is a typographical error, the reference should be to Bates Nos. 4671-4672.

[6] This is a typographical error. The reference should be to Bates Nos. 3707-3708.

| | | | |
|---|---|---|---|
| | languages which defendants have not produced. | | Defendants' most recent production (March 6, 2008) includes three additional documents printed in languages other than English: Bates Nos 9068, 9071-9078 (Part C Child Find Materials in Spanish), 9307 (Part C Child Find Flyer in Amharic), and 9519 (Part C Child Find Flyer in Vietnamese). It is reasonable to assume that defendants have created more than five Child Find Public Outreach materials in multiple languages over the past several years, and that such documents could be found by a thorough search. |
| 41 (FDR 3, 10, 32, 42) | Outreach and public awareness activities conducted by DCPS pertaining to Child Find for preschool children, including website pages for the years [2003] to 2006, and a Child Find Distribution List like that produced at Bates No. 2332. Plaintiffs have received documents pertaining to public awareness and outreach conducted by DHS (e.g., Bates Nos. 1454-1513). If DCPS has also conducted public awareness | Defendants produced numerous documents regarding public awareness and outreach pertaining to Child Find for preschool children including: multilingual phone lines, city-wide screening, flyers, brochures, radio ads, bus and metro ads and websites. These produced documents include Bates Stamp 1582-1595 (DC Child Find and Child Find Reference Guide), 1595-1634 (DC Child Find, Phone Line, Screening and Media Outreach, Part B and Part C | Only 3 of the 21 documents listed here relate to activities conducted solely by DCPS; 6 documents relate to joint activities with DHS, and the remaining 12 documents relate to activities conducted solely by DHS. As for the specific examples listed in #41, defendants have only produced DCPS website pages from 2006 (Bates Nos. 2201-2202), and have not produced any DCPS Child Find Distribution Lists like the one for Part C produced at Bates No. 2332. |

28

| | |
|---|---|
| and outreach to preschool children, these documents should be produced. | Collaborations), 1635-1802 (A Universe of Services 2003-2004 Directory) 1804-1815 (Is Your Baby Blooming- in Spanish and English), 1842-1852 (Brochure of Early Intervention), 1855-1866 (Brochure on Early Intervention), 1958-1959 (DCPS and DHS Flyer for monthly Transition Orientation for Families),2195-2200 (DCPS and DHS Child Find Poster), 2201-2202 (DCPS Child Find Information on DCPS website), 2203-2204 (DCPS and DHS Child Find Pamphlet), 2322-2323 (DC EIP Child Find Outreach Identification Policies), 2330-2331 (DC EIP Child Find Public Awareness Accomplishments for FY2003 and 2004), 2339 (DC EIP Media Outreach Coversheet), 2342-2353 (DC EIP Outreach on WJLA/ABC 7, 2354-2361 (DC EIP Outreach on Radio One, Washington D.C.), 2364 (DC EIP Mailing and Information Distribution Coversheet), 2366 (DCPS and DHS Child Find Poster), 2368-2408 (DC EIP Distribution/Mailing Lists with Letters), 3079-3080 (DCPS Press Briefing, Re: DCPS Outreach to |

| | | |
|---|---|---|
| | Latino Communities), 3707-3708 (DCPS Parents' Special Education Service Center Flyer, in English and Spanish) and 4671-4672 (Public Awareness Annual Report FY 2006). | Defendants are correct that FDR 29 does not call for documents relating to Section 504 of the Rehabilitation Act. Plaintiffs erred in referencing that request in #42. A better reference would have been to FDR 30, which seeks documents "referring or relating to the training, outreach, or instruction of staff of DCPS, private or parochial schools, preschools, day care centers, or other locations or programs providing care for children aged two through five years old on the identification of potential disabilities." Nonetheless, it is clear that defendants understood that documents relating to Section 504 were included in plaintiffs' requests; otherwise, they would not have produced the documents referenced in #42. It is reasonable for plaintiffs to expect that defendants would produce updates of those documents. |
| 42 (FDR 29) | Documents pertaining to Section 504 of the Rehabilitation Act, including the updated Section 504 training manual from (version produced at Bates No. 2605 is dated May 18, 2001); data on students aged two years, eight months to five years, with 504 Plans that are on file with the DCPS Office of Employee Services, Human Resources (as described in TAT Section 504 Transmittal Form, Bates No. 2679); any documentation of 504 Plans created for children in Head Start programs pursuant to Bates No. 3646. | FDR 29 does not call for documents relating to Section 504 of the Rehabilitation Act. |

30