**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                               |   |                                    |
|-------------------------------|---|------------------------------------|
| **DL[1]**, _et al._,          | ) |                                    |
|                               | ) |                                    |
| **Plaintiffs,**               | ) |                                    |
|                               | ) |                                    |
| **v.**                        | ) | **Civil Action No. 05-1437 (RCL)** |
|                               | ) |                                    |
| **DISTRICT OF COLUMBIA**, _et al._, | ) |                              |
|                               | ) |                                    |
| **Defendants.**               | ) |                                    |
_____ )


## MEMORANDUM OPINION


This matter comes before the Court on plaintiffs' Motion [91] to Compel defendants'

responses to Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents

and Plaintiffs' First Set of Interrogatories, and for expenses pursuant to Rule 37(a)(5)(A) of the

Federal Rules of Civil Procedure and defendants' Motion [95] to Compel Discovery.  Upon

consideration of plaintiffs' motion [91], defendants' opposition [97], plaintiffs' reply [101], and

defendants' motion [95], plaintiffs' opposition [98] and defendants' reply [99], and the entire

record herein, plaintiffs' motion [91] will be GRANTED IN PART and DENIED IN PART and

defendants' motion [95] will be DENIED.


I.    **BACKGROUND**

        Plaintiffs filed the present suit on July 21, 2005, alleging that defendant District of

_____

[1]  Pursuant to Local Civil Rule 5.4(f)(2), minors are identified by their initials in the Amended Complaint.

1

Columbia ("District") failed in its duty to provide a free and appropriate public education

("FAPE") to children ages three through five living in the District.  Specifically, plaintiffs allege

that the District has failed to identify, locate, evaluate, and offer special education and related

services to certain children in violation of, *inter alia*, the Individuals with Disabilities and

Education Act ("IDEA"), codified at 20 U.S.C. 1400, *et seq.*, Section 504 of the Rehabilitation

Act, codified at 29 U.S.C. 794(a), 42 U.S.C. 1983.

Plaintiffs served their First Set of Requests for Production of Documents ("Plaintiffs'

First Document Request") on December 28, 2005. (*See* Pl.'s Mem. Ex. A.)  The District filed its

Response ("Response to Plaintiffs' First Document Request") on January 27, 2006.  (*See* Pl.'s

Mem. Ex. D.)  This response included a set of fifteen "boilerplate" objections entitled "General

Objections." (*Id.* at 1-2.)

On July 10, 2006 plaintiffs filed a Motion [41] to Compel Defendants' Responses to

Plaintiffs' First Set of Requests for Production of Documents.  On August 1, 2006, the District

filed its Motion [45] to Compel Discovery Production of Documents by Plaintiffs.  On August

25, 2006 this Court certified the case to proceed as a class action pursuant to Federal Rule of

Civil Procedure 23(b)(2) and denied without prejudice plaintiffs' Motion [41] to Compel and

District's Motion [45] to Compel, subject to the parties' consideration of the impact of class

certification and opportunity to meet and confer to resolve remaining differences.  (*See* Ct. Order

[59].)

On September 17, 2007 plaintiffs served Plaintiffs' Second Set of Requests for

Production of Documents ("Plaintiffs' Second Document Request").  (*See* Pl.'s Mem. Ex. B.)  On

October 17, 2007, the District served its Response ("Response to Plaintiffs' Second Document

Request"), which included the same list of "General Objections."  (Pl.'s Mem. Ex. F at 1-2.).  On

September 28, 2007 plaintiffs served Plaintiffs' First Set of Interrogatories ("Plaintiffs' First

Interrogatories") and Third Set of Requests for Production of Documents ("Plaintiffs' Third

Document Request").  (*See* Pl.'s Mem. Ex. C.)  On October 29, 2007 the District served

Defendants' Response to Plaintiffs' First Set of Interrogatories ("Response to Plaintiffs' First

Interrogatories") (*See* Pl.'s Mem. Ex. G), and Defendants' Response to Plaintiffs' Third Set of

Requests for Production of Documents ("Response to Plaintiffs' Third Document Request").

