UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DL[1], *et al.*,

      **Plaintiffs,**

    v.                           Civil Action No. 05-1437 (RCL)

DISTRICT OF COLUMBIA, *et al.*,

      **Defendants.**

## ORDER

This matter comes before the Court on Plaintiffs' Motion [91] to Compel Defendants' responses to Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and Plaintiffs' First Set of Interrogatories, and for expenses pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure and Defendants' Motion [95] to Compel Discovery. Upon consideration of plaintiffs' motion [91], defendants' opposition [97], plaintiffs' reply [101], and defendants' motion [95], plaintiffs' opposition [98] and defendants' reply [99], the entire record herein and all applicable law, it is hereby

ORDERED, that Plaintiffs' Motion to Compel Defendants' responses to Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and Plaintiffs' First Set of Interrogatories is hereby GRANTED IN PART and DENIED IN PART; and it is further

ORDERED, that defendants' General Objections to plaintiffs' First, Second, and Third

---

[1] Pursuant to Local Civil Rule 5.4(f)(2), minors are identified by their initials in the Amended Complaint.

Sets of Requests for Production of Documents and the objections stated in Defendants' Response to Plaintiffs' First Set of Interrogatories are overruled; and it is further

ORDERED, that defendants shall file new responses to Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and Plaintiffs' First Set of Interrogatories without withholding any documents or information based on General Objections; and it is further

ORDERED, that defendants' objection to requests pertaining to non-named plaintiffs is overruled and defendants shall produce such documents, including confidential documents, pursuant to this Court's Order [106] to Produce Documents of June 2, 2008 and the Protective Order [105] of the same day; and it is further

ORDERED, that defendants' objection to producing information predating 2003 is overruled and defendants shall provide all documents containing aggregate data or information regarding policies affecting the entire class requested in Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and information requested in Plaintiffs' First Set of Interrogatories for the years 2000 to the present; and it is further

ORDERED, that defendants's objections on the grounds of privilege are overruled and defendants shall provide all documents requested in Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and all information requested in Plaintiffs' First Set of Interrogatories without withholding any information on the basis of any privilege; and it is further

ORDERED, that defendants shall make a thorough search for all documents responsive to Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents, including e-mails, faxes, memoranda, letters, case files, and computer files; and it is further

ORDERED, that defendants shall produce all documents enumerated in Plaintiffs' Exhibit L, and submit to this Court and to the plaintiffs a statement certifying any documents listed in Exhibit L and not provided to Plaintiffs do not exist; and it is further

ORDERED, that defendants shall submit to this Court and to the plaintiffs a statement certifying the method that defendants used to search for documents responsive to Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and stating in detail the actions that defendants took, including the kinds of documents for which a search was made and the locations in which defendants searched, and that such statement shall be submitted within 30 business days of this Order; and it is further

ORDERED, that defendants shall produce all documents responsive to Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and all information responsive to Plaintiffs' First Set of Interrogatories within 30 business days of this Order; and it is further

ORDERED, that defendants shall provide complete answers to Plaintiffs' First Set of Interrogatories without reliance on extrinsic material such as pleadings or documents produced; that defendants shall not answer plaintiffs' interrogatories by referencing most or all of the documents defendants have produced; that if defendants opt to produce business records in response to plaintiffs' interrogatories pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants shall identify the specific documents that answer the interrogatories and affirm that all of the information requested can be found in the documents; and it is further

ORDERED that defendants' responses to all of plaintiffs' discovery requests shall be due on or before August 5, 2008; and it is further

ORDERED, that Defendants shall immediately cease the automatic deletion of e-mails in

accounts held by staff members of the CARE Center, the Department of Human Services Early Intervention Program, the Office of the State Superintendent, the Office of the Chancellor, the Office of the Deputy Mayor for Education, and any other government agency department that may reasonably be expected to correspond with the CARE Center or the Department of Human Services Early Intervention Program, and preserve all e-mails and other documents that may reasonably be related to the subject matter of this litigation; and it is further

ORDERED, that defendants shall, in a certified statement, explain the defendants' treatment of electronic information in their custody since the onset of this litigation in July 2005, including the automatic deletion of e-mails, the whereabouts of any e-mails relevant to this litigation, the means that may be used to retrieve such e-mails, and whether any such e-mails have been irretrievably lost; and it is further

ORDERED, that defendants shall immediately cease the destruction of evidence related to the subject matter of this litigation, including complaints related in any way to the special education of children aged two years, eight months, to five years; and it is further

ORDERED, that upon the completion of discovery, defendants shall certify that they responded fully to all document requests and that no other responsive documents exist as of the time of certification; and it is further

ORDERED, that defendants shall certify that they have provided all information responsive to Plaintiffs' First Set of Interrogatories; and it is further

ORDERED, that pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, defendants shall pay plaintiffs' reasonable attorneys' fees and expenses incurred in filing plaintiffs' Motion to Compel; and it is further

ORDERED, that plaintiffs shall file a request for an amount of reasonable attorneys' fees and expenses incurred in filing plaintiffs' motion within 10 business days of this order; and it is further

ORDERED, that defendants shall file their opposition to plaintiffs' request for an amount of reasonable attorneys' fees and expenses within 10 business days of the filing of plaintiffs' request; and it is further

ORDERED, that defendants' Motion to Compel is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, June 27, 2008.