UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL,[1] *et al.*, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.* | )<br>)<br>) |
| Defendants. | )<br>) |

**MOTION FOR AN AWARD OF LITIGATION COSTS, INCLUDING
ATTORNEYS' FEES AND OUT-OF-POCKET EXPENSES,
FOR PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Pursuant to the terms of this Court's Order of June 27, 2008 (Docket No. 108), plaintiffs move this Court for an award of attorneys' fees and out-of-pocket expenses for their work representing the plaintiff class in their motion to compel discovery.

Plaintiffs base this motion on the attached memorandum, the supporting affidavits, exhibits, and documentation. The attorneys' fees and expenses described herein correspond with plaintiffs' work up to and including July 18, 2008. Plaintiffs will submit a complete account of their fees and expenses, including those incurred in preparing this motion and addressing defendants' opposition after July 18, 2008, as an exhibit to their reply brief.

Respectfully submitted,

/s/
BRUCE J. TERRIS (D.C. Bar No. 47126)
TERRIS, PRAVLIK & MILLIAN, LLP
1121 12th Street, N.W.
Washington, DC 20005
(202) 682-2100

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

        /s/
      JEFFREY S. GUTMAN (D.C. Bar No. 416954)
      The George Washington University Law School
      2000 G Street, N.W.
      Washington, DC 20052

        /s/
      MARGARET A. KOHN (D.C. Bar No. 174227)
      Attorney at Law
      1320 19th Street, N.W., Suite 200
      Washington, DC 20036

      *Counsel for Plaintiffs*

July 25, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――― )
                                              )
DL,[1]  *et al.*, on behalf of themselves     )
and others similarly situated,                )
                                              )
      Plaintiffs,                 )
                                              )
      v.                          )   Civil Action No. 05-1437 (RCL)
                                              )
THE DISTRICT OF COLUMBIA, *et al.*            )
                                              )
      Defendants.                 )
―――――――――――――――――――――― )

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR AN AWARD OF LITIGATION COSTS, INCLUDING ATTORNEYS' FEES AND OUT-OF-POCKET EXPENSES, FOR THEIR MOTION TO COMPEL DISCOVERY**

INTRODUCTION

This is a class action filed in July 2005 on behalf of disabled pre-school children in Washington, D.C., whom defendants have failed to identify, locate, evaluate, and offer special education and related services in violation of 42 U.S.C. 1983, the Individuals with Disabilities and Education Act ("IDEA"), 20 U.S.C. 1400, *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a), and other laws.

In an Order dated June 27, 2008 (Docket No. 108), this Court granted in part and denied in part Plaintiffs' Motion to Compel Plaintiffs' First, Second, and Third Sets of Requests for Production of Documents and Plaintiffs' First Set of Interrogatories (Docket No. 91) (hereafter "Plaintiffs' Second Motion to Compel") and directed plaintiffs (p. 5) to "file a request for an amount of reasonable attorneys' fees and expenses incurred in filing plaintiffs' motion." In its

―――――――――――
[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

accompanying Memorandum Opinion (Document No. 107), this Court explained (p. 19) that "[w]ith two minor and narrow exceptions, today the Court substantially grants plaintiffs' motion in its entirety."

The history of Plaintiffs' Second Motion to Compel – explained in detail in plaintiffs' Memorandum in Support of Plaintiffs' Second Motion to Compel, pp. 1-6 – is summarized here.

On December 28, 2005, plaintiffs served defendants with Plaintiffs' First Set of Requests for Production of Documents (hereafter "Plaintiffs' First Document Requests") . *See* Pl. Ex. A.[2/] On July 10, 2006, due to defendants' extensive objections and limited production of documents, plaintiffs filed their Motion to Compel Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents (Docket No. 41) (hereafter "Plaintiffs' First Motion to Compel"). The motion was denied without prejudice to renewed motions being filed within 30 days of August 25, 2006, "after parties 1) consider the impact of today's decision on class certification and the motion to dismiss, and 2) meet and confer, in person, through counsel, and seek to resolve any remaining differences." Docket No. 59.

