UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1437 (RCL) |
| | ) | |
| THE DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR [1] CLARIFICATION OR, IN THE ALTERNATIVE, FOR PARTIAL RECONSIDERATION OF THE COURT'S JUNE 27, 2008 ORDER AS TO WAIVER OF PRIVILEGE AND [2] AN ORDER BARRING PLAINTIFFS' DISCLOSURE OF NON-RESPONSIVE MATERIAL FOR 45 DAYS**

Defendants hereby move the Court for clarification and/or reconsideration of the Court's June 27, 2008, order in the following limited respects. *First*, the District seeks to ensure that the Court's order on waiver of privilege applies only retrospectively (not to documents not yet created as of the Court's order). *Second*, the District seeks to ensure that the Court's order does not apply to documents generated by litigation counsel in the course of evaluating the case and preparing for and engaging in settlement discussions. Defendants will produce a privilege log for these documents by August 5, 2008. *Third*, the District seeks to ensure that the Court's order does not apply to notes taken by an agency Special Assistant, effectively transcribing an internal April 1, 2008, meeting between litigation counsel and various agency officials discussing settlement and various policy options related to Child Find. Defendants will produce a privilege log for this document by August 5, 2008. In addition, the District requests that the Court enter an order prohibiting, for 45 days, disclosure of non-responsive material in the large number

of e-mails that defendants expect to produce. During that period, defendants would have the right to obtain the return of any non-responsive documents, with the Court to resolve any disputes over the issue.

Pursuant to Local Rule 7(m), counsel for defendants contacted counsel for plaintiffs on July 21, 2008 and July 25, 2008, to determine plaintiffs' position on the motion. Counsel for plaintiffs informed counsel for defendants that plaintiffs consent to all of the relief sought. In support of this motion, defendants submit the attached memorandum of points and authorities. A proposed order is also attached.

                Respectfully submitted,

                PETER J. NICKLES
                Acting Attorney General of the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                /s/ Samuel C. Kaplan
                SAMUEL C. KAPLAN [#463350]
                Assistant Deputy Attorney General
                Civil Litigation Division

                /s/ Ellen Efros
                ELLEN EFROS [#250746]
                Assistant Deputy Attorney General
                Civil Litigation Division and
                Chief, Equity Section 1

                /s/ Daniel A. Rezneck
                DANIEL A. REZNECK [#31625]
                Senior Assistant Attorney General

                /s/ Jayme Kantor
                JAYME KANTOR [#488502]
                Assistant Attorney General
                441 Fourth Street, N.W., Sixth Floor South
                Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DL, *et al.*,                       )
                                    )
    Plaintiffs,            )
                                    )
    v.                     )   Civil Action No. 05-1437 (RCL)
                                    )
THE DISTRICT OF COLUMBIA, *et al.*  )
                                    )
    Defendants.            )
_____ )

**MEMORANDUM IN SUPPORT OF THE DISTRICT'S UNOPPOSED MOTION FOR [1] CLARIFICATION OR, IN THE ALTERNATIVE, FOR PARTIAL RECONSIDERATION OF THE COURT'S JUNE 27, 2008, ORDER AS TO WAIVER OF PRIVILEGE AND [2] AN ORDER BARRING PLAINTIFFS' DISCLOSURE OF NON-RESPONSIVE MATERIAL FOR 45 DAYS**

On June 27, 2008, this Court granted plaintiffs' motion to compel in part, and entered an order requiring that the District complete a number of tasks within 30 business days of the Court's order or by August 5, 2008. Most relevant for present purposes, the Court held that the "District's objections on the basis of privilege are overruled wherever raised; and the District shall not rely on privilege as a grounds for withholding any documents or other information from plaintiffs." *See* Mem. Op. at 11. The Court's order repeated that the District shall produce all information and documents responsive to plaintiffs' discovery requests "without withholding any information on the basis of any privilege." Order at 2.

The District seeks clarification and/or reconsideration of the Court's order in the following limited respects. *First*, the District seeks to ensure that the Court's order on waiver applies only retrospectively (not to documents not yet created as of the Court's order). *Second*, the District seeks to ensure that the Court's order does not apply to

documents generated by litigation counsel in the course of evaluating the case and preparing for and engaging in settlement discussions. Defendants will produce a privilege log for these documents by August 5, 2008.

*Third*, the District seeks to ensure that the Court's order does not apply to notes taken by an agency Special Assistant effectively transcribing an internal April 1, 2008 meeting between litigation counsel and various agency officials discussing settlement and various policy options related to Child Find. Defendants will produce a privilege log for this document by August 5, 2008. In addition, the District requests that the Court enter an order prohibiting, for 45 days, disclosure of non-responsive material in the large number of e-mails that defendants expect to produce. Plaintiffs consent to all of the relief sought.

