UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-1437 (RCL) |
| v, ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| *et al.*, . ) | |
| ) | |
| Defendants ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR
FEES AND EXPENCES**

On June 27, 2008 the Court granted plaintiffs' Second Motion to Compel Discovery and directed that the plaintiffs file a motion for reasonable fees and costs associated with that motion.  Plaintiffs' counsel now seek a staggering $206,409.91 in attorneys fees and $2,773.23 in costs.  As set forth below, this amount should be drastically reduced by the Court.  Plaintiffs have failed to apply the appropriate hourly rate for the hours spent in this matter, and have failed to demonstrate that the hours expended in this matter were reasonable.

**Argument**

Plaintiffs in this case have the burden of establishing both the appropriate hourly rate for the work performed and the reasonableness of the hours expended. *Murray v. Weinberger,* 741 F.2d 1423, 1427 (D.C. Cir. 1984)   Plaintiffs must submit information sufficient to establish with a high degree of certainty that the hours expended were necessary and reasonable. *Role Models v, Brownlee,* 353 F.3d 962, 970 (D.C. Cir. 2004) Here, plaintiff has fallen short of these requirements in several significant areas.

**Hourly Rates**

As the Court is aware, the so-called *Laffey* matrix, developed in *Laffey v. Northwest Airlines,* 572 F.Supp. 354 (D.D.C. 1983) has been adopted by this Court as a measure of reasonable hourly rates in fee shifting cases, particularly for "public interest" lawyers who cannot point to their customary billing rate to demonstrate reasonableness.[1] The *Laffey* rate most frequently used by the courts of this jurisdiction is maintained by the U.S. Attorney's Office which publishes on its web site a chart trending forward the original *Laffey* matrix based on the Consumer Price Index ("CPI") for the District of Columbia.[2]

Plaintiffs' however, ask this Court to award them fees significantly higher than the USAO *Laffey* matrix. The urge the Court to utilize an "enhanced" *Laffey* matrix based on *Laffey* rates that have been trended forward using the national legal services CPI. This approach however ignores the requirement that "rates used in calculating the lodestar should accord with those "*prevailing in the community.*" *Miller v. Holtzman, et al.* 95-1231 (RCL)[3] (quoting *Blum v. Stenson,* 465 U.S. 886, 896 n. 11(1984) ) *See also, Covington v. District of Columbia,* 57 F.3d 1101, 1108 (D.C. Cir. 1995) Plaintiffs' fee award should therefore be calculated using the USAO matrix.[4]

**The Terris Firm's Hours**

Plaintiffs seek compensation for slightly over 700 hours of attorney time spent litigating plaintiffs' second motion to compel. To put this into perspective, the time spent

---

[1] Of note, the *Laffey* Matrix was only intended to apply in fee shifting cases involving complex federal litigation. While plaintiffs have not asserted that the work involved in a motion to compel is complex federal litigation, the District does not quibble over this point.
[2] http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html
[3] The Court's Opinion in *Miller* is attached as Exhibit A

on plaintiffs' motion to compel equals four attorneys working full time for more than a month. This amount of effort is facially unreasonable and, as demonstrated below, plaintiffs' billing records do nothing to demonstrate the contrary.[5]

While certainly the issues presented in this discovery dispute were somewhat more involved than the average motion to compel, nothing in this record would justify more than four months of attorney time to prepare Plaintiffs' Second Motion to Compel. Defendant addresses below the unreasonableness of the time billed to individual categories of work as set forth in plaintiffs' fee petition. Defendant will then address the deficiencies with the detail of plaintiffs' time entries.

**Negotiation Before Filing First Motion to Compel**

Plaintiffs seek $38,202 for what they term negotiations prior to filing their motion to compel. This request represents approximately 100 hours of work. The District first notes that plaintiffs' time records for this category are not set-out in chronological order and plaintiffs do not explain whether this category encompasses "negotiation" on both plaintiffs' First and Second Motions to Compel. It appears from the dates of individual time records that this category covers both motions though the work was primarily regarding the first motion. Most of the work billed involves the writing, editing and re-editing of letters. The District does not assert that effort spent attempting

---

[4] Defendant agrees with plaintiffs that the appropriate methodology for determining the hourly rate for a particular task should be determined by applying the current *Laffey* rate for the experience level of the attorney at the time the work was performed.

