UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL,[1] *et al.*, on behalf of themselves and others similarly situated,<br><br>             Plaintiffs,<br><br>      v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1437 (RCL)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE REPORT AND TESTIMONY OF DR. LEONARD CUPINGOOD, ALONG WITH ALL EVIDENCE BASED THEREON**

Plaintiffs respectfully move this Court, pursuant to the inherent power of the Court and for the reasons set forth below, to permit plaintiffs to file a short sur-reply brief in response to Defendants' Reply in Support of Motion to Strike Report and Testimony of Dr. Leonard Cupingood, along with All Evidence Based Thereon (hereafter "Def. Reply"), filed June 1, 2010 (Doc. No. 190).

Pursuant to Local Civil Rule 7(m), counsel for plaintiffs has discussed this motion with counsel for defendants. Counsel for defendants stated that defendants will oppose this motion.

REQUEST FOR LEAVE TO FILE SUR-REPLY BRIEF

Plaintiffs request leave to file a sur-reply brief in response to new and/or misleading arguments in defendants' reply brief regarding the sufficiency of plaintiffs' evidence establishing Dr. Cupingood as a computer-programming and data expert, the authorship of Dr. Cupingood's report, and the application of Federal Rule of Evidence 1006 to Dr. Cupingood's tables and charts. The reasons for this request are as follows.

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

1.      Local Civil Rule 7 provides for the filing of an initial motion and memorandum in support of the motion, opposition brief, and reply memorandum. *See* Local Civil Rule 7(a)-(d). Any additional briefing therefore requires leave of the Court.

2.      Plaintiffs' request for leave to file a sur-reply brief is justified. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). As explained more fully in the attached Plaintiffs' Sur-Reply Brief in Response to Defendants' Reply in Support of Motion to Strike Report and Testimony of Dr. Leonard Cupingood, along with All Evidence Based Thereon (Exhibit 1), defendants' reply brief contains six arguments that are made or the first time and are either based on mischaracterizations of the record evidence or are unsupported by any legal authority: (1) Dr. Cupingood's sworn statement regarding his experience as a computer-programming and data expert is legally insufficient to establish his expertise in those fields; (2) Dr. Cupingood's expertise in data is "doubtful" because he "admitted" that the data cleaning he performed was "unnecessary"; (3) Dr. Cupingood's lack of prior experience with IDEA cases and defendants' educational data system disqualifies him from forming expert opinions on that data; (4) the Court should view any statements made by Bryan Niederberger, including his sworn affidavit (Pl. Ex. F), with suspicion because of his employment relationship with Dr. Cupingood; (5) the Court should discount plaintiffs' explanation of "Ihe" – that it was a typographical error – because Dr. Cupingood and plaintiffs' counsel did not offer this explanation until defendants raised the issue in their motion to strike; and (6) Federal Rule of Evidence 1006 only applies when the Court affirmatively informs the parties that it "requires" a summary and requests such a summary from the parties. Even though these arguments are related to arguments that plaintiffs made in their opposition brief, their foundations are so far removed from

the facts of this case and governing law that plaintiffs could not have reasonably anticipated them and addressed them before now.  Accordingly, under the standard set forth in *Lewis v. Rumsfeld, supra*, the Court should grant plaintiffs request to respond to them in a sur-reply.

For these reasons, plaintiffs request that the Court grant plaintiffs' motion and permit plaintiffs to file their sur-reply brief in opposition to defendants' motion to strike the testimony of Dr. Cupingood.

A proposed order accompanies this motion.

                                        Respectfully submitted,

                                        /s/
BRUCE J. TERRIS (D.C. Bar No. 47126)
ALEXANDER R. KARAM (D.C. Bar No. 978703)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100

                                        /s/
JEFFREY S. GUTMAN
(D.C. Bar No. 416954)
The George Washington
University Law School
2000 G Street, N.W.
Washington, DC 20052
(202) 994-5797

                                        /s/
MARGARET A. KOHN
(D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330

*Counsel for Plaintiffs*

June 11, 2010