UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DL,[1] *et al.*, on behalf of themselves and others similarly situated, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.* | ) ) ) |  |
| Defendants. | ) ) |  |

**PLAINTIFFS' SUR-REPLY BRIEF IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE REPORT AND TESTIMONY OF DR. LEONARD CUPINGOOD, ALONG WITH ALL EVIDENCE BASED THEREON**

In their Reply in Support of Motion to Strike Report and Testimony of Dr. Leonard Cupingood, along with All Evidence Based Thereon (Doc. No. 190) (hereafter "Def. Reply"), defendants restate many of the same arguments, without any additional factual or legal support, that they made in their initial brief (Doc. No. 181) regarding the admissibility of Dr. Cupingood's testimony under Federal Rule of Civil Procedure 702 and plaintiffs' argument, in the alternative, regarding the appropriate time to rule on Dr. Cupingood's qualifications.  Plaintiffs responded to these arguments in their opposition brief (Doc. No. 184) (hereafter "Pl. Opp.").  No additional response to these arguments is needed.  However, defendants' reply also contains several new arguments – relating to Dr. Cupingood's qualifications as a computer-programming and data expert, the authorship of Dr. Cupingood's report, and the application of Federal Rule of Evidence 1006 – that require a response.  Plaintiffs address each of these arguments in turn.

---

[1] Pursuant to Local Rule 5.4(f)(2), minors are identified by their initials.

A.      **Dr. Cupingood's Qualifications as a Computer-Programming and Data Expert**

Defendants acknowledge (Def. Reply 3) that plaintiffs have responded to defendants' challenge of Dr. Cupingood's qualifications as a computer-programming and data expert by submitting the sworn affidavit of Dr. Cupingood attesting to more than 35 years of experience with computers, computer programming, and databases. *See* Pl. Ex. E, para. 13. Without legal support or explanation, defendants argue, for the first time, that such a sworn affidavit is insufficient to establish Dr. Cupingood as an expert in these fields. Defendants further argue (Def. Reply 3) that there is no "evidence or even any indication of what (if any) * * * practical applications Dr. Cupingood has performed involving computer programming or data analysis." This argument misstates the record, since plaintiffs have provided defendants with a copy of Dr. Cupingood's *curriculum vitae* (as an appendix to his April 27, 2009 expert report, attached hereto as Plaintiffs' Exhibit K) and Dr. Cupingood explained at his deposition that he had years of experience in computer programming and data analysis. *See* Transcript of Deposition of Leonard Cupingood, dated Jan. 20, 2010, additional excerpt (Pl. Ex. L), pp. 12-13, 27-28, 32-33.[2]

The single case that defendants cite in this section of their reply brief, this Court's decision in *McReynolds v. Sodexho Marriott Services*, 349 F. Supp. 2d 30, 35 (D.D.C. 2004), states that "the party offering the expert's testimony must establish <u>by a preponderance of the evidence</u> that * * * the expert is qualified" (emphasis added). In that case, the Court denied the defendants' challenge to the qualifications of the plaintiffs' expert, relying almost exclusively on the testimony

---

[2] Defendants further suggest (Def. Reply 3) that plaintiffs should be faulted for not seeking to qualify Dr. Cupingood as a programming or data expert "until now": that is, until plaintiffs submitted their opposition to defendants' motion to strike Dr. Cupingood's testimony. In doing so, defendants suggest that plaintiffs are required to anticipate defendants' challenges before defendants make them. Defendants do not cite, nor are plaintiffs aware of, any legal support for this proposition.

of the plaintiffs' expert. *See id.* at 36-37.[3/] Other courts have similarly qualified experts primarily on the basis of the experts' own sworn statements. *See, e.g., United States v. Pansier*, 576 F.3d 726, 738 (7th Cir. 2009) (noting that "[government witness's] testimony established his qualifications as an expert in legitimate and fictitious financial instruments and banking"); *Bieghler v. Kleppe*, 633 F.2d 531, 533 (9th Cir. 1980) ("The expert's affidavit here affirmatively showed his qualifications as an expert in accident reconstruction and the study he had undertaken to form his opinions"). Defendants have not explained why the Court should not reach a similar conclusion in this case.

