**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **DL**, *et al.*, | ) |
| | ) |
|        **Plaintiffs**, | ) |
| | ) |
|     **v.** | )        **Civil Action No. 05-1437 (RCL)** |
| | ) |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) |
| | ) |
|        **Defendants**. | ) |

_____ )

## MEMORANDUM AND ORDER

Before the Court is plaintiffs' Motion [255] for Leave to Re-Open the Record and to Admit Additional Exhibits.  Having carefully considered the motion, defendants' objections, plaintiffs' reply, the entire record in this case, and the applicable law, the Court will grant in part and deny in part plaintiffs' Motion for Leave to Re-Open the Record.  Specifically, the Court will admit exhibits nos. 227–238 and 240 into evidence.  Defendants' objections to plaintiffs' exhibits nos. 239 and 241 are sustained and that evidence will be excluded.

## I.    BACKGROUND

As is fully explained in a prior opinion of this Court, *DL v. District of Columbia*, 274 F.R.D. 320, 321–23 (D.D.C. 2011), during (and after) discovery, defendants had quite a bit of trouble responding to plaintiffs' discovery requests in a timely manner, and were producing thousands of responsive e-mails both immediately prior to the April 6–7, 2011 trial and following the trial itself.  The production of documents post-trial was a new one for this Court, and needless to say it put plaintiffs and the Court in a terrifically awkward position when it came time to determine the merits of the case at the April 2011 trial.  On the first day of trial, the Court granted plaintiffs' oral motion to compel defendants to produce at last the remaining responsive documents within a week following the trial.  *DL*, 274 F.R.D. at 322.  To expedite production of

these documents, the Court also held that the District had waived all privileges and objections with respect to the yet-to-be-produced e-mails. *Id.*; *see also* Order [232] 1, Apr. 7, 2011. After ordering defendants to produce responsive e-mails to plaintiffs' counsel on or before April 14, 2011, the Court invited plaintiffs to move to re-open the record to admit these e-mails. Order [232] 1.

Plaintiffs have accordingly moved to re-open the record and admit exhibits numbers 227–241. Pls.' Mot. Leave [255] 2–5, Jun. 3, 2011. On June 6, 2011, defendants filed their Objections [257] to Plaintiffs' Exhibits Submitted After Trial, challenging the admissibility of most of these e-mails. Defs.' Objections [257] 1–2, Jun. 6, 2011. Plaintiffs relied upon nearly all of the e-mails attached to their Motion [255] for Leave in their Proposed Post-Trial Findings of Fact and Conclusions of Law [256], Jun. 3, 2011, which was filed the same day. However, defendants, after plaintiffs filed their Motion [255] for Leave, never sought leave themselves to challenge plaintiffs' new evidence with contrary evidence. On the assumption that this failure to seek leave on the part of defendants was a mere oversight, and in the interests of justice, the Court will give defendants an opportunity to seek leave to re-open the record and to admit any contrary evidence they may have in their possession.

## II.   PLAINTIFFS' PROPOSED EXHIBITS NOS. 227–241

### A.  Exhibit 227

Defendants did not object to plaintiffs' exhibit 227 and it shall be admitted into evidence.

### B.  Exhibit 228

Defendants object to the admission of plaintiffs' exhibit 228 on the basis of relevance, vagueness, and hearsay. Defs.' Objections [257] 1. Defendants' objection is overruled. As an initial matter, this e-mail was produced post-trial yet was in defendants' possession for nearly a year. Therefore, per the Court's April 2011 Order [232], all objections are deemed waived.

However, this exhibit would be admissible in any case.  The statements contained in this e-mail chain are relevant to the issue of whether plaintiffs are entitled to injunctive relief because they indicate that the District's Child Find policies and procedures were related to this litigation. Defendants' vagueness challenge is overruled because it goes to the weight of the evidence, not its admissibility.  As to hearsay, the email chain and the included statements are admissible hearsay under the exception for "records of regularly conducted activity" of Rule 803(6) of the Federal Rules of Evidence.

