UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **D.L.**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-1437 (RCL) |
| v. ) | |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, by and through counsel, hereby move to dismiss this case pursuant to FED. R. CIV. P. 12(b)(1) and/or (c). As explained in greater detail in the Memorandum of Points and Authorities accompanying this Motion, dismissal of this case is warranted for the following reasons:

1. The named Plaintiffs' individual claims are moot;

2. At the ages of ten-to-fifteen, the named Plaintiffs lack standing to seek prospective injunctive relief for District of Columbia three-to-five year olds with disabilities; and

3. At least two named Plaintiffs failed to exhaust their administrative remedies.

An appropriate proposed order for the Court's signature is also attached hereto. Because this is a dispositive motion, the District has not sought Plaintiffs' consent to the relief requested. *See* L. Civ. R. 7(m).

Dated:  June 10, 2013          Respectfully submitted,

                               IRVIN B. NATHAN
                               Attorney General for the District of Columbia

                               ELLEN EFROS
                               Deputy Attorney General
                               Public Interest Division

1

/s/ Grace Graham
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section

/s/ Chad Copeland
CHAD COPELAND, D.C. Bar No. 982119
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001
Telephone: (202) 724-6623
Facsimile: (202) 741-8880
Email: chad.copeland@dc.gov

/s/ Matthew R. Blecher
MATTHEW R. BLECHER, D.C. Bar No. 1012957
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001
Telephone: (202) 442-9774
Facsimile: (202) 730-0586
Email: matthew.blecher@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-1437 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully request that this Court dismiss the claims of the named Plaintiffs.[1]  It is Plaintiffs' burden to establish subject matter jurisdiction at all stages of the litigation.  *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).  At this stage, following decertification of the class by the D.C. Circuit, *D.L. v. District of Columbia*, 713 F.3d 120 (D.C. Cir. 2013), Plaintiffs can no longer carry their burden.  First, Plaintiffs' individual claims are moot, as none is currently entitled to compensatory education or reimbursement.  Second, at their current ages, Plaintiffs lack standing to pursue entitlement to a forward-looking injunction regarding the District's preschool Part B program.  Finally, to the extent any of their claims survive, at least two of the named Plaintiffs have failed to exhaust their administrative remedies.

The Court is required to address these issues before proceeding to any merits-related adjudication in this case.  *See Deegan v. Strategic Azimuth LLC*, 768 F. Supp. 2d 107, 115 (D.D.C. 2011) (Lamberth, J.) (citing Fed. R. Civ. P. 12(h)(3), for the proposition that "the Court would be obligated to determine *sua sponte* that it had subject-matter jurisdiction over the case

---

[1] The named Plaintiffs are the seven children.  (Amd. Complaint at ¶¶ 5-76.)  The adults are the parents and/or guardians of the children who are "next friends" for purposes of filing suit.  *See* FED. R. CIV. P. 17(c).

before proceeding to any adjudication of the merits"). Indeed, in the absence of subject matter jurisdiction, the Court's consideration of any other issues would "constitute[ ] little more than an impermissible advisory opinion." *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004); *accord Glenayre Elecs. v. Polansky Elecs.*, 1994 U.S. Dist. LEXIS 8631 at * 1 (D.D.C. 1994) (Lamberth, J.) ("The court cannot issue an advisory opinion, so the court must dismiss the case for lack of subject matter jurisdiction . . . [and deny] the other pending motions based upon the finding that it lack jurisdiction").

## ARGUMENT

### I. The claims of the named Plaintiffs are moot.

Federal Rule of Civil Procedure 12(b)(1) imposes on the Court "an affirmative obligation to insure that it is acting within the scope of its jurisdictional authority." *Bender v. Jordan*, 515 F. Supp. 2d 10, 16 (D.D.C. 2007) (quoting *Jones v. Ashcroft,* 321 F. Supp. 2d 1, 5 (D.D.C. 2004)). The Constitution permits federal courts to decide only "actual, ongoing controversies." *Id.* (quoting *Honig* v. *Doe,* 484 U.S. 305, 317 (1988)). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (footnote omitted).

"Even where the litigation posed a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Id.* (quoting *Clarke v. United States,* 915 F.2d 699, 701 (D.C. Cir. 1990)) (internal quotation marks and citations omitted). "[T]he plaintiff bears the burden of

establishing that the court has subject-matter jurisdiction." *Larsen v. U.S. Navy,* 486 F.Supp.2d 11, 18 (D.D.C.2007).  Here, the claims of all six named Plaintiffs are moot.

