UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, on behalf of themselves and others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil No. 05-1437 (RCL) |
| THE DISTRICT OF COLUMBIA, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

During a status conference on December 18, 2013, and after consideration of the District's Motion to Stay Discovery [394], the plaintiffs' Opposition [396] thereto, and the District's Reply [397], the Court denied the District's motion and ordered that discovery proceed according the schedule outlined in the parties' Joint Status Report [395]. This opinion will set forth the Court's rationale for its Order [400] denying the District's motion.

### I. BACKGROUND

Prior opinions of this Court have detailed the complex factual and procedural background of this litigation at length. *See, e.g.*, *DL v. District of Columbia*, 845 F.Supp.2d 1 (D.D.C 2011); *DL v. District of Columbia*, 237 F.R.D. 319, 324 (D.D.C. 2006). For present purposes, the Court will recount only those facts relevant to this opinion.

Plaintiffs—residents of the District of Columbia and former preschool-age children with various disabilities—filed suit in 2005, alleging that the District failed to provide them a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA"). In August 2006, this Court certified a broad plaintiff class pursuant to Federal

1

Rule of Civil Procedure 23(b)(2), consisting of children harmed by the District's failure to comply with various provisions of the IDEA. *DL v. District of Columbia*, 237 F.R.D. 319, 324 (D.D.C. 2006).

In 2011, the Supreme Court decided *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), which clarified the proper interpretation of the commonality requirement for class certification under Rule 23(a)(2). Shortly thereafter, the U.S. Court of Appeals for the District of Columbia Circuit applied *Wal-Mart* to reverse this Court's certification of the plaintiff class, holding that the class lacked commonality because the "harms alleged to have been suffered by the plaintiffs here involve different policies and practices at different states of the District's Child Find and FAPE process" and were linked together only by violation of the same provision of law, the IDEA. *DL v. District of Columbia*, 713 F.3d 120, 127 (D.C. Cir. 2013).

On remand, this Court certified four subclasses, each consisting of children harmed by the failure of the District to comply with a specific provision of the IDEA. Memorandum Opinion, November 8, 2013, ECF No. 394. The District, pursuant to Rule 23(f), immediately appealed the subclass certification, and moved this Court to stay discovery pending the resolution of that appeal. For the reasons detailed below, this Court denied the District's motion.

II. ANALYSIS

Federal Rule of Civil Procedure 23(f), which permits interlocutory appeals of class certification orders, provides that "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Because the Rule was "drafted to avoid delay," *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999), a stay of proceedings following a Rule 23(f) petition is not automatic and requires a "demonstration that the probability of error in the class certification decision is high enough that the costs of pressing

ahead in the district court exceed the costs of waiting," *id*. *See also, e.g.*, *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273, n. 8 (11th Cir. 2000) ("Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order").

Aside from noting that in many cases discovery will continue while a Rule 23(f) petition is pending, *In re Lorazepam & Clorazepate Antitrust Litigation*, 289 F.3d 98, 105 (D.C. Cir. 2002), the D.C. Circuit has not yet articulated the standard for determining whether a stay of discovery is warranted. However, the district courts of this jurisdiction have applied the standard set forth by then-Chief Judge Hogan in *In re Lorazepam & Clorazepate Antitrust Litigation*, 208 F.R.D. 1, 3 (D.D.C. 2002). Under the *Lorazepam* standard, courts should consider whether:

> (1) there is a substantial likelihood that the movant will succeed on the merits of the claims/appeal;
> (2) the movant will suffer irreparable injury if an injunction/stay does not issue;
> (3) others will suffer harm if an injunction/stay is granted; and
> (4) the public interest will be furthered by an injunction/stay.

*Id*. at 3. Applying these factors to the present case, this Court finds that a stay of discovery is not warranted.

As to whether there is a substantial likelihood of success on the merits of the District's 23(f) petition, the Court, having authored the subclass certification opinion after several weeks of consideration and review of *Wal-Mart* and the Circuit's opinion, obviously believes both in the soundness of its decision and that it will be affirmed by the Circuit. But experience counsels that divining how the Circuit will rule in any particular case can be injudicious—and even the District admits that the outcome is "difficult to predict." Def.'s Mot. for Stay of Disc., ECF No. 394, at 2 [hereinafter Def.'s Mot.]. As such, the Court finds that the District's chance of success

on the merits is not so certain as to outweigh the other factors relevant under the *Lorazepam* standard.

With regard to the second prong, the District argues that the effort required to proceed with discovery constitutes irreparable injury. Importantly, however, "litigation expenses alone do not necessarily qualify as irreparable harm," *In re Lorazepam*, 208 F.R.D. at 6. And while the District argues that discovery at this stage of the litigation will mirror the 2,500 hours of time and considerable effort previously expended on discovery in this case, Def.'s Mot. at 4, that argument appears exaggerated for at least two reasons. First, prior discovery focused on decades of the District's IDEA compliance—or the lack thereof—while the current discovery will only cover the District's performance since April 2011. Second, because of the reforms instituted as a result of this litigation, the District maintains an extensive database of statistics regarding its IDEA compliance, known as the Special Education Data System ("SEDS"). The District has averred to this Court that SEDS is "the single system of record for tracking each child's referral and progress through the special education process. This includes all information about assessment, eligibility determination, required supports and services and site of services." Def.'s June 1, 2012 Report on Programmatic Requirements, ECF No. 333-1, at 7-8. Given the District's statements regarding the comprehensive and successful nature of this system, *id*. at 8, producing information regarding its IDEA compliance from this database should not amount to the "massive" effort predicted by the District in its motion, Def.'s Mot. at 5.

Regarding the third and fourth prongs, both the plaintiffs and the public have a strong interest in the prompt and proper resolution of this litigation, which has now been pending for more than eight years. Further, the harm that could befall the plaintiffs and the public as a result of noncompliance with the IDEA far outweighs the comparatively meager cost to the District of

4

producing discovery regarding its post-2011 IDEA compliance. In sum, the Court finds that the District has failed to demonstrate "that the probability of error in the class certification decision is high enough that the costs of pressing ahead in [this Court] exceed the costs of waiting," *Blair*, 181 F.3d at 835.

    Signed by Royce C. Lamberth, United States District Judge, on January 3, 2014.