UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L., *et al.*,  )  <br>  ) <br> Plaintiffs,  ) <br>  ) Civil Action No. 05-1437 (RCL) <br> v.  ) <br>  ) <br> DISTRICT OF COLUMBIA, *et al.*,  ) <br>  ) <br> Defendants.  ) <br>  ) | |

### DEFENDANTS' MOTION TO DISMISS THE "SECOND CLAIM" OF THE SECOND AMENDED COMPLAINT [DKT. NO. 398]

Defendants respectfully move for dismissal of the "second claim" of the Second Amended Complaint [Dkt. No. 398], for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants ask the Court to find the Rehabilitation Act claim for the period preceding March 22, 2010 moot because it is "impossible for the court to grant 'any effectual relief whatever to [the] prevailing party." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). The Court resolved liability in Defendants' favor for March 22, 2010 to the present, Memo. Op. [Dkt. No. 444]; Or. [Dkt. No. 445], and a declaratory judgment based on the earlier period would have no operative effect on the parties' rights or relations. The Court should have no reasonable expectation that the "bad faith or gross misjudgment" alleged will recur, and thus, the "voluntary cessation" exception to the mootness doctrine should not apply. *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 189 (2000) (exception applied to defendant company that maintained other facilities because the Clean

Water Act's fines deterred future violations). As detailed in the following Memorandum, the issue is moot, and the threat of a future violation is not ripe. A proposed order accompanies this filing.

DATE: February 5, 2016

Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Chad Copeland
CHAD COPELAND, D.C. Bar No. 982119
Chief, Civil Litigation Division Section II
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 724-6623
Fax:  (202) 741-8880
Email: chad.copeland@dc.gov

/s/ Matthew R. Blecher
MATTHEW R. BLECHER, D.C. Bar No. 1012957
Assistant Attorney General
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 442-9774
Fax:  (202) 730-0586
Email: matthew.blecher@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-1437 (RCL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE "SECOND CLAIM" OF THE
SECOND AMENDED COMPLAINT [DKT. NO. 398]

The remaining Rehabilitation Act claims are moot, and "there is no reasonable expectation that the alleged violation will recur." *Conyers v. Reagan*, 765 F.2d 1124, 1128 (D.C. Cir. 1985). As Defendants asserted at trial, the District of Columbia will continue to provide its preschool population with an IDEA-compliant special education program, and indeed more. The District's performance has been climbing for almost six years since this Court determined it was not violating the Rehabilitation Act. A declaration that the District violated the Rehabilitation Act before 2010 would have no operative effect on the any "relations at issue," *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991), nor would it "afford relief from the uncertainty, insecurity, and controversy" that Plaintiffs' claim once presented, *id.* at 563 (finding that a declaration barring defendants from suing plaintiffs was proper in the absence of a settlement or other enforceable

agreement). The Rehabilitation Act claim should be dismissed with prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

The Court's 2015 Memorandum Opinion refused to apply general findings of "bad faith or gross misjudgment" to Plaintiffs' subclasses for the Rehabilitation Act claims prior to March 22, 2010. [Dkt. No. 444] at 14-15. Subsequently, Plaintiffs were to select specific allegations of Rehabilitation Act violations and relate those to each subclass. The Court granted Defendants summary judgment on all Rehabilitation Act claims for the period after March 22, 2010. It found Plaintiffs' "general allegations about broad violations of the law . . . unavailing," and the "specific allegations raised by plaintiffs could not support a finding of the violation . . . either." *Id.* at 41.

## LEGAL STANDARDS

Article III, Section 2 of the Constitution permits federal courts to adjudicate only actual, ongoing controversies. *United Brotherhood of Carpenters and Joiners of America, AFL-CIO v. Operative Plasterers' & Cement Masons' International Association of the United States & Canada, AFL-CIO*, 721 F.2d 678, 687 (D.C. Cir. 2013). "It is not enough that the initial requirements of standing and ripeness have been satisfied; the suit must remain alive throughout the course of litigation, to the moment of final appellate disposition." 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533 (3d ed. 2014). "If events outrun the controversy such that the court can grant no meaningful relief, the case must be

dismissed as moot." *McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001).

It is "well-attested" in D.C. Circuit precedent that "mootness of a claim against a specific agency action also moots claims for declaratory relief over those specific agency actions[.]" *People for the Ethical Treatment of Animals, Inc.*, 59 F. Supp. 3d at 96. A claim for declaratory relief will only survive mootness through an exception to the doctrine or through an assertion that its challenge is not to a specific action but to a general pattern and practice. *Id.*

When a defendant's "abandonment [of challenged conduct] seems timed to anticipate suit, and there is probability of resumption," *United States v. Oregon State Medical Society*, 343 U.S. 326, 333 (1952), the defendant has the "heavy burden of persua[ding] the Court that the challenged conduct cannot reasonably be expected to start up again," *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000). This "voluntary cessation" exception insures that a defendant is not "free to return to his old ways" after it takes unilateral action that moots a case. *People for the Ethical Treatment of Animals, Inc.*, 59 F. Supp. 3d at 96 (quoting *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).

