UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CATHERINE A. BRODERICK,
    Plaintiff,

v.

DAVID S. RUDER, Chairman,
    U.S. Securities &
    Exchange Commission,
    Defendant.

Civil Action No.
86-1834  (Pratt, J.)

Plaintiffs' Exhibit 33
Civ. No. 05-1437 (RCL)

## DECLARATION OF JOSEPH A. YABLONSKI

JOSEPH A. YABLONSKI declares and states:

1. Since October 1975, I have been a partner in the law firm of Yablonski, Both & Edelman. I received my LL.B. degree from the University of Pittsburgh in 1965. My firm is engaged in a general litigation practice and has been involved extensively in federal court litigation involving issues of labor law and employment relations and also in litigation under numerous federal statutes which provide for recovery of fees by prevailing parties.

2. I conducted the attorney fee litigation which resulted in the Court of Appeals' en banc decision in Save Our Cumberland Mountains v. Hodel, 857 F.2d 1216 (D.C. Cir. 1988). I strongly agreed with the Court's observation that "the most desirable result" of the litigation would be "development of a . . . schedule of prevailing community rates for . . . relevant years", id. at 1525, in order to simplify fee determination in future cases.

Pltf.'s 1994 Motion Att. Fees Ex
C.A. No. 82-2994 (JHP) 4

3. With a view to pursuing settlement of the fee issues in SOCM and to realization of the hope expressed by the Court, I undertook to prepare a matrix of prevailing District of Columbia rates, a copy of which is attached. To the best of my knowledge, the rates appearing on the schedule accurately reflect the prevailing rates in effect in this jurisdiction during the time periods indicated. The fee issues in the SOCM litigation were finally settled, at hourly rates extremely close to those reflected on the matrix, with the Government agreeing that I should be paid at rates of $ 245 to $ 255 per hour for work performed in 1988, respectively, for the periods prior to June 1, 1988 and afterward. The Government also agreed that time of our associate John Colwell, a 1985 Yale Law School Graduate, should be compensated at the rates of $ 100 and $ 110 per hour.

4. In preparing the matrix, I used one-year periods running from June 1 to May 31 to correspond with the typical practice under which attorneys commonly begin practice shortly after law school graduation in June. Based on the approving reference of the Court in SOCM to the matrix developed in connection with Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), rev'd in part, 746 F.2d 4 (D.C. Cir. 1984), I used the same gradations of experience levels which Judge Robinson had used there. After review of the massive material submitted regarding prevailing rates in the Laffey case, I found that the material had been current as of the year 1981-82.

5. In preparing the new matrix envisioned by the SOCM en

2

banc decision, I extrapolated backward to the year 1980-81 and forward to the year 1988-89 with the knowledge that prevailing rates charged by attorneys in this market have regularly increased throughout these years. I discussed this matter extensively with Daniel Rezneck who developed the original Laffey matrix in the course of his work on the fee litigation in that case. Mr. Rezneck's view, which he has expressed in his affidavit in Laffey and which I share, is that the hourly rates stated in the Laffey matrix were quite conservative and, in fact, understated prevailing rates then in effect. I have also reviewed Mr. Rezneck's subsequent affidavits such as in the matters of In re Meese, No. 84-1 (D.C. Cir.)(Indep. Counsel Div.) and In re Donovan, No. 85-1 (D.C. Cir.)(Indep. Counsel Div.) where he described changes in prevailing rates which had occurred since he prepared the Laffey matrix. I also reviewed the voluminous more recent information regarding hourly rates which was submitted by the firm of Steptoe & Johnson regarding some 20 firms who had participated in the remedial stages of McKenzie v. Kennickell, C.A. No. 73-974 (D.D.C.). During the past several years, because of my involvement in the SOCM case and other fee litigation, I have kept abreast of statutory attorney fee developments in this jurisdiction particularly as they have borne on the question of prevailing rates. In the course of preparing the matrix, I spoke with attorneys from various firms including Dow, Lohnes & Albertson; Arnold & Porter; Galloway and Greenberg; Sachs, Greenebaum & Tayler; Baker & Botts; Morgan, Louis &

3

Bockius; and Lee, Toomey & Kent.

6. Additionally, in preparing the matrix, I compared the rates I had found with the rates set forth in two broad-ranging surveys of hourly rates published in the National Law Journal in November 1987 and November 1988. The information reflected in these surveys supported the correctness of the rates I had determined for the more recent years.

7. Upon completing the matrix, I shared copies with various attorneys who have been active in statutory fee litigation in this jurisdiction including Mr. Rezneck of Arnold & Porter; Roger Warin of Steptoe & Johnson who has handled the fee litigation in the McKenzie and Thompson cases involving the Government Printing Office; Richard T. Seymour of the Lawyers Committee for Civil Rights Under Law; Roderic V.O. Boggs of the Washington Lawyers Committee for Civil Rights Under Law; and attorneys in Bierbower & Bierbower; Zuckerman, Spaeder, Goldstein, Taylor & Kolker; and several other major firms in this City. In our discussions, none of these individuals have indicated anything other than agreement with the rate information presented.

8. Incident to settlement of the SOCM case, a reference to the matrix appeared in the Legal Times. Subsequently various attorneys have requested copies of the matrix in connection with pending fee issues. Among the attorneys to whom I provided the matrix was Lawrence Speiser who submitted in connection with a fee claim in Trout v. Ball. The fee decision by Judge Greene

4

confirmed the accuracy of the matrix in upholding the hourly rate sought by Mr. Speiser for his time in that matter. Trout v. Ball, 705 F. Supp. 705, 709 n.10 (D.D.C. 1989).

9. I believe that the rate information set forth on the matrix states accurately, and indeed conservatively, prevailing rates in effect in the years described.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
JOSEPH A. YABLONSKI

Executed on: *Nov 2, 1989*

## LAFFEY MATRIX

| EXPERIENCE OF ATTORNEY | YEARS 1/ (Hourly Rates) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 1980-81 | 1981-82 | 1982-83 | 1983-84 | 1984-85 | 1985-86 | 1986-87 | 1987-88 | 198 |
| Very experienced federal litigators (20+ years): | $165 | $175 | $190 | $200 | $210 | $225 | $240 | $255 | $26! |
| Experienced federal litigators (11th thru 19th years): | $140 | $150 | $160 | $170 | $180 | $190 | $200 | $210 | $220 |
| Experienced litigator (8th thru 10th years): | $115 | $125 | $135 | $145 | $155 | $165 | $175 | $185 | $195 |
| Senior associates (5th thru 7th years): | $95 | $100 | $105 | $110 | $115 | $120 | $125 | $130 | $135 |
| Junior associates (1st thru 3rd years): | $70 | $75 | $80 | $85 | $90 | $95 | $100 | $105 | $110 |
| Paralegals/Law Clerks: | $30 | $35 | $40 | $45 | $50 | $55 | $55 | $60 | |

June 1 – May 31