# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DL, *et al.*, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>            v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br><br>                    Defendants. | Civil Action No. 05-1437 (RCL) |

## PLAINTIFFS' CALCULATION OF FEES AND EXPENSES PURSUANT TO THE COURT'S FEES DECISION

On August 25, 2017, this Court issued a Memorandum Opinion and Order related to plaintiffs' attorneys' fees and expenses. ECF Nos. 579, 580. The Court concluded that "Plaintiffs' fees shall be calculated using current USAO Matrix rates" and that certain reductions shall be made to plaintiffs' fees and expenses. ECF No. 579. The Court required plaintiffs to file a revised calculation of their fees and expenses and several revised exhibits. *Ibid*. Plaintiffs hereby submit that material.[1] The table at the end of this submission lists the exhibits that are being submitted herewith.[2]

Prior to filing, plaintiffs provided the calculations and exhibits presented herewith to the District for its review. The District informed plaintiffs that it does not consent to the calculations and will be filing a response to this submission.

---

[1] Plaintiffs make this submission as required, while reserving all rights that they may subsequently assert to appeal the rates awarded and reductions described herein.

[2] Plaintiffs have continued the exhibit numbering from the prior briefing in support of plaintiffs' 2016 fee application (ECF Nos. 537, 566, 571, 577), and begin here with Plaintiffs' Exhibit 130.

# I

# RATES

The Court ordered that "Plaintiffs' fees shall be calculated using the current USAO Matrix rates." ECF No. 579, p. 1. The current USAO Attorney's Fees Matrix–2015-2018 (Pl. Ex. 130) provides the current USAO Matrix rates, which are rates for 2017-2018. Those rates are $602 per hour for attorneys with 31 or more years of experience, $563 per hour for attorneys with 21-30 years of experience, $536 per hour for attorneys with 16-20 years of experience, $483 per hour for attorneys with 11-15 years of experience, $410 per hour for attorneys with 8-10 years of experience, $352 per hour for attorneys with 6-7 years of experience, $346 per hour for attorneys with 4-5 years of experience, $334 per hour for attorneys with 2-3 years of experience, $302 per hour for attorneys with less than 2 years of experience, and $164 per hour for paralegals and law clerks. Plaintiffs' Timekeeper Chart (Pl. Ex. 131) provides the rates for plaintiffs' timekeepers based on the experience levels that they attained at the time that their work was performed.

# II

# FEES

## A.  TPM'S FEES CALCULATED USING CURRENT USAO MATRIX RATES

Billed Time. TPM's time records exhibits have been revised to reflect the USAO Matrix rates described above and to comport with this Court's Order (ECF No. 579). They are TPM's Summary of Time by Category (Period 1) (Pl. Ex. 133), TPM's Time Records by Category (Period 1) (Pl. Ex. 134), TPM's Summary of Time by Billing Client and Category (Period 2) (Pl. Ex. 138), and TPM's Time Records by Billing Client and Category (Period 2) (Pl. Ex. 139). TPM's billed time (prior to reductions described below and excluding No Charge time and time related to the motion to compel discovery (*see* n. 4 below)), calculated using the rates described above, totals

$2,824,463.23 for Period 1 (Pl. Ex. 133, p. 61; Pl. Ex. 134, p. 266) and $4,381,527.37 for Period 2 (Pl. Ex. 138, p. 52; Pl. Ex. 139, p. 317).  Together, that totals $7,205,990.60.[3]

No Charge Time.  TPM's No Charge time records have been revised to reflect the USAO rates described above and to comport with this Court's Order (ECF No. 579).  They are TPM's No Charge Time Records (Period 1) (Pl. Ex. 135) and TPM's No Charge Time Records (Period 2) (Pl. Ex. 140).  This No Charge time, calculated using the rates described above, totals $54,060.92 for Period 1 (Pl. Ex. 135, p. 6) and $93,999.37 for Period 2 (Pl. Ex. 140, p. 14).  Together, that totals $148,060.29 in TPM's No Charge time.[4]

Reductions of Period 1 Time with Plaintiffs' Reply in Support of Plaintiffs' 2012 Fee Application.  TPM reduced its Period 1 time with plaintiffs' reply in support of plaintiffs' 2012 fee application (ECF No. 348).  Those reductions have been revised to reflect the USAO Matrix rates described above and are shown in Plaintiffs' Exhibit 136.  Those reductions total $52,340.76. Pl. Ex. 136, p. 5.