(*See* Pl.'s Mem. Ex. H.)  The District's responses to Plaintiffs' First Interrogatories and Third

Document Request repeated many of the "General Objections" raised by the District in previous

responses.  (*See* Pl.'s Mem. Ex. G, 1-4; Pl.'s Mem. Ex. H, 1-3.)

     The District has charitably characterized the nature of its production of documents as

"rolling"( Pl.'s Mem. Ex. I, 1) or "continuing." (Def's Opp'n 2).  Plaintiffs conducted an initial

review of documents on February 1, 2006.  (Pl.'s Mem. 4.)  Subsequent to that review, during the

period spanning between February 28, 2006 and January 30, 2008, the District provided ten

supplemental responses to plaintiffs' document requests.  (*Id.* at 4-5.)  Notably, of the seventeen

documents provided in the District's Tenth Supplemental Production of January 30, 2008, eight

are from 2006 or before.  (*Id.* at 5-6.)

     On February 4, 2008 plaintiffs filed a Motion [91] to Compel Defendants' Responses to

Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and Plaintiffs'

First Set of Interrogatories, and requested the Court order the District to pay plaintiffs' reasonable

expenses incurred in making the motion to compel, including attorneys' fees, pursuant to Rule

37(a)(1).  Plaintiffs' motion was followed, on March 6, 2008, by the District's Eleventh

3

Supplemental Production, which contained more than 6000 pages of responsive documents. (*See* Def.'s Opp'n Ex. A, 43-51.) Plaintiffs' motion was also followed by an opposition [97] filed March 10, 2008, and a reply [101] filed March 25, 2008.

On February 27, 2008, the District filed a Motion [95] to Compel Discovery. The District's motion was followed by an opposition [98] filed March 12, 2008, and a reply [99] filed March 18, 2008.

## II.    DISCUSSION

### A.    Legal Standard

Trial courts have considerable discretion when handling discovery matters. *Food Lion Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. Internal Revenue Serv.*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)). The scope of discovery in civil actions is broad, allowing for discovery regarding any nonprivileged matter that is relevant to a claim or defense. *See* Fed. R. Civ. P. 26(b)(1). The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See id.* All discovery is subject, however, to the limitations imposed by Rule 26(b)(2)(C). Furthermore, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" are not within the scope of discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (internal citation omitted).

Rule 37 of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or

4

discovery." Fed. R. Civ. P. 37(a)(1).

**B.** **District's General Objections are Invalid**

"The party objecting to . . . discovery bears the burden of 'show[ing] why discovery should not be permitted.' " *Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000) (Lamberth, J.) (quoting: *Alexander v. FBI*, 193 F.R.D. 1, 2-3 (D.D.C. 2000)).  A party objecting to a document request must "includ[e] the reasons" for the objection.  Fed. R. Civ. P. 34(b)(2)(B).  This requirement enables the requesting party to evaluate and determine whether to challenge the objection raised.  When faced with general objections, the applicability of which to specific document requests is not explained further, "[t]his Court will not raise objections for [the responding party]," but instead will "overrule[] [the responding party's] objection[s] on those grounds."  *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D 1, 12 (D.D.C. 2007) (Lamberth, J.).

Similarly, **"**[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

The District begins each of its responses to plaintiffs' discovery requests with a list of boilerplate "general objections." (*See* Pl.'s Mem. Exs. D, F, G, H.)  The District fails to explain with any specificity how these general objections are applicable to particular discovery requests.  For example, the District responds to forty-three of the forty-four requests contained in Plaintiffs' First Document Requests by stating: "[s]ubject to the General Objections above, the District will produce documents responsive to this request." (*See* Pl. Mem. Ex. D.)  This standardized response is varied in only three instances: twice through the addition of the phrase "if any" (*Id.* at

Responses 16, 43), and once through the addition of the phrase "[s]ee also responses to other requests." (*Id.* at Response 9.)  The answer provides no indication as to the specific nature or amount of material being withheld on the basis of the general objections.