Subsequently, plaintiffs invested substantial time and resources in an effort to negotiate a settlement with defendants of the merits. Optimistic that a settlement could be reached, plaintiffs did not immediately renew their motion to compel, but instead moved to extend the time to file. Docket No. 62. On July 5, 2007, this Court granted plaintiffs' motion and ordered that the parties "may have until the close of all discovery to file renewed motions to compel discovery responses." Docket No. 81.

After four months of waiting for defendants to comment on a settlement proposal,

---

[2/] Plaintiffs' exhibits identified by letter refer to exhibits to Plaintiffs' Second Motion to Compel.

plaintiffs reinitiated discovery. On September 17, 2007, plaintiffs served Plaintiffs' Second Set of Requests for Production of Documents. *See* Pl. Ex. B. On September 28, 2007, plaintiffs served Plaintiffs' First Set of Interrogatories and Third Set of Requests for Production of Documents. *See* Pl. Ex. C. Defendants did not produce any documents on the date their replies to the requests were due and their responses to the interrogatories were incomplete.

Subsequently, plaintiffs sent 14 letters (*see* Pl. Ex. J) and made numerous telephone calls attempting to obtain defendants' compliance with their discovery obligations. Defendants only responded substantively to one letter in writing. *See* Pl. Ex. I. Plaintiffs therefore had no other recourse than to seek the Court's intervention.

According to the Court's January 3, 2008 scheduling order (Docket No. 89), plaintiffs' renewed motion to compel was due on January 31, 2008. On January 30, 2008, the eve of plaintiffs' filing deadline, defendants produced their Tenth Supplemental Document Production containing over 600 pages of responsive documents. Due to this extremely late production, plaintiffs were forced to seek an extension of time to file their motion to compel and make substantial edits to a brief that was otherwise ready for filing on the original deadline. Affidavit of Bruce J. Terris (attached as Plaintiffs' Exhibit 1) (hereafter "Terris Aff."), para. 12(g). Plaintiffs filed their Second Motion to Compel on February 4, 2008.

Four days before their opposition to Plaintiffs' Second Motion to Compel was due, defendants produced their Eleventh Supplemental Document Production, which consisted of over 6,000 pages that were repeatedly cited in that brief. Due to this second late production, plaintiffs were forced to spend additional time reviewing and replying to defendants' opposition. Terris Aff., paras. 12(h), (i).

3

Accordingly, the work of plaintiffs' counsel on plaintiffs' motion to compel can be divided into six categories: (1) plaintiffs' efforts to obtain defendants' compliance with their discovery obligations before filing a motion to compel; (2) Plaintiffs' First Motion to Compel; (3) plaintiffs' request for an extension of the Court's scheduling order to file their renewed motion to compel in light of settlement discussions with defendants; (4) Plaintiffs' Second Motion to Compel; (5) plaintiffs' revision of their Second Motion to Compel based on defendants' late document production; and (6) preparation of this fees application.

As set forth in more detail below, plaintiffs seek an order from this Court directing defendants to pay *Laffey* rates for this work, updated using the Consumer Price Index for Legal Services.

## ARGUMENT

### I

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF LITIGATION COSTS, INCLUDING ATTORNEYS' FEES AND OUT-OF-POCKET EXPENSES

In its July 27 Memorandum Opinion, this Court ruled (pp. 18-21) that plaintiffs' were entitled to an award of reasonable expenses, including attorneys' fees, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

### II

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES FOR ALL TIME REASONABLY EXPENDED

As this Court recently noted in *Judicial Watch, Inc. v. Bureau of Land Management*, __ F. Supp. 2d __, 2008 WL 2554831 (D.D.C. June 27, 2008) (J. Lamberth), District of Columbia courts recognize that "the usual method of calculating reasonable attorney's fees is to multiply the

hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." *Id.*, p. *14 (quoting *Board of Trustees of Hotel and Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998)).