## ARGUMENT

### I. THE COURT'S ORDER ON WAIVER OF PRIVILEGE SHOULD NOT APPLY PROSPECTIVELY

Defendants seek clarification, as an initial matter, as to whether the Court intended its order to apply prospectively – *i.e.*, as to documents generated on an ongoing basis after the date of the Court's order – or only retrospectively to documents generated prior to the Court's order. Defendants' understanding is that the Court did not intend the order to apply prospectively to documents created after to the date of the order. The basis for the Court's ruling was the defendants' failure to provide a privilege log for withheld documents, see Mem. Op. at 11, and it would of course have been impossible for the defendants to provide a privilege log for documents that had not yet been created. Because the basis for the order does not apply to documents generated after the date of the order, the order should not apply to such documents.

Any contrary understanding would greatly damage the ability of the relevant agencies to seek legal advice and discuss the very policies that plaintiffs are seeking to improve in this litigation. Any e-mail or memorandum written from this point forward would effectively contain a mandatory cc: line to plaintiff's counsel, thus thwarting the salutary ends that the various privileges are meant to foster. If anything, the need for such privileges is even more compelling in the context of litigation challenging internal agency policies. In that situation, agency employees both have a great need for legal advice and are most acutely aware of the possibility that their candor in addressing possible policy changes could be used against their agency in Court. Thus, defendants require the privilege going forward for the purpose of protecting the ability to seek legal advice confidentially and "preserv[ing] the free flowing debate essential to an agency's decision-making process." *See Hornbostel v. U.S. Dep't. of the Interior*, 305 F. Supp. 2d 21, 30 (D.D.C. 2003).[1] Defendants thus believe that the Court did not intend its order to apply prospectively to documents not yet generated when the order was entered, and plaintiffs agree that such documents need not be produced. If the Court did intend for the order to apply prospectively, defendants respectfully request reconsideration of that decision.

---

[1] *See also Union Pacific Resources Co. v. Natural Gas Pipeline Co. of America*, No. 90-5378, 1993 WL 278526, *4 (N.D. Ill. July 20, 1993) (declining to find a prospective waiver and noting that "establishment of a prospective waiver would effectively disallow the parties from forever thereafter discussing the same subject matter in any other privileged context"); *Nye v. Sage Products, Inc.*, 98 F.R.D. 452, 454 (N.D. Ill. 1982) (quoting *Duplan Corp. v. Deering Millikeni, Inc.*, 397 F. Supp. 1146, 1191 (D.S.C. 1975)) (same); *Champion Int'l Corp. v. Int'l Paper Co.*, 486 F. Supp. 1328, 1330 (N.D. Ga. 1980) (same).

3

II. **DEFENDANTS SEEK CLARIFICATION OR PARTIAL RECONSIDERATION AS TO THE APPLICABILITY OF THE COURT'S ORDER TO DOCUMENTS GENERATED BY LITIGATION ATTORNEYS IN THE COURSE OF EVALUATING THE CASE AND PREPARING FOR AND CONDUCTING SETTLEMENT DISCUSSIONS IN THIS LITIGATION**

By the time plaintiffs filed their motion to compel, the documents involving attorneys that defendants were aware of but did not produce were (1) non-responsive documents that were solely related to the discovery production itself (which defendants offered (and remain willing) to make available to the Court for *in camera* review to demonstrate the diligence with which they were complying with their production obligations, *see* Defendants' Opposition to Plaintiffs' Motion to Compel at 4) and (2) documents generated by litigation counsel after the commencement of the lawsuit in the course of evaluating the case and preparing for and conducting settlement negotiations.

Defendants view the latter category of documents as also non-responsive – and plaintiffs agree that such documents need not be produced – but because of the Court's order, defendants are addressing such documents out of an abundance of caution. This category of documents includes internal memoranda on evaluation of the case and notes on the formulation of defendants' settlement position in this case. There is no specific request that calls for such documents, and neither plaintiffs nor defendants viewed the opposing parties' general requests as calling for such documents. For example, Defendants did not view such requests as all documents "that refer or relate to defendants' Child Find activities" as calling for such obviously protected material. Similarly, plaintiffs did not assert privilege objections in response to defendants' requests for all documents relating to defendants' claims. *See* Plaintiffs' Responses to Defendants' First Request for Production of Documents and Things to Plaintiffs ("Pls' 1st

4

Resp.") Nos. 6-7. Instead, plaintiffs asserted privilege objections and logged documents in response to defendants' specific requests for all documents related to the allegations made about each individual client and defendants' specific request for memoranda prepared by law students about their factual investigation of the case. *See id*. Nos. 8-13, 37.

More generally, in the experience of undersigned counsel, except when called for by a specific request, such documents are not customarily treated as part of the discovery process (even if potentially within the outer perimeter of a party's most general requests) because they are so obviously protected by attorney-client privilege and/or the work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 510 (1947) (stating that "written statements, private memoranda, and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties" fall "outside the arena of discovery and contravene[] the public policy underlying the orderly prosecution and defense of legal claims"). In addition, documents prepared for settlement discussion also clearly fall within the ambit of materials protected by Rule 408 of the Federal Rules of Evidence as well as the public policy encouraging settlement.