[5] Plaintiffs assert that they reduced the amount of time spent preparing their opening brief on their Second Motion to Compel as an exercise in billing judgment. Defendant submits that reducing their bill for preparing their opening brief from an outrageous $81,426.09 to a merely unreasonable $40,713.05 is an exceedingly small concession. This is particularly true since plaintiffs seek the full amount of $31,202.02 for preparing their *First* Motion to Compel, a motion that was denied without prejudice. Plts. Exh. 4. It is unclear whether the work performed in preparing plaintiffs' first motion and their reply in support of that motion was used to prepare the Second Motion to Compel or whether the earlier work was simply discarded. If the former, plaintiffs actually seek $94,432.09 just for preparing their *opening brief* on their

3

to resolve discovery matters without resort should not be recoverable here, though the amount of effort exerted appears excessive. The District uses the word "appears" because, as set forth further below, it is virtually impossible to determine what was actually being done because of the inadequacy of plaintiffs' billing records. However, $38,202 in negotiations appears on its face excessive.

### Plaintiffs' Initial Motion to Compel

Plaintiffs seek $53,217.79 to prepare their opening and reply brief in support of their First Motion to Compel. Defendants' opposition was only 18 pages long with 41 pages of exhibits. Dkt 44. Defendant notes that Plaintiffs' First Motion to Compel was denied without prejudice. While it very well might be that some of the time plaintiffs' spent on this motion may have supported the motion that they were ultimately successful on, there is no way to determine whether or how much of this work was actually relevant to plaintiffs' second motion to compel. Plaintiffs' billing records are of no help in this regard and plaintiffs' do not address the matter in their motion for fees. Because plaintiffs have made no attempt to explain the relevance of any of the work done in this category to the motion upon which they ultimately succeeded, fees for this entire category of work should be denied.

### Plaintiffs' Second Motion to Compel

Plaintiffs' billing records reflect entries for $81,426.09 for preparing their opening brief on their Second Motion to Compel, $10,909.73 revising the motion, and $32,500.94 drafting a reply to the District's opposition to plaintiffs' motion. As noted above, even plaintiffs found that more than $81,000.00 for their opening brief was beyond the pale

---

Second Motion to Compel. If the latter, plaintiffs have failed to justify seeking any fees at all for preparing their First Motion to Compel.

and reduced it by half. Even so, if plaintiffs seek to be paid for the hours spent on their First Motion to Compel under the theory that this work aided in the preparation of plaintiffs' Second Motion to Compel then the total billed for preparing plaintiffs' opening brief comes to $136,657.38. Of course plaintiffs' through the exercise of billing judgment reduces this amount to what plaintiffs consider a "reasonable" $95,944.03

### Plaintiffs' "Initial" Application For Fees

Plaintiffs' seek $22,922.09 for preparing their "initial" fee petition which they presumably add to in their reply. For the benefit of the Court and the plaintiffs, the preparation of this opposition required less than 24 hours of attorney time.

It is difficult for the District to understand exactly why plaintiffs' counsel required 63.32 hours to prepare a simply fee petition. Plaintiffs' counsel are all public interest lawyers who make most of their living through fee shifting cases. The Terris firm, for example, file declarations setting forth their qualifications and years of experience on a regular basis. Indeed in the *Salazar* case alone they do so every six months. Plaintiffs' contemporary billing records are kept by computer. Preparing plaintiffs fee petition could have been reasonably accomplished in less than 20 hours. Again, the District is hampered in addressing the effort plaintiffs expended in this category of work because of the inadequacy of plaintiffs' billing records. This inadequacy is discussed in more detail below.

### Plaintiffs' Billing Entries are Inadequate

Plaintiffs' have the burden of establishing the reasonableness of the hours upon which they base their fee request. *Murray v. Weinberger,* 741 F.2d 1423, 1427 (D.C. Cir. 1984. To meet this burden plaintiffs must submit information sufficient to allow the

Court to conclude with a high degree of certainty that the hours expended were necessary and reasonable. *Role Models v. Brownlee,* 353 F.3d 962, 970 (D.C. Cir. 2004)

In *Role Models* the Court described exactly the types of billing entries that were unacceptable. The Court addressed the plaintiffs' failure to provide adequate detail in time entries and the lumping together of multiple tasks in a single time entry. The Court's reasoning is equally applicable to plaintiffs' current request. A review of plaintiffs' time entries reveals that a majority of time entries suffer from either one, or in most cases both, of these deficiencies. A fixed deduction for general deficiencies, as opposed to an entry-by-entry review is appropriate when a large number of billing entries are deficient. *Role Models* at 973.