Plaintiffs submit that they have met their burden under *McReynolds v. Sodexho Marriot Services* and demonstrated Dr. Cupingood's "knowledge, skill, experience, training, or education" as required under Rule 702 by submitting Dr. Cupingood's initial sworn affidavit (Pl. Ex. E.). Nonetheless, in the event that the Court has any remaining questions about Dr. Cupingood's qualifications, plaintiffs provide a second affidavit from Dr. Cupingood, attached hereto as Plaintiffs' Exhibit J, describing in greater detail his experience in these fields.

Defendants' reply brief contains two additional arguments about Dr. Cupingood's qualifications that merit a response. The first is that Dr. Cupingood's expertise "seems even more doubtful" because he has admitted to performing an "unnecessary operation" in eliminating what he considered to be duplicate records from defendants' database extracts. *See* Def. Reply 6-7. Although Dr. Cupingood has stated (Pl. Ex. E, para. 12) that the exclusion of these records had "virtually no effect" on the statistics or conclusions in his report, he has never stated that the exclusion was "unnecessary." On the contrary, as Dr. Cupingood stated in his first affidavit (Pl.

---

[3/]The Court also cited portions of the deposition testimony of the defendants' expert that corroborated the testimony of the plaintiffs' expert. *See McReynolds v. Sodexho Marriott Services*, *supra*, 349 F. Supp. 2d at 36. Since defendants in this case have not designated an expert in computer programming or data, such evidence, whether to support or rebut Dr. Cupingood's statements, does not exist.

Ex. E, para. 11) and further explains in the attached affidavit (Pl. Ex. J, para. 9), these actions were appropriate, consistent with prevailing practice in his field, and produced the most accurate result.[4/]

The second argument, made for first time in their reply brief and without any legal support, is that Dr. Cupingood's lack of prior experience with IDEA cases and defendants' educational data system disqualifies him from forming expert opinions on that data.  *See* Def. Reply 7.  This Court has held otherwise.  *See McReynolds v. Sodexho Marriott Services*, *supra*, 349 F. Supp. 2d at 38 ("[T]he cases defendant cites to support its contention that Siskin's ignorance about the company are inapposite.  As a statistician working with company-supplied data, Siskin does not need an understanding of what the laundry operation does or how it conducts its operations" (internal quotation marks and citation omitted)).  As Dr. Cupingood explains in the attached affidavit (Pl. Ex. J, para. 11): "Statistics is a general discipline which requires general programming, database, and analysis skills.  The topic is immaterial."  Defendants have not presented any evidence to the contrary.

**B.    Authorship of Dr. Cupingood's Report**

Despite reasonable explanations provided by Dr. Cupingood and Bryan Niederberger in their sworn affidavits (*see* Pl. Exs. E and F), defendants continue to insist (Def. Reply 5-6 & n. 1) that Bryan Niederberger performed the data cleaning described in Dr. Cupingood's report and that someone named "Ihe" wrote that report.  In support, defendants make two new arguments.

The first argument is that the Court should view any statements made by Mr. Niederberger,

---

[4/]Defendants further argue (Def. Reply 7) that Dr. Cupingood's re-calculation of the data, counting duplicated student experiences twice instead of once, is inaccurate because it does not take into account all duplicates in defendants' data.  As Dr. Cupingood explains in the attached affidavit (Def. Ex. J, para. 10), defendants have misunderstood Dr. Cupingood's explanation of his re-calculation.  Plaintiffs submit that the reason for this misunderstanding may be due to the fact that defendants themselves have not retained a statistical expert.

including his sworn affidavit, with suspicion because "Mr. Niederberger presumably still works for Dr. Cupingood." Def. Reply 5, n. 1. Implicit in defendants' argument is that Mr. Niederberger only offered a "recantation"[5] of his prior e-mail statement in order to avoid being fired by Dr. Cupingood. Yet, defendants have presented no evidence, nor is there any evidence in the record, that Dr. Cupingood has the authority to fire Mr. Niederberger. Accordingly, defendants' argument is unsupported.

In any event, even if Dr. Cupingood could fire Mr. Niederberger, this fact standing alone could not disqualify Mr. Niederberger's affidavit. The courts frequently credit affidavit evidence where the affiant has a possible reason for bias. Indeed, every expert may be biased since he/she is paid by a party to the litigation.