## C. Exhibit 229

Defendants object to the admission of plaintiffs' exhibit 229 on the basis of hearsay, speculation, personal knowledge, and relevance.  *Id.*  Defendants' objection is overruled.  As with the preceding exhibit, this e-mail was produced post-trial yet was in defendants' possession for nearly a year.  Per the Court's Order [232], all objections are deemed waived.  Even without the effect of that Order, however, the exhibit is admissible.  As to hearsay, the e-mail chain and statements therein are admissible hearsay under the exception for "records of regularly conducted activity" of Rule 803(6) of the Federal Rules of Evidence.  As to speculation, that objection is overruled as it goes to the weight of the evidence, not its admissibility.  As to defendants' "personal knowledge" objection, defendants do not explain how the statements in the e-mail are outside the personal knowledge of any declarant, and in any case such an objection goes to the weight of the evidence, not its admissibility.  Finally, as to relevance, the e-mail and the statements therein are relevant to the District's performance regarding the issue of collecting and reporting data relating to its Child Find policies and practices.

## D. Exhibit 230

Defendants' object to the admission of plaintiffs' exhibit 230 on the basis of relevance. *Id.*  Defendants' objection is overruled.  This e-mail chain was, again, produced post-trial but

was in the possession of defendants for well over a year, so all objections are deemed waived. However, the Court would admit the evidence anyway over defendants' objection because it is relevant to show that defendants, in 2010, had not developed clear policies and procedures for collecting and reporting reliable data, despite recent reforms.

### E.  Exhibit 231

Defendants object to the admission of plaintiffs' exhibit 231 on the basis of hearsay and completeness.  *Id.*  Defendants' objection is overruled.  This e-mail was produced post-trial but was in the possession of defendants for well over a year, so all objections are deemed waived. Nevertheless, the Court would have overruled defendants' objections.  The e-mail is admissible hearsay under the exception for "records of regularly conducted activity" of Rule 803(6) of the Federal Rules of Evidence.  As to "completeness," this is not a proper basis for excluding the evidence, as it goes to the evidence's weight, not its admissibility.  Defendants also provide no basis for concluding that the e-mail or statements therein are incomplete.

### F.  Exhibit 232

Defendants object to the admission of plaintiffs' exhibit 232 on the basis of relevance and hearsay.  *Id.*  Defendants' objection is overruled.  This e-mail chain was, again, produced post-trial but was in the possession of defendants for well over a year, so all objections and privileges are deemed waived.  In any case, the statements contained in this e-mail are relevant to the issue of the opinion of defendants' expert regarding the District of Columbia's past and present special education policies and practices.  These statements also show that defendants themselves believed that their own expert's opinion would be damaging to their case and would show that defendants had violated their Child Find-related obligations under federal and local law.  The email and the included statements are also admissible hearsay under the exception for "records of regularly conducted activity" of Rule 803(6) of the Federal Rules of Evidence.

**G. Exhibit 233**

Defendants object to the admission of plaintiffs' exhibit 233 on the basis of personal knowledge, relevance, and speculation.  *Id.*  Defendants' objection is overruled.  Whether the statements contained in this e-mail were made upon personal knowledge goes to the weight of the evidence, not its admissibility, and in any case defendants provide no argument indicating that the statement is outside of Jerri Johnston-Stewart's (OSSE's Early Intervention Program Manager at the time) personal knowledge.  As to relevance, the statements in the e-mail are relevant to the issue of whether the reforms to the Early Stages Center and its policies and practices were adequate, and how Part C families were affected in transitioning out of early intervention services.  Finally, defendants' objection on the basis of speculation is overruled as it goes to the weight, and not the admissibility, of the evidence.