      A.    **No Plaintiff has a live claim for compensatory education or reimbursement under the IDEA.**

Plaintiffs' claims must be dismissed because none have a live claim under the IDEA.  At the time the Amended Complaint was filed, all Plaintiffs appeared to have live claims for compensatory education and/or for reimbursement.[2]  Those claims have since been extinguished or abandoned.  As detailed in the declaration of Anitra Allen-King, no Plaintiff has a current claim for compensatory education or reimbursement.  (Decl. of Anitra Allen-King, attached as Exhibit 1.)[3]  Compensatory education was provided to D.L. in 2008 and 2009, to X.Y. through 2008, to T.F. in 2009, and to J.B. in 2008.  (*Id.* at ¶ 4.)  No other Plaintiff is or was owed compensatory education.  H.W.'s parents, who were entitled to reimbursement of educational expenses, received what was owed them in 2007.  (*Id.* at ¶ 4(c).)   No other Plaintiff is or was owed reimbursement of educational expenses pursuant to the IDEA.

For these children, "events have so transpired that [any merits] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."  *Bender*, 515 F. Supp. 2d at 16.  Each of the named Plaintiffs—save one—availed himself or herself of the District's IDEA administrative process, 20 U.S.C. § 1415, and each one

---

[2] Compensatory education is a form of relief under the IDEA that is intended to make whole a child who has been previously deprived of an FAPE. *See Ferren v. Sch. Dist. of Phila.,* 612 F.3d 712, 717–18 (3d Cir.2010) ("compensatory education serves to replace educational services the child should have received in the first place and [ ] such awards should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA" (internal citations omitted)).  "[W]hen a public school fails to provide a [free appropriate public education] and a child's parents place the child in an appropriate private school without the school district's consent, a court may require the district to reimburse the parents for the cost of the private education." *Forest Grove Sch. Dist. v. T.A.,* 557 U.S. 230, 232 (2009).

[3] As the Court must be assured that it is acting within the scope of its jurisdictional authority, it must give a plaintiff's factual allegations closer scrutiny when resolving a motion under 12(b)(1) than would be required for a Rule 12(b)(6) motion for failure to state a claim, *see Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003), and may "consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

has received the compensatory education and/or reimbursement to which he or she was entitled. The lone exception is T.L., who has no record of asserting entitlement to compensatory or education or reimbursement from Defendants. (Decl. of Anitra Allen-King at ¶ 4(e).)

Accordingly, no named Plaintiff currently has a live case or controversy against the District stemming from the purported denial of a FAPE during the ages of three to five. All Plaintiffs who have sought compensatory education or reimbursement have long since received what was owed. Because the named Plaintiffs possess no entitlement to relief for an IDEA injury occurring between the ages of three and five, their claims must be dismissed pursuant to Rule 12(b)(1).

### B. The "Capable of Repetition, Yet Evading Review" Exception Does Not Apply.

Defendants acknowledge the existence of a mootness exception in circumstances where an action is "capable of repetition, yet evading review." *Jenkins v. Squillacote*, 935 F.2d 303, 308 (D.C. Cir. 1991). Specifically in the IDEA context, that exception applies where: "'(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* at 307 (quoting *Murphy v. Hunt,* 455 U.S. 478, 482, (1982)). Because Plaintiffs cannot satisfy the second prong of the exception, it is unavailable to them here.[4]

For purposes of the analysis, Plaintiffs are the complaining party. The named Plaintiffs are currently between the ages of ten and fifteen years old. None will ever again be between the

---

[4] Defendants seriously doubt whether Plaintiffs could also satisfy the first prong of the test. Plaintiffs' focus in this litigation has always been about systemic problems. (*e.g.*, Plaintiffs' Reply Brief in Support of Class Re-Certification, Dkt. No. 285 at 24-25 (expressing class counsel's willingness to dismiss their clients' individual claims for the sake of obtaining injunctive and declaratory relief).) The comprehensive systemic problems alleged by Plaintiffs – rather than the individual decisions in *Jenkins* and *District of Columbia v. Doe*, 611 F.3d 888 (D.C. Cir. 2010) – are not "too short [in duration] to be fully litigated prior to" their correction. *Jenkins*, 935 F.2d at 307.

ages of three and five. Consequently, none will ever be subject to the IDEA's Child Find obligations for that age range. Plaintiffs cannot credibly contend that a "reasonable expectation" exists that they "will be subject to" the District's Child Find obligations for three to five year olds. *Jenkins*, 935 at 307. The exception is not available to Plaintiffs. Their IDEA claims are moot, and they must be dismissed.