A plaintiff may still seek declaratory judgment forbidding an agency from imposing a disputed policy in the future, so long as the plaintiff has standing and the request for declaratory relief is ripe. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99

3

(1977). Evaluating a challenge for ripeness entails a two-pronged test, dealing with "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *See also City of Houston, Tex. v. Dept. of Housing and Urban Development*, 24 F.3d 1421, 1429 (D.C. Cir. 1994). The Court must consider whether the disputed claim "raises purely legal questions and would be presumptively suitable for judicial review," *Better Gov't Ass'n v. Department of State*, 780 F.2d 86, 92 (D.C. Cir. 1986), and "whether the court or agency would benefit from postponing review until the policy in question has sufficiently 'crystallized' by taking on a more definite form," *id.*

## ARGUMENT

Plaintiffs' remaining Rehabilitation Act claim is moot. The relief sought—a declaration that Defendants knew their actions were legally insufficient, yet failed to bring themselves into compliance with the IDEA, in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a)—would have no effect on the parties' current stance or possible future. *See generally National Football League Players Association v. Pro Football, Inc.*, 56 F.3d 1525 (D.C. Cir. 1995), *vacated in other part on reh'g*, 79 F.3d 1215 (D.C. Cir. 1996). Furthermore, Defendants' "voluntary cessation" does not revive the claim, because there is no reasonable expectation that the conduct will recur. This is not a game of "Chutes and Ladders." The complex safety mechanisms integrated into this system and the people whose daily efforts bring it to life will not quit working. "The court cannot issue an advisory opinion, so the court must dismiss the case for lack of subject matter jurisdiction." *Glenayre*

4

*Elecs. v. Polansky Elecs.*, Civ.A. No. 90-1255, 1994 WL 396056, at *4 (D.D.C. Mar. 31, 1994) (Lamberth, J.); *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004).

I. <u>Plaintiffs' Remaining Rehabilitation Act Claim is Moot and Must Be Dismissed.</u>

Due to Defendants' drastic programmatic changes, a declaratory judgment over the dismantled pre-2010 system would have nothing on which to operate. *Mills v. Green*, 159 U.S. 651, 654 (1895). "The record of events since the challenged [conduct] hardly bears out a genuine claim of an injury or possible injury 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co., et al.*, 312 U.S. 270, 273 (1941)). Plaintiffs now claim an unfounded fear that Defendants will take to conduct "so persistent and egregious as to warrant such a unique remedy [under the Rehabilitation Act] not otherwise provided for by the IDEA itself," *Walker v. District of Columbia*, 157 F. Supp. 2d 11, 35 (D.D.C. 2001).

II. <u>The "Voluntary Cessation" Exception to Mootness Does Not Apply.</u>

The "voluntary cessation" exception to mootness does not apply to Plaintiffs' claim because there is no reasonable expectation that "bad faith or gross misjudgment" will resume. *Conyers v. Reagan*, 765 F.2d 1124, 1128 (D.C. Cir. 1985). In its 2011 Opinion, this Court said Defendants' "special education policies were a gross departure from accepted education practices throughout the country," and "knew its actions were legally insufficient, yet failed to bring itself into

5

compliance with its legal obligations." 2011 Opinion at 23. Since 2010, the very opposite of "bad faith or gross misjudgment" has been engrained in Defendants' performance under the IDEA, at a very detailed level. *See* Freund Direct at ¶¶ 4, 7-10, 14. This is not the type of case where a defendant, "by protestations of repentance and reform," *United States v. Oregon State Medical Society*, 343 U.S. 326, 333 (1952), wishes to be "free to return to his old ways," *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 189 (2000).

Up through and including the November 2015 trial, this Court explored every aspect of the District's preschool special education system, and it cannot reasonably speculate that this system will warp under "bad faith or gross misjudgment." Defendants offered clear proof of intent to permanently alter and abandon the District's historical failings, using both programmatic and statistical evidence. The District's data is accurate, and its business rules for reporting are aligned with federal law. *See* Noel Direct at ¶¶ 4-6; Maisterra Direct at ¶¶ 14-15. The District's special education policies are carefully aligned with federal standards, as OSSE consistently consults with OSEP Technical Assistance and its state-specific OSEP contact to adopt appropriate policies. *See, e.g.*, Tr. at 6 (Nov. 13, 2015) ("[W]e have consistently consulted with [OSEP] . . . . I would say, with confidence, that we are reporting along the same lines as other states, and in most cases reporting using a higher bar."). Early Stages is systematically tracking the city, working to identify and screen every child. *See* Compagnucci Direct at ¶¶ 9-21. At trial, witnesses from OSSE, DCPS, and Early Stages explained how both integrated and

6

independent mechanisms monitor compliance on "micro" and "macro" levels. It is indisputable that these organizations are studded with committed educational professionals who are dedicated to maintaining federal compliance.