---

[3] The Court required that "Plaintiffs' submission * * * include a chart that includes the following: 1) the individual timekeeper; 2) a description of the task (including the categories and subcategories already employed); 3) the date of the task; 4) the hours billed on each task; 5) the timekeeper's rate (using current USAO rates); 6) the fees due for that task; and [7]) subtotals and totals."  Order, ECF No. 579, p. 2.  Plaintiffs' Exhibit 134, which provides TPM's time records for Period 1, includes a total for Period 1, and Plaintiffs' Exhibit 139, which provides TPM's time records for Period 2, includes a subtotal for each billing client (*e.g.,* Child Find Appeal, Child Find Fees 2) and a total for Period 2.  Plaintiffs' Exhibits 133 and 138 (TPM's Summaries of Time for Periods 1 and 2) provide the subtotals per individual per subcategory, and the subtotals for each subcategory.  Together, plaintiffs' exhibits provide all of the data points requested by the Court.  It was not feasible to provide the information requested in a single chart.

[4] In addition to the No Charge time, the fees requested in plaintiffs' 2016 application did not include $41,207.55 in uncompensated fees of TPM, Margaret Kohn, and Jeffrey Gutman regarding work to compel discovery during Period 1 (that fee total is based on rates sought in plaintiffs' 2008 motion to compel fee application).  *See* Affidavit of Bruce J. Terris, Pl. Ex. 1, ECF No. 537-1, para. 33.

3

<u>Reductions of Period 1 Time with Plaintiffs' 2016 Fee Application</u>.  TPM further reduced its Period 1 time with plaintiffs' 2016 fee application (ECF No. 537).  Those reductions have been revised to reflect the USAO Matrix rates described above and are shown in Plaintiffs' Exhibit 137.  Those reductions total $1,319.97.

<u>Reductions of Period 2 Time with Plaintiffs' 2016 Fee Application</u>.  TPM reduced its Period 2 time with plaintiffs' 2016 fee application (ECF No. 537).  First, TPM reduced its time spent on the 2012 appeal by 25 percent.  *See* Affidavit of Bruce J. Terris, Pl. Ex. 1, ECF No. 537-1, para. 69(a).  Using the USAO Matrix rates, TPM billed $473,537.84 with regard to the appeal.  *See* Pl. Ex. 138, pp. 1-8.  Twenty-five percent of that is $118,384.46.

Second, TPM reduced time spent by Ehsan Tabesh for legal research and other work related to the appellees' brief for the 2012 appeal by 75 percent.  *See* Pl. Ex. 1, ECF No. 537-1, para. 69(b).  Mr. Tabesh's work on tasks related to appellees' brief totaled 144.902 hours, which amounts to $45,196.18 using the current USAO Matrix rates.  *See* Pl. Ex. 138, pp. 2-3 (time for ET).  Seventy-five percent of that is $33,897.14.[5]

Third, TPM reduced by 25 percent the time that Benjamin Davis spent working on Plaintiffs' Opposition to Defendants' Motion to Dismiss the "Second Claim" of the Second Amended Complaint, dated October 8, 2015 (ECF No. 471).  *See* Pl. Ex. 1, ECF No. 537-1, para. 69(c).  Mr. Davis's work on that opposition cost $32,591.24 using the current USAO Matrix rates.  Pl. Ex. 138, p. 41 (time for BSD).  Twenty-five percent of that is $8,147.81.