The District takes a similar approach in responding to Plaintiffs' Second Document Request.  Of the five responses, four make reference to various of the general objections, without elaboration or explanation.  (*See* Pl. Mem. Ex. F., Responses 2-5.)  The remaining response makes the same sweeping reference to general objections common to the District's response to Plaintiffs' First Document Request. (*Id.* at Response 1.)

The District's response to Plaintiffs' First Interrogatories also begins with a list of eighteen general objections.  (*See* Pl.'s Mem. Ex. G.)  The responses that follow frequently reference individual general objections without explanation or elaboration.  Several refer plaintiffs to the entire body of documents disclosed to date (Pl.'s Mem. 32), without specifying which particular documents are responsive to the interrogatories.  (Pl.'s Mem. Ex. G., Responses 1, 5, 6, 7, 8.)  Other responses refer plaintiffs to the District's pleadings or other documents produced. (*See* Pl.'s Mem. Ex. G, Responses 1, 2, 5, 6.)  The District's Response to Plaintiffs' Third Document Request continues the same pattern of making nonspecific reference to a list of general objections

Before discussing in greater detail several of the general objections as raised in response to specific discovery requests, the Court notes that the District's "boilerplate" general objections to plaintiffs' discovery requests, without more, fail to satisfy the District's burdens under the Federal Rules of Civil Procedure to justify its objections to discovery.  The District's general objections are not applied with sufficient specificity to enable this court to evaluate their merits.

In situations such as these, this Court will overrule District's objections in their entirety. Accordingly, all of the District's general objections, when not referenced in response to specific discovery requests, are overruled.   The District shall not rely on any general objection as a basis for withholding further discovery.

### C.    District's Remaining Objections

1. ____ District's Objection to Production of Documents Created Before 2003

Throughout their discovery requests, plaintiffs have requested documents created from 2000 to the present.  Plaintiffs correctly assert that to prevail in their § 1983 action, they must establish a "custom or practice" that caused the alleged violation.  Indeed, "[i]n any § 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation." *Johnson v. District of Columbia*, 190 F. Supp. 2d 34, 47 (D.D.C. 2002); *see also Walker v. District of Columbia*, 969 F.Supp 764, 797 (D.D.C. 1997).  Plaintiffs have satisfied their burden of demonstrating the relevance of documents from 2000 to the present to the case at bar.  (*See* Pl.'s Mem. 14-16).  In the opinion of this Court, discovery of documents for the five-year period prior to the initiation of the present action is not unreasonable.  The burden thus shifts to the District, as the objecting party, to show why discovery of documents created prior to 2003 should not be permitted.

The District argues the court should not compel discovery of these documents on three grounds.  First, the District directs the Court's attention to various individual employment discrimination cases in which shorter discovery windows were found reasonable.  (Def.'s Opp'n 7-8.)  Given the facts of the case and the nature of plaintiffs' claims, the Court finds this

argument unpersuasive.

Second, the District argues that production of documents created prior to 2003 would be unduly burdensome.  (*Id.* at 8-9, 16-18.)  In considering this objection, the Court notes an apparent divergence between the parties with respect to the nature and extent of documents predating 2003 in contention.  (*Compare* Pl.'s Mem. Ex. H, Request 3 ("All documents, including but not limited to, case files, that pertain to *any inquiry made to defendants by parents or others made on behalf of a disabled preschool child*, prior to the time that such parent signed the 'consent to evaluate' form.  This includes any documentation of communication such as telephone calls, in-person visits, faxes, correspondence, meetings, e-mails, and the like regarding special education services.") (emphasis added) *and* Def.'s Opp'n Ex. H, Response 9 (declaration of burden of compiling individual records on "3,332 students who have been determined eligible for special education services") *with* Pl.'s Reply 7 ("with the exception of a limited number of sample student files that defendants have already agreed to provide, plaintiffs' requests regarding unnamed class members have been limited to requests for aggregate data and policies affecting the entire class.") Given the language of the plaintiffs' reply, and the Court's order [106] of June 2, 2008 granting the parties' Joint Motion [104] for Order to Produce Documents, the Court understands the remaining objection, on the ground of burdensomeness, to production of documents predating 2003 – if any – to be limited to an objection to the production of such documents responsive "to requests for aggregate data and policies affecting the entire class." (Pl.'s Reply at 7.)