Under this standard, the Court must first determine the amount of time reasonably expended on the litigation. *Board of Trustees of Hotel and Restaurant Employees Local 25 v. JPR, Inc.*, *supra*, 136 F.3d at 801. Plaintiffs submit that the time set forth in this fees application was reasonably expended. The work of plaintiffs' counsel is described in paragraphs 12-13 of the Affidavit of Bruce J. Terris and is summarized in Plaintiffs' Exhibits 4 and 5. Moreover, plaintiffs have eliminated a substantial amount of time in the exercise of billing judgment. *See* Terris Aff., paras. 8, 9.

### III

### THE HOURLY RATES SOUGHT BY PLAINTIFFS ARE REASONABLE

In awarding attorneys' fees, courts in this jurisdiction rely on the "*Laffey* matrix," a schedule of hourly rates developed in *Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983), affirmed in part and reversed in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), overruled in part on other grounds, *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (*en banc*). *See, e.g., Judicial Watch, Inc. v. Bureau of Land Management*, *supra*, __ F. Supp. 2d __, 2008 WL 2554831, at *14; *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006). The original *Laffey* matrix provided Washington, D.C., market rates for the period from June 1, 1981, through May 31, 1982. Subsequently, the matrix was updated through May 31, 1989, in connection with a settlement reached on remand from the Court of Appeals for the District of Columbia Circuit's decision in *Save Our Cumberland Mountains v. Hodel, supra*, 857 F.2d at 1525.

*See Trout v. Ball*, 705 F. Supp. 705, 709 n. 10 (D.D.C. 1989) (stating that the updated matrix developed in *Save Our Cumberland Mountains v. Hodel* "does provide an updated and accurate schedule of attorney fees in this District"); *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13 (D.D.C. 2000).

The District of Columbia Circuit has held that in order to demonstrate reasonable hourly rates, "plaintiffs may point to such evidence as an updated version of the *Laffey* matrix or the U.S. Attorney's matrix, or their own survey of prevailing rates in the community." *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995). In support of this fees application, plaintiffs submit their own "updated version of the *Laffey* matrix" attached as Plaintiffs' Exhibit 3. The rates in the updated matrix were calculated using the following methodology. *See* Terris Aff. para. 15.

First, plaintiffs began with the *Laffey* matrix as it was updated through May 31, 1989, in *Save Our Cumberland Mountains v. Hodel*, *supra*, 857 F.2d at 1516. Second, plaintiffs obtained data for the legal services component of the Consumer Price Index (CPI) produced by the Bureau of Labor Statistics of the United States Department of Labor (Pl. Ex. 2). Third, plaintiffs applied the legal services CPI to the *Laffey* matrix rates for each experience level in order to produce a current hourly rate for each experience level.[3/] These calculations are set forth in Plaintiffs' Exhibit 3. The results

---

[3/]Specifically, the legal services CPI for May of each year, starting with 1989, was divided by the legal services CPI for the preceding May. This results in the adjustment factor. The matrix rates from the preceding year are multiplied by the adjustment factor to get the next year's rates. *See* Pl. Ex. 3. For example, the legal services CPI for May 1989 (112.7) is divided by the legal services CPI for May 1988 (106.9). The result (1.054256) is the adjustment factor for updating rates from the year from June 1, 1988, to May 31, 1989, to the year from June 1, 1989, to May 31, 1990. Each rate in the June 1, 1988, to May 31, 1989, year is multiplied by the adjustment factor to produce the rate for that experience level for the next year. Multiplication of the 20+ experience level rate ($265) by the adjustment factor (1.054256) gives the rate of $279 for the next year. The adjustment factor for each period and the *Laffey* rates for each year from 1989 to the present are set forth in Plaintiffs' Exhibit 3. The legal services component of the CPI for each of the years from 1988 to the

are shown in the following table:

| Years out of Law School | Hourly Rate |
|---|---|
| 20th+ | $681 |
| 11th -19th | $565 |
| 8th -10th | $502 |
| 4th - 7th | $348 |
| 1st -3rd | $282 |
| Paralegals/Law Clerks | $154 |