Plaintiffs' treatment of such material in this case has comported with this common understanding. Plaintiffs, for example, have not submitted regular privilege logs in this case for whatever internal litigation documents have been generated since their first privilege log and, in their first privilege log, referred to such documents categorically in two entries without assigning Bates numbers to the documents. *See* Pls 1st Resp. at 43 (containing entries for, *inter alia*, "E-mails among [litigation counsel] about claims and drafts of papers filed in the case" dated February-December 2005 and "Memoranda

5

regarding legal and investigative research related to Child Find," dated March-November 2005). Further, as indicated above, plaintiffs' logged documents were responsive to specific requests, and they did not assert privilege objections to defendants' more general requests. The point is not that plaintiffs' treatment of such documents has been in some way deficient. Quite the contrary, such treatment comports with the commonly held understanding that such documents do not require document-by-document justification to be withheld.

Even assuming such documents are viewed as responsive, and even assuming some sort of privilege log was required for this set of documents, "[a]s the federal rules, case law, and commentators suggest, waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *United States v. British American Tobacco (Investments) Ltd.* ("BATCo"), 387 F.3d 884, 891 (D.C. Cir. 2004) (internal quotation marks and citations omitted); *see also id*. (stating that such a serious sanction "requires, at the very least, a showing that BATCo failed to log the memorandum without reasonable belief that its objections applied to it"). Plaintiffs' agreement that such documents need not be produced demonstrates the lack of any prejudice from the absence of a privilege log summarizing these documents in general categories. (Defendants also will produce a privilege log for these documents by August 5, 2008.) The nature of the withheld documents, the content of plaintiffs' discovery requests, and common practice gave defendants ample basis for believing that a privilege log was not required for these documents. The sanction of waiver is therefore inappropriate for this category of documents.

### III. THE DISTRICT SEEKS CLARIFICATION OR PARTIAL RECONSIDERATION OF THE COURT'S ORDER AS TO NOTES ON AN APRIL 1 SETTLEMENT MEETING

On April 1, 2008, litigation counsel and various officials from the Office of the State Superintendent for Education and D.C. Public Schools met to discuss various settlement options. During that meeting a Special Assistant with OSSE took notes that effectively transcribed this meeting, which entailed a candid discussion of various policy options and issues related to Child Find. The plaintiffs and defendants agree that the Court's order on waiver of privilege should not apply to that document so long as the District provides a privilege log to plaintiffs explaining the justification for withholding it. Such a sensitive document is as obviously privileged as the documents discussed in the prior section, and release of these notes could greatly harm defendants' ability to conduct effectively the very settlement negotiations that the Court has urged the parties to conduct. The "serious sanction" of waiver is not merited for what amounted to no more than a delay in logging an obviously privileged document in the interim between the conclusion of briefing of plaintiffs' motion and this Court's order. Because the document addressed in this section did not exist and therefore could not have been identified prior to the motion to compel, it would be inappropriate to impose the same sanction on the April 1 notes that the Court has imposed for pre-motion documents. Ultimately, these important privileges belong to the client, and the client should not be penalized under these circumstances for working with their attorneys in good faith to resolve this case in the belief that such conversations would be protected. Plaintiffs do not oppose the relief sought so long as defendants submit a privilege log for the document by August 5, 2008.

**IV.   THE DISTRICT REQUESTS THAT THE COURT ENTER AN ORDER PROHIBITING DISCLOSURE OF NON-RESPONSIVE E-MAILS FOR 45 DAYS**

Since the entry of the Court's order, the District and its various agencies have been devoting considerable time and resources to ensuring that they satisfy all the requirements of the Court's order in a timely fashion. Ensuring the production of responsive e-mails has comprised a large part of this effort. The District anticipates that, by the conclusion of the process, it will have searched well over 100 e-mail boxes (both inboxes and archived e-mails) using over 40 search terms or search-term combinations. Although all searches have not been completed, the District anticipates that the number of e-mails produced will be well into the thousands. It will not be possible to complete all of the other requirements of the Court's order and examine all of these e-mails for responsiveness prior to the Court-ordered deadline. Because of the possibility that sensitive e-mails on subjects unconnected to the litigation could be produced as a result of the District's commitment to ensuring a broadly inclusive search within the time limits of the Court-ordered deadline, the District requests that the Court establish a 45-day period during which plaintiffs will be prohibited from disclosing such material and during which defendants will have time to request and obtain the return of non-responsive documents that have been inadvertently produced. Plaintiffs consent to the requested relief.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant the requested relief.

8

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Samuel C. Kaplan
SAMUEL C. KAPLAN [#463350]
Assistant Deputy Attorney General
Civil Litigation Division

/s/ Ellen Efros
ELLEN EFROS [#250746]
Assistant Deputy Attorney General
Civil Litigation Division and
Chief, Equity Section 1

/s/ Daniel A. Rezneck
DANIEL A. REZNECK [#31625]
Senior Assistant Attorney General

/s/ Jayme Kantor
JAYME KANTOR [#488502]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001