### Block Billing

In *Role Models,* the court found that "lump[ing] together multiple tasks made it impossible for the court to meet its responsibility of determining with a high degree of certainty that the hours billed were reasonable. *Id.* at 971. *See also, Cobell v. Norton*, 407 F.Supp.2d 140, 160 (D.D.C. 2005) (RCL)  In *Cobell,* this Court refused to "undertake the futile task of separating plaintiffs' block entries into their constituent tasks and apportioning a random amount to each." *Id.*

Here a large percentage of plaintiffs' billings suffer from this defect. For example, on 2/14/07 SSM billed 2.53 hours for:

> Meet and confer with opposing counsel on discovery and database issues; meeting with co-counsel on discovery issues; confer with BJT about discovery issues.

> Plts. Exhibit 6 at 6.

> On 1/24/08 JDG billed 6.8 hours to:

> "Review chart; confer with EAB; draft motion to compel. Plts. Exh. 6 at 14."

6

Indeed, in the 19 pages of plaintiffs' Exhibit 6 there are 95 entries that contain block billing to a greater or lesser degree. The District notes that billing entries that encompass larger blocks of time are more likely to contain block billing problems, magnifying the problem caused.

### Inadequate Detail

The Court in *Role Models* also addressed the effect of inadequate billing detail on recoverability. *Role Models* at 971. The Court found that billing entries for "researching and writing for appellate brief" failed to meet a fee applicants "heavy obligation to present well-documented claims." *Id. (quoting Kennecott Corp. v. EPA,* 804 F.2d 763, 767 (D.C. Cir. 1986)  The Court also found that entries for "research" and "writing" were similarly defective. *Id.*

In the category "Pl Mot to Compel-Initial" plaintiffs billed 26.88 hours to the description "Research and draft motion to compel." Plaintiffs' Exh. 6 at 8-9.

In the category "Pl 2d Mot to Compel" plaintiffs billed 38.79 hours to the description "Draft Motion to Compel." Plaintiffs billed another 19.25 hours to the entry "edit motion to compel." Plaintiffs' billed yet another 50.64 hours to the entry "Legal Research re issues raised in defendants opposition; draft reply."[6]  Plts. Exh. 6 at 13-17.

This list is illustrative and not exhaustive. Throughout plaintiffs' submission there are numerous entries that lack sufficient detail to allow this Court to determine that the work performed was reasonable and necessary. These defects justify at a minimum a reduction in any fees awarded by at least 75%.

---

[6] This last category has the distinction of exhibiting both block billing and inadequate detail.

7

### Co-Counsels' Billings and Plaintiffs' Costs

The District maintains that the hours spent on this matter by counsel other than members of the Terris firm should also be reimbursed at the standard *Laffey* rates for the reasons set forth above. The District does not otherwise object to these counsels' claimed hours, nor does the District object to the costs requested.

### CONCLUSION

For all the above reasons plaintiffs request for fees should be reduced in accordance with the attached proposed order.

    Respectfully submitted,

    Peter J. Nickles
    Acting Attorney General
    for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    **/s/ Robert C. Utiger**
    ROBERT C. UTIGER
    Senior Counsel
    Bar Number 437130
    441 Fourth Street, N.W., Sixth Floor South
    Washington, D.C. 20001
    (202) 724-6532
    (202) 727-3625 (fax)
    E-mail: Robert.Utiger@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-1437 (RCL) |
| v, ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| *et al.*, . ) | |
| ) | |
| Defendants ) | |
| _____) | |

ORDER

This matter is before the Court on Plaintiffs' motion for an award of attorneys' fees and costs associated with their successful motion to compel discovery. After careful review of Plaintiffs' motion, the memorandum in support, the opposition thereto and the entire record herein it is this _____ day of _____, 2008

**ORDERED,** that plaintiffs' motion is **GRANTED** in part and **DENIED** in part for the reasons set forth in the Defendant's opposition, and it is further

**ORDERED,** that Plaintiffs' will recalculated their requested fees utilizing the fee matrix maintained by the Office of the United States Attorney for the District of Columbia and submit it to this Court within 30 days and it is further

**ORDERED** that within 10 days of Plaintiffs' submission the Defendant will file its objections, if any, to Plaintiffs' calculations and it is further

**ORDERED** that the Court will further reduce plaintiffs' award of fees by 75% to account for the inadequacy of Plaintiffs' billing records

**SO ORDERED**

_____
Royce C. Lamberth
United States District Judge