Defendants' second argument is that plaintiffs' explanation of "Ihe" – that it was a typographical error, not the name of a person involved in the preparation of Dr. Cupingood's report – should be discounted because "it was not offered either by Dr. Cupingood during his deposition or by way of clarification by Plaintiffs' counsel at any time since." Def. Reply 6, n. 1. In doing so, defendants suggest that Dr. Cupingood and/or plaintiffs' counsel were under a legal obligation to supplement Dr. Cupingood's testimony on this matter. Defendants do not cite, nor are plaintiffs aware of, any legal authority supporting this proposition. Federal Rule of Civil Procedure 30(e) allows a deponent to make changes "in form or substance" to the deposition transcript within 30 days of receiving it, but it does not require the deponent to change or supplement otherwise complete and accurate statements contained in the transcript. As the attached portion of his deposition transcript demonstrates (Pl. Ex. L, pp. 52-56), Dr. Cupingood answered each of

---

[5] As plaintiffs explained in their opposition brief (Pl. Opp. 8-9), Mr. Niederberger's statement is not a recantation, but rather an entirely consistent explanation of his use of the term "clean."

defendants' counsel's questions about the authorship of his report completely and unambiguously, including questions about "Ihe" (*id.*, p. 54):

> Q. Do you know a person named Ihe, spelled I-H-E?
>
> A. No.
>
> Q. Was there any person by that name involved in the creation of your expert report?
>
> A. No.
>
> Q. And to your knowledge, no person with that name ever signed the protective order in this case?
>
> A. No.

In the absence of misleading testimony, neither Dr. Cupingood nor plaintiffs' counsel were responsible for providing answers to questions that defendants' counsel did not ask. *See Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006) ("[T]he deponent is under no obligation to volunteer information not fairly sought by the questioner"); *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999) ("[The deponent] had no duty to volunteer [the relevant] information during the deposition absent a question from [ ] counsel seeking that information"); *see also, e.g., McCloud v. Goodyear Dunlop Tires North America, Ltd.*, C.D. Ill., Civ. No. 04-1118, 2007 WL 2584289, at *5 (Aug. 23, 2007) (holding that defendant's deposition answer was subject to sanctions under Federal Rule of Civil Procedure 37(c)(1) because it was "at best misleading and at worst a deliberate attempt to hide the identity of a damning witness").

**C.     Application of Federal Rule of Evidence 1006**

Defendants do not rebut plaintiffs' legal arguments regarding the admissibility of Dr. Cupingood's tables and charts under Federal Rule of Evidence 1006. *See* Pl. Opp. 15-16. Instead, defendants suggest (Def. Reply 9) that the Rule would only apply "[s]hould the Court require a

summary of the full data set at issue here" and requests such tables and charts from the parties. Defendants do not cite, nor are plaintiffs aware of, any legal authority supporting this proposition. There is nothing in Rule 1006 which supports defendants' argument.

## CONCLUSION

For the reasons set forth above, in addition to those set forth in plaintiffs' opposition brief (Doc. No. 184), this Court should deny defendants' motion to strike.

Respectfully submitted,

/s/
BRUCE J. TERRIS (D.C. Bar No. 47126)
ALEXANDER R. KARAM (D.C. Bar No. 978703)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100


/s/
JEFFREY S. GUTMAN
(D.C. Bar No. 416954)
The George Washington
University Law School
2000 G Street, N.W.
Washington, DC 20052
(202) 994-5797


/s/
MARGARET A. KOHN
(D.C. Bar No. 174227)
Attorney at Law
1320 19th Street, N.W., Suite 200
Washington, DC 20036
(202) 667-2330

*Counsel for Plaintiffs*

June 11, 2010

## INDEX TO PLAINTIFFS' ADDITIONAL EXHIBITS

| Exhibit | Description |
| --- | --- |
| Pl. Ex. J | Affidavit of Leonard A. Cupingood, Ph.D., dated June 11, 2010 |
| Pl. Ex. K | *Curriculum Vitae* of Leonard A. Cupingood, Ph.D. |
| Pl. Ex. L | Transcript of Deposition of Leonard Cupingood, dated Jan. 20, 2010 (additional excerpt) |