**H. Exhibit 234**

Defendants object to the admission of plaintiffs' exhibit 234 on the basis of relevance. *Id.* Defendants' objection is overruled.  The statements contained in this exhibit are relevant to the issue of whether injunctive relief should issue because they suggest that reforms of the District's Child Find policies and procedures have occurred because of this lawsuit.

**I. Exhibit 235**

Defendants object to the admission of plaintiffs' exhibit 235 on the basis of relevance, hearsay, and personal knowledge.  *Id.* at 2.  Defendants' objection is overruled.  As to relevance, the statements in the e-mail are relevant to the issue of how defendants' policies and  procedures were performing in November 2009.  As to defendants' hearsay objection, the email and the included statements are admissible hearsay under the exception for "records of regularly conducted activity" of Rule 803(6) of the Federal Rules of Evidence.  Finally, defendants' personal knowledge objection is overruled, as that objection goes to the weight of the evidence

and not its admissibility, and defendants provide no arguments suggesting that the statements of Amy Maisterra, Chief of Staff of OSSE at the time, were made on the basis of information outside of her personal knowledge.

### J.  Exhibit 236

Defendants object to the admission of plaintiffs' exhibit 236 on the basis of relevance, lack of foundation, and vagueness.  *Id.*  Defendants' objection is overruled.  The statements in this document are relevant to show that defendants were aware of their failure to collect and report reliable data of their Child Find-related policies to the U.S. Department of Education.  As to defendants' foundation objection, the Court finds that sufficient foundation has been laid for this evidence to be admitted.  Finally, defendants' vagueness objection is overruled because that objection goes to the weight of the evidence, not its admissibility.

### K.  Exhibit 237

Defendants did not object to plaintiffs' exhibit 237 and it shall be admitted into evidence.

### L.  Exhibit 238

Defendants did not object to plaintiffs' exhibit 238 and it shall be admitted into evidence.

### M. Exhibit 239

Defendants object to the admission of plaintiffs' exhibit 239 on the basis of hearsay. Defendants' objection is sustained and the Court shall exclude this evidence.  The exhibit, a *Washington Post* newspaper article, is hearsay, and no exception to the hearsay rule permits its admission into evidence, as plaintiffs appear to acknowledge.  Pls.' Reply [262] 11.

### N.  Exhibit 240

Defendants object to the admission of plaintiffs' exhibit 240 on the basis of relevance, hearsay, vagueness, and lack of foundation.  Defs.' Objections [257] 2.  Defendants' objection is overruled.  The e-mail is relevant to the issue of whether turnover at the District of Columbia

Public Schools could have an adverse impact on defendants' future ability to live up to their statutory obligations.  As to defendants' hearsay objection, the email and the included statements are admissible hearsay under the exception for "records of regularly conducted activity" of Rule 803(6) of the Federal Rules of Evidence.  Defendants' vagueness objection is overruled as that objection goes to the weight of the evidence, not its admissibility.  Finally, the Court finds that sufficient foundation has been laid for the admission of this evidence.

### O.  Exhibit 241

Defendants object to the admission of plaintiffs' exhibit 241 on hearsay grounds and because the affiant was not on the witness list.  *Id.*  Defendants' objection will be sustained as the affidavit is hearsay that is not covered by any exception in the Federal Rules of Evidence.

## III.   CONCLUSION

Accordingly, it is hereby

ORDERED that plaintiffs' Motion [255] for Leave to Re-Open the Record and to Admit Additional Exhibits is GRANTED IN PART AND DENIED IN PART.  Specifically, plaintiffs' motion is granted as to exhibits 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, and 240, but denied as to exibits 239 and 241.  And it is further

ORDERED that defendants may, within ten (10) days of this Memorandum and Order, file a motion for leave to re-open the record to admit contrary evidence.  Any evidence that defendants offer at this stage must be limited to evidence that specifically challenges the factual and other statements contained within the exhibits of plaintiffs that have been admitted into evidence above.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on October 25, 2011.