## II. Plaintiffs lack standing to seek prospective injunctive relief regarding the District's Part B program.

The named Plaintiffs do not have standing to pursue injunctive relief regarding the District's preschool Part B program under *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Article III standing is an indispensable prerequisite to the exercise of federal subject-matter jurisdiction. *See Doe v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996) (per curiam). Thus, a lack of standing may be raised at any time, and a finding that standing—and therefore subject-matter jurisdiction—is lacking at any stage of a case mandates dismissal. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)); *Alliance for Democracy v. FEC*, 335 F. Supp. 2d 39, 48 (D.D.C. 2004) ("*Whenever* it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added) (internal quotation marks omitted)); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) ("It is incumbent on federal courts trial and appellate to constantly examine the basis of jurisdiction."). Importantly, standing to seek injunctive relief must be analyzed separately from standing to seek retrospective relief—compensatory education and reimbursement in this instance. *See Lyons*, 461 U.S. at 111-12. And according to the law of this Circuit, the *Lyons* standard applies equally to injunctive and declaratory relief. *See Haase v. Sessions*, 835 F.2d 902, 911 (D.C. Cir. 1987) ("[a]lthough *Lyons* and its predecessors involved

5

injunctive relief, whereas [the plaintiff] seeks declaratory relief, we do not distinguish *Lyons* on this basis").

In order to establish standing, Plaintiffs bear the burden of demonstrating the "irreducible constitutional minimum" requirement of (1) personal injury-in-fact, (2) causation, and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs' problem here is the injury-in-fact component of that standard. As the Supreme Court explained in *Lyons*, a plaintiff does not have the requisite injury-in-fact to establish standing to seek injunctive relief unless he shows a "real or immediate threat that [he] will be wronged again." 461 U.S. at 111; *see also Chang v. United States*, 783 F. Supp. 2d 83, 85-86 (D.D.C. 2010). The named Plaintiffs have no real or immediate threat of harm from the District's preschool Part B program. They have all aged out of the three-to-five year old age range by many years, and they will never be subject to the preschool program again in their lives.[5]

In 2011, this Court denied a motion to decertify on this same ground relying on the decision of the Supreme Court in *Sosna v. Iowa*, 419 U.S. 393 (1975). (Dkt. No. 297 at 8-9.) The longstanding existence of a certified class was dispositive for this Court's analysis in 2011, as it found that "once a class is certified, it acquires 'a legal status separate from the interest asserted by [the named plaintiff].'" (Dkt. No. 297 at 8 (citing *Sonsa*, 419 U.S. at 399).) Now, however, based on the decision of the Circuit, no class exists. *D.L.*, 713 F.2d at 126-28

---

[5] Based on the allegations of the Amended Complaint, the current ages of the named Plaintiffs are as follows:
- D.L. was five years old in 2006, so he is currently twelve. (Amd. Complaint at ¶ 5.)
- X.Y. was born in 2002, so he currently is eleven. (Amd. Complaint at ¶ 19.)
- H.W. was six years old in 2006, so she is currently thirteen years old. (Amd. Complaint at ¶ 27.)
- T.L. was three years old in 2006, so he is currently ten years old. (Amd. Complaint at ¶ 31.)
- J.B. was born in 1999, so he is currently fourteen years old. (Amd. Complaint at ¶ 39.)
- F.D. was born in 2001, so he is currently twelve years old. (Amd. Complaint at ¶ 54.)
- T.F. was born in 1998, so he is currently fifteen years old. (Amd. Complaint at ¶ 65.)

(decertifying Plaintiff class).  Accordingly, the *Sosna* exception is no longer available to salvage the named Plaintiffs' standing to seek injunctive relief.

"*Lyons* and its progeny clearly hold that, regardless of the existence on an unlawful policy, a plaintiff must show that *he* is sufficiently likely to be *personally* subjected to the challenged conduct again in order to have standing." *Id.* at 90 (emphases added).  In other words, "[t]he existence of a policy, by itself . . . cannot substitute for a showing that a plaintiff faces a real threat that the policy will again be applied *to him*." *Chang*, 783 F. Supp. 2d at 85-86 (emphasis in original).  Plaintiffs have not—and cannot—make a showing that they will be subjected to the District's preschool Part B program in the future.  It is impossible to demonstrate that ten to fifteen year old children will be subjected to the District's procedures for three to five year olds.  As such, they lack standing to seek forward-looking injunctive relief on behalf of preschool special needs children in the District.  Pursuant to Rule 12(b)(1), all entitlement to injunctive relief must be dismissed.

### III.   To the extent any of their claims survive, two Plaintiffs have failed to exhaust their administrative remedies.

"It is well-settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court …" *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004).  This Court previously found that three of the named Plaintiffs—H.W., T.L., and J.B.—failed to exhaust their administrative remedies.  (Dkt. No. 53 at 3-7.)  Since that time, one of those three, J.B., engaged in the District's Student Hearings Office administrative process and resolved his claims for compensatory education with a settlement agreement that acknowledged that no compensatory education was owed.  (Decl. of Anitra Allen-King at ¶ 4(g).)   Currently, then, only H.W. and T.L. have failed to exhaust their administrative remedies.