Moreover, contrary to any notion of a reversion to pre-2010 dysfunction, District employees strive to innovate in their respective roles. *See, e.g.*, Tr. at 26 (Nov. 13, 2015) ("[W]e are at this place [where we can] start to delve into problems that no one in the country has really solved around how you create meaningful academic movement for large quantities of special education students."); Tr. at 41-42 (Nov. 13, 2015) ("For the last six or seven months we have been at 95 percent [timeliness] without even looking at this question of parental delay. So it's a series of small incremental changes to keep figuring out what's the next thing to work on and make better.").

The Court should therefore credit the continuing success of the District's special education professionals. "Liability is not imposed where 'state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals.'" 2015 Memo. Opinion at 40 (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1171 (8th Cir. 1982)). Even if worries of unexpected challenges or difficulties are entertained, the Court should feel confident that Defendants will continue to exercise their proven professional judgment in responsible ways. The "voluntary cessation" exception to mootness does not apply, and the claim must be dismissed.

### III. Plaintiffs' Arguments That A Declaratory Judgment Is Effective And Meaningful Will Present Ripeness Issues.

Defendants anticipate that Plaintiffs' opposition will present arguments for declaratory relief that generate ripeness issues. Plaintiffs will likely argue that the possibility of backsliding presents a concrete issue for the adjudication of their claim. It does not. This "backsliding" argument "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Shaffer v. Defense Intelligence Agency*, 601 F. Supp.2d 16, 23 (D.D.C. 2009) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). No matter how fearful Plaintiffs are of the future, it is speculation and unfit to warrant judicial decision.

A declaratory judgment on the remaining claim would not provide the "basis for renewed litigation in this case or a new case." Pls. Memo. [Dkt. No. 471] at 21. This Court cannot consider whether the District can repeat its conduct "in some amorphous category of 'cases such as this one,' because the actual contours of the cases within the category are potentially determinative of their outcome." *City of Houston*, 24 F.3d at 1431. There are "no means to evaluate in the abstract the myriad circumstances that might [constitute 'bad faith or gross misjudgment,'] so as to determine whether those circumstances would implicate [a Rehabilitation Act violation]." *Id.* To be clear, violations of the Rehabilitation Act do not exist in a vacuum. Liability for "bad faith or gross misjudgment" is factually bound.

In opposition, Plaintiffs may cite *Byrd v. United States Environmental Protection Agency*, 174 F.3d 239, 244 (D.C. Cir. 1999), and its progeny, for the assertion that a declaration would give them "'ammunition' for [their] attack on

8

[Defendants.]" *Physicians Committee for Responsible Medicine v. Glickman*, 117 F. Supp. 2d 1, 4 (D.D.C. 2000). However, the *Byrd* line of cases only applies where a declaration on a moot claim is used to attack a previously incorrect finding. In both *Byrd* and *Physicians Committee for Responsible Medicine*, the declarations had a clear remedial effect: they gave plaintiffs "ammunition" to attack the Federal Advisory Committees' findings, issued before the plaintiffs' requested documents were released. *Byrd*, 174 F.3d at 244; *Physicians Committee for Responsible Medicine*, 117 F. Supp. 2d at 5. Here, a declaratory judgment would not provide Plaintiffs with "ammunition" against a prior erroneous finding. Case law following *Byrd* presents no other interpretation.

The meaningful and effective nature of declaratory relief cannot be drummed up. Plaintiffs' unfounded fear does not support declaratory relief, and entertaining such speculation would run afoul of the ripeness doctrine.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their Motion and dismiss the "second claim" of the Second Amended Complaint, advanced under § 504 of the Rehabilitation Act, for lack of subject matter jurisdiction.

DATE: February 5, 2016

Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Acting Deputy Attorney General
Public Interest Division

/s/ Chad Copeland
CHAD COPELAND, D.C. Bar No. 982119
Chief, Civil Litigation Division, Section II
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 724-6623
Fax: (202) 741-8880
Email: chad.copeland@dc.gov

/s/ Matthew R. Blecher
MATTHEW R. BLECHER, D.C. Bar No. 1012957
Assistant Attorney General
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 442-9774
Fax: (202) 730-0586
Email: matthew.blecher@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.L., *et al.*,            )<br>                             )<br>     Plaintiffs,       )<br>                             )<br>  v.                       )<br>                             )<br> DISTRICT OF COLUMBIA, *et al.*,  )<br>                             )<br>     Defendants.      )<br>                             ) | Civil Action No. 05-1437 (RCL) |

ORDER

Upon consideration of Defendants' Motion to Dismiss the Second Claim of the Second Amended Complaint and the entire record, it is:

**ORDERED** that the Motion is **GRANTED**, and it is further

**ORDERED** that the Second Claim of the Second Amended Complaint is dismissed with prejudice.

Dated: _____                    _____
                                                                         HON. ROYCE C. LAMBERTH
                                                                         United States District Court Judge

Copies To: *All Counsel of Record*