Fourth, TPM reduced by 75 percent the time that Andrew Kirtley worked on this case.  *See* ECF No. 537-1, para. 69(d).  Mr. Kirtley billed 341.784 hours, which amounts to $98,517.80 using

---

[5] Subsequently, with plaintiffs' reply brief, TPM reduced the balance of 25 percent of Mr. Tabesh's time on the appellees' brief.  *See* Pl. Ex. 142, p. 1.

the current USAO Matrix rates. *See* Pl. Ex. 138, pp. 25, 29-32, 36, 38. Seventy-five percent of that is $73,888.35.

Fifth, TPM reduced by 25 percent the time related to the preparation of the pre-trial version of plaintiffs' proposed findings of fact and conclusions of law. *See* Pl. Ex. 1, ECF No. 537-1, para. 66(e). TPM billed $138,454.38 with regard to that work, using the current USAO Matrix rates. Pl. Ex. 138, p. 36. Twenty-five percent of that is $34,613.60.

Those five reductions total $268,931.36.

<u>Reductions of Period 2 Time with Plaintiffs' Reply in Support of Plaintiffs' 2016 Fee Application</u>. TPM further reduced its Period 2 time with plaintiffs' reply in support of plaintiffs' 2016 fee application (ECF No. 566). Those reductions have been revised to reflect the USAO Matrix rates described above and are shown in Plaintiffs' Exhibit 142. Those reductions total $189,122.51.[6] Pl. Ex. 142, p. 1.

TPM's fees calculated using the USAO rates described above ($7,205,990.60),[7] less the four sets of reductions described above ($52,340.76, $1,319.97, $268,931.36, and $189,122.51; total $511,714.60), amount to $6,694,276.00.

## B.  JEFFREY GUTMAN'S FEES CALCULATED USING CURRENT USAO MATRIX RATES

<u>Rates</u>. Jeffrey Gutman graduated from law school in 1986. Pl. Ex. 15, ECF No. 537-15, para. 4. Based on his experience, his rate under the current USAO Matrix rates described above is $536 per hour for his work done between June 1, 2002, and May 31, 2007 (16-20 years of

---

[6] Part of the TPM fees that were reduced, and part of the fees that were reduced by co-counsel (*see* Sections B and C below), were held in abeyance. *See* Affidavit of Todd A. Gluckman, Pl. Ex. 69, ECF No. 566-2, para. 20; Memorandum Opinion, ECF No. 580, p. 25.

[7] The $7,205,990.60 amount already excludes the No Charge time and the time related to the motion to compel discovery. See p. 3 and n. 4 above.

experience), and $563 per hour for work done after that (21-30 years of experience). *See* Pl. Ex. 131, p. 3. The rate for his law students is $164 per hour (paralegal/law clerk rate). *Ibid.*[8]

Fees. Mr. Gutman requested compensation, on behalf of the Jacob Burns Community Legal Clinics of The George Washington University Law School, for 95.333 hours of his work during Period 1, 296.75 hours of his law student's work during Period 1, and 7.25 hours of his work during Period 2. Pl. Ex. 15, ECF No. 537-15, paras. 25-28. That work is described in Mr. Gutman's affidavit, dated September 26, 2016 (Pl. Ex. 15, ECF No. 537-15). That affidavit also explains that that time represents only a percentage of the work that he and his students performed. *Id.*, paras. 10, 11, 14, 16, 17, 21, 23.

Forty-six and a half (46.5) hours of Mr. Gutman's time was expended in the period when he had 16-20 years of experience (work through May 31, 2007, which was all during Period 1). *See* Pl. Ex. 15, ECF No. 537-15, pdf pp. 6-7 (reductions), 15-18 (time). At $536 per hour, that totals $24,924.00.