This Court "only entertains an unduly burdensome objection when the responding party demonstrates how [discovery of] the document is 'overly broad, burdensome, or oppressive, by

submitting affidavits or offering evidence which reveals the nature of the burden.'" *Tequila Centinela*, 242 F.R.D. at 10 (quoting *Fisher v. Network Software Associates*, 217 F.R.D. 240, 246 (D.D.C. 2003)).  Because none of the declarations brought to the Court's attention assert the burden of providing aggregate data, or information regarding policies affecting the entire class, prior to 2003, the District has waived any objection to production of such data compiled from 2000 to the present.

Third, the District argues that discovery of documents predating 2003 should not be compelled because plaintiffs "have expressly disclaimed seeking  damages for the alleged violations on which they rely."  (Def.'s Opp'n 9.)  The District cites no legal authority in support of this argument, which the Court declines to adopt.

Accordingly, the District's objection to the production of documents containing aggregate data or other information regarding policies affecting the entire class and generated from 2000 to the present are overruled wherever raised.  The District cannot rely on this objection to withhold any documents from plaintiffs.

   **2.** <u>District's Objections on the Grounds of Privilege</u>

The District invokes two categories of privilege as grounds for withholding discovery. First, it asserts a deliberative process privilege.  (*See* Response to Plaintiffs' First Document Request, General Objection 3; Response to Plaintiffs' Second Document Request, General Objection 3; Response to Plaintiffs' Third Document Request, General Objection 3.)  Second, the District objects more generally to the production of "documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity or protection."  (*See* Response to Plaintiffs' First Document Request, General

9

Objection 4; Response to Plaintiffs' Second Document Request, General Objection 4; Response

to First Interrogatories, General Objection 11, Response 1; Response to Plaintiffs' Third

Document Request, General Objection 4.)

"When a party withholds information otherwise discoverable by claiming that the

information is privileged or subject to protection as trial-preparation material, the party must . . .

describe the nature of the documents, communications, or tangible things not produced or

disclosed – *and do so in a manner that . . . will enable other parties to assess the claim.*" Fed. R.

Civ. P. 26(b)(5) (emphasis added). This obligation is met through the provision of a privilege log.

In its discussion of the deliberative process privilege, the District's memorandum in

opposition to plaintiffs' motion makes no effort to argue that the District has provided a log

sufficient to satisfy its obligations under Rule 26(b)(5). (*See* Def.'s Opp'n 9-12.) Nor does the

District assert a privilege log has been provided with respect to documents withheld under any

other claim of privilege. It bears noting that the District's opposition does not even discuss any

claim of privilege aside from deliberative process. Even the most detailed description of the

claims of privilege – provided to plaintiffs the day before the deadline to file their underlying

motion to compel, and called to the Court's attention by plaintiffs in their reply (Pl.'s Reply Ex.

T) – fails to describe the actual documents being withheld, the specific privilege asserted, or how

that privilege is applicable. The District has clearly failed to satisfy its obligations under Rule

26(b)(5). Accordingly, all the District's "blanket objections on the basis of privilege shall be

rejected." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521,

523 (D.D.C. 2006) (Lamberth, J.); *see also, e.g.*, *Lohrenz v. Donnelly*, 187 F.R.D. 1, 6-7 (D.D.C.

1999) (Lamberth, J.) (denying plaintiff's assertion of privilege because of her failure to provide a

privilege log).  The District's objections on the basis of privilege are overruled wherever raised; and the District shall not rely on privilege as a grounds for withholding any documents or other information from plaintiffs.

**3.**    District's Objections Regarding Lead Paint Abatement Programs

Plaintiffs have requested discovery of "[a]ll documents that identify children ages two through five years old who were identified during the course of any lead abatement program administered by the District of Columbia since 2000."  (Pl.'s Mem. Ex. B, Request 2.)  Plaintiffs assert such information is relevant "because long-term studies of children exposed to lead early in life have associated lead poisoning with the need for special education services due to impaired neurobehavioral functioning."  (Pl.'s Mem. 10 (citing Schwarz J., *Societal Benefits of Reducing Lead Exposure*, ENVTL. RES. 66:105-24 (1994))).  The District objects to this request on two grounds.  First, the District continues its objection to production of documents that predate 2003.  As discussed above, this objection is overruled.