Another district judge in this Court has found that this methodology should be used to determine the rates for the work performed by the Terris firm. In *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 15 (D.D.C. 2000), the court noted that Dr. Michael Kavanaugh, an economic expert retained by the Terris firm, demonstrated that this methodology results in rates that are more accurate than those found in the matrix prepared by the U.S. Attorney's Office for the District of Columbia. Dr. Kavanaugh explained that "economists use as specific an index as possible to determine changes in prices as part of an industry, such as here changes of prices in legal services in the District of Columbia" (internal alteration omitted). *Ibid*. While plaintiffs' methodology relies on the legal services component of the CPI, the U.S. Attorney's matrix uses the CPI's "more generalized category of 'other goods and services'" for the Washington, D.C. metropolitan area, which includes food, rent, and other similar costs of living. *Ibid*. Thus, the Court concluded that in comparison with the U.S. Attorney's matrix, the schedule updated based on the legal services CPI "more accurately

---

present is also set forth in Plaintiffs' Exhibit 3.

reflects the prevailing rates for legal services in the D.C. community." *Ibid*.[4/]

Since *Salazar*, other decisions of this Court have also relied on the legal services CPI to update the *Laffey* matrix. *See Smith v. District of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006); *Rick v. Barnes*, 2007 WL 956940, at *5, n. 3 (D.D.C. Mar. 28, 2007). In *Smith*, the court similarly observed that the legal services matrix produced more accurate results, commenting that this updated matrix was "more accurate [than the U.S. Attorney's matrix] in that the calculation was based on increases/decreases in legal services rather than increases/decreases in the entire CPI which includes price changes for many different goods and services." 466 F. Supp. 2d at 156. Other jurisdictions have also adopted the legal services matrix when determining District of Columbia attorneys' fee rates. *See Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005); *North Carolina Alliance for Transportation Reform v. North Carolina Department of Transportation*, 168 F. Supp. 2d 569, 579-580 (M.D.N.C. 2001).

Plaintiffs request current hourly rates for all of the work performed on the motion to compel. In *Missouri v. Jenkins*, 491 U.S. 274, 283-284 (1989), the Supreme Court held:

> Clearly, compensation received several years after the services were rendered – as it frequently is in complex civil rights litigation – is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings. We agree, therefore, that an appropriate adjustment for delay in payment – whether by the application of current rather than historic hourly rates or otherwise – is within the contemplation of the statute. (footnote omitted)

---

[4/] Moreover, without explanation, the U.S. Attorney's matrix is based on the 1982 *Laffey* matrix rather than the 1989 *Laffey* matrix that has been adopted by courts in the District of Columbia. *See, e.g.*, *Robles v. United States*, 1992 WL 558952, at *5-6 (D.D.C. Jan. 10, 1992); *Covington v. District of Columbia,* 839 F. Supp. 894, 898, n. 9 (D.D.C. 1993), affirmed, 57 F.3d 1101 (D.C. Cir. 1995). Indeed, the U.S. Attorney's method does not produce rates for 1989 that are even close to the 1989 update of the *Laffey* matrix. *Compare Covington v. District of Columbia, supra*, 839 F. Supp. at 904 (Appendix A) *with id.* at 905 (Appendix B).

In *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 923, n. 41 (1985), the Third Circuit stated that the use of current rates, instead of historic rates, plus an adjustment, may underestimate the cost of the delay in payment, but commented that the use of current rates presented a method that is straightforward and easy to review. Although use of the current-rates method may undercompensate them for the delay in payment, plaintiffs' request compensation based on this simple method of adjusting for delay.