In 2006, this Court rejected a Motion to Dismiss on exhaustion grounds. (Dkt. No. 53.) In its opinion, the Court found that, based on a challenge to unnamed "policies and procedures" regarding Child Find Obligations and based on Defendants' failure to take corrective action for "systemic failures to comply with Child Find requirements," the exhaustion requirement would be futile. (*Id.* at 9-12.) Neither of those bases now precludes dismissal of H.W. or T.L.'s claims.

This case is no longer about a class challenge to undefined systemic deficiencies. *See D.L.*, 713 F.3d at 127-28 ("the harms alleged to have been suffered by the plaintiffs here involve different policies and practices at different stages of the District's Child Find and FAPE process … [and there is an] absence of a uniform policy or practice that affects all class members"); Section II, *supra* (explaining how the named Plaintiffs lack standing to pursue injunctive relief regarding the District's preschool Part B program). As such, the Amended Complaint's broad challenge to "policies and procedures" does not obviate compliance with the IDEA's exhaustion requirement. *See also Jamie S. v. Milwaukee Bd. of Sch. Dirs.*, 2012 U.S. Dist. LEXIS 117672, *11 (E.D. Wisc. August 20, 2012) (dismissing former IDEA Child Find class action decertified by Seventh Circuit on exhaustion grounds).

Further, evidence of a failure to take corrective action regarding Defendants' "systemic failures to comply with Child Find requirements" no longer exists. (Dkt. No. 53 at 11.) As outlined in its December 2013 Report to the Court, the District's Child Find eligibility exceeded 8.75%. (Dkt. No. 356-1 at 1.) Defendants further represent to the Court that the percentage has grown to 9% as of the filing of this Motion. Moreover, the Court has been informed of the numerous corrective actions taken by Defendants to establish a robust, effective Child Find system. (Dkt. Nos. 333-1; 356-1.) Consequently, any previous systemic failures cannot excuse exhaustion by H.W. and T.L. here. Their claims should be dismissed pursuant to Rule 12(c).

**CONCLUSION**

In its current posture, the Court lacks subject matter jurisdiction over Plaintiffs' Amended Complaint. First, the individual claims of each named Plaintiff are moot. Second, the named Plaintiffs are too old to have standing to seek forward-looking injunctive relief on behalf of District of Columbia preschool children. Finally, to the extent any of their claims otherwise survive this motion, two of the named Plaintiffs have failed to exhaust their administrative remedies. For these reasons, Defendants respectfully request the Court dismiss the Plaintiffs' claims and to dismiss this case.

Dated: June 10, 2013                    Respectfully submitted,

                                        IRVIN B. NATHAN
                                        Attorney General for the District of Columbia

                                        ELLEN EFROS
                                        Deputy Attorney General
                                        Public Interest Division

                                         /s/ Grace Graham
                                        GRACE GRAHAM, D.C. Bar No. 472878
                                        Chief, Equity Section

                                        /s/ Chad Copeland
                                        CHAD COPELAND, D.C. Bar No. 982119
                                        Assistant Attorney General
                                        441 Fourth Street, N.W., Suite 600 South
                                        Washington, DC 20001
                                        Telephone: (202) 724-6623
                                        Facsimile: (202) 741-8880
                                        Email: chad.copeland@dc.gov

                                        /s/ Matthew R. Blecher
                                        MATTHEW R. BLECHER, D.C. Bar No. 1012957
                                        Assistant Attorney General
                                        441 Fourth Street, N.W., Suite 600 South
                                        Washington, DC 20001
                                        Telephone: (202) 442-9774
                                        Facsimile: (202) 730-0586
                                        Email: matthew.blecher@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **D.L.**, *et al.*,  ) | |
|  ) | |
|     **Plaintiffs,**  ) | |
|  ) | **Civil Action No. 05-1437 (RCL)** |
| **v.**  ) | |
|  ) | |
| **DISTRICT OF COLUMBIA**, *et al.*,  ) | |
|  ) | |
|     **Defendants.**  ) | |
| _____  ) | |

## ORDER

Upon consideration of Defendants' Motion to Dismiss, Plaintiffs' Opposition, and the entire record herein, the Court hereby GRANTS Defendants' motion. The claims of the individual Plaintiffs are hereby dismissed. Further, the case is dismissed.

_____            _____
Date                                                              Hon. Royce C. Lamberth
                                                                           United States District Court

Copies to:

All Counsel of Record