Fifty-six and a tenth (56.083) hours of Mr. Gutman's time was expended in the period when he had 21-30 years of experience (work after May 31, 2007; 48.833 hours during Period 1,

---

[8] TPM added the "Rate" and "Fees Due" to each of TPM's time entries in Plaintiffs' Exhibits 134, 135, 139, and 140, as required by the Court's Order (ECF No. 579, p. 2; *see* n. 3 above). Plaintiffs also revised co-counsels' rates pursuant to the order, but they have not provided for each of co-counsels' time entries the "Rate" and "Fees Due" columns. *See* Pl. Ex. 15, ECF No. 537-15 (Mr. Gutman's affidavit and time entries); Pl. Ex. 16, ECF No. 537-16 (Ms. Kohn's affidavit and time entries); Pl. Ex. 17, ECF No. 537-17 (Mr. Mehri's affidavit and time entries). The sets of time entries for each co-counsel involve a single timekeeper, except for the law students in Mr. Gutman's reports, who all billed at the paralegal rate. The rates for each of the three co-counsel and the periods of time to which those rates apply are described herein. It was not feasible to provide the "Rate" and "Fees Due" columns for the reports of Mr. Gutman and Ms. Kohn. Most of Mr. Gutman's fee reports came from databases that the George Washington University Law School used years ago and are not available, and Ms. Kohn's reports include written notations related to fees that were reduced or eliminated and the reports would need to be modified entirely and the notations rewritten. Plaintiffs submit that their exhibits provide adequate information to demonstrate that the Court's ruling on the applicable rates was applied to co-counsel's hours.

and 7.25 hours during Period 2). *See* Pl. Ex. 15, ECF No. 537-15, pdf pp. 10, 18-19, 27, 29-33. At $563 per hour, that totals $31,574.73.

All 296.75 hours of the law students' time for which compensation is requested (*see* Pl. Ex. 15, ECF No. 537-15, paras. 10, 11, 14, 17, 21, 23, 28 (including p. 10)), all of which took place during Period 1, have a rate of $164 per hour, totaling $48,667.00.

Together, this totals $105,165.73.

Reductions of Period 2 Time from Plaintiffs' Reply in Support of Plaintiffs' 2016 Fee Application. Mr. Gutman reduced his Period 2 time with plaintiffs' reply in support of plaintiffs' 2016 fee application (*see* ECF No. 566) by 5.75 hours, all of which occurred after May 31, 2007 ($563 per hour). *See* Pl. Ex. 142, p. 3. Those reductions total $3,237.25.

The reduced fees for Mr. Gutman and his law students, calculated using the USAO rates described above ($105,165.73), less the $3,237.25 in subsequent reductions, totals $101,928.48.

### C. MARGARET KOHN'S FEES CALCULATED USING CURRENT USAO MATRIX RATES

Rates. Margaret Kohn graduated from law school in 1972. Pl. Ex. 16, ECF No. 537-16, para. 1. Based on her experience, her rate under the current USAO Matrix rates described above is $563 per hour for her work done up to May 31, 2005 (21-30 years of experience), and $602 per hour for work done after that (30+ years of experience). *See* Pl. Ex. 131, p. 3.[9]

Fees. Ms. Kohn requested compensation for 343.44 hours of Period 1 work and 133.1 hours of Period 2 work. Pl. Ex. 16, ECF No. 537-16, paras. 23-24, 36-37. That work is described in Ms. Kohn's affidavit, dated September 26, 2016 (Pl. Ex. 16, ECF No. 537-16). That affidavit

---

[9] Ms. Kohn did not work in law for approximately 2 years in the 1980s. Third Affidavit of Margaret A. Kohn, Pl. Ex. 141, para. 3. In determining her billing rate under the current USAO Matrix, plaintiffs have not counted that two-year period toward her legal experience. *Ibid*.

also explains that Ms. Kohn's time for which she requested compensation was only a percentage of her work since there were many occasions over the course of this case in which she did not bill for her work, and she made reductions to her recorded time. *Id.*, paras. 11, 23, 36. The reductions to Ms. Kohn's recorded time as of the time of the 2016 fee application are summarized and their dollar value is calculated using the current USAO Matrix rates in attachments to Plaintiffs' Exhibit 141. Those reductions total $24,066.86 ($12,809.46 for Period 1 time and $11,257.40 for Period 2 time). *Ibid*.

After these reductions, 17.55 hours of Ms. Kohn's recorded time took place when she had 21-30 years of experience (work through May 31, 2005). *See* Pl. Ex. 16, ECF No. 537-16, pdf p. 19 (work prior to May 31, 2005); Third Affidavit of Margaret A. Kohn, Pl. Ex. 141, Attachment A, pp. 1-2 (reductions for work prior to May 31, 2005). At $563 per hour, that totals $9,880.65.