The District next argues that this discovery request is "[a]t most . . . marginally relevant," and should be denied because it is overly burdensome.  (Def.'s Opp'n 13.)  The District's contention as to the burdens associated with this request are supported by the declaration of an employee of the District Department of the Environment ("DDOE").  (*See* Def.'s Opp'n Ex. E.)

The Court is satisfied that discovery of information regarding children identified through lead abatement programs appears reasonably calculated to lead to the discovery of admissible evidence, and is therefore an appropriate area for discovery.  *See* Fed. R. Civ. P. 26(b)(1).  However, the Court also concludes that the burdens and expense associated with an individualized review of the documents in the control of DDOE likely outweigh the resulting benefit.  *See* Fed.

11

R. Civ. P. 26(b)(2)(C)(iii).  Accordingly, the District will not be compelled to conduct such a review.  The District's review of documents in the control of DDOE will be limited to a search for documents containing aggregate data or other information or policies that are responsive to plaintiffs' requests.

Plaintiffs further assert in their reply that departments or agencies of the District other than the DDOE likely have documents responsive to plaintiffs' request.  (Pl.'s Reply 11.)   Rule 34 allows any party to serve on any other party a request to produce for the inspection of the requesting party, any designated documents or data compilations from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody or control of the party upon whom the request was served. *See* Fed.R.Civ.P. 34(a). "With regards to the term 'control,' it has been well established that the test for control is not defined as mere possession, but as the legal right to obtain such documents on demand. *Tequila Centinela*, 242 F.R.D. at 8 (quoting *Alexander*, 194 F.R.D. at 304).  Defendant District of Columbia has such control with respect to documents in the possession of its agencies other than DDOE.  Accordingly, the District will be ordered to disclose any documents in its control, responsive to request 2 of Plaintiff's Second Document Request, regardless of which agency of the District may be in actual possession of such documents.

**4.**    District's Relevance Objections

The District indicates it is relying on an objection as to the relevance of the request to withhold discovery in response to requests 2, 3, 4 and 5 of Plaintiffs' Second Document Request. (*See* Pl.'s Mem. Ex. F.)  Aside from request 2 regarding lead paint abatement, which this court has already addressed, the District does not explain why it believes the requested material is not

relevant. Instead, the District simply references its general objection 5. (*See id.*)

> This type of answer hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. Furthermore, it permits the defendant to be the sole arbiter of that decision. Such an objection is really no objection at all as it does not address why potentially responsive documents are being withheld.

*Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998). Further, the relevance of requests 3, 4 and 5 is obvious to the Court. Accordingly, the District's objections as to the relevance of these requests are overruled.

### 5. District's Objections for Undue Burden

The District's catalog of general objections also includes an objection on the basis of an alleged undue burden that would be occasioned by production (General Objection 9 to Plaintiffs' First, Second and Third Document Requests, Pl.'s Mem. Exs. D, F, H; Defendants' Response to Plaintiffs' Interrogatories, Pl. Ex. G, Response 9.) "This court does not accept such arguments without specific estimates of staff hours needed to comply." *Association of American Physicians and Surgeons, Inc. v. Clinton*, 837 F.Supp. 454, 458 n.2 (D.D.C.1993) (Lamberth, J.). Except with respect to its objection with regard to production of information regarding lead abatement, as addressed above, the District has not provided any such supporting information. The District's remaining burdensome objections are overruled.

### 6. District's Objections for Lack of Possession, Custody, or Control

The District's responses to plaintiffs' discovery requests also include a boilerplate objection on the grounds that the requests seek "documents not in existence or not in the District's possession, custody, or control." (General Objection 7 to Plaintiffs' First, Second, and Third Document Requests, Pl.'s Mem. Exs. D, F, H.) The District references this general objection in

13

responses 3, 4 and 5 to Plaintiffs' Second Document Request (Pl.'s Mem. Ex. B.)