By applying these hourly rates to the number of hours of work performed by each of the attorneys and paralegals at Terris, Pravlik & Millian who worked on this case, the amount of fees requested for plaintiffs' motion to compel, reduced in the exercise of billing judgment (*see* Terris Aff. paras. 8-9), is $203,409.91. *See* Pl. Ex. 4.

## VI

### PLAINTIFFS' CO-COUNSEL ARE ENTITLED TO COMPENSATION FOR THEIR REASONABLE HOURS

In addition to compensation for work performed by lead counsel for the plaintiff class, Terris, Pravlik & Millian, plaintiffs also seek compensation for their co-counsel. Affidavits and contemporaneous time records kept by plaintiffs' co-counsel, Margaret A. Kohn and Jeffrey S. Gutman of The George Washington University Law School Community Legal Clinics (LSCLC), as well as their resumes, are submitted as Plaintiffs' Exhibits 9 and 10.

Ms. Kohn spent 0.6 hours on Plaintiffs' First Motion to Compel. The *Laffey* rate that applies to that work is $681.00. Ms. Kohn requests payment in the amount of $408.60 in fees.

Mr. Gutman spent 3.0 hours on Plaintiffs' First Motion to Compel, and 0.3 hours on Plaintiffs' Second Motion to Compel, for a total of 3.3 hours. The *Laffey* rate that applies to that

9

work is $681.00. Mr. Gutman requests payment to the LSCLC in the amount of $2,247.30 in fees.

Plaintiffs therefore request that Margaret A. Kohn be awarded $408.60 (Pl. Ex. 9) and LSCLC be awarded $2,247.30 (Pl. Ex. 10).

## VII

### THE STATUTORY CAP ON ATTORNEYS' FEES IN IDEA CASES DOES NOT APPLY TO THE PAYMENT OF FEES AWARDED PURSUANT TO RULE 37

In its June 27 Memorandum Opinion, this Court granted (p. 21) plaintiffs' motion for an award of reasonable expenses, including attorneys' fees, pursuant to Rule 37(a)(5)(A). However, this Court wrote (*ibid.*) that "[b]ecause today's order addresses the award of fees, and not the payment thereof, issues raised by the payment of fees are beyond the scope of this opinion."

The issue as to payment, as this Court's opinion suggests (pp. 20-21), is whether the statutory cap on attorneys' fees[5] in actions brought against the District of Columbia under the Individuals with Disabilities Education Act (IDEA) prohibits the District from paying fees awarded pursuant to Rule 37(a)(5)(A). As this Court noted (p. 20): "The District neither argues that the cap should apply in the case of plaintiffs' present motion, nor explains the result of applying the cap to the present motion, if it were applicable."

"[The Supreme Court's decision in] *Califano v. Yamasaki* illustrates that the Federal Rules of Civil Procedure apply in all suits of a civil nature brought in federal court absent a direct expression by Congress of contrary intent" (quoting 442 U.S. 682, 699-700 (1979)). *In re Davis*, 194 F.3d 570, 577 (5th Cir. 1999). The various legislation enacted by Congress relating to a cap on

---

[5] The current version of this cap appears in the Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, 121 Stat. 2040.

10

recoveries by plaintiffs in IDEA cases have never given any indication that they amended Rule 37 in any way. Defendants have not cited, nor are plaintiffs aware of, any legislative history or case law suggesting that Congress intended to exempt IDEA cases from Rule 37 through the passage of the IDEA attorneys' fees cap.

IDEA cases would effectively be exempted from Rule 37 if this Court interpreted the cap so broadly as to apply to fees awarded under Rule 37. The deterrent value of the Rule – as well as any other Rule authorizing the award of fees and sanctions – would be limited to the fee cap amount. Once defendants had paid that amount, the court would have no power to compel defendants' continued compliance with the Federal Rules. Even the court's inherent power to sanction defendants if they "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (*see Alexander v. F.B.I.*, 186 F.R.D. 6, 11 (D.D.C. 1998) (J. Lamberth) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991))), would be rendered meaningless. This cannot be what Congress intended in enacting the IDEA fees cap.