After the reductions, 458.99 hours of Ms. Kohn's recorded time took place when she had 31 or more years of experience (work after May 31, 2005; 325.89 hours during Period 1, and 133.10 hours during Period 2). *See* Pl. Ex. 16, ECF No. 537-16, pdf pp. 19-41, 56-70 (work after May 31, 2005); Third Affidavit of Margaret A. Kohn, Pl. Ex. 141, Attachments A and B (reductions after May 31, 2005). At $602 per hour, that totals $276,311.98.

Together, that totals $286,192.63.

Reductions of Period 2 Time from Plaintiffs' Reply in Support of Plaintiffs' 2016 Fee Application. Ms. Kohn further reduced her Period 2 time with plaintiffs' reply in support of plaintiffs' 2016 fee application (*see* ECF No. 566). *See* Pl. Ex. 142, pp. 2-3. Those reductions relate to time that was billed when Ms. Kohn had 31 or more years of experience (it took place after May 31, 2005). *See ibid*. At $602 per hour, those reductions total $9,920.96. *Ibid*.

The reduced fees for Ms. Kohn, calculated using the USAO Matrix rates described above, for which compensation was sought in 2016 ($286,192.63), less the reductions made on reply ($9,920.96), total $276,271.67.

### D. CYRUS MEHRI'S FEES CALCULATED USING CURRENT USAO MATRIX RATES

<u>Rates</u>. Cyrus Mehri graduated from law school in 1988. Pl. Ex. 17, ECF No. 537-17, para. 3. Based on his experience, his rate under the current USAO Matrix rates described above is $563 per hour for all of his work done on this case (21-30 years of experience).

<u>Fees</u>. Mr. Mehri excluded several hours of his time and his paralegal's time. Pl. Ex. 17, ECF No. 537-17, para. 13. He requested compensation for 26.75 hours of time. *Ibid*. Based on the rates above, that totals $15,060.25.

### E. COURT ORDERED REDUCTIONS OF TPM'S FEES

The Court ordered that "Plaintiffs shall deduct 101.64 hours, which the Court has identified as non-compensable clerical work, from the hours billed by paralegals." ECF No. 579, p. 1. That is 50 percent of the 203.27 challenged hours. ECF No. 580, pp. 31-32. That 203.27 hour total includes 13.07 hours, which plaintiffs had previously excluded. *See ibid*.; Second Affidavit of Bruce J. Terris, ECF No. 348-3, para. 26; Pl. Ex. 136, p. 1 (reductions for time billed by KW). To avoid an inadvertent double-reduction, plaintiffs subtracted 13.07 hours from 203.27, and divided the difference by 2, yielding 95.10 hours. At $164 per hour (see the rates above), that totals $15,596.40 in additional reductions. This reduces TPM's fees from $6,694,276.00 to $6,678,679.60.

## F. COURT ORDERED REDUCTIONS OF FEES OF ALL PLAINTIFFS' COUNSEL

The Court ordered that "Plaintiffs shall reduce the remaining fees—after the 101.64 hour reduction—by 5%." ECF No. 579, p. 1.

Ninety-five percent of TPM's remaining fees ($6,678,679.60) is $6,344,745.62.

Ninety-five percent of Jeffrey Gutman's remaining fees for his work and the work of his law students ($101,928.48) is $96,832.06.

Ninety-five percent of Margaret Kohn's remaining fees ($276,271.67) is $262,458.09.

Ninety-five percent of Cyrus Mehri's remaining fees ($15,060.25) is $14,307.24.