The District cannot be ordered to turn over something that is not within its possession, custody or control. Rule 34 specifies that any designated documents or data compilations from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody or control of the party upon whom the request was served, are subject to discovery. See Fed.R.Civ.P. 34(a). If a document is not in the possession, custody or control of a party, then it clearly cannot be turned over. Cf. Fed.R.Civ.P. 34(a). However, the Court shares plaintiffs' skepticism that there are no documents responsive to the requests at issue within the control of the District. This matter will be addressed when the District conducts a thorough and complete search for all responsive documents as a result of the Court's order to issue this day.

### 7.    Objection as to Vagueness

In its responses to requests 3, 4 and 5 of Plaintiffs' Second Document Request (Pl.'s Mem. Ex. B.), and interrogatory 9, the District references a general objection that plaintiffs' discovery requests are vague. The District has not sought clarification or indicated the aspects of the requests at issue which it was unable to comprehend, and has thus waived this objection. The Court also notes the requests – on their face – are neither vague, ambiguous, nor unintelligible. Accordingly, the District's objections as to vagueness are overruled, wherever raised.

### 8.    Objection Regarding Information on non-Named Plaintiffs

The District refused to respond to request 4 of Plaintiffs' Third Document Request on the ground that it sought information related to "individuals other than the six children who are named plaintiffs." This objection was overruled by the Court's order [106] of June 2, 2008, granting the parties' joint motion [104] for an Order to Produce Documents. The District shall

produce documents responsive to Plaintiffs' requests pursuant to that order [106] and the

Amended Protective Order [105] issued the same day.

    **D.**    **The District's Compliance with its Document Production Obligations has been Inadequate**

    The record leads the Court to conclude that the District's performance of its discovery

obligations to date has been completely inadequate.  With respect to document production, it is

clear that the District "decided it would file an incomplete answer and then supplement it

whenever it pleased . . .  The court condemns this litigation tactic and will not tolerate it in future

responses in this case." *Association of American Physicians*, 837 F.Supp. at 458.  Even as

information was gradually produced, the District's responses to plaintiffs' document requests have

been incomplete and its objections to production almost exclusively unfounded.  The District's

cavalier disregard for its document production obligations is demonstrated in the deposition of the

individual responsible for producing documents in the custody of the Early Childhood division of

the CARE Center:

> Q: So if a document was covered by a request but you didn't think that it was relevant to the case, you didn't provide it; isn't that right?
> A: That's correct, sir.

(Pl.'s Mem. Ex. K, 183.)

    In addition, plaintiffs present a persuasive argument that the District may have destroyed

and may be continuing to destroy documents likely relevant to this litigation.  (*See* Pl.'s Mem. 30-

32).  This seems particularly likely with respect to email messages.

> While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible

evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

*Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F.Supp.2d 27, 34 n.3 (D.D.C. 2004) (Lamberth, J.) (quoting *Jeanblanc v. Oliver T. Carr Co.*, 1992 WL 189434, *2 (D.D.C. 1992)).  In its opposition, the District indicates that "out of an abundance of caution the undersigned counsel have requested a formal ligation hold on any emails with any possible relevance to this case, as well as making a sweeping request to OCTO for an email search for relevant emails regarding this case."  (Def.'s Opp'n 23.)  However, as plaintiffs point out, as of January 15, 2008, District counsel had not given the individual responsible for document production at the CARE center any instruction to retain emails related to this suit.  (*See* Pl.'s Ex. K, 14.)

Accordingly, and consistent with this opinion and the Federal Rules, the District will be compelled to review each of plaintiffs' document requests, to perform a complete and thorough search for responsive documents, including emails and faxes, and to provide responsive documents to plaintiffs.  In addition, the District will be ordered, upon completion of discovery, to certify to the court that it has responded fully to all document requests and that no other responsive documents exist as of the time of certification.