Accordingly, plaintiffs request that this Court rule that the IDEA attorneys' fees cap does not apply to the payment of fees awarded pursuant to Rule 37, and direct defendants to pay the full amounts requested in this fees application.

## VIII

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE LITIGATION EXPENSES

In addition to reasonable attorneys' fees, plaintiffs request an award of $2,773.23 in out-of-pocket litigation expenses incurred by their counsel. *See* Terris Aff., paras. 19, 20; Pl. Ex. 4, 7, 8.

Plaintiffs' expenses include the amount incurred for out-of-pocket expenses in the following

categories: photocopying, scanning, facsimile transmissions, messengers, Lexis and Westlaw usage, velobinding, and brief covers. As explained in the Terris Affidavit (para. 19), each of these categories is normally billed to counsel's fee-paying clients and, in this matter, would have been billed to plaintiffs if they had been paying fees.

Summaries of the litigation expenses by category are contained in Plaintiffs' Exhibit 7. These categories are described in narrative form in the Terris Affidavit, para. 20. Since the documentation for the expenses is voluminous, it is not attached. If the Court wishes to examine the documentation, we will provide it promptly.

## CONCLUSION

For the reasons stated above, plaintiffs request an award of litigation costs, including attorneys' fees, for their motion to compel in the amount of (*see* Pl. Ex. 4):

| | |
|---|---:|
| Attorneys' Fees of Terris, Pravlik & Millian, LLP | $203,409.91 |
| Attorneys' Fees of Co-counsel | $2,655.90 |
| Expenses | $2,773.23 |
| TOTAL | $208,839.04 |

Plaintiffs request that this Court direct defendants to pay this award, plus interest in accordance with 28 U.S.C. 1961 and accruing from the date of this Court's Order, within 30 days of this Court's Order.

A proposed order is attached.[6]

---

[6] Plaintiffs will be filing an up-dated proposed order with their reply brief, which will include their time and expenses in completing the papers accompanying their motion for an award of litigation costs and preparing their reply brief. The up-dated proposed order will replace the proposed order accompanying this memorandum.

        Respectfully submitted,

        /s/ Bruce J. Terris

        BRUCE J. TERRIS (D.C. Bar No. 47126)
        Terris, Pravlik & Millian, LLP
        1121 12th Street, N.W.
        Washington, DC  20005
        (202) 682-2100


        JEFFREY S. GUTMAN (D.C. Bar No. 416954)
        The George Washington University Law School
        2000 G Street, N.W.
        Washington, DC 20052
        (202) 994-7463

        MARGARET A. KOHN (D.C. Bar No. 174227)
        1320 19th Street, N.W., Suite 200
        Washington, DC 20036
        (202) 667-2330

July 25, 2008        *Counsel for Plaintiffs*

## LIST OF EXHIBITS

| Number | Description |
|---|---|
| 1 | Affidavit of Bruce J. Terris |
| 2 | U.S. Department of Commerce, Bureau of Labor Statistics, Legal Services Component of the Consumer Price Index |
| 3 | *Laffey* Matrix Updated to 2008 |
| 4 | Summary of Fees and Expenses – Updated through July 18, 2008 |
| 5 | Summary of Fees by Subcategory and Rate |
| 6 | Time Records of Terris, Pravlik & Millian, LLP by Subcategory |
| 7 | Expense Summary by Subcategory |
| 8 | Expense Records by Subcategory |
| 9 | Affidavit of Margaret A. Kohn with Resume |
| 10 | Affidavit of Jeffrey S. Gutman with Resume |
| 11 | Resumes of Terris, Pravlik & Millian, LLP, Attorneys |