## III

## EXPENSES

### A. TPM'S EXPENSES PRIOR TO COURT ORDERED REDUCTIONS

Plaintiffs' Exhibit 8 (ECF No. 537-8) is TPM's Summary of Expenses for Period 1. Plaintiffs' Exhibit 14 (ECF No. 537-14) is TPM's Summary of Expenses for Period 2. Plaintiffs' Exhibit 136 is TPM's Reductions of Time and Expenses from Plaintiffs' Reply in Support of Plaintiffs' 2012 Fee Application. Plaintiffs' Exhibit 137 is TPM's Summary of Additional Reductions of Time and Expenses for Period 1. Plaintiffs' Exhibit 142 is TPM's Summary of Additional Reductions of Time and Expenses from Plaintiffs' Reply in Support of Plaintiffs' 2016 Fee Application.[10] After all of these reductions, TPM requested $259,409.83 in expenses. *See* Pl. Revised Ex. 4, ECF No. 566-1, p. 3.

---

[10] Plaintiffs' Exhibits 136, 137, and 142 are submitted herewith because of the revisions to the rates described above. No revisions were made to the expenses described in those exhibits. *See* Pl. Ex. 9, ECF No. 537-9; Pl. Ex. 10, ECF No. 537-10; Pl. Ex. 102, ECF No. 566-35. The reductions to the expenses ordered by the Court are described below.

That total includes "costs for travel, telephone, and Westlaw/Lexis expenses," which this Court explicitly awarded. ECF No. 579, p. 1. That also includes "$121,207.82 in expert fee expenses," which this Court explicitly awarded. *Ibid.* That also includes other expenses which the District did not challenge. *See* TPM Summary of Expenses (Period 1), Pl. Ex. 8, ECF No. 537-8; TPM Summary of Expenses (Period 2), Pl. Ex. 14, ECF No. 537-14; Affidavit of Bruce J. Terris, Pl. Ex. 1, ECF No. 537-1, paras. 39-43, 79-81; Pls. Exs. 136, 137, 142 (reductions). *See also* Plaintiffs' Memorandum in Support of Their Motion for an Award of Litigation Costs, including Attorneys' Fees and Related Expenses, ECF No. 537, p. 40; Defendants' Opposition to Plaintiffs' Motion for an Award of Litigation Costs, including Attorney's Fees and Related Expenses, ECF No. 554, pp. 45-46.

That total does not include costs of "overnight delivery and overtime services," which plaintiffs had already removed[11] and which this Court did not award. ECF No. 579, p. 1.

---

[11] In its Memorandum Opinion, this Court states (ECF No. 580, p. 34): "Because plaintiffs make no argument with respect to expenses incurred for overnight delivery ($10,274.44) or overtime services ($284.24), the Court will not award them reimbursement for these costs." In plaintiffs' reply in support of their 2016 fee application, they wrote (ECF No. 566, p. 39, n. 48): "The District challenges other miscellaneous expenses. Opp. 45-46. However, as explained in Mr. Gluckman's affidavit (paras. 83-85), there is no dispute regarding the miscellaneous expenses." The Gluckman Affidavit explained (ECF No. 566-2, paras. 83, 85):

> The District contends that plaintiffs request $10,274.44 in overnight delivery charges. Opp. 45. It appears that the District simply read the wrong line of plaintiffs' exhibit (Pl. Ex. 8 [ECF No. 537-8]) regarding Period 1 expenses. The charge of $10,274.44 relates to Miscellaneous expenses, which were previously excluded from the expenses sought. Pl. Exs. 8 [ECF No. 537-8] (expenses), 10 [ECF No. 537-10] (reductions); Terris Aff. [Pl. Ex. 1, ECF 537-1], para. 42(j). Plaintiffs accrued $62.10 in overnight delivery charges (Pl. Ex. 8 [ECF No. 537-8]) and are now removing those charges to reduce the issues in dispute. *See* Pl. Ex. 102 [ECF No. 566-35], p. 1 (Additional Reductions by Expense Category). * * * The District challenges the request for payment of $284.24 in support staff overtime expenses. Opp. 45. Plaintiffs are removing those charges to reduce the issues in dispute. *See* Pl. Ex. 102 [ECF No. 566-35], p. 1 (Additional Reductions by Expense Category).