**D.     The District's Responses to Plaintiffs' Interrogatories are Inadequate**

The District's responses to plaintiffs' interrogatories are similarly inadequate.  The District provided narrative responses only to four of the sixteen interrogatories, and even these appear seriously deficient.  A party to whom an interrogatory is propounded "must provide true, explicit, responsive, complete, and candid answers." *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (Lamberth, J.) (quoting *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303,

305 (E.D.Pa. 1996)). One of the primary "purpose[s] of discovery is to make a trial 'less a game

of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest

practicable extent possible'...." *Id.* A party frustrates this purpose when it refuses to answer proper

interrogatories. *Id.* Because Rule 33(b)(1) requires a party to answer each interrogatory "fully," it

is technically improper and unresponsive for an answer to an interrogatory to refer to outside

material, such as pleadings, depositions, or other interrogatories. *Id.* at 35 (quoting 7-33 *Moore's*

*Federal Practice-Civil* § 33.103.).

Most of the District's responses to plaintiffs' interrogatories improperly refer to its

pleadings or other documents produced. Several refer plaintiffs to the District's entire document

production to date, without identifying those documents that are responsive to the interrogatory in

question. As one court has observed:

> Under the guise of Fed.R.Civ.P. 33(d) defendants may not simply refer generically to past or
> future production of documents. They must identify in their answers to the interrogatories
> specifically which documents contain the answer. Otherwise they must completely answer the
> interrogatories without referring to the documents. They may produce their business records
> to answer part of an interrogatory, if they otherwise fully answer the other parts.

*Pulsecard, Inc. v. Discover Card Services, Inc.* 168 F.R.D. 295, 305 (D.Kan. 1996).

"This Court believes that discovery is not the appropriate time to obtain an opponent's

witness list and that plaintiff properly invoked the work product privilege with respect to this

interrogatory." *Equal Rights Center*, 246 F.R.D.at 36 (D.D.C. 2007). Therefore, with respect to

interrogatory three, the District will not be compelled to supplement its answer.

However, on the whole the Court finds the District's responses to plaintiffs'

interrogatories inadequate. Accordingly, except with respect to interrogatory three, the District

will be compelled to review each of plaintiffs' interrogatories and provide complete and  accurate

responses thereto.  In responding, the District shall not make reference to the pleadings or other produced documents, unless such reference clearly indicates how the documents in question are responsive to the interrogatory.  Further, the District's responses shall not decline to provide a complete and accurate answer to any of plaintiffs' interrogatories on the grounds of any general objection or other objection raised.

####    E.    Plaintiffs are Entitled to an Award of Expenses Under Rule 37

Plaintiffs' motion before the Court also included a request "to order defendants' [sic] to pay plaintiffs' reasonable expenses incurred in making plaintiffs' Motion to Compel, including attorneys' fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure."  (Pl.'s Mot. 1.)  "Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations, and to determine what sanctions to impose."  *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.,* 248 F.R.D. 64, 68 (D.D.C.,2008) (Lamberth, J.) (citing *Kister v. District of Columbia*, 229 F.R.D. 326, 329 (D.D.C.2005)).

In relevant part, Rule 37 provides:

> If the motion is granted--*or if the disclosure or requested discovery is provided after the motion was filed*--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  This Court has previously observed that "the language of the Rule itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist." *Cobell v. Norton*, 226 F.R.D 67, 90 (D.D.C. 2005). In the case at bar, the District filed approximately 6,000 pages of responsive documents more than one month after

plaintiffs filed the underlying motion to compel.  (Pl.'s Reply 22-23.)  This conduct alone merits the imposition of sanctions under Rule 37(a)(5)(A).

Setting aside the District's provision of significant discovery after plaintiffs filed their motion, the award of plaintiffs' attorney's fees would also be merited under Rule 37(a)(5)(C), which provides that when a motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  The District argues that sanctions should not be imposed either because its opposition to discovery was "substantially justified," or because an award of expenses would be otherwise "unjust."  (Def.'s Opp'n 23-26.)  *See also* Fed. R. Civ. P. 37(a)(5)(C)(ii) and (iii).  These arguments are without merit.