### B.    COURT ORDERED REDUCTIONS IN TPM'S EXPENSES

The District challenged $36,000 in printing costs, and the Court reduced that total by 50 percent. ECF No. 579, p. 1; ECF No. 580, p. 34. Reducing TPM's expenses ($259,409.83) by $18,000 (50 percent) yields $241,409.83.

### C.    MARGARET KOHN'S EXPENSES

Margaret Kohn requested payment for $1,727.61 in expenses. *See* Pl. Revised Ex. 4, ECF No. 566-1. The Court made no reductions to those expenses.[12]

## IV

## CONCLUSION

Based upon the calculations above, plaintiffs respectfully request an award of litigation costs, including attorneys' fees and related expenses, in the following amounts.

| | |
|---|---|
| Attorneys' Fees of Terris, Pravlik & Millian, LLP | $6,344,745.62 |
| Attorneys' Fees of Jeffrey Gutman and his law students on behalf of The George Washington University | $96,832.06 |
| Attorneys' Fees of Margaret A. Kohn | $262,458.09 |
| Attorneys' Fees of Cyrus Mehri | $14,307.24 |
| Expenses accrued by Terris, Pravlik & Millian, LLP | $241,409.83 |
| Expenses accrued by Margaret A. Kohn | $1,727.61 |
| Total | $6,961,480.45 |

The fees and expenses calculations are also summarized in plaintiffs' Second Revised Summary of Fees and Expenses (Period 1 and Period 2) (Pl. Ex. 132). Attached is a proposed order.

---

[12] Mr. Gutman and Mr. Mehri did not request compensation for any expenses.

Respectfully submitted,

/s/ *Todd A. Gluckman*
CAROLYN SMITH PRAVLIK (D.C. Bar No. 334102)
KATHLEEN L. MILLIAN (D.C. Bar No. 412350)
TODD A. GLUCKMAN (D.C. Bar No. 1004129)
Terris, Pravlik & Millian, LLP
1816 12th Street, NW, Suite 303
Washington, DC 20009-4422
(202) 682-2100

MARGARET A. KOHN (D.C. Bar No. 174227)
Attorney at Law
619 Pennsylvania Avenue., S.E.
Washington, DC 20003
(202) 544-1200

CYRUS MEHRI (D.C. Bar No. 420970)
Mehri & Skalet, PLLC
1250 Connecticut Avenue, N.W., Suite 300
Washington, DC 20036
(202) 822-5100

September 13, 2017          *Counsel for Plaintiffs*

**TABLE OF EXHIBITS**

| Current Exhibit No. | Description | Prior Exhibit Number for Corresponding Exhibit | Prior Docket Number for Corresponding Exhibit |
|---|---|---|---|
| 130 | USAO Attorney's Fees Matrix—2015-2018 | | |
| 131 | Plaintiffs' Timekeeper Chart | 2 | 537-2 |
| 132 | Summary of Fees and Expenses - Period 1 and Period 2, Revised Pursuant to the Court's August 25, 2017 Decision | 4 | 566-1 |
| 133 | TPM Summary of Time by Category (Period 1) | 5 | 537-5 |
| 134 | TPM Time Records by Category (Period 1) | 6 | 537-6 |
| 135 | TPM No Charge Time Records (Period 1) | 7 | 537-7 |
| 136 | TPM Reductions of Time and Expenses from Plaintiffs' Reply in Support of Plaintiffs' 2012 Fee Application (Period 1) | 9 | 537-9 |
| 137 | TPM Summary of Additional Reductions of Time and Expenses with Plaintiffs' 2016 Fee Application (Period 1) | 10 | 537-10 |
| 138 | TPM Summary of Time by Billing Client and Category (Period 2) | 11 | 537-11 |
| 139 | TPM Time Records by Billing Client and Category (Period 2) | 12 | 537-12 |
| 140 | TPM No Charge Time Records (Period 2) | 13 | 537-13 |
| 141 | Third Affidavit of Margaret Kohn | 16 | 537-16 |
| 142 | Plaintiffs' Summary of Additional Reductions of Time and Expenses with Reply Brief in Support of Plaintiffs' 2016 Application | 102 | 566-35 |