"The Supreme Court has stated that a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion." *Alexander v. FBI*, 186 F.R.D. 144, 147 (D.D.C. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  With two minor and narrow exceptions, today the Court substantially grants plaintiffs' motion in its entirety.  The Court's overwhelming decision for the plaintiffs on the merits of their motion is sufficient to show that the District's objections were not substantially justified.  The Court finds that reasonable people could *not* differ as to the appropriateness of the bulk of plaintiffs' motion.  Indeed, the District's pattern of tardy and piecemeal disclosure, and the fact that approximately 6,000 pages of responsive documents were turned over after plaintiffs' renewed motion to compel was filed, demonstrate that filing a motion to compel was the only adequate remedy available to plaintiffs.  Nor was there a "genuine dispute" with respect to the vast majority of plaintiffs' requests.  Indeed, many of the objections

raised by the District were plainly inapplicable.

Nor is the Court persuaded by the District's argument that the award of attorney's fees under the present circumstances would be "unjust." In particular, the District argues that "[t]he financially hard-pressed school system should not be saddled with such expenses, especially at a time of reform under [] new leadership." (Def.'s Opp'n 24-25.) The District further argues that granting the plaintiffs' motion "may undermine the effects of the new Mayor of the District government and those now charged with the administration of the school system to meet challenges that have gone unmet for many years." (*Id.* at 26.) This line of argument ignores the reality that – if anything – it is the *conduct of the District* that has led the court to grant plaintiffs' motion and award costs, and not the act of granting the motion, that is the true culprit undermining the effects of new leadership and reform.

Finally, the District mentions the Congressionally imposed cap[2] on attorney's fees in actions brought against the District in suits under the IDEA and notes that the extent and manner to which that cap is applicable to class action suits was, at the time of the District's filing, *sub judice* before another court of this District. (Def.'s Opp'n 25-26.) The District neither argues that the cap should apply in the case of plaintiffs present motion, nor explains the result of applying the cap to the present motion, if it were applicable. Those issues are not presently before this Court.[3] The Court of Appeals for this circuit has established that a previous iteration of the same

---

[2]The current version of this cap appears in the Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, 121 Stat. 2040.

[3]The Court notes, without comment, that the question referenced in the District's opposition was subsequently decided adversely to the District. *See Petties v. District of Columbia*, 538 F.Supp.2d 88 (D.D.C. 2008).

fee cap limited only the authority of the District to pay attorney's fees, not the authority of the courts to award such fees. *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000). Because today's order addresses the award of fees, and not the payment thereof, issues raised by the payment of fees are beyond the scope of this opinion.

Accordingly, plaintiffs' request for an award of reasonable expenses, including attorney's fees, shall be granted and plaintiffs shall file a request for an amount within 10 days. The District shall have 10 days from the filing of plaintiffs' request to file its opposition.

### F.    District's Motion to Compel

The District also filed a motion to compel plaintiffs to disclose certain categories of documents. Specifically, the District seeks an order from this Court compelling plaintiffs' responses to requests 5, 27(b), 30, 31 and 35 of Defendants' Document Request. (Def.'s Mem. 2.) In its reply, the District clarifies that its motion to compel seeks documents "relating to unnamed class members, not documents from unnamed class members." (Def.'s Reply 2) (emphasis in original.) In response, plaintiffs "state unequivocally that they have no non-privileged responsive documents that have not already been produced concerning the unnamed class members." (Pl.'s Opp'n 4.) If a document is not in the possession, custody or control of a party, then it clearly cannot be turned over. Cf. Fed.R.Civ.P. 34(a). Plaintiffs also provided the District with three privilege logs as discovery proceeded. (*See* Def.'s Mem. 31-43; Pl.'s Opp. 4 n.2.) The District has challenged neither the sufficiency of the logs nor the withholding of any of the listed documents. Accordingly, the District's motion to compel will be denied.

### III.    CONCLUSION

21

For the reasons set forth above, plaintiffs' Motion [91] to Compel will be granted in part and denied in part.  Defendant's Motion [95] to Compel will be denied.

A separate order shall issue this date.

SO ORDERED.


Signed by Royce C. Lamberth, Chief Judge, June 27, 2008.